UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24583-CIV-SEITZ/SIMONTON

CHRIS P. CARTER, and others similarly situated,
    Plaintiff,
v.

FORJAS TAURUS S.A., et al.,
    Defendant.
_____/

## ORDER REQUIRING JOINT SCHEDULING REPORT

THIS MATTER came before the Court upon the filing of the Complaint. The Court has reviewed the Complaint and is otherwise fully advised. It is

ORDERED:

1. Plaintiff(s), through counsel, or if unrepresented, personally, shall provide copies of this order to all counsel and any unrepresented parties when they file an appearance in the case.

2. **Joint Scheduling Report (JSR)**. Pursuant to Fed.R.Civ.P 26(f) and Local Rule 16.1B, the parties are jointly responsible for conferring to develop a Joint Scheduling Report that sets out a proposed case management and discovery plan. By **March 31, 2014**, the parties must jointly file with the Court a scheduling report that includes a complete service list containing the names, addresses, phone, facsimile and bar numbers of each counsel. Parties need **not** submit a proposed scheduling order with the Report. **If Plaintiff has not effectuated service on all defendants at least forty (40) days from the date of this Order**, Plaintiff must file a motion to extend the time to file the JSR, specifying the date on which service will be completed and the JSR will be filed.

3. The **Joint Scheduling Report** must include the following:

    A. A short, plain statement of the nature of the claim, any counterclaims, cross-claims or third-party claims with a good faith estimate of the specific dollar valuation of damages claimed and any other relief sought.

B. A brief summary of the facts that are uncontested or which can be stipulated to without discovery.

C. A list of the legal elements of each claim and defense asserted. Consult the Eleventh Circuit or applicable state standard jury instructions for such. This list will be used to help resolve relevance issues in discovery.

D. Whether discovery should be conducted in phases or limited to certain issues.

E. A detailed schedule of discovery for each party.

F. Proposed dates and/or deadlines for: Trial; to join other parties; to amend pleadings; to file motions (i.e., Class Certification, Summary Judgment, Daubert, Markman); to complete fact and expert discovery; to exchange Fed.R.Civ. P. 26(a) (3) disclosures; to complete mediation; and to hold any status, specialized hearings (i.e., Markman), and pretrial conferences. **All Fed.R.Civ.P. 26(a)(3)(A) disclosures must be made at least forty (40) days before the agreed fact discovery cutoff.** Fifteen (15) weeks must be scheduled between the Summary Judgment Motion deadline and the Pretrial Stipulation deadline to complete briefing and ruling prior to the Pretrial Conference. Pretrial Conferences are set a month before trial. ***Attachment A* to this order is a case management deadline worksheet for the parties' convenience**.

G. Estimated length of trial and whether it is jury or non-jury.

H. A list of all pending motions, whether each is "ripe" for review, the date each became ripe and a summary of the parties' respective positions with respect to each ripe motion.

I. Any unique legal or factual aspect of the case requiring the Court's special consideration.

J. A statement as to the need (or agreement) to refer matters, including motions to dismiss, motions for summary judgment and discovery to the Magistrate Judge or special master. As

2

part of the Joint Scheduling Report, the parties shall jointly complete and file with the Court the **Magistrate Judge jurisdiction election form for motions appended to this Order as *Attachment B*.** The Court will not accept unilateral submissions in this regard; thus, a "Yes" should be checked only if all parties agree. If all parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment, *Attachment C* **is an election form which all parties must sign and file.**

      K. The status and likelihood of settlement.

      L. Any other matters that Local Rule 16.1B requires, or that may aid in the fair, expeditious and efficient management and/or disposition of this action.

      4. Disclosures required under Fed.R.Civ.P 26(a)(1) must be made at or before the time the parties confer to develop their case management and discovery plan. The parties must certify in the Joint Scheduling Report that such disclosures have been made unless a party objects that the required disclosure(s) is not appropriate under the circumstances, and files an objection to the specific disclosure(s) no later than fourteen (14) days prior to the Conference. Such filed objection must include a full explanation of the basis for the objection.

