## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CHRIS P. CARTER,

Individually and on behalf of all
others similarly situated,

      Plaintiff,

vs.

FORJAS TAURUS, S.A.,
TAURUS INTERNATIONAL MANUFACTURING,
INC., and TAURUS HOLDINGS, INC.,

      Defendants.

**CASE NO.: 1:13-cv-24583-PAS**

**CLASS ACTION**

## DEFENDANT TAURUS INTERNATIONAL MANUFACTURING, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Taurus International Manufacturing, Inc. ("TIMI"), responds as follows to Plaintiff's Class Action Complaint ("Complaint") (Dkt. 1):

## RESPONSE TO INTRODUCTORY PARAGRAPH

The introductory paragraph of the Complaint improperly defines TIMI, Defendant Taurus Holdings, Inc. ("Taurus Holdings"), and Defendant Forjas Taurus, S.A. ("Forjas Taurus"), collectively. Several paragraphs and allegations of the Complaint likewise attempt to define and treat these Defendants collectively. These entities are separate and distinct entities, and are not the same for any purpose. Any such allegation or inference in the Complaint that these entities are the same or may be treated collectively is specifically denied.

## RESPONSE TO NUMBERED PARAGRAPHS

TIMI responds to the correspondingly numbered paragraphs of the Complaint as follows:

## INTRODUCTION

1.      TIMI admits that Plaintiff attempts to bring nationwide class action claims, but denies that Plaintiff and purported Class Members have stated any claims for which relief can be granted against TIMI or that class treatment of any of Plaintiff's alleged claims is appropriate.[1] TIMI admits that it has previously imported, marketed and sold pistols to distributors located in the State of Florida and other parts of the United States, and that that it has previously imported, marketed and sold pistols with the model numbers specifically identified in paragraph 51 of the Complaint, but the Complaint fails to define the term "Class Pistols" so TIMI is without knowledge or information sufficient to either admit or deny any remaining allegations in the first sentence of this paragraph, and therefore denies them. TIMI is without knowledge or information sufficient to either admit or deny the allegations in the second sentence of this paragraph, and denies them. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

2.      The first sentence of this paragraph does not contain a factual allegation to which a response is required, and is denied. TIMI denies the second sentence of this paragraph. TIMI is without information or knowledge sufficient to either admit or deny the statement in the third sentence that "this lawsuit is brought by and on behalf of individuals who have lawfully exercised their Second Amendment right to bear arms," and the remainder of the sentence contains no factual allegation to which a response is required, so the entire sentence is denied.

_____

[1] TIMI reserves the right to challenge the sufficiency of Plaintiff's class allegations, and the class treatment of Plaintiff's alleged claims, at the appropriate stage of this case.

SGR/11659460.6

3.      TIMI admits that Plaintiff attempts to bring claims for himself and purported Class Members, but denies that Plaintiff and purported Class Members have stated any claims for which relief can be granted or are entitled to any relief against TIMI, or that class treatment of any of Plaintiff's alleged claims is appropriate. The remainder of this paragraph does not contain a factual allegation to which a response is required, and is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

4.      TIMI admits that Plaintiff attempts to seek an order permanently enjoining TIMI from lawfully conducting business, but denies that Plaintiff and purported Class Members have stated any claims for which relief can be granted or are entitled to any such relief. The remainder of this paragraph does not contain a factual allegation to which a response is required, and is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

5.      TIMI denies all allegations in this paragraph.

6.      TIMI admits that it has never issued a recall of any pistol identified by model number in the Complaint, and denies all remaining allegations in this paragraph. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

7.      TIMI denies all allegations in this paragraph.

8.      TIMI denies all allegations in this paragraph.

9.      TIMI denies all allegations in this paragraph.

10.     TIMI denies all allegations in this paragraph.

11.     TIMI denies all allegations in this paragraph.

## JURISDICTION AND VENUE

12.     TIMI admits that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005. TIMI is otherwise without knowledge or information sufficient to either admit or deny the allegations in this paragraph related to the amount in controversy, and all such allegations are denied. The remainder of this paragraph contains legal conclusions to which no response is required. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

13.     TIMI admits that it is not located in Iowa, that it is incorporated in the State of Florida, and that its headquarters and principal place of business as identified with the Secretary of State is located in the State of Florida. The remainder of this paragraph contains legal conclusions to which no response is required. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

14.     This paragraph contains a legal conclusion to which no response is required. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

15.     TIMI admits that it has imported, marketed, sold, distributed and warranted pistols with model numbers specifically identified in Paragraph 51 of the Complaint, but the Complaint fails to define the term "Class Pistols" so TIMI is without knowledge or information sufficient to either admit or deny any remaining allegations as to other pistols, and such allegations are denied. TIMI denies that is has ever engaged in any other activities or conduct identified in this paragraph. The remainder of this paragraph contains legal conclusions to which

4

no response is required. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

16.     The allegations contained in this paragraph are directed to another Defendant. TIMI is without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and all such allegations are denied.

