IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CHRIS P. CARTER,<br><br>Individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>　　　　v.<br><br>FORJAS TAURUS S.A., TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,<br><br>*Defendants*. | Case No. 1:13-cv-24583<br><br>**CLASS ACTION** |

**PLAINTIFF'S MOTION FOR COURT-DIRECTED ALTERNATIVE
SERVICE OF PROCESS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Chris P. Carter ("Mr. Carter" or "Plaintiff") moves pursuant to Fed. R. Civ. P. 4(f)(3) for entry of an order granting Plaintiff leave to serve alternative process upon Defendant Forjas Taurus S.A. ("Forjas Taurus"), a citizen of Brazil.[1]

Plaintiff filed his Complaint against Defendants Forjas Taurus and its American subsidiaries, Taurus International Manufacturing, Inc. ("TIMI") and Taurus Holdings, Inc. ("THI") (collectively "Taurus") on December 20, 2013 (Doc. #1). TIMI and THI were served with the Complaint on January 8, 2014. The attorneys for Taurus requested an extension of time to answer the Complaint. Plaintiff agreed to an extension, the Court granted the extension, and TIMI and THI filed their Answers on February 12, 2014. In order to provide Forjas Taurus with

---

[1] Pursuant to Local Rule 7.l(a)(2), a proposed Order is attached for the Court's convenience as **Exhibit A.**

"formal" notice of this action in the most efficient manner possible, Plaintiff may seek an Order permitting service of process to be effected pursuant to Fed. R. Civ. P. 4(f)(3) in the following ways: (1) via FedEx at the office address listed on Forjas Taurus's website, http://www.taurus.com.br/, namely: Avenida de Forte, 511, Porto Alegre/RS, Brazil; and (2) via email to the email address listed on Forjas Taurus's commercial website, namely, sac@taurus.com.br. Each of the methods Plaintiff seeks to employ is an independently sufficient and permitted method under Rule 4(f)(3). Plaintiff seeks an Order which directs that Plaintiff serve Forjas via FedEx at the office address listed on Forjas Taurus's website, http://www.taurus.com.br/, namely: Avenida de Forte, 511, Porto Alegre/RS, Brazil and via email to the email address listed on Forjas Taurus's commercial website, namely, sac@taurus.com.br.to make it unequivocally clear that Defendant receives "formal" notice of this action.

## MEMORANDUM OF LAW

### A. Background

Plaintiff brought this class action in response to Forjas Taurus and its co-Defendants' conduct in the design, testing, manufacture, assembly, marketing, supply, warranty, distribution, misrepresentation, and sales of certain Pistols (the "Class Pistols") which suffer from a common design defect involving the Firing Pin Block Safety Device. *See* Doc. #**1.** Specifically, the Class Pistols are defective and unreasonably dangerous because the common design of the Class Pistols and Firing Pin Block Safety Device will not prevent and has not prevented unintended discharges of the Class Pistols when dropped. *Id.* Plaintiff and the class seek an award in their favor that includes declaratory relief and damages, including interest thereon, in an amount to be proven at trial.

Upon information and belief, Defendant Forjas Taurus is a Brazilian citizen with its corporate offices located in Brazil. *See* Empresas Taurus, Fale Conosco (contact us), http://www.taurus.com.br/ (last visited Jan. 30, 2014) (providing Brazilian address). Brazil is not a signatory to the Hague Convention. *See* Travel.State.gov, Brazil, Service of Process, http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/brazil.html (last visited Jan. 30, 2014) (stating that "Brazil is not a party to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters"). Both the United States and Brazil are, however, parties to the Inter-American Convention on Letters Rogatory and Additional Protocol. *Id.* The service process pursuant to that Convention involves service through official governmental channels, and is set forth in full at the Organization of American States website. *See* OAS.org, Multilateral Treaties, http://www.oas.org/juridico/english/treaties/b-36.html (last visited Jan. 30, 2014).

