IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| CHRIS P. CARTER, <br><br> Individually and on behalf of all others similarly situated, <br><br>    Plaintiff, <br><br> vs. <br><br> FORJAS TAURUS, S.A., <br> TAURUS INTERNATIONAL MANUFACTURING, INC., <br> and TAURUS HOLDINGS, INC., <br><br>    Defendants. | CASE NO.: 1:13-cv-24583-PAS <br><br><br> CLASS ACTION |

**DEFENDANT FORJAS TAURUS S.A.'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM**

Defendant, Forjas Taurus S.A. ("Forjas Taurus"), moves to dismiss Plaintiff's Class Action Complaint ("Complaint") (Dkt. 1) pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Forjas Taurus also provides notice that it intends to raise an issue concerning the laws of Brazil. The grounds and authority for this motion are set forth in the following memorandum, which is incorporated as part of this motion.

**MEMORANDUM OF LAW**

Forjas Taurus respectfully submits the following memorandum in support of its Motion to Dismiss.

**Introduction**

Plaintiff Chris Carter filed his Complaint on December 20, 2013, and on February 25, 2014, filed a motion seeking leave to effect alternative service under Fed. R. Civ. P. 4(f)(3).

(Dkt. 1; Dkt. 22)  Five days later, the Court entered an Order granting Plaintiff's Motion. (Dkt. 24). The Order directed that "Plaintiff shall serve process by Federal Express . . ., shall also contemporaneously serve Defendant Forjas Taurus S.A. by e-mail, [and] shall file proof of both forms of service." (Dkt. 24)

On March 14, 2014, Plaintiff filed a proof of service asserting that the Summons and Complaint were delivered to Forjas Taurus by Federal Express on March 4, 2014, and by e-mail on February 27, 2014. (Dkt. 28, 29).  However, because service by mail is contrary to Brazilian law and Plaintiff made no effort to properly serve Forjas Taurus pursuant to international law and the treaty in place between the United States and Brazil, service is improper.  Either the Complaint should be dismissed or Plaintiff should be required to properly effect service.

## Argument

Rule 4(h)(2) governs service of foreign corporations and permits service "in any manner prescribed by Rule 4(f)." Rule 4(f)(3) in turn permits service on foreign corporations "by other means not prohibited by international agreement, as the court orders." Plaintiff moved the Court to permit alternative service under that provision, asserting that this Court has "broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreement." (Dkt. 22 p. 4)

Rule 4(f)(3) does not mandate how courts are supposed to determine whether service is "prohibited by international agreement," but the Eleventh Circuit has stated that:

> Paragraph (3) authorizes the court to approve other methods of service not prohibited by international agreements. . . . Inasmuch as our Constitution requires that reasonable notice be given, *an earnest effort* should be made to devise a method of communication that is *consistent with due process* and *minimizes offense to foreign law*.

*Prewitt Enterprises, Inc. v. OPEC*, 353 F. 3d 916, 927 (2003) (emphasis in original) (citing the 1993 Advisory Committee Notes to Rule 4(f)(3)). Accordingly, the Eleventh Circuit's guidance is the proper framework for an analysis of whether service was proper, and while a denial of Plaintiff's motion would have been reviewed under the abuse of discretion standard, this Court's interpretation of Rule 4(f)(3) will ultimately be reviewed *de novo* as a matter of law.

A. **Service by Federal Express and e-mail is preempted by the Inter-American Convention and offends foreign law.**

Forjas Taurus is a Brazilian corporation with headquarters in Porto Alegre/RS, Brazil. (Dkt. 1 ¶13) Brazil is not a party to the Hague Convention, but is a party to the *Inter-American Convention on Letters Rogatory* and the *Additional Protocol to the Inter-American Convention on Letters Rogatory* (collectively the "Inter-American Convention").[1] While the Inter-American Convention does not necessarily pre-empt alternative methods of service, any service under Rule 4(f)(3) must be viewed in light of the Convention's preference for personal service by letters rogatory. *See* Dolinger, Brazilian Confirmation of Foreign Judgments, 19 Int'l L. 853, 862-63 (1985) (attached as Exhibit C).[2]

