# EXHIBIT A



## Multilateral Treaties



[Signatories and Ratifications] [text in Spanish]

### INTER-AMERICAN CONVENTION ON LETTERS ROGATORY

The Governments of the Member States of the Organization of American States, desirous of concluding a convention on letters rogatory, have agreed as follows:

### I. USE OF TERMS

Article 1

For the purposes of this Convention the terms "exhortos" and "cartas rogatorias" are synonymous in the Spanish text. The terms "letters rogatory", "'commissions rogatoires", and "cartas rogatórias" used in the English, French and Portuguese texts, respectively, cover both "exhortos" and "cartas rogatorias".

### II. SCOPE OF THE CONVENTION

Article 2

This Convention shall apply to letters rogatory, issued in conjunction with proceedings in civil and commercial matters held before the appropriate judicial or other adjudicatory authority of one of the States Parties to this Convention, that have as their purpose:

> a. The performance of procedural acts of a merely formal nature, such as service of process, summonses or subpoenas abroad;
>
> b. The taking of evidence and the obtaining of information abroad, unless a reservation is made in this respect.

Article 3

This Convention shall not apply to letters rogatory relating to procedural acts other than those specified in the preceding article; and in particular it shall not I apply to acts involving measures of compulsion.

### III. TRANSMISSION OF LETTERS ROGATORY

Article 4

Letters rogatory may be transmitted to the authority to which they are addressed by the interested parties, through judicial channels, diplomatic or consular agents, or the Central Authority of the State of origin or of the State of destination, as the case may be.

Each State Party shall inform the General Secretariat of the Organization of American States of the Central Authority competent to receive and distribute letters.

## IV. REQUIREMENTS FOR EXECUTION

### Article 5

Letters rogatory shall be executed in the States Parties provided they meet the following requirements:

> a. The letter rogatory is legalized, except as provided for in Articles 6 and 7 of this Convention. The letter rogatory shall be presumed to be duly legalized in the State of origin when legalized by the competent consular or diplomatic agent;
>
> b. The letter rogatory and the appended documentation are duly translated into the official language of the State of destination.

### Article 6

Whenever letters rogatory are transmitted through consular or diplomatic channels or through the Central Authority, legalization shall not be required.

### Article 7

Courts in border areas of the States Parties may directly execute the letters rogatory contemplated in this Convention and such letters shall not require legalization.

### Article 8

Letters rogatory shall be accompanied by the following documents to be delivered to the person on whom process, summons or subpoena is being served:

> a. An authenticated copy of the complaint with its supporting documents, and of other exhibits or rulings that serve as the basis for the measure requested;
>
> b. Written information identifying the judicial or other adjudicatory authority issuing the letter, indicating the time-limits allowed the person affected to act upon the request, and warning of the consequences of failure to do so;
>
> c. Where appropriate, information on the existence and address of the court-appointed defense counsel or of competent legal-aid societies in the State of origin.

### Article 9

Execution of letters rogatory shall not imply ultimate recognition of the jurisdiction of the judicial or other adjudicatory authority issuing the letter rogatory or a commitment to recognize the validity of the judgment it may render or to execute it.

## V. EXECUTION

Article 10

Letters rogatory shall be executed in accordance with the laws and procedural rules of the State of destination.

At the request of the judicial or other adjudicatory authority issuing the letter rogatory, the authority of the State of destination may execute the letter through a special procedure, or accept the observance of additional formalities in performing the act requested, provided this procedure or the observance of those formalities is not contrary to the law of the State of destination.

Article 11

The authority of the State of destination shall have jurisdiction to determine any issue arising as a result of the execution of the measure requested in the letter rogatory. Should such authority find that it lacks jurisdiction to execute the letter rogatory, it shall ex officio forward the documents and antecedents of the case to the authority of the State which has jurisdiction.

Article 12

The costs and other expenses involved in the processing and execution of letters rogatory shall be borne by the interested parties.

The State of destination may, in its discretion, execute a letter rogatory that does not indicate the person to be held responsible for costs and other expenses when incurred. The identity of the person empowered to represent the applicant for legal purposes may be indicated in the letter rogatory or in the documents relating to its execution.

The effects of a declaration in forma pauperis shall be regulated by the law of the State of destination.

Article 13

Consular or diplomatic agents of the States Parties to this Convention may perform the acts referred to in Article 2 in the State in which they are accredited, provided the performance of such acts is not contrary to the laws of that State. In so doing, they shall not perform any acts involving measures of compulsion.

## VI. GENERAL PROVISIONS

Article 14

States Parties belonging to economic integration systems may agree directly between themselves upon special methods and procedures more expeditious than those provided for in this Convention. These agreements may be extended to include other States in the manner in which the parties may agree.

