# EXHIBIT E

SUPREMO TRIBUNAL FEDERAL

Secção de Jurisprudência

Aut. do Publ. de 21 / 5 / 1975

114

4.4.74                                              TRIBUNAL PLENO

00986010
04780020
01141000
00000180

SENTENÇA ESTRANGEIRA N. 2114 - ESTADOS UNIDOS DA AMÉRICA

REQUERENTES : César Yázigi e Herbert S. Burr

REQUERIDAS  : M. Dedini S/A Metalúrgica, Usina da Barra S/A,
              Usina São Francisco do Quilombo S/A, Açúcar e
              Álcool São Luiz S/A, Dedini Capellari S/A Trans
              formadores, sucedida por Superkavéa S/A Trans-
              formadores.

              EMENTA: Sentença estrangeira.- Réu domicilia-
              do no Brasil.- Alegada submissão tácita à ju-
              risdição estrangeira por força de entendimen-
              tos extra-processuais entre advogados, sem man
              dato do réu, para o fim de aguardar instru -
              ções do cliente domiciliado no Brasil.- Reve -
              lia que não significa aceitação da jurisdição
              estrangeira, aceitação aferível pela lei   do
              Tribunal do "exequatur".
                 Inexistência de submissão à jurisdição estran
              geira também pela "lex fori".
                 Citação irregular por via postal, com dispen-
              sa de rogatória.
                 Sentença a que se nega homologação.

              A   C   Ó   R   D   Ã   O

                 Vistos, relatados e discutidos estes autos, acordam   os
              Ministros do Supremo Tribunal Federal, em Sessão Plena,  por

SUPREMO TRIBUNAL FEDERAL

SE n. 2114-EUA                           115                    .2.

maioria de votos, indeferir o pedido de homologação,  na
conformidade da ata de julgamento e das notas taquigráfi-
cas.

Brasília, 4 de abril de 1.974.

ELOY   DA   ROCHA    -    PRESIDENTE

RODRIGUES ALCKMIN - RELATOR P/ O ACÓRDÃO



SUPREMO TRIBUNAL FEDERAL

30.5.1973

TRIBUNAL PLENO —

116

SENTENÇA   ESTRANGEIRA   Nº 2.114 — ESTADOS UNIDOS DA AMÉRICA

RELATOR          :— O SENHOR MINISTRO BILAC PINTO

REQUERENTES   :— CÉZAR   YÁZIGI   E   HERBERT   S.   BURR

REQUERIDAS    :— M. DEDINI   S.A. — METALÚRGICA E OUTRAS

00986010
04780020
01142000
00000210

R E L A T Ó R I O

O SENHOR MINISTRO BILAC PINTO :— Cézar Yá-
zigi e Herbert S. Burr,  o primeiro brasileiro e o  segundo
norte —americano, conforme   inicial, requerem homologação
de decisão da Corte Suprema do Estado de Nova York, Condado
de Nova York, Estados Unidos da América do Norte, proferida
em  14.02.1968, condenando, solidariamente, M. Dedini S.A.-
Metalúrgica, Açúcar e Álcool S. Luiz S.A., Dedini Capella-
ri S.A. — Transformadores, Usina da Barra Açúcar e Álcool,
Usina São Francisco da Quilombo S.A., todas integrantes do
GRUPO DEDINI-ONETTO, "a pagarem aos requerentes a comissão a
eles devida (mais despesas), no valor de US$ 170.200,55(cen
to e setenta mil e duzentos dólares norte-americanos e cin-
qüenta e cinco  centavos), os quais serão convertidos     em
moeda nacional ao câmbio da data do pagamento".

Citadas, as suplicadas  contestaram o pedi
do (fls. 56 a 68 e 72 a 86), alegando inobservância     dos
artigos 211 e 212 do Regimento Interno.

Após, foram ouvidos os requerentes (fls..
160 a 173), que trouxeram novos documentos (fls.174-289 ) ,
sobre os quais abriu-se vista aos contestantes (fls.  294 —
307).



Mod. STF - 102-03

SUPREMO TRIBUNAL FEDERAL

SE. nº 2.114-EE.UU.

117                                                        2-

Pela Procuradoria-Geral da República, o Pro
curador José Fernandes Dantas emitiu o seguinte parecer:

" Sentença da justiça americana
condenatória das ora contestantes ao pagamento do vulto-
sa quantia referente a comissão comercial e despesas da
ação. O pedido de homologação foi contestado (fls. 56 -
72) sob proteção do princípio da soberania, ordem públi-
ca e bons costumes, alegando-se, em síntese:

a) a incompetência do juiz, dado que, segundo o art. 12
da      L.I., é competente a autoridade judiciária brasilei
ra, quando for o réu domiciliado no Brasil;

b) a carência de citação, posto que não se conforma   à
lei brasileira a regra que  permite a citação de socieda
de estrangeira na pessoa do Secretário de Estado, comple
mentada pela prova do recebimento, via postal, da cita -
ção e cópia do processo; demais, tal remessa se dera pa-
ra a cidade de São Paulo, quando, em verdade, as contes-
tantes tinham sede na cidade de Piracicaba;

c) do vício de citação decorreria a ilegitimidade do re-
conhecimento da contumácia, com base na qual se operou a
ficta confessio ;

d) finalmente, faltaria a prova do trânsito em julgado da
sentença, imprescindível à homologação.

                         Replicaram os requerentes, arguin-
do, em  suma, que:

a) não seria absoluta a competência da justiça brasilei-
ra, pelo princípio do domicílio, prorrogável que se tor
nou a jurisdição na forma do art. 12 da nova Lei de In -
trodução, quando haja submissão do réu à jurisdição   es
trangeira, como ocorreu no caso, pelo comparecimento das
rés em juízo com as sucessivas estipulações de prazo pa-
ra a contestação, documentadas a fls. 277/79;

b) a citação não padeceria de qualquer vício, desde  que



Mod 577 - 102-09

SUPREMO TRIBUNAL FEDERAL
RE. Nº 2.114-EE.UU.

118                                    3—

se efetivou na forma lex fori, em cuja conformidade as sociedades estrangeiras não autorizadas a funcionar no Estado de Nova York submetem-se à jurisdição do foro e são consideradas como tendo designado o Secretário de Estado como seu agente, a quem poderá ser entregue a citação inicial em processo judicial instaurado contra elas, oriundo de ou em relação à realização de tal transação comercial. A citação torna-se suficiente pelo aviso remetido, com cópia do processo, àquelas sociedades estrangeiras, dentre outras maneiras, mediante registro postal, com aviso de recebimento, tudo comprovado por "affidavit" de cumprimento dessas diligências, arquivado com o escrivão do juízo (fls.249/50);

g) a contumácia estaria consumada, vez que as rés, assim citadas, não contestaram a ação, apesar da convencionada prerrogação de prazo;

d) por fim, a prova do arquivamento da sentença(fls.19) bastaria como comprovação de seu trânsito em julgado, segundo a pacífica jurisprudência desse Excelso Pretório.

Desse sucinto relato das longas e eruditas considerações tecidas nas contestações (fls. 96-79), réplica (fls.160) e tréplica (fls.294), verifica-se que o primeiro ponto a merecer exame é o da competência pelo domicílio do réu. Nisso, entretanto, não padece dúvida a conclusão haurida da doutrina e da jurisprudência construídas em torno do art. 12 da vigente Lei de Introdução. Pacificou-se o entendimento da prorrogabilidade voluntária da jurisdição brasileira, atenuado que foi o caráter imperativo do anterior tratamento da matéria, agora subsistente apenas no concernente às causas sobre imóvel, como encontrado no § 12 do dito artigo.



