# EXHIBIT F

KMP/

SUPREMO TRIBUNAL FEDERAL

1205

SENTENÇA ESTRANGEIRA Nº 1.347 - PORTUGAL

EMENTA: - Não é qualquer certidão partida de juízo cível de paiz estrangeiro, na qual se diga haver passado em julgado ação de cobrança de dívida, que deva ser homologada.

Há de refletir um órgão superior da justiça estrangeira, representação judicial da soberania do paiz, sem o que não transitará, homologada, por igual órgão da Justiça do paiz onde vai produzir efeito.

Além disso, não é suscetível de homologação a sentença que não atende à falta de citação de quem deva ser chamado a juízo.

## A C Ó R D Ã O

Vistos, relatados e discutidos êstes autos de Sentença Estrangeira, de Portugal, em que são requerentes Arnaldo Crus e Antonieta Clave Granado Crus, etc.:

Acordam os ministros do Supremo Tribunal Federal, em sessão plena e por unanimidade de votos, em negar a homologação requerida, nos têrmos do relatório e das notas taquigráficas anexas.

Capital Federal, 24 de Maio de 1954

*[assinatura]*——Presidente
*[assinatura]*——Relator

SUPREMO TRIBUNAL FEDERAL  24-5-54                                              1206

R. E.                                                                 TRIBUNAL PLENO

SENTENÇA ESTRANGEIRA N° 1.847 - PORTUGAL

RELATOR: O Sr. Ministro ABNER DE VASCONCELOS
REQUERENTES: ARNALDO CRUZ e ANTONIETA CLARE GRANADO CRUZ

RELATÓRIO

00196030
04780010
03472000
00000200

        O SR. MINISTRO ABNER DE VASCONCELOS- Arnaldo Cruz e Antonieta Clare Granado Cruz, marido e mulher portugueses, moveram na justiça do Pôrto, ação cível contra Joaquim Correia da Silva e sua mulher, residentes que foram na mesma cidade, depois tranferidos para Belo Horizonte, para pagamento de 25.000 escudos, proveniente de uma letra sacada em 1949, e vencida em 1950.

        A sentença, que julgou procedente o pedido, diz que os réus foram citados por carta registrada com aviso de recepção, não tendo a ação sido contestada.

        Considerou o Juiz que a falta de impugnação importa a confissão da dívida.

        Adianta a certidão da sentença que a mesma passou em julgado.

        A carta está devidamente autenticada pela nossa autoridade consular na cidade do Pôrto, e registrada nesta Capital.

        Citados os recorridos, por carta de Ordem, em Belo Horizonte, opuzeram embargos, nos têrmos do art. 793, ns. I e II, do Cód. de Processo Civil.

*Supremo Tribunal Federal*

S/EST/Nº 1.347

1207

—2—

E, invocando a Lei de Intr. ao Cód. Civil, art. 12, dizem que a sentença não merece homologada, por dispor o dito preceito "ser competente a autoridade judiciária brasileira quando for o réu domiciliado no Brasil ou aqui tiver de ser cumprida a obrigação."

Relembra, então, o acórdão do Supremo Tribunal, segundo o qual a justiça brasileira é a competente para julgar causas de súditos estrangeiros residentes no país. Rev. Forense, vol. 89, pg. 126, e 126, pg. 100.

Da mesma forma, acrescentaram os embargantes, o art. 15, alínea a, da mesma Lei de Intr. e o Cód. de Proc. Civil, art. 79, II, condicionam a execução da sentença estrangeira no Brasil ao requisito de haver sido proferida por juiz competente.

Negam a forma de carta de sentença ao documento inicial, bem como a jurisdição da autoridade que sentenciou.

Devolvida a Carta de Ordem citatória, foi dada vista ao Dr. Procurador Geral da República, que emitiu, parecer no sentido do indeferimento da homologação, em face das razões jurídicas que servem de fundamento aos embargos.

E é o relatório.

. . . . . . . . . . . . .

24-5-54
SUPREMO TRIBUNAL FEDERAL

R. E.

1208

TRIBUNAL PLEN.

