# EXHIBIT G

*Supremo Tribunal Federal*

COORD. DE ANÁLISE DE JURISPRUDÊNCIA
D.J. 08.10.2004
19/08/2004   EMENTÁRIO Nº 2167-1   TRIBUNAL PLENO

SENTENÇA ESTRANGEIRA CONTESTADA 6.684-1 ESTADOS UNIDOS DA AMÉRICA

RELATOR : MIN. SEPÚLVEDA PERTENCE
REQUERENTE : ELEUSA MESQUITA CARDOSO
ADVOGADA : MARIA JOSÉ SILVA MONTEIRO DE OLIVEIRA
REQUERIDO : NEWTON JOÃO CARDOSO
ADVOGADOS : CLÁUDIA VALÉRIA TRIGUEIRO DRUMOND E OUTRO

**EMENTA:** Sentença estrangeira: divórcio: ausência da prova da citação do réu, requerido, no processo em que proferida a decisão exeqüenda (RISTF, art. 217, II): domiciliado o réu no Brasil, a citação há de fazer-se mediante carta rogatória: jurisprudência do Supremo Tribunal: homologação indeferida: condenação do requerente em honorários de advogado.

A C Ó R D Ã O

Vistos, relatados e discutidos estes autos, acordam os Ministros do Supremo Tribunal Federal, em sessão plenária, na conformidade da ata do julgamento e das notas taquigráficas, por unanimidade de votos, em indeferir o pedido de homologação, nos termos do voto do Relator.

Brasília, 19 de agosto de 2004.

NELSON JOBIM   –   PRESIDENTE

SEPÚLVEDA PERTENCE   –   RELATOR



ibc/

S T F 102.002

*Supremo Tribunal Federal*

19/08/2004                                                          TRIBUNAL PLENO

**SENTENÇA ESTRANGEIRA CONTESTADA 6.684-1 ESTADOS UNIDOS DA AMÉRICA**

RELATOR : MIN. SEPÚLVEDA PERTENCE
REQUERENTE : ELEUSA MESQUITA CARDOSO
ADVOGADA : MARIA JOSÉ SILVA MONTEIRO DE OLIVEIRA
REQUERIDO : NEWTON JOÃO CARDOSO
ADVOGADOS : CLÁUDIA VALÉRIA TRIGUEIRO DRUMOND E OUTRO

R E L A T Ó R I O

**O SENHOR MINISTRO SEPÚLVEDA PERTENCE** – Eleusa Mesquita Cardoso, brasileira, residente e domiciliada em East Falmouth, Massachusetts, Estados Unidos da América, requer a homologação de sentença proferida pelo Tribunal do Júri do Estado de Massachusetts, EUA, Divisão de Barnstable, Vara de Sucessões e Família, que decretou o divórcio de seu casamento com Newton João Cardoso, brasileiro, residente e domiciliado em Belo Horizonte, Minas Gerais.

Juntou a documentação de f. 4/10.

O requerido, citado por carta de ordem (f. 39), contestou, alegando, preliminarmente, incompetência do juízo prolator da sentença homologanda, tendo em vista a existência de demanda idêntica, entre as mesmas partes, em tramitação perante a Justiça brasileira, ajuizada antes da ação proposta perante a Justiça norte americana.

Sustentou (f. 43) que a ação de divórcio intentada pela requerente teve início após esta ser citada para a ação proposta pelo requerido no Brasil, perante a Vara de Família de Belo Horizonte/MG, em novembro de 1999.



STF 102.002

*Supremo Tribunal Federal*

SEC 6.684 / **

Na réplica, aduziu a requerente (f. 92):

> "(...)o réu Newton João Cardoso desistiu da ação de divórcio que movia em face desta autora na 4ª Vara de Família desta Comarca de Belo Horizonte, proc. Nº 02499.150048-9, cuja homologação ocorreu em 14/03/2002, não havendo qualquer outra ação sobre este fato correndo em foro brasileiro.
> Esclarece que outra ação (proc. Nº 02400123022-6), cujos autos estavam apensados aos do citado divórcio, foi sentenciada na mesma data, homologando acordo para que a guarda do filho menor do casal ficasse com a mãe nos EUA, o qual já se encontra em sua (dela) companhia".

Às fls. 93/94, comprovou o alegado com certidões fornecidas pela 4ª Vara de Família de Belo Horizonte, que dão conta da homologação da desistência da ação de divórcio e do acordo celebrado entre as partes referente à guarda da menor.