      5. If after receipt of the parties' Joint Scheduling Report the Court determines that a Rule 16(b) Fed. R. Civ. P. scheduling and planning conference is necessary, it shall set a hearing. The parties should be prepared to argue all motions pending at the time of such hearing.

      **ORDERED** in Miami, Florida, this 17 day of January, 2014.

                                      PATRICIA A. SEITZ
                                      UNITED STATES DISTRICT JUDGE

cc:     All counsel of record

<u>**Case Management Deadline Worksheet**</u>

1. <u>**Mandatory Deadlines for Class Actions ONLY:**</u>

   _____ \_\_\_, \_\_\_   Initial discovery, addressing only the issue of class certification, shall be completed.

   _____, \_\_\_\_   Motion for class certification must be filed by this date.

2. <u>**Suggested Deadlines for All Actions:**</u>

   _____, \_\_\_\_   Joinder of parties and amendment of pleadings.

   _____, \_\_\_\_   Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within <u>ten (10) days</u> of receipt or other notice of new or revised information.

   _____ \_\_\_, \_\_\_   Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant.

   _____, \_\_\_\_   Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff.

   _____, \_\_\_\_   All discovery must be completed.

   _____, \_\_\_\_   All dispositive pretrial motions and memoranda of law must be filed. A <u>**minimum of fifteen (15) weeks**</u> is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. **If <u>no</u> dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.**

   _____, \_\_\_\_   (a) <u>**Joint**</u> pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.** The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; **and**

   (b) <u>**Joint**</u> proposed jury instructions (jury cases) or findings of facts and conclusions of law (non-jury cases) outlining (1) the legal elements of Plaintiff's claims, including damages, and (2) the legal elements of the defenses raised; **and**

   (c) <u>**Joint**</u> Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. **<u>The parties shall work together to prepare the Summary</u>**. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

   _____, \_\_\_\_   Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.)

   _____, \_\_\_\_   Final proposed jury instructions or findings of fact and conclusions of law must be submitted. (*A copy shall be e-mailed to Chambers in WordPerfect format at seitz@flsd.uscourts.gov*), each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination.

   _____, \_\_\_\_   Pretrial conference. Usually 50 minutes are allotted for pretrial conference unless the parties or the Court, *sua sponte,* indicate a greater time is needed.

   _____, \_\_\_\_   Trial Date.

   _____, \_\_\_\_   Date of any other deadline the parties adopt as part of their case management plan, including *Daubert* or *Markman* hearing. In cases the parties anticipate a *Markman* hearing, counsel must provide dates for the exchange of proposed disputed claim terms, and due dates for Plaintiff's brief and Defendant's brief.

[Attachment A]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24583-CIV-SEITZ/SIMONTON

CHRIS P. CARTER, and others similarly situated,

        Plaintiff,

v.

FORJAS TAURUS S.A., et al.,

        Defendant.

_____/

## ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of 28 U.S.C. 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs      Yes _____    No _____

2. Motions for Attorney's Fees      Yes _____    No _____

3. Motions for Sanctions      Yes _____    No _____

4. Motions to Dismiss      Yes _____    No _____

5. Motions for Summary Judgment      Yes _____    No _____

6. Other (specify) _____

_____     _____
(Date)                (Signature-Plaintiff's Counsel)

_____     _____
(Date)                (Signature-Plaintiff's Counsel)

_____     _____
(Date)                (Signature-Defendant's Counsel)

_____     _____
(Date)                (Signature-Defendant's Counsel)

[Attachment B]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24583-CIV-SEITZ/SIMONTON

CHRIS P. CARTER, and others similarly situated,

    Plaintiff,

v.

FORJAS TAURUS S.A., et al.,

    Defendant.

_____/

### ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

In accordance with the provisions of 28 U.S.C. 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge conduct any and all further proceedings in the case, including TRIAL, and entry of final judgment with respect thereto.

_____  _____
(Date)                   (Signature-Plaintiff's Counsel)

_____  _____
(Date)                   (Signature-Plaintiff's Counsel)

_____  _____
(Date)                   (Signature-Defendant's Counsel)

_____  _____
(Date)                   (Signature-Defendant's Counsel)

[Attachment C]