17.     The allegations contained in this paragraph are directed to another Defendant. TIMI is without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and all such allegations are denied.

18.     The allegations contained in this paragraph are directed to another Defendant. TIMI is without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and all such allegations are denied.

19.     This paragraph does not contain a factual allegation to which a response is required, and is denied.

20.     TIMI admits that it has imported pistols with model numbers specifically identified in Paragraph 51 of the Complaint, but the Complaint fails to define the term "Class Pistols" so TIMI is without knowledge or information sufficient to either admit or deny any remaining allegations as to other pistols, and allegations related to any other pistols are denied. TIMI denies that is has ever engaged in any other activities or conduct identified in this paragraph. The remainder of this paragraph contains legal conclusions to which no response is required. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

SGR/11659460.6

## PARTIES

21.     TIMI denies that it designed, manufactured, assembled, "to be [sic] tested," or marketed the pistol identified in this paragraph. TIMI is without information or knowledge sufficient to either admit or deny the remaining allegations in this paragraph, and they are denied.

22.     TIMI admits that Forjas Taurus sells pistols to TIMI, and that TIMI is located in the State of Florida, but is without information or knowledge sufficient to either admit or deny the remaining allegations in the remainder of this paragraph, and they are denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

23.     TIMI admits that it is a corporation, that its headquarters is located in the State of Florida, and that it is validly operating and conducting business in the State of Florida, but denies any remaining allegations in the first sentence of this paragraph. TIMI admits that its principal place of business is in the State of Florida, but denies the remaining allegations in the second sentence of this paragraph. TIMI admits that Taurus Holdings is the sole shareholder of TIMI, that TIMI manufactures, sells and distributes some revolvers, and that TIMI sells some pistols and other firearms in the State of Florida and other parts of the United States, but denies that TIMI manufactured any of the firearms identified in the Complaint, and denies any of the remaining allegations of the third sentence of this paragraph. TIMI denies that it assembled any pistol identified in the Complaint, and is without knowledge or information sufficient to either admit or deny any remaining allegation in the fourth sentence, and all such allegations are therefore denied. TIMI denies all remaining allegations in this paragraph. TIMI is without

6

knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

24.     TIMI denies this paragraph. TIMI further states that TIMI, Taurus Holdings and Forjas Taurus are separate and distinct entities, and are not the same for any purpose, and any such allegation or inference in the Complaint is specifically denied.

## COMMON FACTUAL ALLEGATIONS

25.     TIMI admits that, at the time of filing this Answer, the web page associated with the URL http://www.taurususa.com/history.cfm contained a statement that "Forjas Taurus . . . produced its first revolver in 1941.," but any other inference or allegation in the first sentence of this paragraph is denied. TIMI admits that, at the time of filing this Answer, the web page associated with the URL http://www.taurususa.com/history.cfm contained a statement that "In 1968, the company was ready to venture into the U.S. market. This was accomplished by employing the services of a succession of U.S. distributors over the next several years. Their efforts met with only marginal success.," but any other inference or allegation in the second sentence of this paragraph is denied. TIMI admits that, at the time of filing this Answer, the web page associated with the URL http://www.taurususa.com/history.cfm contained a statement that "The next milestone for Taurus came in 1982. This is when the Brazil management decided to 'take the bull by the horns' by opening an affiliated company, Taurus, in Miami, Florida.," but any other inference or allegation in the third sentence of this paragraph is denied. TIMI admits that, at the time of filing this Answer, the web page associated with the URL http://www.taurususa.com/history.cfm contained a statement that "Sales that first year in America were limited as a solid distribution system had to be established. . . . Taurus was truly an unknown commodity in the United States.," but any other inference or allegation in the fourth

7

sentence of this paragraph is denied. TIMI admits that, at the time of filing this Answer, the web page associated with the URL http://www.taurususa.com/history.cfm contained a statement that "At the Dallas, Texas S.H.O.T. Show in 1984, Taurus was to make an announcement that was to have a tremendous impact on the entire industry. Taurus became the first company to offer its customers an unqualified LIFETIME REPAIR POLICY.," but any other inference or allegation in the fifth sentence of this paragraph is denied. TIMI admits that, at the time of filing this Answer, the web page associated with the URL http://www.taurususa.com/history.cfm contained a statement that "This one brilliant piece of marketing changed the course of the company in this market. . . In 1984, this daring innovative policy made everyone sit up and take notice of Taurus Firearms.," but any other inference or allegation in the sixth sentence of this paragraph is denied. TIMI admits that, at the time of filing this Answer, the web page associated with the URL http://www.taurususa.com/history.cfm contained a statement that "The U. S. company has posted record years ever since . . .," but any other inference or allegation in the seventh sentence of this paragraph is denied. TIMI admits that, at the time of filing this Answer, the web page associated with the URL http://www.taurususa.com/history.cfm made the statements specifically admitted above, but is without knowledge or information sufficient to either admit or deny any other inference or allegation in the eighth sentence of this paragraph, and therefore denies them.  TIMI denies all remaining allegations in this paragraph. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