**B.   Argument**

    i.   <u>Legal Standards</u>

Federal Rule of Civil Procedure 4(f) sets forth three methods for serving a defendant in a foreign country, including "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Federal courts in Florida have found that Fed. R. Civ. P. 4(f)(3) stands independently and on equal footing with Fed. R. Civ. P. 4(f)'s other subsections, and it includes "no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Brookshire Bros., Ltd. v. Chiquita Brands Int'l Inc.,* Case No. 05-CIV-1962, 2007 U.S. Dist. LEXIS 39495 (S.D. Fla., May 31, 2007), citing *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002). There is no requirement for a party to attempt service of process via any of the other methods

enumerated in Rule 4(f)(l) or Rule 4(f)(2) before asking the Court for alternative relief under Rule 4(f)(3). *See Rio Props.,* 284 F.3d at 1014-1015.  In fact, "[c]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(l) or Rule 4(f)(2)." *Id.* at 1015; *see also Tracfone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 691-92 (S.D. Fla. 2012) ("Despite coming last in the list of available methods of service in Rule 4(f), there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive 'or,' are meant to be read as a hierarchy.")

Under Rule 4(f)(3), "courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props.,* at 1016-17 (affirming the district court's finding that alternative service via international courier and via email was constitutionally acceptable.) "[E]specially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire*, at *5.

    ii.    <u>Serving Defendant Forjas Taurus via FedEx, or  or Email is Consistent with Due Process.</u>

In granting a motion for alternative service like this one, this Court has held that "[d]ue Process requires only that an alternative method of service be reasonably calculated to provide notice and an opportunity to respond." *United States CFTC v. Rubio*, NO. 12-CV-22129-ROSENBAUM, 2012 U.S. Dist. LEXIS 117898, *7 (S.D. Fla. Aug. 21, 2012) (citation omitted); *see also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314(1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections.")

Any of Plaintiff's proposed methods of service will provide Forjas Taurus with prompt "formal" notice of this action and will allow the Court to quickly and efficiently adjudicate Plaintiff's class claims on the merits. This relief is consistent with decisions from several federal courts, including those within this District. *See, e.g., Adidas AG v. 2013JeremyScottXAdidas.com,* No. 13-61867-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 171628 (S.D. Fla. Dec. 5, 2013) (granting leave to allow service upon Chinese defendants via e-mail); *Tiffany v. Jianfang,* NO. 13-61470-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 134857 (S.D. Fla. Sept. 20, 2013) (same); *Fru Veg Mktg., Inc. v. VegFruit World Corp.,* 896 F.Supp. 2d 1175 (S.D. Fla. 2012) (permitting service of defendants in Peru, Guatemala and Colombia via courier or Federal Express as well as via email and U.S. mail to their counsel located in the Southern District); *TracFone Wireless, Inc. v. Bequator Corp., Ltd.,* 717 F. Supp. 2d 1307, 1310 (S.D. Fla. 2010) (granting motion for service on Hong Kong defendant by international express mail and via FedEx).

Plaintiff's proposed methods of service also comport with other opinions of courts considering Brazilian defendants specifically. In *Russell Brands v. GVD Int'l Trading,* 282 F.R.D. 21 (D. Mass. 2012), the court permitted plaintiff to effectuate service on a Brazilian defendant via personal in-hand service on defendant's Massachusetts attorney, service by email upon defendant's Virginia attorney, and service via federal express at defendant's Brazilian address. The court cited other decisions allowing service upon Brazilian defendants in similar fashion, and further noted that the letters rogatory process was problematic and that the other methods would be more expedient and less costly. 282 F.R.D. at *25. *See also Liberty Media*

*Holdings v. Vinigay.com,* No. CV-11-0280-PHX-LOA, 2011 U.S. Dist. LEXIS 26657 (D. Ariz. Mar. 3, 2011) (finding there is no international agreement prohibiting service via email in Brazil and allowing service at defendant's last known email addresses when no physical address was obtainable); *Morgenthau v. Avion Resources,* 11 N.Y.3d 383 (2008) (allowing service under New York rules of civil procedure rather than letters rogatory because former satisfied due process).

Indeed, as set forth below, each of Plaintiff's proposed methods has been approved by this and other courts.

>  a. *Delivery Via Fed-Ex is a Recognized and Acceptable Manner of Service upon Brazilian Defendants.*

Federal Express operates in Brazil. *See* FedEx Brasil, http://www.fedex.com/br/ (last visited February 21, 2014.) Defendant Forjas Taurus includes its Brazilian mailing address on its website. Federal courts throughout the country have authorized service of process via FedEx pursuant to Rule 4(f) on defendants located outside the United States, and it is an appropriate and effective method in this case. *See TracFone Wireless, Inc. v. Bequator Corp., Ltd.,* 717 F. Supp.2d 1307, 1310 (S.D. Fla. 2010) (authorizing service by FedEx pursuant to Fed. R. Civ. P. 4(f)); *Tracfone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV,* 268 F.R.D. 687, 691 (S.D. Fla. 2010) (same); *Intelligender, LLC v. Soriano,* NO. 2:10-cv-125-JRG, 2012 U.S. Dist. LEXIS 8176 (E.D. Tex., Jan. 24, 2012) (same); *Mainstream Media, EC v. Riven,* Case No. C 08-3623 PJH, 2009 WL 2157641 *3 (N.D. Cal., July 17, 2009) (same).