Furthermore, even assuming that service by mail is not be expressly prohibited by the Inter-American Convention, such service offends Brazilian law and is therefore improper. *See* Dolinger at 862-63; *see also* Dolinger, A Panorama of Brazilian Law 369 (1992) (stating that

---

[1] Inter-American Convention on Letters Rogatory, Panama Jan. 30, 1975, 14 I.L.M. 339 (entered into force Jan. 16, 1976); Additional Protocol to the Inter-Amer1can Convention on Letters Rogatory, with Annex, Montevideo, Uruguay May 8, 1979, 18 LL.M. 1238 (entered into force June 14, 1980); Senate Treaty Doc. 98-27; 98th Congress; 2d Session. The text of the Inter-American Convention and Additional Protocol are reproduced in Exhibits A and B.

[2] Forjas Taurus requests that this Court take judicial notice of these references and the authorities cited therein. *See Bryant v. Advado Brands, Inc.*, 187 F.3d 1271, 284 (11th Cir. 1999) (holding that a district court may take judicial notice of matters of public record at the motion to dismiss stage).

3

service by mail is "totally unacceptable to Brazilian Rules of Civil Procedure," and "[Brazil] strongly objects to foreign judicial documents sent to Brazil by postal channels") (attached as Exhibit D).

Accordingly, service by mail has been systematically rejected by the Brazilian Supreme Court,[3] and a number of federal courts have precluded mail service. *See, e.g.*, *Tucker v. Interarms*, 186 F.R.D. 450, 452 (N.D. Ohio 1999); *Commodity Futures Trading Comm'n v. Nahas,* 738 F.2d 487, 494 (D.C. Cir. 1984); *Alpha Omega Tech., Inc. v. PGM-Comercia E ParticiPacoes LTDA.,* No. 93 civ. 6257, 1994 WL 37787 at *1 (S.D.N.Y. Feb. 9, 1994); *Lake Charles Cane LaCassine Mill, LLC v. Smar Intl Corp.,* No. 07-cv-667, 2007 WL 1695722 at *2 (W.D. La. June 8, 2007); *J.B. Custom, Inc. v. Amadeo Rossi, S.A.*, 2011 WL 2199704 at *6 (N.D. Ind.); *cf. Fru Veg Marketing, Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (permitting service by mail when coupled with service on counsel). For this reason, courts have rejected mail service and held that"[t]he law of Brazil requires that service of process

---

[3] *Cesar Yazigi and Herbert S. Burr v. M Dedini S.A. Metalurgica, et al.* SE No. 2114, 87 RTJ 384 (1974) (denying a confirmation of judgment in Brazil where service was attempted by mail, even where judgment was obtained in default and attorney representing Brazilian defendant engaged in extra-judicial negotiations) (attached as Exhibit E); *Alzira da Silva Abreu v. Isabel Narciza Pinho,* 79 Rev. de Direito 583 (1894); *Kappel Indust. Cal & Equipment Co. v. Banco de Recife,* SE No. 4811, 85 Rev. de Direito 481 (1927) (the Supreme Court of Brazil denying confirmation of a judgment by the New York Supreme Court where the Brazilian defendant was not served through letters rogatory); *Arnaldo and Antonieta Cruz v. Joaquim Correia da Silva,* SE No. 1347 (rejecting service by registered mail with return receipt over letters rogatory) (attached as Exhibit F). These cases have been summarized in Dolinger, and have been previously cited as authority by the U.S. Department of State. *See* http://travel.state.gov/law/judicial/judicial_672.html. More recent cases have also stressed that letters rogatory are the appropriate means of service and refused to domesticate decisions resulting from service by other means. *Eleusa Cardoso v. Newton Cardoso*, SE No. 6684-1 (2004) (attached as Exhibit G.); *Veronica Dose Santos Fernandes v. Leonardo Ferres Da Silva Riberio E. Outros*, SE No. 861-Ex, 2005/0031335-3 (2005) (attached as Exhibit H); *Antonio Claret Lara Castanheira v. Adriana Marques de Nazare Castanheira*, SE No. 919-EX, 2005/0046552-9 (attached as Exhibit I). English Google translations of those decisions are attached behind the original Portuguese decisions for the Court's convenience.