Article 15

This Convention shall not limit any provisions regarding letters rogatory in bilateral or multilateral agreements that may have been signed or may be signed in the future by the States Parties or preclude the continuation of more favorable practices in this regard that may be followed by these States.

Article 16

The States Parties to this Convention may declare that its provisions cover the execution of letter r s rogatory in criminal, labor, and "contentious -administrative" cases, as well as in arbitrations and other matters within the

jurisdiction of special courts. Such declarations shall be transmitted to the General Secretariat of the Organization of American States.

Article 17

The State of destination may refuse to execute a letter rogatory that is manifestly contrary to its public policy ("ordre public").

Article 18

The States Parties shall inform the General Secretariat of the Organization of American States of the requirements stipulated in their laws for the legalization and the translation of letters rogatory.

**VII. FINAL PROVISIONS**

Article 19

This Convention shall be open for signature by the Member of the Organization of American States.

Article 20

This Convention is subject to ratification. The instruments of ratification shall be deposited with the General Secretariat of the Organization of American States .

Article 21

This Convention shall remain open for accession by any other State. The instrument of accession shall be deposited with the General Secretariat of the Organization of American States.

Article 22

This Convention shall enter into force on the thirtieth day following the date of deposit of the second instrument of ratification.

For each State ratifying or acceding to the Convention after the deposit of the second instrument of ratification, the Convention shall enter into force on the thirtieth day after deposit by such State of its instrument of ratification or accession

Article 23

If a State Party has two or more territorial units in which different systems' of law apply in relation to the matters dealt with in this Convention, it may, at the time of signature, ratification or accession, declare that this Convention shall extend to all its territorial units or only to one or more of them.

Such declaration may be modified by subsequent declarations, which shall expressly indicate the territorial unit or units to which the Convention applies. Such subsequent declarations shall be transmitted to the General Secretariat of the Organization of American States and shall become effective thirty days after the . This Convention shall remain in force indefinitely, but any of the States Parties may denounce it. The instrument of denunciation shall be deposited with I the General Secretariat of the Organization of American States. After one year from the date of deposit of the instrument of denunciation~ the Convention shall no longer be in effect for the denouncing State, but shall remain in effect for the other States Parties.

Article 25

Case 1:13-cv-24583-PAS Document 30-1 Entered on FLSD Docket 03/25/2014 Page 6 of 11

The original instrument of this Convention, the English, French, Portuguese and Spanish texts of which are equally authentic, shall be deposited with the General Secretariat of the Organization of American States. The Secretariat shall notify the Member States of the Organization of American States and the States that have acceded to the Convention of the signatures, deposits of instruments of ratification, accession, and denunciation as well as of reservations, if any. It shall also transmit the information mentioned in the second paragraph of Article 4 and in Article 18 and the declarations referred to in Articles 16 and 23 of this Convention.

IN WITNESS WHEREOF the undersigned Plenipotentiaries, being duly authorized thereto by their respective Governments, have signed this Convention.

DONE AT PANAMA CITY, Republic of Panama, this thirtieth day of January one thousand nine hundred and seventy-five.

[Signatories and Ratifications]



## Multilateral Treaties

[Text of the Treaty] [text in Spanish]

### B-36: INTER-AMERICAN CONVENTION ON LETTERS ROGATORY

ADOPTED AT: PANAMA, PANAMA

DATE: 01/30/75

CONF/ASSEM/MEETING: INTER-AMERICAN SPECIALIZED CONFERENCE ON PRIVATE INTERNATIONAL LAW

ENTRY INTO FORCE: 01/16/76  IN ACCORDANCE WITH ARTICLE 22 OF THE CONVENTION.

DEPOSITORY: GENERAL SECRETARIAT, OAS (ORIGINAL INSTRUMENT AND RATIFICATIONS).

TEXT: OAS, TREATY SERIES, NO. 43.

UN REGISTRATION: 03/20/89  No. 24386  Vol.

OBSERVATIONS:

### GENERAL INFORMATION OF THE TREATY: B-36

| SIGNATORY COUNTRIES | SIGNATURE | REF | RA/AC/AD | REF | DEPOSIT | INST | INFORMA | REF |
|---|---|---|---|---|---|---|---|---|
| Argentina | 05/19/86 | | 06/15/87 | | 07/17/87 | RA | / / | |
| Bolivia | 08/02/83 | | 04/17/06 | | 09/26/06 | RA | / / | |
| Brazil | 01/30/75 | | 08/31/95 | | 11/27/95 | RA | 01/28/97 | 1 |
| Chile | 01/30/75 | | 07/09/76 | D | 08/13/76 | RA | 05/07/87 | a |
| Colombia | 01/30/75 | | 02/17/95 | | 04/28/95 | RA | / / | |
| Costa Rica | 01/30/75 | | 01/02/78 | | 01/20/78 | RA | / / | |
| Ecuador | 01/30/75 | b | 08/15/75 | | 09/10/75 | RA | 04/23/84 | b |
| El Salvador | 01/30/75 | | 06/27/80 | R c | 08/11/80 | RA | 08/11/80 | c |
| Guatemala | 01/30/75 | | 03/04/80 | | 05/08/80 | RA | 10/21/87 | e |
| Honduras | 01/30/75 | | 01/08/79 | | 03/22/79 | RA | / / | |
| Mexico | 10/27/77 | D 1 | 02/27/78 | D f | 03/27/78 | RA | 02/09/83 | f |
| Nicaragua | 01/30/75 | | / / | | / / | | / / | |
| Panama | 01/30/75 | | 11/11/75 | | 12/17/75 | RA | / / | j |
| Paraguay | 08/26/75 | 2 | 12/02/76 | | 12/15/76 | RA | / / | |
| Peru | 01/30/75 | | 07/05/77 | | 08/25/77 | RA | / / | |
| Spain | / / | | 06/22/87 | | 07/14/87 | AD | 04/14/88 | d |
| United States | 04/15/80 | R | 11/10/86 | R i | 07/28/88 | RA | 07/28/88 | i |
| Uruguay | 01/30/75 | | 03/29/77 | | 04/25/77 | RA | 08/30/85 | g |
| Venezuela | 01/30/75 | | 08/12/84 | R h | 10/04/84 | RA | 12/11/84 | h |

REF = REFERENCE                    INST = TYPE OF INSTRUMENT

```
         D      = DECLARATION                              RA = RATIFICATION
         R      = RESERVATION                              AC = ACCEPTANCE
INFORMA         = INFORMATION REQUIRED BY THE TREATY       AD = ACCESSION
```

## B-36. INTER-AMERICAN CONVENTION ON LETTERS ROGATORY

**1. Mexico:**

Signed ad referendum.

(Interpretative declaration made at the time of signature)

It is the interpretation of the Government of Mexico that Article 9 of this Convention refers to the international validity of foreign judgments.

**2. Paraguay:**

Signed ad referendum.

**a. Chile:**

(Declaration made at the time of ratification, according to Article 16 of the Convention)

The instrument of ratification corresponding to this Convention contains the declaration "that its provisions cover the execution of letters rogatory in criminal, labor, and contentious-administrative cases, as well as in arbitrations and other matters within the jurisdiction of special courts".

(Provided information in accordance with Article 4)

Appointed the Ministry of Foreign Affairs of the Republic of Chile as the Central Authority competent to receive and distribute letters rogatory in reference to the articles provided for in the Convention. (May 5th, 1987)

**b. Ecuador:**

(Provided information in accordance with Article 4)

Appointed the Asesoría Técnico-Jurídica of the Ministry of Foreign Affairs of Ecuador as the Central Authority competent to carry out the functions entrusted to it in the Convention. (April 23rd, 1984)

The Government of Ecuador has designated the Ministry of Foreign Affairs, Technical and Legal Advisory Office, General Directorate of Legal Affairs as the central authority to receive and distribute letters rogatory, for the purposes set forth in the Convention (August 14, 1996, No. 139/96/MPE/OEA).

On **July 13, 2012, Ecuador** informed on the designation of the "Dirección de Asuntos Jurídicos Internacionales del Ministerio de Relaciones Exteriores, Comercio e Integración" as the Central Authority for the purpose of the Inter-American Convention on Letters Rogatory, the Additional Protocol to the Inter-American Convention on

Letters Rogatory, Inter-American Convention on the Taking of Evidence Abroad and the Inter-American Convention on Proof of and Information on Foreign Law.

**c. El Salvador:**

(Reservation made at the time of ratification)

Reservation to application of Article 7.

(Provided information in accordance with Article 4 and 18)

Appointed the Supreme Court of Justice as the Central Authority competent to receive and distribute letters rogatory.

Moreover, El Salvador, made the following statement: "The requirements exacted for legalization and translation of Letters Rogatory are those prescribed in Article 261 of the Code of Civil Procedures and Articles 388, 389, 391 and 392 of the Bustamante Code", with the original texts following in order:

"Art. 261.- In order to uphold a public or authentic instrument, eminating from a foreign country, the signature that authorizes it should be notarized by the Chief of Staff of the diplomatic mission, the Consul, Vice-Consul or the Consular Attache of the republic, or if need be, by the corresponding dignitaries of the Ministry of Foreign Affairs form which the document originates, and the signature that authorizes such legislation must also be notarized by the Minister or Under-Secretary of Foreign Affairs of El Salvador who,'by executive agreement in the same branch, has been generally authorized for such acts.'"