Mod STF - 102-09

Admitida, em tese, a prorrogabi-
lidade da jurisdição brasileira, como visto dos escólios
oferecidos pelos replicantes, resta verificar se, de fa-
to, as rés, ora contestantes, submeteram-se à jurisdição
americana, por força daquelas estipulações firmadas por
intermédio de procuradores "ad judicia". A documentação
oferecida (fls. 277/279 e 101) não deixa dúvida quanto a
isso, no pressuposto de que, conforme a lex fori,  tais
estipulações tenham semelhança com a suspensão de instân
cia tratada pela lei brasileira, apesar de antecipadas à
contestação. Portanto, esse  comparecimento a juízo, para
a prática de ato que não a apresentação formal de decla-
ratória, parece importar na  submissão das rés, como a-
firmado pelos replicantes com apoio, inclusive, no  art.
322 do Código de Bustamente. Dessa circunstância e pela
não contestação da ação no prazo sucessivamente prorroga
do, é consequência lógica a verificação da contumácia, com
os efeitos declarados na sentença homologanda.

Verificada a submissão à justiça
americana, parece certo que o vício de citação ora argui
do pelas contestantes perde relevo, visto que, nos  mol
des da própria lei brasileira, as nulidades dessa natureza
na resultam sanadas pelo comparecimento do réu  salvo se
apenas para alegá-las - art. 165 e §§ do Código de Pro -
cesso Civil.

Não fora assim, isto é, não hou
vesse aquele comparecimento suprido a citação, estaría -
mos de direito acordo com as contestantes, no particular
da ineficácia da citação. De fato, noutra hipótese, se-
quer seria de indagar-se se o rito da citação, para  os
efeitos  da homologação da sentença, haveria de ser pon-
derado em termos da lei brasileira, ou se da  estrangei-
ra. No caso em exame, bastaria notar-se que o vício  não
estaria na adotação da forma citatória na lei americana,



SUPREMO TRIBUNAL FEDERAL

SE. Nº 2.114-EE.UU.                                    120        3-

mas, sim, na forma como se cumpriram no Brasil os atos
complementares da citação. Significaria dizer que, embo
ra admitida pela lei estrangeira, a citação careceria de
eficácia no Brasil, pois que dependem de integrar-se com
atos aqui praticados, como foi a entrega da citação   e
cópia do processo, os quais, necessariamente, deveriam
formalizar-se de acordo com lei brasileira. E não há
outra forma para realização de atos no território brasi
leiro, para atender a litígio no estrangeiro, senão   o
da sua prática mediante prévio exequatur  do Presidente
do Supremo Tribunal Federal. Logo, a efetivação daqueles
atos por via postal se ressentiria  de eficácia,não fos
se, como dissemos, o suprimento decorrente do compareci
mento das rés tal como admitido  pela própria lei brasi
leira  -- § 1º do art. 165 do Código de  Processo Civil.

                        Isto posto, o parecer é pela ho
mologação da sentença."

        É o relatório.



Mod STF - 102-13

SUPREMO TRIBUNAL FEDERAL

30.5.1973

SE. nº 2.114-EE.UU.                                      121                    6-



V    O    T    O

O SENHOR MINISTRO BILAC PINTO (RELATOR)  :-
Neste caso, a erudição dos patronos das partes e o   empenho
com que desenvolveram seu trabalho induzem à impressão    de
uma complexidade que a espécie, todavia, não apresenta,   na
maior parte dos seus aspectos.

Seguindo a trilha do art. 791 do Código    de
Processo Civil, o vigente Regimento Interno do Supremo Tribu
nal Federal  enuncia, no art. 218, as condições de  homologa
ção da sentença estrangeira.

Deixo de lado aqueles cujo preenchimento não
foi objeto de controvérsia. Afasto ainda, liminarmente, qual
quer dúvida quanto ao caráter irrecorrível da decisão homolo
gande, que se encontra demonstrado por seu arquivamento   no
cartório da Corte Suprema de Nova York. Cabe invocar, a  pro
pósito, o julgamento da  SE.  1.846, de que foi relator   o
eminente Ministro Gonçalves de Oliveira, e no qual  se  teve
como certo que o arquivamento constitui prova líquida de  que
a sentença não mais é atacável por qualquer recurso ( R.T.J.
34/5). Inúmeras outras decisões, algumas recentes, vêm con -
firmando, sem discrepância, o mesmo entendimento.

São  dois, em última análise, os argumentos
capitais da contestação.

Com o primeiro se discute, de início, a fal
ta de citação dos demandados. A propósito, o parecer da Pro
curadoria-Geral assinalou que o réu domiciliado no   Brasil
deve, quando acionado no estrangeiro, fazer objeto de chama



Mod STF - 162-03

SUPREMO TRIBUNAL FEDERAL
SE. nº 2.114-EE.UU.

122                 7-

mento  através de carta rogatória, mas ponderou, com inteira
razão, que essa fase vem a ser superada, mesmo nos seus  even
tuais vícios ou impropriedades, pela submissão voluntária do
demandado ao foro diante do qual se pretende processá-lo.

Foi essa submissão, aliás, que fixou   no
caso a competência da Justiça norte-americana, nos exatos ter
mos do art. 322 do Código de Bustamante. Tal dispositivo   ,
compatível com a Lei de Introdução ao Código Civil -que só dá
como  improrrogável a competência da Justiça brasileira para
ações relativas a imóveis situados em nosso território  - ,
classifica como submissão tácita a prática de qualquer   ato
que não seja a declinação formal do foro.

Em vista disso as empresas ora requeridas,
numa última extensão daquele que classifiquei como seu  pri-
meiro argumento, negam a validade de sua representação postu
latória,  no foro norte-americano, pelos advogados    locais
"Royall, Koegell, Rogers & Wells". A representação, toda-
via, foi legítima à luz da lex fori, que não exige para  es-
sa espécie de mandato o instrumento escrito e específico. E
xiste ali, como fartamente comprovaram os requerentes,   uma
presunção juris tantum da condição de mandatário, a   reves
tir o advogado credenciado perante um tribunal americano. É
lógico que a presunção pode ser infirmada pela parte, na  ra
ra eventualidade da impostura. Nada nos autos demonstra, con
tudo, que esse fato tenha ocorrido. Não foi ele levantado em
tempo algum perante o Tribunal que proferiu a sentença, pare
cendo certo que os advogados norte-americanos, na sua tácita
submissão ao Juízo, agiram sob consentimento inequívoco   do
grupo Dedini-Ometto, e que descabe por inteiro trazer obstá-
culo à homologação através dessa extemporânea tese, que   no
fundo qualifica aqueles profissionais da advocacia como cul-
pados de tão reprovável aventura.



SUPREMO TRIBUNAL FEDERAL
SE. N) 2.114- EE.UU.

123

O segundo argumento dos requeridos    diz
respeito ao próprio teor da sentença estrangeira que,  a  seu
ver, repugnaria  à ordem pública por carência de relatório  ,
motivação, e fundamentos de fato e de direito, com razoável
plitude.