SENTENÇA ESTRANGEIRA Nº 1.347 - PORTUGAL

V O T O

O pedido de homologação da sentença estrangeira não está devidamente formalizado.

Nas relações internacionais as cartas de sentença devem partir do Tribunal da circunscrição judiciária onde tiver sido proferida, se não do próprio tribunal de maior graduação do país.

É que a homologação de sentença estrangeira, constitúe um instituto de direito internacional público, diz respeito à soberania das nações, protege a ordem pública e, em plano inferior, acautela direitos particulares, como lembra Pedro Lessa, - Poder Jud., parág. 19, pgs. 76-7.

00196030
04780010
03473000
01420360

Não é, portanto, qualquer documento cartorário, em que se diz que uma decisão, sobre determinado assunto, haja transitado em julgado, que mereça ser trazido ao Tribunal Supremo, para que seja admitida a homologação.

Se esta representa um ato político de ordem constitucional, porque é a manifestação da soberania nacional que é chamada para apreciar idêntica manifestação de outra soberania, através dos seus órgãos judiciários, - certamente terá de ser a expressão legítima de ambas, pela representação das suas Justiças, que deve agir.

O cunho dessa expressão soberana falta à

S/ STF/ 1.347

- 2 -

1209

simples certidão oriunda de qualquer juízo cível, porque póde ficar ignorado se, além da mesma, não ocorreu outro ato judicial que o haja modificado.

Não basta dizer-se que a sentença passou em julgado. Importa saber é se a declaração está endossada pelo órgão superior da Justiça, de quem encarna a representação judicial da soberania do país.

O poder de homologação há de transitar pelo órgão superior da justiça de um país, para outro idêntico de outro país.

Mas, não é só por isso que o pedido não-merece ser homologado.—

Quando não ocorresse o apontado vício essencial, verificar-se-ia o de que o processo da homologação omitíra formalidade obrigatória, para salvaguarda dos direitos das pessoas chamadas a juízo.

É que, quando foi proposta no foro da cidade do Pórto, a ação contra os ora requeridos, já os mesmos estavam residindo em Belo Horizonte.

E é o próprio pedido ora feito, que o esclarece devidamente.

Os autos informam que os mesmos foram citados por carta registrada com aviso de recepção.

Para onde?— Para a mesma cidade portuguesa, não era possível, pois lá não mais residiam os citandos.

E, para a capital mineira, com maioria de razão, também não seria, por que a justiça estrangeira sómente mediante exequatur do Presidente do Supremo Tribunal , a carta rogatória de tribunal de outro país, poderá

realizar os seus fins.

        Falta, consequentemente, à pretendida execução de sentença o requisito fundamental da citação, já que o meio empregado só podia gerar efeitos dentro do país de origem.

        Indefiro, assim, a homologação.

24-5-64
SUPREMO TRIBUNAL FEDERAL
R. E.

1211

TRIBUNAL PLENO

SENTENÇA ESTRANGEIRA Nº 1.247 - PORTUGAL

V O T O

O SR. MINISTRO LAFAYETTE DE ANDRADA - Nego a homologação pelos fundamentos da impugnação de folhas 13/16.

O suplicante contesta sua citação e alega residência e domicílio no Brasil.

Há irregularidades na sentença estrangeira e pontos não esclarecidos que dizem respeito aos requisitos legais.

00196030
04780010
03473010
00940480

24.5.1954
L.P.

SENTENÇA ESTRANGEIRA Nº 1.347 - P O R T U G A L

REQUERENTES - ARNALDO CRUZ e ANTONIETA CLARA GUARADO CRUZ

D E C I S Ã O

Como consta da ata, a decisão foi a seguinte: - NEGARAM A HOMOLOGAÇÃO, UNÂNIMEMENTE.

Não compareceram, por se achar em gôso de licença especial, os srs. Ministros Barros Barreto e Rocha Lagôa, substituidos, respectivamente, pelos srs. Ministros Abner de Vasconcelos e Afrânio Costa.

Ausente, por motivo justificado, o sr. Ministro Edgard Costa.

OTACILIO PINHEIRO,
Subsecretário.

00196030
04780010
03474000
00000580