A requerimento do Ministério Público a autora foi instada mais de uma vez a comprovar a citação válida do requerido no Tribunal norte-americano.

Após requerimento de prorrogação de prazo para o cumprimento da diligência, a requerente veio aos autos para, invocando o princípio da economia processual, requerer a homologação da sentença, sob alegação de que a propositura da ação de divórcio no Brasil, já extinta, aliada ao fato de já estarem ambos separados há mais de 4 anos e terem constituído novas famílias, demonstram a intenção do requerido se divorciar-se.

Pediu alternativamente a expedição de Carta Rogatória à Justiça norte-americana para que seja enviada a certidão de que o requerido foi citado para a ação de divórcio.

2

STF 102.002

*Supremo Tribunal Federal*

SEC 6.684 / **

A respeito, disse o Ministério Público (f. 115/116):

"As explicações que a requerente da homologação ofereceu na sua petição de fls. 107/108 e o documento de fls. 109, porque apresentado por cópia sem autenticação consular, são insuficientes para comprovar o pressuposto da citação válida. Ademais, é obrigação da parte instruir o feito na forma do disposto no Regimento Interno do Supremo Tribunal Federal, não cabendo a essa Egrégia Corte esclarecer o pedido mal instruído."

Dei vista dos autos ao requerido, por 15 dias, mas este deixou fluir **in albis** o prazo fixado.

O Ministério Público Federal – parecer do il. Procurador-Geral Cláudio Fonteles – opinou finalmente pelo indeferimento do pedido de homologação (f. 123/127), conforme sintetizado nesta ementa:

"Homologação de sentença estrangeira. Processo de divórcio. Prova da citação. R.I.S.T.F., art. 217, II. Não há nos autos prova da citação válida da requerida para a lide movida nos Estados Unidos da América. Tratando-se de réu domiciliado no Brasil, impunha fazer-se o seu chamamento por meio de carta rogatória. Parecer pelo indeferimento."

É o relatório.

3

*Supremo Tribunal Federal*

SEC 6.684 / **

V O T O

**O SENHOR MINISTRO SEPÚLVEDA PERTENCE - (Relator):** A autora trouxe aos autos o texto da sentença homologanda, acompanhado de autenticação consular e tradução oficial (f. 5/8).

Admite a jurisprudência do Tribunal que o trânsito em julgado seja inferido de certidão, segundo a qual, conforme o sistema norte-americano, a sentença se acha arquivada em cartório. O documento de f. 5, traduzido às f. 6/8, não contém a certidão referente ao "Julgamento de Divórcio Absoluto". Há menção ao arquivamento dos autos da ação de divórcio provisório.

Ademais, alegou o requerido o descumprimento das exigências do artigo 217, I e II, do RISTF:

> "Art. 217....
> I - haver sido proferida por juiz competente;
> II- terem sido as partes citadas ou haver-se legalmente verificado a revelia;"

Disse que a demanda de divórcio nos EUA - para a qual não foi citado regularmente - foi proposta pela autora após o ajuizamento de ação idêntica perante a Justiça brasileira.

Daí a ofensa à ordem pública, uma vez que, nos termos dos artigos 88 e 89 do Código de Processo Civil, prevalece, no caso, a competência da autoridade judiciária brasileira.

No curso do processo de homologação, comprovou a requerente a extinção da ação de divórcio proposta perante a Justiça brasileira, sem julgamento do mérito, à vista de homologação de desistência.

4

STF 102.002

**80**

*Supremo Tribunal Federal*

SEC 6.684 / **

Cuida-se, no caso, de competência jurisdicional relativa, uma vez que a sentença homologanda nada dispôs sobre partilha de bens imóveis.

Sendo o réu domiciliado no Brasil, a competência é da autoridade judiciária brasileira, a não ser que este, citado validamente, entendesse de se submeter à jurisdição norte-americana.

Daí que, para a verificação da competência do juiz prolator da decisão que se pretende homologar, é requisito essencial a comprovação de que o requerido tenha sido validamente citado para a demanda que se processou no estrangeiro.

Na espécie não foi feita esta prova, que incumbe à requerente, não se admitindo a comprovação da citação de forma indireta, com vistas à economia processual.