26.     TIMI admits that, at the time of filing this Answer, the web page associated with the URL http://www.taurususa.com/pdf/2013_taurus_catalog.pdf provided access to the Taurus 2013 Product Catalog, and that Page 4 of the Catalog contained the statement that "We genuinely

8

believe we manufacture firearms better than anyone else. Unlike other competitors that are merely 'assemblers' of firearms, we manufacture everything: from the firing pins to the magazines to the cutting tools. Every piece and every part are owned by Taurus. This results in higher tolerances, lower costs, faster prototypes and breakthrough innovations.," but any other inference or allegation in this paragraph is denied. TIMI denies all remaining allegations in this paragraph. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

27.     TIMI denies all allegations in this paragraph.

28.     TIMI admits that Exhibit C to the Complaint, Page 19, contains the two illustrations that are reproduced in this paragraph on Page 11 of the Complaint, but any other inference or allegation is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph related to the other Defendants, and all such allegations are denied.

29.     TIMI admits that Exhibit C to the Complaint, Page 17, contains a statement that "If dropped from a height at which the pistol is normally used, the manual safety and automatic safety together provide double strong resistance against accidental firing caused by such impact BUT THE MANUAL SAFETY MUST BE 'ON' TO FULFILL ITS FUNCTION.," but any other inference or allegation in the first sentence of this paragraph is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation in the second sentence of this paragraph, and they are denied. The third sentence of this paragraph does not contain a factual allegation to which a response is required, and is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph related to the other Defendants, and all such allegations are denied.

9

30.     TIMI denies all allegations in this paragraph.

31.     TIMI denies that any pistol it has sold is defective, and is without information or knowledge sufficient to either admit or deny the remaining allegations in this paragraph, and they are denied.

32.     TIMI denies all allegations in this paragraph.

33.     TIMI denies all allegations in this paragraph.

34.     TIMI denies all allegations in this paragraph.

35.     TIMI denies all allegations in this paragraph.

36.     TIMI is without knowledge or information sufficient to either admit or deny that it has settled other claims involving alleged defects that are similar to the defects alleged in Plaintiff's and/or the purported Class Members' pistols, and all such allegations are denied. TIMI denies all remaining allegations in this paragraph.

37.     TIMI admits that it was a defendant in a lawsuit filed in the Circuit Court of Etowah County, Alabama, styled *Adam Maroney v. Taurus International Manufacturing, Inc.*, CV-07-73-ACH, and that the plaintiff in that litigation alleged that the firearm was defective, but denies all other allegations in the first sentence of this paragraph. TIMI denies the allegations in the second, third, fourth, and fifth sentences of this paragraph. TIMI states further that there was no evidence that the firearm at issue in that litigation was defective, and denies that the firearm was defective. TIMI also admits that that Robert G. Morrison testified at that trial, and that his testimony at trial included the statement, among other things, that "But it is possible that a PT 111 can discharge if dropped.," but denies all remaining allegations in the sixth and seventh sentences of this paragraph. TIMI states further that the sixth and seventh sentences of this paragraph, regarding the testimony of Robert G. Morrison, have been taken out of context and

10

mischaracterized by Plaintiff. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

38.     TIMI admits that it was a defendant in a lawsuit filed in the Circuit Court of Etowah County, Alabama, styled *Adam Maroney v. Taurus International Manufacturing, Inc.*, CV-07-73-ACH, and that TIMI retained James C. Hutton as an expert, but denies all remaining allegations in this paragraph. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

39.     TIMI admits that it was a defendant in a lawsuit filed in the Circuit Court of Etowah County, Alabama, styled *Adam Maroney v. Taurus International Manufacturing, Inc.*, CV-07-73-ACH, that Robert G. Morrison testified at that trial, and that his testimony at trial included the statement that "My answer to the question if you are referring to all PT 111s, it is I believe that they can go off if dropped." TIMI further admits that Robert G. Morrison began his employment with TIMI in 1997, and began serving as its President and Chief Operating Officer in 2004, but denies all remaining allegations in this paragraph. TIMI states further that the sixth and seventh sentences of this paragraph, regarding the testimony of Robert G. Morrison, have been taken out of context and mischaracterized by Plaintiff. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