Accordingly, serving Forjas Taurus with a copy of the Summons and Complaint via FedEx at its self-listed Brazilian address would be sufficient under Fed. R. Civ. P. 4(f)(3).

>    b. *E-Mail is a recognized and acceptable manner of service upon foreign defendants.*

In this age of electronic communication, courts have frequently allowed service via email under Rule 4(f)(3). *See Rubio, supra,* at **6-7 (finding email service is "reasonably calculated to give notice to Defendants"); *Portal Live, LLC v. Choukron,* No.: 11-60203-Civ-Cohn/Seltzer, 2011 U.S. Dist. LEXIS 98623, *3 (S.D. Fla. Sept. 1, 2011) (concluding that service by email to Thai defendant was "reasonably calculated to apprise him of the pendency of this action"); *Rio Props.,* at 1016-17 (listing email as one of the recognized and accepted methods of foreign service); *Liberty Media Holdings,* *12 (allowing service of Brazilian defendants via email and finding that case law "suppor[ts] the proposition that service by email is not generally prohibited by international agreement").

    iii.    <u>Plaintiff's Proposed Methods of Service Are Not Prohibited By International Agreement.</u>

Because Brazil is not a signatory to the Hague Convention, Plaintiff's proposed method of court- ordered alternate service is not prohibited by international agreement. *United States CFTC v. Aliaga,* 272 F.R.D. 617, 620 (S.D. Fla. 2011) (when defendant's home country, the Dominican Republic, was not a signatory to the Hague, no international law prohibited service via email or local counsel.)  Further, the fact that Brazil and the United States are parties to the Inter-American Convention on Letters Rogatory "does not foreclose other methods of service among parties residing in different signatory nations, if otherwise proper and efficacious." *Kreimerman v. Casa Veerkamp, S.A.,* 22 F.3d 634, 647 (5th Cir. 1994); *Russell Brands,* 282 F.R.D. at 24 (same, allowing alternate service to Brazilian defendant); *Paiz v. Castellanos,* NO.: 06-22046-CIV-HIGHSMITH/McALILEY 2006 U.S. Dist. LEXIS 66532, *3 (S.D. Fla. Aug. 28, 2006) (citing *Kreimerman* and finding that "the Inter-American Convention's provisions

regarding service of process are neither mandatory nor exclusive.") For these reasons, Plaintiff's proposed means of service are not prohibited by any international agreement.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter an Order, pursuant to Fed. R. Civ. P. 4(f)(3), allowing Plaintiff to serve Forjas Taurus with a copy of the Summons and Complaint: via via FedEx at the office address listed on Forjas Taurus's website, http://www.taurus.com.br/, namely: Avenida de Forte, 511, Porto Alegre/RS, Brazil and via email to the email address listed on Forjas Taurus's commercial website, namely, sac@taurus.com.br.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Plaintiff has conferred orally and in writing with counsel for TIMI and THI. Counsel for TIMI and THI have not been authorized by TIMI or THI to address the issues in the Motion on behalf of Forjas Taurus.

Date: __February 25, 2014_____   Respectfully submitted,

/s/ *Angelo Marino, Jr.*_____
Angelo Marino, Jr. (Florida Bar No. 151934)
ANGELO MARINO, JR., P.A.
645 S.E. 5th Terrace
Ft. Lauderdale, Florida 33301
Tel.:      (954) 765-0537
Fax:      (954) 765-0545
Email:   amjrpamail@aol.com

David L. Selby, II *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Tel.:      (205) 988-9253
Email:   dselby@baileyglasser.com

        John W. Barrett *(admitted pro hac vice)*
        BAILEY & GLASSER, LLP
        209 Capitol Street
        Charleston, West Virginia 25301
        Tel.: (304) 345-6555
        Email: jbarrett@baileyglasser.com

        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing "**Plaintiff's Motion For Court-Directed Alternative Service of Process and Incorporated Memorandum of Law**" is being served on the counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

        /s/ *Angelo Marino, Jr.*
        Angelo Marino, Jr.