4

by a foreign party upon a party domiciled in Brazil must be made by means of letters rogatory." *Tucker*, 186 F.R.D. at 452; *see also J.B. Custom*, 2011 WL 2199704 at *6; *Nahas*, 738 F.2d at 494-96; *and Lake Charles,* 2007 WL 1695722 at *2.

Acknowledgement of Brazilian law by this Court complies with principles of international comity and ensures that foreign law will "be given effect in domestic courts, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations." *Tucker*, 186 F.R.D. at 452. Because service by mail is not permitted under Brazilian law, a U.S. Plaintiff may only serve process upon a Brazilian corporation pursuant to the terms of the Inter-American Convention under Rule 4(f)(1), or some other method under Rule 4(f)(3) that does not offend Brazilian law.

B.  **Plaintiff made no earnest effort to effect proper service.**

The Eleventh Circuit has also stated that Rule 4(f)(3) requires Plaintiffs to make "an earnest effort" to devise a method of service that is consistent with foreign law and due process. *Prewitt*, 353 F. 3d at 927. That has not been done in this case. When the Order was entered, Forjas Taurus had not appeared in the litigation, no counsel had entered any appearance on behalf of the company, and Plaintiff never made any effort to serve Forjas Taurus pursuant to either Fed. R. Civ. P. 4(f)(1) or 4(f)(2).

The Court should not permit the Plaintiff to override the law of a sovereign state simply because service by mail is deemed easier, less costly or more expedient. As one federal court has noted, any "questions about the way in which Brazil processes letters rogatrory or complies with the Inter-American Convention are ultimately diplomatic issues for the executive branch," and courts should not "side-step the State Department and its role in negotiating with the sovereign state of Brazil." *J.B. Custom, Inc. v. Amadeo Rossi, S.A.*, 2011 WL at *6.

WHEREFORE Forjas Taurus requests that this Court dismiss the Complaint in its entirety as to Forjas Taurus or, in the alternative, require Plaintiff to serve Forjas Taurus with letters rogatory pursuant to Rule 4(f)(1) or some other means that does not offend Brazilian law.

Respectfully submitted,

    */s/ David A. Mobley*
David A. Mobley (FBN 571571)
EMAIL: dmobley@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3900

John P. Marino (FBN 814539)
EMAIL: jmarino@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300
*Attorneys for Defendant Forjas Taurus, S.A.*

## **CERTIFICATE OF SERVICE**

I certify that on March 25th, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record as indicated below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system:

| | |
|---|---|
| David L. Selby , II<br>Bailey & Glasser, LLP<br>300 Riverchase Galleria, Suite 905<br>Birmingham, AL 35244<br>Email: dselby@baileyglasser.com<br>Attorneys for Plaintiff *(Admitted Pro Hac Vice)* | Angelo Marino , Jr.<br>645 SE 5th Terrace<br>Fort Lauderdale, FL 33301-3160<br>Email: amjrpamail@aol.com<br>Attorneys for Plaintiff |
| John W. Barrett<br>Bailey & Glasser, LLp<br>209 Capital Street<br>Charleston, WV 25301<br>Email: jbarrett@baileyglasser.com<br>Attorneys for Plaintiff *(Admitted Pro Hac Vice)* | Todd Wheeles<br>Morris, Haynes, Hornsby & Wheeles<br>3500 Colonnade Parkway, Suite 100<br>Birmingham, AL 35243<br>Email: twheeles@mhhlaw.net<br>Attorneys for Plaintiff *(Admitted Pro Hac Vice)* |

*/s/ David A. Mobley*
Attorney