"Validation will also be granted to foreign instruments received as photocopies, so long as the reverse of said copies provides a statement as to their originality, and as long as the proper formalities required by law in the originating country have been complied with. This statement should be signed by a competent functionary of the originating country and the signature should be notarized as prescribed above."

If the instruments to which this Article refers were written in a foreign language, so long as they've been translated to Spanish by a court-appointed interpreter, there will be no need for a new version for use in the rest of the courts or other governmental offices, nor will there be a need for this version where the instruments have been translated in accordance with the law of the originating country and the translation is properly authenticated."

"Whenever the judge, tribunal or the head of the governmental office where the instruments , or their translations, are to be used, feels that a new translation would be practical, he/she will be allowed to produce one or request one of an interested party, and that new version, formally authorized by a competent judge, will be the only one used."

"Art 388.- Every judicial step which a contracting State has to take in another shall be effected by means of letters requisitorial or letters rogatory, transmitted through the diplomatic channel. Nevertheless, the contracting States may agree upon or accept as between themselves any other form of transmission in respect to civil or criminal matters."

"Art. 389.- The judge issuing the letters requisitorial is to decide as to his own competence and the legality and

propriety of the act or evidence, without prejudice to the jurisdiction of the judge to whom said letters are addressed."

"Art. 391.- The one receiving the letters requisitorial or letters rogatory should comply, as to the object thereof, with the law of the one issuing the same, and as to the manner of discharging the request he should comply with his own law."

"Art. 392.- The letters requisitorial will be written in the language of the State which sent them and will be accompanied by a translation in the language of the State to which they are addressed, said translation to be duly certified by a sworn public translator."

### d. Spain:

(Provided information in accordance with Article 4)

Appointed the Technical General Secretariat (Secretaría General Técnica) of the Ministry of Justice, whose address is: San Bernardo 47, Madrid 28015, Spain, as the Central Authority competent to receive and distribute letters rogatory as provided for in the convention. (April 14th, 1988)

### e. Guatemala:

(Provided information in accordance with Article 4)

Appointed the Supreme Court of Justice as the Central Authority competent to transmit, receive and distribute letters rogatory as provided for in the convention. (October 21st, 1987)

### f. Mexico:

(Declaration made at the time of ratification)

With the interpretative declaration made at the time of signature.

(Provided information in accordance with Article 4)

Appointed the Secretariat of Foreign Affairs of Mexico as the Central Authority competent to receive and distribute letters rogatory as provided for in the Convention. (February 7th, 1983)

### g. Uruguay:

(Provided information in accordance with Article 4)

Appointed the Ministry of Education and Culture "Asesoría Autoridad Central de Cooperación Jurídica Internacional" as the Central Authority competent to carry out the functions entrusted to it in the Convention. (August 30th, 1985)

### h. Venezuela:

(Reservation made at the time of ratification)

With reservation to letter b) of Article 2 of the Convention.

(Provided information in accordance with Article 4)

Appointed the Ministry of Foreign Affairs of the Republic of Venezuela as the Central Authority competent to receive and distribute letters rogatory as provided for in the Convention.

(December 11th, 1984)

### i. United States:

(Reservations made at the time of ratification)

1. Pursuant to Article 2(b) of the Inter-American Convention on Letters Rogatory, letters rogatory that have as their purpose the taking of evidence shall be excluded from the rights, obligations and operation of this Convention between the United States and another State Party.

2. In ratifying the Inter-American Convention on Letters Rogatory, the United States accepts entry into force and undertakes treaty relations only with respect to States which have ratified or acceded to the Additional Protocol as well as the Inter-American Convention, and not with respect to States which have ratified or acceded to the Inter-American Convention alone."

(Provided information in accordance with Articles 4 and 18)

Pursuant to Article 4 of the Convention and Article 2 of the Additional Protocol, the Government of the United States wishes to inform the Secretary General that the Department of Justice is the Central Authority competent to receive and distribute letters rogatory. The mailing address for these purposes is:

Office of International Judicial Assistance
Civil Division
Department of Justice
Todd Building, Room 1234
550 11th Street, N.W.
Washington, D.C. 20530

Pursuant to Article 18 of the Convention, the Government of the United States wishes to inform the Secretary General that letters rogatory to be executed in the United States must be translated into the English language.

### j. Brazil:

(Provided information in accordance with Article 4)

Appointed the Ministry of Justice of the Brazil as the Central Authority competent to receive and distribute letters rogatory in reference to the articles provided for in the Convention.

[Text of the Treaty]