Não encontro, porém  um único precedente
no qual se tenha exigido que a sentença estrangeira possuísse
a estrutura disciplinada por nossa lei processual civil,  sob
o risco de ser havida como contrária à ordem pública.

Além do mais, o "affidavit" contra o qual
se insurgem os requeridos, acaba por ter, não obstante  o as-
pecto formal de um juramento, valor semelhante ao das  meras
alegações do autor, que entre nós, no processo civil, são  a-
ceitas quando não contestadas pelo réu, embora em condições
mais estritas.

Quanto a isto, lembraram os requerentes
que " O nosso próprio direito, em vários processos especiais,
já determina a procedência da ação como decorrência da contu-
mácia", citando a propósito a ação renovatória de locação co-
mercial, a adjudicação de imóveis loteados, a consignação  em
pagamento, a imissão de posse, o despejo de prédios não resi-
denciais e a ação de alimentos.

Convencido de que a presente sentença  de
Corte Suprema do Estado de Nova York não terá efeitos contrá-
rios à soberania nacional, à ordem pública ou aos bons costu-
mes (L.I., art. 211), e ainda, de que não falta na espécie qual
quer dos requisitos exigidos pela lei processual civil ou pe-
lo art. 212 do Regimento, entendo-a merecedora de homologação
pelo Supremo Tribunal Federal.

Nesse sentido  é o meu  voto.

Mod STF - 102-23

<u>Extrato da Ata</u>                                    124

SE 2.114 - Estados Unidos da América - Rel., Min. Bilac
Pinto. Reqtes. Cézar Yázigi e Herbert S. Burr (Advs.   Victor
Nunes Leal e José Paulo Sepúlveda Pertence). Reqdas. M. Dedi
ni S/A Metalúrgica, Usina da Barra S/A, Usina São Francisco
do Quilombo S/A, Açúcar e Álcool São Luiz S/A, Dedini Capel
lari S/A Transformadores, sucedida por Superkavéa S/A Trans
formadores (Advs. Antonio Gonçalves de Oliveira, Rubens   de
Barros Brisolla, Afrânio Pires da Silveira e João Ribas Fleu
ry).

Decisão: Adiado o julgamento por haver pedido vista o Min.
Rodrigues Alckmin, depois do voto do Relator que homologava  a
sentença.  Impedido o Min. Barros Monteiro.  Falaram: o Dr. Jo-
sé Paulo Sepúlveda Pertence, pelos requerentes, e, o Dr. Antônio
Gonçalves de Oliveira, pelas requeridas. — Plenário, 30-5-73.

Presidência do Sr. Min Eloy da Rocha.  Presentes a ses
são os Srs. Mins. Luiz Galiotti, Oswaldo Trigueiro, Aliomar
Baleeiro, Djaci Falcão, Barros Monteiro, Thompson Flores, Bi
lac Pinto, Antonio Neder, Xavier de Albuquerque e  Rodrigues
Alckmin.  Procurador-Geral da República, Dr. José Carlos Mo-
reira Alves.

Dr. <u>Álvaro Ferreira dos Santos</u>, Vice-Diretor-Geral.



SUPREMO TRIBUNAL FEDERAL

8.8.73

**125**

SENTENÇA   ESTRANGEIRA N. 2114 —ESTADOS UNIDOS DA AMÉRICA

DO   NORTE

V   O   T   O

O SR. MINISTRO RODRIGUES ALCKMIN : — 1, Ce
sar Yazigi e Herbert S. Burr requereram, em 1971, homolo
gação de sentença proferida em 1968 na Corte Suprema  do
Estado de Nova York, Condado de Nova York, Estados Uni —
dos da América do Norte, pela qual foram as requeridas ,
M. Dedini S/A Metalúrgica e outras, condenadas a pagar —
lhes cento e setenta mil e duzentos dólares americanos e
cinquenta e cinco centavos, a serem convertidos em moeda
nacional ao câmbio do dia do pagamento.

2.                 Citadas, houve contestações em que se ale-
gou o seguinte:

                    1ª) incompetência da Justiça estrangeira ,
                    porque domiciliadas no Brasil as rés (LIDC,
                    art.12);

                    2ª) falta de citação regular, por meio  de
                    rogatória, pois a citação se fez na pessoa
                    de Secretário do Estado de Nova York,   que
                    enviou aviso e   cópia do pedido, por   via
                    postal, às requeridas;

                    3ª) falta de motivação da sentença, profe-
                    rida contra as rés com fundamento somente



00986010
04780020
01143010
01250420



Mod. STF - 100-03

SUPREMO TRIBUNAL FEDERAL

SE nº2114-EUA

126                    2.

na revelia e em declaração (affidavit)  de
advogado dos autores;

4ª) ofensa à ordem pública se executada  a
sentença, porque referente a pagamento  da
comissão pela venda de álcool efetuada pe-
lo IAA, mediante concorrência pública;

5ª) falta de prova de que a decisão haja
transitado em julgado.

3.            Replicaram os requerentes, afirmando, quan-
to à competência, que as executadas se submeteram volun-
tariamente ao juízo estrangeiro prolator da decisão.    E
a submissão tácita decorreu de terem  as requeridas, por
meio de advogado (dispensada a exibição do mandato escri
to, consoante lei de Nova York) feitos acordos de prorro
gação do prazo para contestar. Esses acordos represen -
tam aceitação tácita da competência da jurisdição estran
geira.

              Quanto à citação, ponderaram os requeren -
tes que ela se fez de acordo com a lei estrangeira,  que
dispensa a rogatória.  E o comparecimento das rés a jui-
zo sanou os defeitos dela.

              Com relação aos efeitos da revelia, a pe -
na de confesso não se opõe à lei brasileira e não ofende
à ordem pública.  E a decisão homologanda não é recorri-


Mod. STF - 109-03

SUPREMO TRIBUNAL FEDERAL

SE nº 2114-EUA                              127          3.

vel.

A Procuradoria-Geral da República opina pe
la homologação, considerando que as requeridas se subme-
teram tacitamente à jurisdição estrangeira. E no mesmo
sentido é o voto do eminente Relator, Min. Bilac Pinto ,
que eruditamente repele as mais argüições das contestan-
tes.

Assim relembrada a espécie, passo ao exame
das alegações.

4.                 A primeira e capital delas é, a meu ver   ,
a questão da competência.

As requeridas - que seriam as proponentes
do contrato - são domiciliadas ne Brasil.

Ao caso se aplica, em princípio, o dispos-
to no art. 12 da LICC, verbis: " É competente a autorida
de judiciária brasileira, quando o réu for domiciliado
no Brasil ou aqui tiver de ser cumprida a obrigação".

A regra comporta, porém, a exceção da sub-
missão voluntária, expressa ou tácita, à jurisdição es -
trangeira.  O art. 12 da LICC não exclui a possibilida -
de de submissão ao foro externo (Espínola e Espínola Fi-
lho, "Tratado de D.Civil Brasileiro", 8,II, ps.95 e segs.;
Amilcar de Castro, "Dir.Int.Privado", 2ª ed. II, p.226;Phi
ladelpho de Azevedo, "Um Triênio de Judicatura",I, ps. 127
e 141).



Mod. 917 - 102-03

SUPREMO TRIBUNAL FEDERAL

SE 2114-EUA

128                     4.

Cabe ver, portanto, se, neste caso, houve a
submissão.