No ponto, assinalou o Ministério Público Federal (f. 123 e seguintes):

> "*Os sucessivos despachos (...) que acataram nossas manifestações anteriores, visavam à comprovação da regular citação do requerido no processo de divórcio interposto no juízo norte-americano pela ora requerente, lá residente e domiciliada, tendo em vista que o requerido residia no Brasil, com os filhos, e do contexto, não tenho dúvidas em afirmar que era do conhecimento da requerente.*
> *Não há, nos autos, nenhuma notícia a respeito da citação do requerido, no Brasil, ao tempo do processo e sentença, por carta rogatória. Nenhuma palavra há a respeito da revelia (RI/STF, art. 217, II). Nem há registro de ter o requerido comparecido ao juízo norte-americano por ocasião do feito.*



5

*Supremo Tribunal Federal*

SEC 6.684 / **

> Não há nos presentes autos prova de que na lide movida nos Estados Unidos da América o ora requerido tenha sido citado no Brasil. É que, se aqui tinha seu domicílio, impunha fazer-se o seu chamamento por meio de carta rogatória, que depende do **exequatur** do Supremo Tribunal Federal.
> E a isto, embora tenha sido oferecida oportunidade, porque a ela cabia provar, em nenhum momento esclareceu de que forma se consumou a citação, se é que ocorreu.
> Segundo o Regimento Interno do Supremo Tribunal Federal, um dos requisitos necessários para que a sentença estrangeira possa ser homologada e executada no Brasil é que a parte tenha sido legalmente citada para responder na origem, à ação (art. 217, II, do R.I.S.T.F.).
> À vista disso, essa egrégia Corte tem indeferido pedidos de homologação quando carece desse requisito processual básico."

Tem razão o Ministério Público Federal.

Firme a jurisprudência do Tribunal no sentido de que a citação do réu domiciliado no Brasil para o processo no estrangeiro deve dar-se mediante carta rogatória, após o "**exequatur**" do Supremo Tribunal Federal (cf. SE 3495, Gallotti, RTJ 115/1089; SE 3534, Sydney Sanches, DJ 21.2.86; SE 4248, Velloso, RTJ 138/471; SE 4.307, Brossard, RTJ 141/113; SEC 6122, Pertence, DJ 10.10.00; SEC 6304-3, DJ 31.10.2001).

Esse o quadro, indefiro o pedido de homologação. Condeno a requerente em honorários, que fixo em R$5.000,00: é o meu voto.



6

*Supremo Tribunal Federal*

**82**

PLENÁRIO

### EXTRATO DE ATA

SENTENÇA ESTRANGEIRA CONTESTADA 6.684-1
PROCED.: ESTADOS UNIDOS DA AMÉRICA
**RELATOR : MIN. SEPÚLVEDA PERTENCE**
REQTE.: ELEUSA MESQUITA CARDOSO
ADVDA.: MARIA JOSÉ SILVA MONTEIRO DE OLIVEIRA
REQDO.: NEWTON JOÃO CARDOSO
ADVDOS.: CLÁUDIA VALÉRIA TRIGUEIRO DRUMOND E OUTRO

**Decisão:** O Tribunal, por unanimidade, indeferiu o pedido de homologação, nos termos do voto do Relator. Presidiu o julgamento o Senhor Ministro Nelson Jobim. Plenário, 19.08.2004.

Presidência do Senhor Ministro Nelson Jobim. Presentes à sessão os Senhores Ministros Sepúlveda Pertence, Celso de Mello, Carlos Velloso, Marco Aurélio, Ellen Gracie, Gilmar Mendes, Cezar Peluso, Carlos Britto, Joaquim Barbosa e Eros Grau.

Procurador-Geral da República, Dr. Haroldo Ferraz da Nóbrega, substituto.

p/ Luiz Tomimatsu
Secretário

STF 102.002

19/08/2004

COORD . ANALYSIS OF JURISPRUDENCE D. J. 08.10.2004
In EMENTÁRIO 2 1 6 7-1 FULL COURT

FOREIGN CONTESTED 6684-1 UNITED STATES OF AMERICA

REPORTING : MIN . SEPÚLVEDA BELONGS
APPLICANT: Eleusa MOSQUE Cardoso
ADVOCATE : MARIA JOSE SILVA DE OLIVEIRA Monteiro Cardoso
REQUIRED: NEWTON JOHN
LAWYERS : CLÁUDIA VALÉRIA TRIGUEIRO DRUMOND AND OTHER

SUMMARY: Foreign Judgment : Divorce : absence of proof of service of the defendant, defendantin the case which rendered the decision enforceable ( RISTF , article 217 , II . ) : the resident defendant in Brazil , the citation is to be made by letter rogatory: jurisprudence of Supreme Court: dismissed approval: conviction of the applicant in fees lawyer.