40.     TIMI denies all allegations in the first sentence of this paragraph. TIMI admits that it was a defendant in a lawsuit filed in the Circuit Court of Etowah County, Alabama, styled *Adam Maroney v. Taurus International Manufacturing, Inc.*, CV-07-73-ACH, and that the jury returned a verdict against TIMI, but denies all other allegations made in the second sentence of this paragraph. TIMI further states that the verdict was not supported by the evidence and that

SGR/11659460.6

there was no defect proven in the firearm at issue in that litigation and TIMI denies that the firearm was defective. TIMI admits that it did not appeal the verdict and that the case was settled after the verdict for a confidential amount, but denies any other allegation made in the third sentence of this paragraph. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

41.     TIMI admits that Judy Price made certain allegations against TIMI related to injuries she claimed to receive in 2009 associated with her use of a Taurus Model PT-140 pistol, and that TIMI entered into a confidential settlement agreement with her in 2001, but denies all other allegations made in this paragraph. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

42.     Upon information and belief, TIMI denies that there has been a recall as alleged by Plaintiff. TIMI further states that, upon information and belief, there was a report of some firearms discharging in Brazil, and that field technicians investigated the allegations and either found that the firearms worked as intended and had no defects, or that the firearms had been modified or altered. TIMI is without information or knowledge sufficient to either admit or deny any of the remaining allegations in this paragraph, and they are denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

43.     TIMI denies all allegations in this paragraph.

44.     TIMI admits that Plaintiff attempts to bring nationwide class action claims seeking declaratory relief and monetary compensation for damages, but denies that Plaintiff and purported Class Members have stated any claims for which relief can be granted against TIMI or

SGR/11659460.6

that class treatment of any of Plaintiff's alleged claims is appropriate. The remainder of this paragraph does not contain a factual allegation to which a response is required, and is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph related to the other Defendants, and all such allegations are denied.

45.    TIMI denies all allegations in this paragraph.

46.    TIMI denies all allegations in this paragraph.

**PLAINTIFF CHRIS CARTER FACTS**

47.    TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph, and all such allegations are denied.

48.    TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph, and all such allegations are denied.

49.    TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph, and all such allegations are denied.

50.    TIMI denies that the design of the Plaintiff's pistol is defective, and is without knowledge or information sufficient to either admit or deny the remaining allegations in this paragraph, and they are denied.

**CLASS DEFINITION AND CLASS ACTION ALLEGATIONS**

51.    TIMI admits that Plaintiff seeks to bring this suit as a nationwide class action, but denies that class treatment of any of Plaintiff's alleged claims is appropriate. The remainder of this paragraph contains Plaintiff's definition of a purported class that Plaintiff seeks to represent, to which no response should be required. To the extent that a response is deemed required, TIMI denies that the purported class defined by Plaintiff is ascertainable, and otherwise denies the appropriateness of certifying the purported class defined by Plaintiff.

13

52.     TIMI is without knowledge or information sufficient to either admit or deny the first sentence of this paragraph, and it is denied. The remainder of this paragraph contains exclusions to Plaintiff's definition of a purported class that Plaintiff seeks to represent, to which no response should be required. To the extent that a response is deemed required, TIMI denies that the purported class defined by Plaintiff is ascertainable, and otherwise denies the appropriateness of certifying the purported class defined by Plaintiff.

53.     TIMI is without knowledge or information sufficient to either admit or deny the allegations contained in the third and fourth sentences in this paragraph, and all such allegations are denied. TIMI denies all remaining allegations in this paragraph

54.     TIMI denies the first and second sentences in this paragraph. The remainder of this paragraph contains Plaintiff's legal conclusions regarding the satisfaction of certain necessary elements for class certification to which no response should be required. To the extent that a response is deemed required, TIMI denies the appropriateness of certifying the purported class defined by Plaintiff. To the extent that the remainder of this paragraph is deemed to contain factual allegations, they are denied.

55.     This paragraph contains Plaintiff's legal conclusions regarding the satisfaction of certain necessary elements for class certification to which no response should be required. To the extent that a response is deemed required, TIMI denies the appropriateness of certifying the purported class defined by Plaintiff. To the extent that this paragraph is deemed to contain factual allegations, they are denied

56.     TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph, and all such allegations are denied.

14

57.     This paragraph contains Plaintiff's legal conclusions regarding the satisfaction of certain necessary elements for class certification to which no response should be required. To the extent that a response is deemed required, TIMI denies the appropriateness of certifying the purported class defined by Plaintiff. To the extent that this paragraph is deemed to contain factual allegations, they are denied.