3.            E o primeiro ponto a ser estabelecido é  o
de que a existência ou inexistência da submissão não de-
ve ser aferida consoante as leis de <u>competência geral</u> do
Estado estrangeiro, nem de leis que disciplinam a compe-
tência dos múltiplos Tribunais daquele país para as de -
mandas perante êles propostas.

            A distinção entre a competência geral ( ou
internacional) e a competência especial (ou interna) fei
ta por Bartin (Principes  de Droit International Privé ,
p. 307) estabelece que a primeira , a competência geral,
é um problema prévio, de direito processual internacio -
nal: o de saber qual o país jurisdicionalmente competen-
te. E a competência interna consiste  em determinar, dos
Tribunais e juízes desse País, qual o competente.

            A competência geral se estabelece, direta-
mente, pelas leis que fixam a chamada competência de ju-
risdição (v.g., art.12 da LICC), no âmbito nacional. Mas
esta fixação, indiretamente, tem efeito sobre a competên
cia geral de Tribunais estrangeiros. Porque leva a ne -
gar-se homologação às decisões proferidas por estes, quan
do se entenda competente a só jurisdição brasileira para
o caso.



Mod. STF - 108-03

SUPREMO TRIBUNAL FEDERAL

SE 2114-GUA                              129        5.

        É preciso saber, portanto, se a lei  do
País a que se pede a homologação, ao disciplinar a pró
pria competência geral ou internacional, diretamente ,
não exclui, indiretamente, a competência geral da ju -
risdição estrangeira.

        É lição abonada na doutrina. Afirma Batif
fol: "La question de compétence internationale se résout
à partir des régles du pays où l'exequatur est demandé "
(Droit International Privé, II, p.424).

        Wilson de Sousa Campos Batalha (Dir. Int .
Privado, II, p. 290 ) reproduz o pensamento de Pontes de
Miranda: " Competente para resolver a questão da compe -
tência geral é qualquer país onde se pretende executar
julgamento estrangeiro e o método tem de ser de direito
das gentes, porque se trata da distribuição internacio -
nal das competências judiciárias". E Campos Batalha acres
centa: "Entendemos, ao contrário, que, desde que inexis -
tam tratados ou convenções internacionais, o problema  da
competência geral se resolve, no país em que se pretender
executar sentença estrangeira, de acordo com seus pró  -
prios critérios, como já assinalamos. O método, portanto,
é puramente "interno ou nacional".

6.         O problema, assim, não é o de saber se  ,
de acordo com as normas de competência de Nova York,  as


Mod. STF - 102-03

SUPREMO TRIBUNAL FEDERAL

SE 2114-EUA

130                    6.

requeridas se submeteram àquela jurisdição. Has  de
saber se, de acordo com as normas jurídicas brasilei-
ras referentes à competência da autoridade brasileira,
houve renúncia a esta e submissão voluntária à juris-
dição de outro país.

Admitir que leis estrangeiras conceituam
"submissão voluntária" às suas jurisdições, em cará -
ter vinculante para o Brasil, seria atribuir àquelas
leis o poder de fixar, indiretamente, a competência ge
ral da Justiça brasileira, o que se me afigura inexato.

7.        Examino, pois, o direito brasileiro,  no
tocante a essa submissão. O texto do Código Bustamante,
art. 321 e 322, a considera expressa, com a declaração
de aceitar-se o juízo. E refere-se à aceitação tácita,
por parte do réu, quando este comparece a juízo e aí
pratica qualquer ato processual que não seja a declina
tória. Mas inexistirá submissão tácita "si el procedi-
miento se siguiera en rebeldía" (art. 322). E isto por-
que a omissão do réu, no processo, não traduz manifesta
ção da vontade.

Batiffol (ob.cit.p.370) se refere ao cri-
tério jurisprudencial francês de ter como existente sub-
missão voluntária se o réu age  perante a jurisdição es-
trangeira "sciemment e librement".

SUPREMO TRIBUNAL FEDERAL

SE nº 2.114-EUA                                  131              .7.

Depreende-se, pois, que a submissão tácita
se atêm aos seguintes princípios: a omissão ou silêncio
da parte no PROCESSO (revelia) não traduz manifestação de
vontade. Não encerra, portanto, aquela submissão.

A presença da parte no processo, para impug
nar a jurisdição (declinatória) é incompatível com a acei
tação da jurisdição estrangeira.

Mas se o litigante se defende - isto é,  se
apresenta, à apreciação do Tribunal estrangeiro,  outras
questões de direito ou de fato, está  a pedir a decisão des
sas questões e, portanto, tacitamente se submete à sua ju-
risdição.

8.              Postos estes princípios, examino o caso.

Ao que se verifica de fls. 221 e 239 dos au
tos, o advogado norte americano dos autores enviou, a um
dos advogados do escritório norte americano que diz repre
sentar as rés, cópia da citação e da petição inicial. Fê-
le com o esclarecimento de que tais papéis eram  enviados
"sem prejuizo para qualquer pessoa" (tradução de fls.270)
ou sem qualquer eficácia jurídica.

Em 1º de setembro, conforme carta confirmatória  de
telefonema, advogado dos autores e um dos advogados do escri
tório que se diz representar as rés assinaram uma estipula-



SUPREMO TRIBUNAL FEDERAL

SE 2114- EUA                              132                        6.

ção em que se estendia o prazo para "to answer or
otherwise move" (traduzido  como para contestar ou
de outra forma requerer, às fls. 272 v.). E na carta
esclarecia, o dito advogado das rés, que nesse interim
esperava "receber notícias do Brasil".

A mesma extensão de prazo se repetiu até
dezembro, sempre com a cláusula de que ela se dava pa-
ra "to answer or make any motion with respect to the com
plaint" (para contestar ou fazer qualquer requerimento
com respeito à petição inicial — tradução às fls. 275
v.).

E como as rés não ingressassem com con
testação ou requerimento em juízo, foram julgadas   à
revelia ("by default").

Pode-se ver, nesses fatos, submissão vo
luntária tácita das rés à jurisdição da Corte de Nova
York ?

Tenho que não. O feito correu à revelia,
o que exclui a pretendida submissão. Não houve ato al
gum, processual, por parte das rés, que implicassem   a
aceitação da competência estrangeira. Os acordos ex —
tra-processuais, entre advogados, para alongar o tempo
de contestar ou de apresentar qualquer requerimento  —
enquanto se aguardavam notícias do Brasil — não excluíam



Mod. STF - 102-03

SUPREMO TRIBUNAL FEDERAL.

SS n.2144-EUA                              133            s.

a possibilidade de impugnação à jurisdição. Tais acor
dos, pois, não revelavam, tacitamente, aceitação dela.
E tão pouco revelou submissão tácita a revelia     das
rés no processo.

      Não encontro, assim, provada a renúncia
à jurisdição brasileira por parte das rés, que se não
submeteram , voluntariamente, à jurisdição estrangei-
ra.

      Se se pretende que, no caso, houve  uma
convencional suspensão da instância - porque esta se-
ria a qualificação que lhe daria o direito brasileiro
- ou melhor, que houve convenção para ampliar prazos -
de notar é que tais atos se processaram sem interven-
ção judicial e, de qualquer forma, ressalvaram, expres
samente, o direito de contestar ou de apresentar qual-
quer requerimento: o que não exclui, a meu ver, como
disse, a faculdade de impugnar a jurisdição estrangei
ra.