The C O R D Ã

visiting J : . elatados and discussed these cars r aco.rdam the Minist.r cs
Supreme : Federal Court in plenary sess5o , in accordance of the minutes of the judgment and notes Taqu i · Graphics unanimously in rejecting the application for approval , pursuant to vote of the Rapporteur .

Brasilia , August 19, 2004 .


PRESIDENT


REPORTING

19/08/2004

COURT
 FULL FOREIGN CONTESTED 6,684 -1 UNITED STATES

REPORTING : MIN . SEPÚLVEDA BELONGS
REQUE REN TE : Eleusa MOSQUE CAR DOSO
The DVOGADA : MARIA JOSE SILVA DE OLIVEIRA Monteiro REQUE RI NEWTON
JOHN CAR DOSO
The DVOGA DOS: Clau RIA TRI VALLEY DAY ANOTHER GUEIRO DRUMON

R E LAT O R


The MINISTER SEPÚLVEDA BELONGS Eleusa Cardoso Mesquita , Brazilian ,
resident and domiciled in East Falmouth , Massachusetts , United States
America, requires the approval of the sentence handed down by the jury of the State of
Massachusetts, Barnstable Division , Probate and Family Court , which
decreed the divorce from her marriage with Ne > Jton João Cardoso , Brazilian,
resident and domiciled in Ho Bejo : edge horizon , Minas Gerais .

Joined documentation f . 4/10 .

The defendant , cited by ca : rta order ( f. 39 ) , challenged
contending, preliminarily , incompetence homologanda sentence , with a view to
prolator the judgment the existence of demand identical between the same rartes in progress at
the Brazilian Court , filed before the action p : PROPOSAL before the north Justice loves :
American Commission .

Maintained ( f. · 43 ) that the divorce action brought by the applicant began
after it is cited by the defendant for the proposed action in Brazil , before the
Family Court of Belo Horizonte / MG , in November 1999 .

In its reply, the applicant adduced ( f. 92 )

> " ( ... ) The defendant John Newton Cardoso dropped the divorce action that moved on
> the face of this
> fourth author in this Judicial District Family Court of Belo Horizonte , proc . No.
> 02 499.1500 48-9 , which approval occurred on 14/03/2002 ,
> absence of any further action on this fact running Brazilian forum.
> Clarifies that another action ( Proc. No. 02400123022 -
> 6 ) , whose cars were joined to the said divorce was sentenced on the same date ,
> ratifying agreement for custody of the minor child of the couple to stay with her mother
> in EUA , which is already in his ( her ) companhian .

On pages . 93/94 , the alleged proved with certificates provided by 4 •
Stick Family Belo Horizonte , qtie realize the approval of the desistncia
divorce action and agreement between the Parties concerning the custody of the minor.

The requerimerlto prosecutors the author was asked more than once
prove Quote < 3 the required valid in U.S. Court .

Upon application for extension of time for compliance with
diligence , the applicant came to the file by invoking the principle of economy
procedural , require the approval of the sentence under the claim that the filing of
Divorce in Brazil , now defunct , coupled with the fact that both were already separated for more than 4
years and have composed new families , demonstrate the intention of the defendant is divorce.

Alternatively requested the dispatch of Letter Rogatory to the U.S. Justice that
the proof that the defendant was cited for the divorce action is posted .

In this regard, said the prosecutor { f . 115/116 )

" The explanations offered the applicant for approval in its application
fls . 107/108 and the document fls . 109 , as presented by print without authentication
it is obligation on the part instruct made in the manner provided in the Internal Rules of the
Supreme Federal Court shall not be entitled to this Distinguished Court to clarify the request ill-educated . "

Dei view the file on the defendant for 15 days , but this ceased flowing in albis the deadline .

The Federal Prosecutor - Opinion il . Attorney

General Claudio Fonteles menu application for approval :

opined finalrr , being rejected by the

( d. 123/127 ) . as summarized in this

" Holliologação of foreign judgments . Divorce process . Proof of service . RISTP ,
art. 217, II . There is no evidence in the records of the proper service required for the deal
brought in United States of America. In the case of defendant domiciled in Brazil , required to be
its calling through letters rogatory . rejection . "

Is the report . opinion by

The V T

The MINISTER SEPÚLVEDA BELONGS - ( Rapporteur ) : The author brought to the text file homologanda the sentence , accompanied by consular legalization and official translation (f. 5/8)

Admitted to the case that the final judgment is inferred from
certificate to the effect that , as the American system , the sentence is found
filed notarized. The document f . 5 , translated to f . 6/8, does not contain the
certificate

Concerning the Judgment of Divorce Absoluton . filing of the records of the action
Provisional divorce.