## ESTOPPEL AND TOLLING OF STATUTE OF LIMITATIONS

58.     TIMI denies all allegations in this paragraph.

59.     TIMI denies all allegations in this paragraph.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF

### Count One
### Violation of the Florida Deceptive and Unfair Trade Practices Act

60.     TIMI hereby incorporates fully by reference its responses to paragraphs 1 through 59 as though expressly herein. Any other allegation is denied, and TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

61.     TIMI admits that Plaintiff and the purported Class Members attempt to bring an action pursuant to the Florida Deceptive and Unfair Trade Practices Act, but denies that Plaintiff and purported Class Members have stated any claims for which relief can be granted against TIMI. The remainder of this paragraph does not contain factual allegations to which responses are required, and is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph related to the other Defendants, and all such allegations are denied.

62.     This paragraph does not contain factual allegations to which responses are required, and is denied.

15

63.     This paragraph does not contain factual allegations to which responses are required, and is denied.

64.     This paragraph does not contain factual allegations to which responses are required, and is denied.

65.     TIMI denies all allegations in this paragraph.

66.     TIMI denies all allegations in this paragraph.

67.     TIMI denies all allegations in this paragraph.

68.     TIMI denies all allegations in this paragraph.

69.     TIMI denies all allegations in this paragraph

70.     TIMI denies all allegations in this paragraph.

71.     TIMI denies all allegations in this paragraph.

72.     TIMI denies all allegations in this paragraph.

73.     TIMI denies all allegations in this paragraph.

74.     TIMI denies all allegations in this paragraph.

75.     TIMI denies all allegations in this paragraph.

76.     TIMI denies all allegations in this paragraph.

77.     TIMI denies all allegations in this paragraph.

78.     The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all allegations are denied.

## Count Two
## Negligence

79.     TIMI hereby incorporates fully by reference its responses to paragraphs 1 through 59 as though expressly herein, and any other allegation not addressed therein is denied. TIMI is

16

without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

80.     TIMI admits that it owes a general duty of care that is defined by Iowa law, and to the extent the duty claimed by Plaintiff is different, TIMI denies the same. TIMI denies all remaining allegations in this paragraph, and is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

81.     The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all allegations are denied.

<u>**Count Three**</u>
<u>**Strict Liability in Tort – Restatement (Second) of Torts § 402A**</u>

82.     TIMI hereby incorporates fully by reference its responses to paragraphs 1 through 59 as though expressly herein, and any other allegation not addressed therein is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

83.     TIMI denies all allegations in this paragraph.

84.     TIMI denies all allegations in this paragraph.

85.     TIMI denies all allegations in this paragraph.

86.     TIMI denies all allegations in this paragraph.

87.     The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all allegations are denied.

SGR/11659460.6

## Count Four
## Breach of Express Warranty

88.     TIMI hereby incorporates fully by reference its responses to paragraphs 1 through

59 as though expressly herein, and any other allegation not addressed therein is denied. TIMI is

without knowledge or information sufficient to either admit or deny any allegation related to

other Defendants, and all such allegations are denied.

89.     TIMI admits that a "Limited Warranty" subject to certain conditions are contained

in manuals shipped with Taurus firearms, but TIMI is without knowledge or information

sufficient to either admit or deny any allegation in this paragraph that the "Limited Warranty"

was extended to Plaintiff or the purported Class Members, or that they are entitled to such a

warranty, and all such allegations are denied. The allegations that any other statements in the

"Taurus Manual," the "Taurus Lifetime Repair Policy" or the "Taurus Unlimited Lifetime Repair

Policy™, or the www.TaurusUSA.com website qualify as "warranties" are legal conclusions, are

not factual allegations to which a response is required, and all such allegations are denied. TIMI

denies all remaining allegations in this paragraph. TIMI is without knowledge or information

sufficient to either admit or deny any allegation related to other Defendants, and all such

allegations are denied.

90.     TIMI is without knowledge or information sufficient to either admit or deny the

allegations in the first sentence of this paragraph that the "Limited Warranty" or any other

warranty was extended to Plaintiff or the purported Class Members, or that they are entitled to

such a warranty, and all such allegations are denied. Any allegation that a particular statement

qualifies as a "warranty" is a legal conclusion, is not a factual allegation to which a response is

required, and all such allegations are denied. TIMI denies that it breached any warranties to

18

Plaintiff or the purported Class Members, or that they are entitled to damages. TIMI denies any remaining allegations in this paragraph.