      E acrescento que se me afigura impróprio
admitir (porque, repito, o tema da competência geral se
regula pelas normas e princípios de direito do país  a
que se pede homologação) que seja vinculante, para esta
belecer a pretendida submissão de parte aqui residente,
a atividade de advogado sem mandato que declara aguardar



Mod. STF - 102-03

SUPREMO TRIBUNAL FEDERAL

SE 2414 - EUA                              134        XO.

instruções ou "notícias do Brasil". A lei estrangeira
pode atribuir ao advogado, como norma de seu processo,
a representação sem mandato escrito. Mas a questão  de
conceituar a submissão é atribuível à apreciação do Tri
bunal do "exequatur". E não considero que essa circuns-
tância, ato de advogado sem mandato, não ratificado pe-
lo cliente de acordo com o nosso direito positivo, pos-
sa corresponder à tácita manifestação de vontade quan -
to à aceitação da competência estrangeira.

Creio assim, que não houve na espécie  ,
por parte das rés, a pretendida submissão voluntária ,
tacitamente manifestada.

9.            Mas ainda que se tomassem as normas sobre
a competência dos Tribunais ou da Corte Suprema de No -
va York para estabelecer a aceitação da jurisdição, jul-
go que não ocorreu a submissão voluntária.

Para afirmar a competência de Tribunal do
Estado, em face de Tribunais Federais ou Tribunais  de
outros Estados, ali se distingue, como ponderam os re -
querentes, o comparecimento geral (general appearance)
do comparecimento especial (special appearance).

"A general appearance is one whereby the
party appears and submits to the court's jurisdiction
for all purposes, while  a special appearance is made



Mod. STF - 107-03

for the sole purpose of questioning the court's juris
diction" (Corpus Juris Secundum, verb. Appearance" v.
6, p.5).

E dentro desse critério se entende que
se a parte comparece para impugnar a jurisdição mas,
do mesmo passo, faz qualquer outra manifestação rela-
tiva ao mérito, aquela impugnação se tem como incabí-
vel. O comparecimento especial (special appearance )
para impugnar a competência do Tribunal, há de ser
feita primeiramente e com essa exclusiva finalidade .

É verdade que este critério já se acha a
bolido pelas Federal Rules of Civil Procedure (v. Ame
rican Jurisprudence, 2ª ed., V, p.478), mas ainda per-
manece em alguns Estados.

Ora, no caso pretende-se que a estipula-
ção de prazo maior, feita pelo advogado que se diz re
presentar as rés, constitui um comparecimento geral (ge
neral appearance), que estabeleceu a competência da Su-
prema Corte do Estado de Nova York.

Não se me figura exata a afirmativa. Leio
no repertório "Corpus Juris Secundum", verbete citado,
v. 6, p. 11: "In some courts an attorney cannot appear
for a non-resident unless he accompanies his appearan-
ce with a writing properly executed by the client autho
rizing the appearance of the attorney". E em nota se in



Mod. STF - 102-03

SUPREMO TRIBUNAL FEDERAL

SE 2114- EUA                          **136**                    12.

diga: "In re Lehmeyer's Estate, 204, NYS 767, 122
Misc. 670".

Outrossim, no caso se ressalvou não so-
mente prazo para contestar, mas para apresentar <u>qual-
quer requerimento</u>, o que não exclui, ao que entende ,
um comparecimento especial (special appearance) para
impugnar a competência da Corte. Aliás, não se consi
dera comparecimento geral "a stipulation extending the
time for defendant to appear". E esse me parece      o
caso dos autos.

Aliás, o que da casuística reproduzida
no "Corpus Juris Secundum" se deduz é, exatamente nor
ma que se ajusta à do Código Bustamante: se o procedi-
mento do litigante no processo encerra o pedido de apre
ciação, pelo Tribunal, de qualquer questão que não seja,
tão somente, a da falta de jurisdição, esse pedido im -
plica aceitar a competência do Tribunal. Demonstra sub
missão voluntária à jurisdição.

Ora, no presente caso, não se verificou
essa circunstância. Houve revelia por parte das rés ,
cuja conduta, em momento algum, traduziu a vontade  de
que fosse apreciada a demanda no Tribunal de Nova York.

Concluo, pois, que das regras estrangei -
ras de competência invocadas, não se colhe a pretendida
submissão à competência da Justiça de Nova York, com re



Aod. STF - 100-63

SUPREMO TRIBUNAL FEDERAL.

SE 2114- EUA                    137              13.

mância da competência da jurisdição brasileira pelas
requeridas.

E isso bastaria para que negasse a homo
logação.

10.          Mas, excluído que as rés hajam compare-
cido, e comparecido voluntariamente, ao juízo estran-
geiro- o que , aliás, o julgamento à revelia positiva
- também procede a argüição de ineficácia da citação
feita.

A citação, consoante princípio do direi
to brasileiro, se há de fazer, quando possível, pesso
almente, "in faciem". Tão relevante é a regra que, se
for nula ou omitida a citação e o processo correrá à
revelia, a decisão nele proferida também é nula. E tal
nulidade se declara até mesmo processo de execução, sem
necessidade de ação rescisória (Cód. Processo Civil,art.
1010, I) como reminiscência em nosso direito, de "actio
nullitatis insanabilis".

Ora, no caso, a dispensa de citação das
rés, por meio de regatória (quer por tê-las como re -
presentadas por autoridade estrangeira, quer pela prá
tica de ato processual, por via postal, no Brasil),não
deve ser admitida. Entendo incompatível com a sobera -



Mod. STF - 109-03



SUPREMO TRIBUNAL FEDERAL

SE 2114 — EUA                    138           14.

nia brasileira o fato de praticar-se ato processual es
trangeiro (complementar à citação que seja) dentro  do
território nacional, com dispensa de rogatória.

            E como considero que as rés não compare
ceram voluntariamente a juízo , sanando defeito de ci
tação, acolho também, neste ponto , a argüição das con
testantes.

            Estes dois motivos — falta de competên —
cia da Justiça estrangeira e falta de regular citação
das rés — levam-me , com a vênia máxima à alta autori-
dade do eminente relator, a negar a pleiteada homologa
ção.



Mod. STF - 102.09

<u>Extrato da Ata</u>                                    **139**

SE 2.114 — Estados Unidos da América — Rel., Min. Bilac
Pinto. Reqtes. Cézar Yázigi e Herbert S. Burr (Advs. Victor
Nunes Leal e José Paulo Sepúlveda Pertence). Reqdas. M. Dedi
ni S/A Metalúrgica, Usina da Barra S/A, Usina São Francisco
do Quilombo S/A, Açúcar e Álcool São Luiz S/A, Dedini Capel
lari S/A Transformadores, sucedida por Superkavéa S/A Trans
formadores (Advs. Antonio Gonçalves de Oliveira, Rubens   de
Barros Brisolla, Afrânio Pires da Silveira e João Ribas Fleu
ry).

Decisão: Adiado o julgamento por haver pedido vista o Min.
Rodrigues Alckmin, depois do voto do Relator que homologava  a
sentença.   Impedido o Min. Barros Monteiro.   Falaram: o Dr. Jo-
sé Paulo Sepúlveda Pertence, pelos requerentes, e, o Dr. Antônio
Gonçalves de Oliveira, pelas requeridas. — Plenário, 30-5-73.