There is mention of

Moreover , the defendant claimed they noncompliance requirements of Article 217 ,
I and II , RISTF link :

"Section 217 ....
T - have been pro: Eerida by j uiz competent ;
II - were the aforementioned parties or be legally veri.ficado in absentia ; "

Said demand for divorce in the U.S. - for which no was
regularly cited was proposed by the author after filing it identical lawsuit with the Justice
Department .

Hence the public order offense , since, in accordance with Articles 88 and 89 of the Code of
Civil Procedure , prevails in the case , jurisdiction she Brazilian judicial authority .

In the course of the approval process , the applicant demonstrated the extinction of
divorce action he proposed to justice brasileira1 without prejudice, the
view of withdrawal of approval .

Take care , in the case of jurisdiction concerning , since the sentence homologanda nothing deals
with sharing of real estate. The defendant being domiciled in Brazil , jurisdiction of the Brazilian
judicial authority   unless this quoted validly understood to submit to the jurisdiction U.S. .

Hence , to verify the competence of the judge 's decision that prolator intends to ratify , is an
essential requirement to prove that the defendant was validly summoned to demand that took
place abroad .

The species was not taken this test , which rests on the applicant , not admitting the evidence
citation indirectly , with procedural à.economia views.

In point, said federal prosecutors ( f. 123 and following ) :

> "The successive orders ( ... ) who heeded our previous demonstrations, aimed
> to the proof of regular service of the defendant in the divorce proceedings brought in
> U.S. court by the applicant herein, resident and domiciled there, having
> view that the defendant resided in Brazil, with the children, and the context,
> I have no hesitation in stating that it was known to the applicant.
> There, in the records, any news regarding the citation of the defendant, in Brazil, the
> time process and decision by letter rogatory. There is no word about the
> absentia ( IR / PBS, art. 217, II ). Nor is there record of having attended the required
> U.S. court on the occasion of done.

There is no evidence in this case that the deal brought in the United States now
defendant was ci State in Brazil. That is if one had his domicile imposed
make sure your calling through letters rogatory, which depends on exequateur
Federal Supreme Court.

And this, opportunity, because the moment it is clarified that occurred.

embcra has been offered to prove she was up in no shape to be consummated
citation if

According to the Internal Rules of the Supreme Court, one of the requirements
necessary for the foreign judgment can be approved and implemented in Brazil is that the
party has been legally summoned to meet at the origin, the action ( Art. 217, II,
R.I.S.T.F. ).

In view of this, this rejected requests for approval procedural requirement
básico.n

Cut has egregious when this is needed

Has reason federal prosecutors.

Firm to the case in the sense that the citation of the defendant domiciled in
Brazil to process abroad should be given by letter rogatory, after " enforcement " of the Supreme
Court ( cf. SE 3495, Gallotti, J RT 115/1089 ; SE 3534, Sydney Sanches, DJ 21.2 . 86 , SE
4248, Velloso, Brossard, RTJ 141/113 , S EC 6122, Belongs, DJ 31.10.2001 ).

This framework, indefiro the application for approval. I condemn the applicant in fees,
that fixed in $5,000.00 is my vote.


PLENARY

EXTRACT OF MINUTES

FOREIGN JUDGMENT CONTESTED 6684-1
PROC : . UNITED STATES REPORTING : MIN . SEPÚLVEDA BELONGS REQTE : . Eleusa MOSQUE Cardoso
ADVDA : . MARIA JOSÉ SILVA DE OLIVEIRA REQDO Monteiro : . NEWTON JOHN Cardoso
ADVDOS : . CLÁUDIA VALÉRIA TRIGUEIRO DRUMOND AND OTHER

Decision : The Court unanimously dismissed the application for approval under
Rapporteur of the vote . Presided over the trial the Minister Nelson Jobim . Plenary 19.08.2004 .

Chairmanship of Minister Nelson Jobim . Messrs. Ministers present at the session Sepúlveda Belongs, Celso de Mello , Carlos Velloso , Marcus Aurelius , Ellen Gracie , Gilmar Mendes , Cezar Peluso , Carlos Britto , Joaquim Barbosa and Eros Grau .

Attorney General of the Republic , Dr Haroldo Ferraz da
Nobrega , substitute.