91.     TIMI denies that it breached any warranties to Plaintiff or the purported Class Members, that Plaintiff and the purported Class Members were "denied the full benefit of the bargain," that Plaintiff and purported Class Members are in privity of contract with TIMI, or that damages resulted from any such breach. TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph that that any warranty was made to Plaintiff or the purported Class Members, that they are entitled to any particular warranty, or that they are the "express beneficiaries" of any warranty, and all such allegations are denied. TIMI denies any remaining allegations in this paragraph.

92.     Any allegation that a particular statement qualifies as a "warranty" is a legal conclusion, is not a factual allegation to which a response is required, and all such allegations are denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph that any warranty was made to Plaintiff or the purported Class Members, and all such allegations are denied. TIMI denies any remaining allegations in this paragraph.

93.     TIMI denies that it breached any warranties to Plaintiff or the purported Class Members, or that damages resulted from any such breach. The allegation that a particular statement qualifies as a "warranty" is a legal conclusion, is not a factual allegation to which a response is required, and all such allegations are denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph that any warranty was made to Plaintiff or the purported Class Members, and all such allegations are denied. TIMI denies all remaining allegations in this paragraph.

SGR/11659460.6

94.     TIMI hereby incorporates its responses to paragraphs 87 through 91 as though set forth fully herein, and is without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and all such allegations are denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

95.     TIMI hereby incorporates its responses to paragraphs 87 through 91 as though set forth fully herein, and is without knowledge or information sufficient to either admit or deny the allegations in this paragraph, and all such allegations are denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

96.     TIMI denies all allegations in this paragraph.

97.     TIMI denies all allegations in this paragraph.

98.     The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all allegations are denied.

<u>**Count Five**</u>
<u>**Breach of Implied Warranty of Merchantability**</u>

99.     TIMI hereby incorporates fully by reference its responses to paragraphs 1 through 59 as though expressly herein, and any other allegation not addressed therein is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

100.    TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph, and all such allegations are denied.

SGR/11659460.6

101.    TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph, and all such allegations are denied.

102.    TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph, and all such allegations are denied.

103.    TIMI denies that it designed and manufactured any pistol identified in the Complaint, and is without knowledge or information sufficient to either admit or deny any remaining allegations in this paragraph, and all such allegations are denied.

104.    TIMI denies that it was on notice of a breach of an implied warranty. TIMI is without knowledge or information sufficient to either admit or deny any remaining allegations in this paragraph, and all such allegations are denied.

105.    TIMI denies all allegations in this paragraph.

106.    TIMI denies all allegations in this paragraph.

107.    The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all such allegations are denied.

**Count Six**
**Magnuson-Moss Warranty Act**

108.    TIMI hereby incorporates fully by reference its responses to paragraphs 1 through 59 as though expressly herein, and any other allegation not addressed therein is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

109.    The statement contained in this paragraph is a legal conclusion to which a response is not required, and all such allegations are denied.

SGR/11659460.6

110.     The statement contained in this paragraph is a legal conclusion to which a response is not required, and all such allegations are denied. TIMI hereby incorporates its responses to Counts Four and Five as though set forth fully herein, and is without knowledge or information sufficient to either admit or deny any remaining allegations in this paragraph, and all such allegations are denied.

111.     The statements contained in this paragraph are legal conclusions to which a response is not required, and all such allegations are denied.

112.     The statements contained in this paragraph are legal conclusions to which a response is not required, and all such allegations are denied.

113.     TIMI denies all allegations in this paragraph.

114.     TIMI denies all allegations in this paragraph.

115.     TIMI denies all allegations in this paragraph.

116.     The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all such allegations are denied.

**Count Seven**
**Fraudulent Suppression and/or Inducement**

117.     TIMI hereby incorporates fully by reference its responses to paragraphs 1 through 59 as though expressly herein, and any other allegation not addressed therein is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

118.     TIMI denies all allegations in this paragraph.

119.     TIMI denies all allegations in this paragraph.

120.     TIMI denies all allegations in this paragraph.

SGR/11659460.6

121.     TIMI denies all allegations in this paragraph.

122.     TIMI denies all allegations in this paragraph.

123.     TIMI denies all allegations in this paragraph.

124.     TIMI denies all allegations in this paragraph.

125.     TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph, and all such allegations are denied.

126.     TIMI denies all allegations in this paragraph.

127.     TIMI denies all allegations in this paragraph.

128.     The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all such allegations are denied.

### Count Eight
### Negligent Failure to Disclose, Failure to Warn, Concealment and Misrepresentation

129.     TIMI hereby incorporates fully by reference its responses to paragraphs 1 through 59 as though expressly herein, and any other allegation not addressed therein is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