Decisão: Adiado o julgamento a pedido do Min. Bilac Pin
to (Relator), depois do voto do Min. Rodrigues Alckmin, nes-
ta sessão, negando homologação à sentença.   Ausente, justifi
cadamente, o Min. Aliomar Baleeiro.   Licenciado, o Min. Luiz
Gallotti.   —   Plenário, 8-8-73.


Presidência do Sr. Min. Eloy da Rocha. Presentes   à
sessão os Srs. Mins. Oswaldo Trigueiro, Djaci Falcão, Barros
Monteiro, Thompson Flores, Bilac Pinto, Antonio Neder,  Xa-
vier de Albuquerque e Rodrigues Alckmin.   Procurador-Geral
da República, o Prof. José Carlos Moreira Alves.

Licenciado, o Min. Luiz Gallotti.

Ausente, justificadamente, o Min. Aliomar Baleeiro.

Dr. <u>Álvaro Ferreira dos Santos</u>, Vice-Diretor-Geral.



SUPREMO TRIBUNAL FEDERAL

5.9.73

TRIBUNAL PLENO

140

SENTENÇA ESTRANGEIRA Nº 2.114 — ESTADOS UNIDOS DA AMÉRICA

CONFIRMAÇÃO DE VOTO



00986010
04780020
01143020
01220530

O SR. MINISTRO BILAC PINTO (RELATOR):— Tra-
ta-se de sentença proferida em 1968 pela Corte Suprema do
Estado de New York, na ação ali movida por César Yázigi e
Herbert S.Burr contra M. Dedini S.A. Metalúrgica e outros.
A homologação foi requerida pelos primitivos autores, vis-
to que a sentença condenou as empresas rés ao pagamento de
quantia equivalente a US$ 170.200,55 (cento e setenta mil
e duzentos dólares norte-americanos e cinqüenta e cinco cen
tavos). Perante este Tribunal, cada uma das partes ofere -
ceu alentadas razões escritas. Para melhor memória das ques
tões jurídicas que a espécie envolve, leio a parte conclu-
siva do parecer que, pela Procuradoria-Geral da República,
lavrou o Procurador José Fernandes Dantas:

"Desse sucinto relato das longas e eruditas
considerações tecidas nas contestações (fls. 56 a
72), réplica (fl. 160) e tréplica (fl. 294), veri-

/MCS

SUPREMO TRIBUNAL FEDERAL

SE. 2.114—U.S.A.                                     141                    —2—

fica-se que o primeiro ponto a merecer exame é o
da competência pelo domicílio do réu. Nisso, entre
tanto, não padece dúvida a conclusão haurida    da
doutrina e da jurisprudência construídas em torno
do art. 12 da vigente Lei de Introdução. Pacificou
—se o entendimento da prorrogabilidade voluntária
da jurisdição brasileira, atenuado que foi o cará-
ter imperativo do anterior tratamento da matéria a
gora subsistente apenas no concernente às causas
sobre imóvel, como encontrado no § 1º do dito arti
go.

Admitida, em tese, a prorrogabilidade da ju
risdição brasileira, como visto dos escólios ofere
cidos pelos replicantes, resta verificar se, de fa
to, as rés, ora contestantes, submeteram-se à ju-
risdição americana, por força daquelas estipula
ções firmadas por intermédio de procuradores " ad
judicia". A documentação oferecida (fls. 277/79 e
101) não deixa dúvida quanto a isso, no pressupos-
to de que, conforme a lex fori, tais estipulações
tenham semelhança com a suspensão de instância tra
tada pela lei brasileira, apesar de antecipadas à
contestação. Portanto, esse comparecimento à juí-
zo, para a prática de ato que não a apresentação
formal de declinatória, parece importar na submis-
são das rés, como afirmado pelos replicantes  com
apoio, inclusive, no art. 322 do Código de Busta —
mante. Dessa circunstância e pela não contestação
da ação no prazo sucessivamente prorrogado, é con—



Mod. STF - 100-03

SUPREMO TRIBUNAL FEDERAL

2.114-U.S.A.

142                          -3-

seqüência lógica e verificação da contumácia, com
os efeitos declarados na sentença homologada.

Verificada a submissão à justiça americana,
parece que o vício de citação ora argüido pelas con
testantes perde relevo, visto que, nos moldes   da
própria lei brasileira, as nulidades dessa nature-
za resultam sanadas pelo comparecimento do réu, sal
vo se apenas para alegá-las - art. 165 e do có-
digo de Processo Civil.

Não fora assim, isto é, não houvesse aquele
comparecimento suprido a citação, estaríamos de in
teiro acordo com as contestantes, no particular da
ineficácia da citação. De fato, noutra hipótese, se
quer seria de indagar-se se o rito da citação, pa-
ra os efeitos da homologação da sentença, haveria
de ser ponderado em termos da lei brasileira,  ou
se da estrangeira. No caso em exame, bastaria no -
tar-se que o vício não estaria na adotação da for-
ma citatória da lei americana, mas, sim, na forma
como se cumpriram no Brasil os atos complementares
da citação. Significaria dizer que, embora admiti-
da pela lei estrangeira, a citação careceria de e-
ficácia no Brasil, pois que dependeu de integrar-se
com atos aqui praticados, como foi a entrega da ci
tação e cópia do processo, os quais, necessàriamen
te, deveriam formalizar-se de acordo com lei brasi
leira. E não há outra forma para realização de atos
no território brasileiro, para atender a litígio
no estrangeiro, senão o da sua prática mediante pré

Mod. STF - 109-03

SUPREMO TRIBUNAL FEDERAL

SE 2.114-U.S.A.                                   143            -4-

vio exequatur do Presidente do Supremo Tribunal Fe
deral. Logo, a efetivação daqueles atos por via pos
tal se ressentiria de eficácia, não fosse, como dis
semos, o suprimento decorrente do comparecimento
das rés tal como admitido pela própria lei brasi -
leira - § 1º do art. 165 do Código de Processo Ci-
vil.

            Isto posto, o parecer é pela homologação da
sentença."

            Na sessão de 30 de maio deste ano proferi
meu voto, deferindo a homologação. Pediu vista dos   autos
o eminente Ministro Rodrigues Alckmin e, na sessão de 8 de
agosto, votou no sentido de negar a homologação pleiteada.
Entendeu Sua Excelência como inválida a citação que se pre
tendera promover no Brasil - conclusão esta a que também
haviam chegado a Procuradoria-Geral e o relator do feito .
Mas considerou inocorrente - este o ponto de controvérsia
- a submissão das rés à jurisdição da Corte Suprema do Es-
tado de Nova York.

            Com a devida vênia do eminente Ministro Ro-
drigues Alckmin, e com justa homenagem à profunda erudição
do seu voto, mantenho meu ponto de vista, e o faço com  as
duas razões que vou enunciar sinteticamente, eis que já não
cabe a reabordagem de matéria superada ou acessória:

SUPREMO TRIBUNAL FEDERAL

SE 2.114-U.S.A.                    144

                                            -5-

Devo dizer, primeiro, que uma das questões
a que consagrei maior atenção neste processo foi a da   re
presentação das rés pelo escritório de advocacia " Royall,
Koegell, Rogers & Wells". Pareceu-me que a   sobrevivência
de qualquer dúvida, a propósito, prejudicaria a solução do
problema na sua íntegra.