130.     TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph, and all such allegations are denied.

131.     TIMI denies all allegations in this paragraph.

132.     TIMI denies all allegations in this paragraph.

133.     TIMI denies all allegations in this paragraph.

134.     TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph, and all such allegations are denied.

SGR/11659460.6

135.     TIMI denies all allegations in this paragraph.

136.     The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all allegations are denied.

### Count Nine
### Fraudulent Concealment and Intentional Failure to Warn

137.     TIMI hereby incorporates fully by reference its responses to paragraphs 1 through 59 as though expressly herein, and any other allegation not addressed therein is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

138.     TIMI denies all allegations in this paragraph.

139.     TIMI denies all allegations in this paragraph.

140.     TIMI denies all allegations in this paragraph.

141.     TIMI denies all allegations in this paragraph.

142.     The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all such allegations are denied.

### Count Ten
### Wrongful and/or Unjust Enrichment

143.     TIMI hereby incorporates fully by reference its responses to paragraphs 1 through 59 as though expressly herein, and any other allegation not addressed therein is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

144.     TIMI denies all allegations in this paragraph.

24

145.     TIMI denies all factual allegations in this paragraph. The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all allegations are denied.

### Count Eleven
### Declaratory Relief

146.     TIMI hereby incorporates fully by reference its responses to paragraphs 1 through 59 as though expressly herein, and any other allegation not addressed therein is denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation related to other Defendants, and all such allegations are denied.

147.     TIMI denies all allegations in this paragraph.

148.     TIMI denies all allegations in this paragraph.

149.     The prayer for relief contained in this paragraph is not a factual allegation to which a response is required, TIMI denies that Plaintiff and the purported Class Members are entitled to the relief sought, and all such allegations are denied. TIMI is without knowledge or information sufficient to either admit or deny any allegation in this paragraph related to the other Defendants, and all such allegations are denied.

TIMI further denies any allegations contained in any numbered paragraphs of the Complaint which are not specifically admitted above.

TIMI further denies that Plaintiff and the purported Class Members are entitled to any of the relief sought in the Complaint, and that any of the alleged claims are proper for class treatment.

SGR/11659460.6

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which Plaintiff or any purported Class Members bear the burden, TIMI asserts the following affirmative defenses to the Complaint:

### FIRST DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by a failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

TIMI did not design, assemble or manufacture any of the pistols identified in the Complaint.

### THIRD DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by the statutes of limitations or statutes of repose applicable to their respective claims.

### FOURTH DEFENSE

Plaintiff's and purported Class Members' claims are barred by the economic loss doctrines applicable to their respective claims.

### FIFTH DEFENSE

Plaintiff's and/or the purported Class Members' claims are barred by Iowa Code § 668.12, Iowa law governing state of the art, and the comparative doctrines applicable to any of the purported Class Members' respective claims. Among other things, the design of Plaintiff's pistol and purported Class Members' pistols were state of the art and/or conformed to the state of the art in existence at the time the products were designed, tested, manufactured, formulated, packaged, and provided with a warning or labeled.

26

## SIXTH DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by assumption of risk doctrines applicable to their respective claims.

## SEVENTH DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by the fact that the firearms were not in a defective condition when they left TIMI's control and/or entered the stream of commerce.

## EIGHTH DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by their inability to demonstrate a reasonable alternative safer design that was omitted, or that would have reduced or avoided the foreseeable risks of harm allegedly posed by the products.

## NINTH DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by their inability to show that the subject pistols were defective or not reasonably safe, in its manufacture, in its design or by reason of their warnings.

## TENTH DEFENSE

Plaintiff's and/or the purported Class Members' claims are barred by Iowa Code § 613.18, Iowa law governing the liability of product sellers, and comparative laws and doctrines applicable to any of the purported Class Members' respective claims.

## ELEVENTH DEFENSE

Plaintiff's and/or purported Class Members' claims are barred because they misused the products.

SGR/11659460.6

TWELFTH DEFENSE

Plaintiff's and/or purported Class Members' misuse of the products was the factual and proximate cause of any injury suffered by them.

THIRTEENTH DEFENSE

If a subject pistol malfunctioned, which TIMI denies, the malfunction did not occur during normal use.

FOURTEENTH DEFENSE

Plaintiff's and/or purported Class Members' claims are barred because the risks attendant with the reasonable, foreseeable and expected use of the product do not exceed the utility of the products.

FIFTEENTH DEFENSE

Plaintiff and/or purported Class Members are barred to the extent that they did not purchase the subject pistols "new."

SIXTEENTH DEFENSE

Plaintiff's and/or purported Class Members are barred because the dangers of handling, manipulating or pointing a loaded or cocked pistol, with the muzzle pointed in a direction that can cause damage, are known and obvious.