É certo que não houve, no caso, o   mandato
escrito, idêntico àquele que entre nós se faz preciso.Mas,
de um ou de outro modo, e com a devida atenção à lei local,
dever-se-ia saber, antes de mais nada, se aquele escritó =
rio representava ou não representava legitimamente as   em-
presas rés. Essa questão, repito, não podia permanecer   em
aberto, visto que essencial e liminar. Sobre ela expus   em
meu voto a conclusão a que me conduziram os autos,   nestes
termos:

"A representação, todavia, foi legítima   à
luz da lex fori, que não exige para essa   espécie
de mandato o instrumento escrito e específico.Exis
te ali, como fartamente comprovaram os requerentes,
uma presunção juris tantum da condição de mandatá-
rio, a revestir o advogado credenciado perante   um
tribunal americano. É lógico que a presunção   pode
ser infirmada pela parte, na rara eventualidade da



SUPREMO TRIBUNAL FEDERAL

SE 2.114-U.S.A.                                    145        -6-

impostura. Nada nos autos demonstra, contudo,  que
esse fato tenha ocorrido. Não foi ele levantado em
tempo algum perante o Tribunal que proferiu a sen-
tença, parecendo certo que os advogados norte-ame-
ricanos, na sua tácita submissão ao juízo, agiram
sob consentimento inequívoco do grupo Pedini-Onet-
to, e que descabe por inteiro trazer obstáculo  à
homologação através dessa extemporânea tese,   que
no fundo qualifica aqueles profissionais da advoca
cia como culpados de tão reprovável aventura".

Estou de pleno acordo com o eminente Minis-
tro Rodrigues Alckmin na consideração de que os advogados
das rés, solicitando à Corte maior prazo, ressalvaram o di
reito de contestar ou apresentar qualquer requerimento,  o
que não excluía "a faculdade de impugnar a jurisdição es -
trangeira".

Isto me leva a admitir que a declinatória
do foro, se houvesse sido oposta em seguida, teria não ape
nas o agasalho lógico mais elementar, mas ainda a chancela
expressa do artigo 322 do Código de Bustamante.

Mas eis não sobreveio, como também não so -
breveio contestação. Em tais circunstâncias, não vejo  como
discutir o acerto da Corte norte-americana quando julgou o
feito à revelia das rés, as quais, após presença liminar em



Mod. STF - 109-08

SUPREMO TRIBUNAL FEDERAL

SE 2.114-U.S.A.                                146              -7-


juízo, se esquivaram tanto de impugnar a jurisdição quanto
de discutir o mérito,

                    Esclarecidos estes pontos capitais da espé-
cie, confirmo, como disse, o meu voto, deferindo a homolo-
gação.

_Extrato da Ata_                           147

SE 2.114 — Estados Unidos da América — Rel., Min. Bilac
Pinto. Reqtes. Cézar Yázigi e Herbert S. Barr (Advs. Victor
Nunes Leal e José Paulo Sepúlveda Pertence). Reqdas. M. Dedi
ni S/A Metalúrgica, Usina da Barra S/A, Usina São Francisco
do Quilombo S/A, Açúcar e Álcool São Luiz S/A, Dedini Capel
lari S/A Transformadores, sucedida por Superkavéa S/A Trans
formadores (Advs. Antonio Gonçalves de Oliveira, Rubens de
Barros Brisolla, Afrânio Pires da Silveira e João Ribas Fleu
ry).

Decisão: Adiado o julgamento por haver pedido vista o Min.
Rodrigues Alckmin, depois do voto do Relator que homologava a
sentença. Impedido o Min. Barros Monteiro. Falaram: o Dr. Jo-
sé Paulo Sepúlveda Pertence, pelos requerentes, e, o Dr. Antônio
Gonçalves de Oliveira, pelas requeridas. — Plenário, 30-5-73.

Decisão: Adiado o julgamento a pedido do Min. Bilac Pin
to (Relator), depois do voto do Min. Rodrigues Alckmin, nes-
ta sessão, negando homologação à sentença. Ausente, justifi
cadamente, o Min. Aliomar Baleeiro. Licenciado, o Min. Luiz
Gallotti. — Plenário, 8-8-73.

Decisão: Adiado o julgamento por haver pedido vista o
Min. Xavier de Albuquerque, depois do voto do Relator, nesta
sessão, que confirmava o seu voto de sessão anterior. Licen
ciado o Min. Luiz Gallotti. — Plenário, 5-9-73.

Presidência do Sr. Min. Eloy da Rocha. Presentes à ses
são os Srs. Mins. Oswaldo Trigueiro, Aliomar Baleeiro, Djaci
Falcão, Barros Monteiro, Thompson Flores, Bilac Pinto, Anto-
nio Neder, Xavier de Albuquerque e Rodrigues Alckmin. Procu
rador-Geral da República, o Prof. José Carlos Moreira Alves.
Licenciado, o Min. Luiz Gallotti.

Dr. Álvaro Ferreira dos Santos, Vice-Diretor-Geral.

SUPREMO TRIBUNAL FEDERAL

29.11.1973                                             TRIBUNAL PLENO

# 148

SENTENÇA ESTRANGEIRA   Nº 2.114                              E.U.A.

## DECLARAÇÃO DE IMPEDIMENTO

O SR. MINISTRO XAVIER DE ALBUQUERQUE: - Senhor Presidente, pedi vista destes autos, em que se pede homologação de sentença estrangeira proferida em ação de cobrança de comissão por mediação comercial. O eminente Relator, Ministro Bilac Pinto, deferiu o pedido. O eminente Ministro Rodrigues Alckmin pediu vista, trazendo de volta os autos e indeferindo a homologação. O eminente Relator indicou adiamento, reexaminou o caso e manteve o seu voto.

Pedi vista em face da frontal dissidência entre os dois votos, ambos eruditamente lançados. Depois de haver examinado extensamente o problema, fui aos autos para colher algum dado que me pudesse interessar e tive a surpresa de verificar que, como Procurador-Geral, oficiara no caso. Trago-os de volta, portanto, apenas para declarar meu impedimento.



od STF - 102-03

## Extrato da Ata

149

SE 2.114 — Estados Unidos da América — Rel., Min. Bilac Pinto. Reqtes. Cézar Yázigi e Herbert S. Burr (Advs. Victor Nunes Leal e José Paulo Sepúlveda Pertence). Reqdas. M. Dedini S/A Metalúrgica, Usina da Barra S/A, Usina São Francisco do Quilombo S/A, Açúcar e Álcool São Luiz S/A, Dedini Capellari S/A Transformadores, sucedida por Superkavéa S/A Transformadores (Advs. Antonio Gonçalves de Oliveira, Rubens de Barros Brisolla, Afrânio Pires da Silveira e João Ribas Fleury).

Decisão: Adiado o julgamento por haver pedido vista o Min. Rodrigues Alckmin, depois do voto do Relator que homologava a sentença. Impedido o Min. Barros Monteiro. Falaram: o Dr. José Paulo Sepúlveda Pertence, pelos requerentes, e, o Dr. Antônio Gonçalves de Oliveira, pelas requeridas. — Plenário, 30-5-73.

Decisão: Adiado o julgamento a pedido do Min. Bilac Pinto (Relator), depois do voto do Min. Rodrigues Alckmin, nesta sessão, negando homologação à sentença. Ausente, justificadamente, o Min. Aliomar Baleeiro. Licenciado, o Min. Luiz Gallotti. — Plenário, 8-8-73.