SEVENTEENTH DEFENSE

Plaintiff's and/or purported Class Members failed to heed the warnings which accompanied the subject pistols when they left TIMI's hands and/or entered the stream of commerce.

SGR/11659460.6

## EIGHTEENTH DEFENSE

Plaintiff's and purported Class Members' failure to heed the warnings which accompanied the subject pistols when they left TIMI's hands and/or entered the stream of commerce is the proximate and factual cause of any injury suffered by Plaintiff and/or purported Class Members.

## NINETEENTH DEFENSE

Plaintiff's and/or purported Class Members' recovery is barred by the doctrines of comparative negligence applicable to their respective claims.

## TWENTIETH DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of contributory negligence applicable to their respective claims.

## TWENTY-FIRST DEFENSE

Plaintiff's and/or purported Class Members' fault equals or exceeds any fault of TIMI.

## TWENTY-SECOND DEFENSE

Plaintiff and/or purported Class Members have failed to mitigate their damages.

## TWENTY-THIRD DEFENSE

If Plaintiff and/or purported Class Members' injury occurred as it is described, which TIMI denies, the injury resulted from a malfunction, not a defect, and the products were reasonably safe.

## TWENTY-FOURTH DEFENSE

Plaintiff's and/or purported Class Members' claims are barred in whole or in part by a lack of causation.

SGR/11659460.6

<u>TWENTY-FIFTH DEFENSE</u>

The forseeable risks of harm posed by the products could not have been reduced or avoided by the adoption of a reasonable alternative design and its omission does not render the products unreasonably safe.

<u>TWENTY-SIXTH DEFENSE</u>

Any damages incurred by the Plaintiff and/or purported Class Members were the result of a failure to inspect and maintain the subject pistols.

<u>TWENTY-SEVENTH DEFENSE</u>

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of accord and satisfaction, payment or release applicable to their respective claims.

<u>TWENTY-EIGHTH DEFENSE</u>

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of waiver and estoppel applicable to their respective claims.

<u>TWENTY-NINTH DEFENSE</u>

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of fraud and illegality applicable to their respective claims.

<u>THIRTIETH DEFENSE</u>

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of laches applicable to their respective.

<u>THIRTY-FIRST DEFENSE</u>

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of res judicata applicable to their respective claims.

SGR/11659460.6

## THIRTY-SECOND DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by a lack of subject matter jurisdiction.

## THIRTY-THIRD DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by a lack of personal jurisdiction.

## THIRTY-FOURTH DEFENSE

Plaintiff's and/or purported Class Members' have filed suit in the wrong venue.

## THIRTY-FIFTH DEFENSE

Plaintiff's and/or purported Class Members' claims are barred, in whole or in part, by insufficient process or insufficient service of process.

## THIRTY-SIXTH DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by their failure to join an indispensable party under Rule 19.

## THIRTY-SEVENTH DEFENSE

Plaintiff and/or purported Class Members lack standing to pursue some or all of the claims asserted.

TIMI reserves the right to assert additional defenses as its investigation and discovery in this case progresses, including defenses to Plaintiff's and purported Class Members' claims under the applicable laws and jurisdictions governing their purported claims.

SGR/11659460.6

WHEREFORE, TIMI respectfully requests that the Court deny the Prayer for Relief in its entirety, that Plaintiff's Complaint be dismissed and/or that judgment be entered in TIMI's favor, that TIMI be awarded its costs and reasonable attorneys' fees as allowed by law, and such further relief as the Court deems proper.


         */s/ David A. Mobley*
David A. Mobley (FBN 571571)
EMAIL: dmobley@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3900

John P. Marino (FBN 814539)
EMAIL: jmarino@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300
*Attorneys for Defendant Taurus International Manufacturing, Inc.*

SGR/11659460.6

## CERTIFICATE OF SERVICE

I certify that on February 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record as indicated below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system:

David L. Selby , II
Bailey & Glasser, LLP
300 Riverchase Galleria, Suite 905
Birmingham, AL 35244
Email: dselby@baileyglasser.com
Attorneys for Plaintiff *(Admitted Pro Hac Vice)*

Angelo Marino , Jr.
645 SE 5th Terrace
Fort Lauderdale, FL 33301-3160
Email: amjrpamail@aol.com
Attorneys for Plaintiff

John W. Barrett
Bailey & Glasser, LLp
209 Capital Street
Charleston, WV 25301
Email: jbarrett@baileyglasser.com
Attorneys for Plaintiff *(Admitted Pro Hac Vice)*

Todd Wheeles
Morris, Haynes, Hornsby & Wheeles
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
Email: twheeles@mhhlaw.net
Attorneys for Plaintiff *(Admitted Pro Hac Vice)*

*/s/ David A. Mobley*
Attorney

33

SGR/11659460.6