Decisão: Adiado o julgamento por haver pedido vista o Min. Xavier de Albuquerque, depois do voto do Relator, nesta sessão, que confirmava o seu voto de sessão anterior. Licenciado o Min. Luiz Gallotti. — Plenário, 5-9-73.

Decisão: Adiado o julgamento por haver pedido vista o Min. Oswaldo Trigueiro, depois da declaração de impedimento do Min. Xavier de Albuquerque, nesta sessão, e do voto do Min. Antonio Neder negando a homologação. Licenciado o Min. Barros Monteiro. — Plenário, 29-11-73.

Presidência do Sr. Min. Eloy da Rocha. Presentes à sessão os Srs. Mins. Luiz Gallotti, Oswaldo Trigueiro, Aliomar Baleeiro, Djaci Falcão, Thompson Flores, Bilac Pinto, Antonio Neder, Xavier de Albuquerque o Rodrigues Alckmin. Procurador-Geral da República, Prof. José Carlos Moreira Alves.

Licenciado, o Min. Barros Monteiro.



Dr. Álvaro Ferreira dos Santos, Vice-Diretor-Geral.

SUPREMO TRIBUNAL FEDERAL

4.4.74                                                          TRIBUNAL PLENO

                                                                    150

SENTENÇA ESTRANGEIRA Nº 2.114                              ~          E.U.A.


                              V    O    T    O




                    O SENHOR MINISTRO OSWALDO TRIGUEIRO ~ Os vo-
tos já proferidos coincidem no entendimento de não ser váli-
da a citação aqui feita por via postal, desatendendo-se aos
requisitos impostos pela legislação brasileira.

                    Mas o eminente relator, de acordo com a Pro-
curadoria-Geral, tem essa arguição como superada, porque as
rés se teriam voluntariamente submetido à jurisdição america-
na.

                    Em sentido contrário é o pronunciamento   do
Sr. Ministro Rodrigues Alckmin, para quem a submissão volun-
tária não está configurada.  Do exame dos autos, que me  foi
facultado pelo pedido de vista, cheguei à mesma conclusão.

                    É certo que o advogado Norman Ostrow  (f.221
e seguintes), embora sem mandato escrito, manteve tratativas
com o advogado que representava os autores, na ação ajuizada
perante a Suprema Corte do Estado de New York.  Mas, sua in-
tervenção se limitou a troca de cartas ~ "sem prejuízo  para
qualquer pessoa" (f. 270) ~ através da qual foi dilatado   o
prazo para a contestação, "enquanto se aguardavam notícias do
Brasil".  Mas o certo é que essas notícias não vieram, o ad-
vogado Ostrow não ofereceu contestação e a causa foi proces-
sada e julgada à revelia.

                    Esclarece o Ministro Alckmin:

Mod. 517 - 109-09

SUPREMO TRIBUNAL FEDERAL

SE nº 2.114 - E.U.A.                            151                      - 2 -

"Não houve ato algum processual,por
parte das rés, que implicasse a aceitação da
competência estrangeira. Os acordos extra -
-processuais, entre advogados, para alongar
o tempo de contestar ou de apresentar  qual-
quer requerimento - enquanto se aguardavam
notícias do Brasil - não excluíam a possibi-
lidade de impugnação à jurisdição. Tais  a-
cordos, pois, não revelavam, tacitamente, a-
ceitação dela. E tão pouco revelou submis -
são tácita a revelia das rés no processo."

Em outro tópico, diz S. Exa.:

"... acrescento que se me afigura im
próprio admitir (porque repito, o tema   da
competência geral se regula pelas normas  e
princípios de direito do país a que se  pe-
de homologação) que seja vinculante,para es
tabelecer a pretendida submissão de parte a
qui residente, a atividade de advogado  sem
mandato que declara aguardar instruções  ou
"notícias do Brasil". A lei estrangeira po
de atribuir ao advogado, como norma de  seu
processo, a representação sem mandato escri
to. Mas a questão de conceituar a submis -
são é atribuível à apreciação do Tribunal do
"exequatur". E não considero que essa  cir
cunstância, ato de advogado sem mandato,não
ratificado pelo cliente de acordo com o nos
so direito positivo, possa corresponder   à



SUPREMO TRIBUNAL FEDERAL

SE nº 2.114 — E.U.A.                                    152        — 3 —

"manifestação de vontade quanto à aceitação
da competência estrangeira."

Penso, por igual, que, no caso, não se pode
considerar a submissão voluntária como tacitamente manifes-
tada. Se o processo correu à revelia, não cabe invocar-se
a submissão tácita, segundo preceitua o Código Bustamante,
em seu art. 322.

Data venia do eminente relator, indefiro o
pedido de homologação.



00986010
04780020
01144000
00000890

## Extrato da Ata

**153**

SE 2.114 — Estados Unidos da América — Rel., Min. Bilac
Pinto. Reqtes. César Yázigi e Herbert S. Burr (Advs. Victor
Nunes Leal e José Paulo Sepúlveda Pertence). Reqdas. M. Dedi
ni S/A Metalúrgica, Usina da Barra S/A, Usina São Francisco
do Quilombo S/A, Açúcar e Álcool São Luiz S/A, Dedini Capel
lari S/A Transformadores, sucedida por Superkavča S/A Trans
formadores (Advs. Antonio Gonçalves de Oliveira, Rubens de
Barros Brisolla, Afrânio Pires da Silveira e João Ribas Fleu
ry).

Decisão: Adiado o julgamento por haver pedido vista o Min.
Rodrigues Alckmin, depois do voto do Relator que homologava a
sentença. Impedido o Min. Barros Monteiro. Falaram: o Dr. Jo
sé Paulo Sepúlveda Pertence, pelos requerentes, e, o Dr. Antônio
Gonçalves de Oliveira, pelas requeridas. — Plenário, 30-5-73.

Decisão: Adiado o julgamento a pedido do Min. Bilac Pin
to (Relator), depois do voto do Min. Rodrigues Alckmin, nes
ta sessão, negando homologação à sentença. Ausente, justifi
cadamente, o Min. Aliomar Baleeiro. Licenciado, o Min. Luiz
Gallotti. — Plenário, 8-8-73.

Decisão: Adiado o julgamento por haver pedido vista o
Min. Xavier de Albuquerque, depois do voto do Relator, nesta
sessão, que confirmava o seu voto de sessão anterior. Licen
ciado o Min. Luiz Gallotti. — Plenário, 5-9-73.

Decisão: Adiado o julgamento por haver pedido vista o
Min. Oswaldo Trigueiro, depois da declaração de impedimento
do Min. Xavier de Albuquerque, nesta sessão, e do voto do Min.
Antonio Neder negando a homologação. Licenciado o Min. Barros
Monteiro. — Plenário, 29-11-73.

Decisão: Indeferido o pedido de homologação, vencido o Re
lator. — Plenário, 4-4-74.

Presidência do Sr. Min. Eloy da Rocha. Presentes à ses
são os Srs. Mins. Luiz Gallotti, Oswaldo Trigueiro, Djaci Fal
cão, Thompson Flores, Bilac Pinto, Antonio Neder, Xavier de
Albuquerque e Rodrigues Alckmin. Procurador-Geral da Repúbli
ca, o Prof. José Carlos Moreira Alves.

Ausente, justificadamente, o Min. Aliomar Baleeiro.
Licenciado, o Min. Barros Monteiro.

Dr. Álvaro Ferreira dos Santos, Diretor do Departamento
Judiciário.