# EXHIBIT H

*Superior Tribunal de Justiça*

**SENTENÇA ESTRANGEIRA CONTESTADA N° 861 - EX (2005/0031335-3)**

| | |
|---|---|
| **RELATOR** | : MINISTRO ARI PARGENDLER |
| REQUERENTE | : VERÓNICA DOS SANTOS FERNANDES |
| REPR.POR | : ISAURA DOS SANTOS FERNANDES |
| ADVOGADO | : LEONARDO FERRES DA SILVA RIBEIRO E OUTROS |
| REQUERIDO | : JOSÉ LUÍS LAMELO GONZALEZ |
| ADVOGADO | : FELIPPE LUTFALLA NETO |

**EMENTA**

HOMOLOGAÇÃO DE SENTENÇA ESTRANGEIRA. CITAÇÃO. A citação de réu domiciliado no Brasil deve se processar por carta rogatória, imprestável a comunicação que, a esse propósito, lhe fez consulado de país estrangeiro. Homologação indeferida.

**ACÓRDÃO**

Vistos, relatados e discutidos os autos em que são partes as acima indicadas, acordam os Ministros da CORTE ESPECIAL do Superior Tribunal de Justiça, por unanimidade, indeferir o pedido de homologação nos termos do voto do Sr. Ministro Relator. Os Srs. Ministros José Delgado, José Arnaldo da Fonseca, Fernando Gonçalves, Felix Fischer, Gilson Dipp, Hamilton Carvalhido, Eliana Calmon, Luiz Fux, Hélio Quaglia Barbosa, Nilson Naves, Barros Monteiro e Francisco Peçanha Martins votaram com o Sr. Ministro Relator. Ausentes, justificadamente, os Srs. Ministros Sálvio de Figueiredo Teixeira, Humberto Gomes de Barros e Carlos Alberto Menezes Direito e, ocasionalmente, os Srs. Ministros Edson Vidigal, Cesar Asfor Rocha, Paulo Gallotti, substituído pelo Sr. Ministro Hélio Quaglia Barbosa, Francisco Falcão e Castro Meira. Licenciado o Sr. Ministro Franciulli Netto, sendo substituído pelo Sr. Ministro Castro Meira.

Brasília, 04 de maio de 2005 (data do julgamento).

MINISTRO ANTÔNIO DE PÁDUA RIBEIRO
Presidente

MINISTRO ARI PARGENDLER
Relator

*Superior Tribunal de Justiça*

**SENTENÇA ESTRANGEIRA CONTESTADA N° 861 - EX (2005/0031335-3)**

RELATÓRIO

**EXMO. SR. MINISTRO ARI PARGENDLER (Relator):**

Verônica dos Santos Fernandes, cidadã portuguesa, representada por sua mãe, Isaura dos Santos Fernandes, também de nacionalidade portuguesa, formulou pedido de homologação de sentença estrangeira proferida pelo 1° Juízo do Tribunal de Família e Menores do Porto, Portugal, no âmbito da ação de 'regulação do exercício do poder paternal' ajuizada contra José Luís Lamelo Gonzales, residente e domiciliado no Brasil, (fls. 02/05).

O requerido apresentou contestação, apontando como óbice à homologação a ausência de citação regular no processo em que prolatada a sentença estrangeira, pois, sendo domiciliado no Brasil, era de rigor a realização daquele ato processual por meio de carta rogatória. Aponta, ainda, a contrariedade do *decisum* à ordem pública e aos bons costumes (fls. 58/65).

Sobreveio réplica, a cujo teor:

"*A primeira observação que se impõe é a de que, no caso presente, não se pode negar a validade da citação. Com efeito, a citação por meio de autoridade Consular Portuguesa é permitida por força da Convenção relativa à citação e à notificação no estrangeiro dos atos judiciais e extrajudiciais em matérias civil e comercial.*

*Em que pese o Brasil não ter ratificado tal Convenção, na atualidade tem demonstrado outro pensamento, tanto é que ratificou, mais recentemente, duas importantes convenções, a saber, a Convenção Internacional sobre Arbitragem Comercial Internacional (promulgada pelo Decreto 1902/96) e a Convenção Interamericana sobre Cartas Rogatórias (promulgada pelo Decreto 1900/96).*

*Ademais, como se vê do documento juntado pelo próprio réu, o mesmo compareceu espontaneamente ao Consulado de Portugal, demonstrando inequivocamente que tinha conhecimento da ação em Portugal e, bem assim, dando-se por citado e suprindo eventual irregularidade que pudesse haver com relação a tal ato.*

*De outra sorte, não se pode olvidar que a citação por meio de autoridade Consular é perfeitamente válida em Portugal, daí porque tendo tramitado o feito naquele país (onde é expressamente prevista tal forma de citação), somente se pode cogitar da não homologação da sentença estrangeira se*

*Superior Tribunal de Justiça*

contrária à soberania nacional, à ordem pública e aos bons costumes. Concessa venia, não parece ser o caso destes autos.

As demais alegações da contestação visam discutir os meios de prova utilizados no feito que tramitou perante a Justiça de Portugal para se chegar no reconhecimento da paternidade e na fixação da pensão, o que, como se sabe, é inviável nesse tipo de processo de homologação" (fls. 90/91).

O Ministério Público Federal, na pessoa do eminente Procurador-Geral da República em exercício, Dr. Antonio Fernando Barros e Silva de Souza, opinou pelo indeferimento da homologação requerida, à base da seguinte motivação:

"*Examinados os autos, verifica-se que, às fls. 68, encontram-se, respectivamente, a declaração assinada pelo requerido em uma folha com timbre do Consulado Geral de Portugal em São Paulo, datada de 28 de março de 2001, na qual ele pede a realização de exames de DNA na menor, já que tem dúvidas quanto a ser ele o pai da menor, e uma correspondência do referido Consulado destinada ao requerido, de 7 de fevereiro de 2000, pela qual se solicita o seu comparecimento para tratar de regulação de poder paternal.*

*Já pela cópia da sentença que se busca homologar (fls. 14/17), há a informação de que 'apesar de notificado para tal o requerido não compareceu no consulado competente para prestar declarações, fls. 33'* (fls. 15, item J), *sem esclarecer a forma utilizada para essa notificação.*

*Ocorre que, de acordo com o que consta nos autos, o requerido não foi citado de forma regular para a ação que tramitou na Justiça portuguesa, seja naquele território, seja no Brasil mediante carta rogatória, pois aqui tinha domicílio.*

*A comunicação feita ao requerido pelo Consulado português não atende a exigência contida no art. 217, II, do RISTF, uma vez que o réu, domiciliado no Brasil, deveria ter sido citado por carta rogatória, o que não foi realizado, circunstância que impede a homologação da presente sentença estrangeira*" (fls. 96/97).

*Superior Tribunal de Justiça*

**SENTENÇA ESTRANGEIRA CONTESTADA N° 861 - EX (2005/0031335-3)**

**VOTO**

**EXMO. SR. MINISTRO ARI PARGENDLER (Relator):**

O Supremo Tribunal Federal, que, antes do advento da Emenda Constitucional n° 45, de 2004, detinha a competência para a homologação de sentença estrangeira, vinha indeferindo continuamente os pedidos que lhe eram dirigidos nos casos em que a citação de réus domiciliados no Brasil não houvesse sido realizada por meio de carta rogatória.

Nesse sentido, os julgados abaixo transcritos:

"*SENTENÇA ESTRANGEIRA - HOMOLOGAÇÃO - AUSÊNCIA DE CITAÇÃO. A citação de pessoa domiciliada no Brasil há de fazer-se mediante carta rogatória, não prevalecendo, ante o princípio direcionado ao real conhecimento da ação proposta, intimação realizada no estrangeiro. Inexistente a citação, descabe homologar a sentença. Precedentes: Sentenças Estrangeiras n°$^{s}$ 3.495, 3.534, 4.248, 4.307, 6.122 e 6.304, relatadas, respectivamente, pelos Ministros Octavio Gallotti, Sydney Sanches, Carlos Velloso, Paulo Brossard e, as duas últimas, pelo Ministro Sepúlveda Pertence*" (SEC n° 7.696, HL – Reino dos Países Baixos, Relator o eminente Ministro Marco Aurélio, publicado no DJ de 12.11.2004).

"*SENTENÇA ESTRANGEIRA CONTESTADA. DIVÓRCIO. CITAÇÃO POR EDITAL NO PAÍS EM QUE PROFERIDA A DECISÃO HOMOLOGANDA. REQUERIDA DOMICILIADA NO BRASIL. NECESSIDADE DE CARTA ROGATÓRIA. ART. 217, II, DO RISTF. JURISPRUDÊNCIA DO SUPREMO TRIBUNAL FEDERAL. 1. A indispensabilidade, para efeitos de homologação, do procedimento judicialiforme da carta rogatória na citação das pessoas que, residentes no Brasil, são demandadas perante a Justiça estrangeira, revestiu-se de maior legitimidade após a promulgação da Constituição Federal de 1988, pois se tornou garantia de efetividade do devido processo legal, do contraditório e da ampla defesa, princípios expressamente consagrados nos incisos LIV e LV do art. 5° da Carta Magna. 2. Precedentes desta Corte sobre o tema: SEC 6.729, Rel. Min. Maurício Corrêa, DJ 07.06.2002, SEC 6.304, Rel. Min. Sepúlveda Pertence, SE 4.605-AgR, Rel. Min. Carlos Velloso, DJ 13.12.96, SE 4.248, Rel. Min. Carlos Velloso, DJ 20.11.91, SE 3.495, Rel. Min. Octavio Gallotti, DJ 25.10.85 e SE 2.582-AgR, Rel. Min. Xavier de Albuquerque, DJ 28.08.81. 3. Pedido de homologação indeferido*" (SEC n° 7.394, PT – Portugal, Relatora a eminente Ministra Ellen Gracie, publicado no DJ de 07.05.2004).

No caso dos autos, a citação foi realizada por intermédio

*Superior Tribunal de Justiça*

de autoridade consular portuguesa.

Mas como ensina o Professor Hee Moon Jo:

"*A citação das partes e, em particular, a citação do pólo passivo domiciliado no Brasil têm de ser regular. Entretanto, essa questão processual é a parte mais complicada na prática, porque a forma da citação no exterior varia conforme o país. Por isso, a citação pela justiça estrangeira ao réu domiciliado no Brasil somente é válida quando feita por carta rogatória com exequatur concedido pelo Presidente do STF, ou por outra forma convencionada em tratado. É também questão de ordem pública processual brasileira.*

*Essa é realmente uma barreira muito forte para a simplificação do processo de litígio internacional. Uma solução buscada pelos países é a celebração de tratado multilateral para facilitar os serviços judiciários internacionais. O ideal seria abrir o contato direto entre os órgãos judiciários para serviços judiciários, sem intermediação nem formalidades complicadas, tais como a carta rogatória. O Brasil vem aumentando a sua adesão aos tratados relacionados à cooperação judiciária, tanto multilaterais quanto bilaterais, o que é altamente elogiável.*

*Nesse sentido, no âmbito do Mercosul, onde já funciona uma União Aduaneira, a eliminação do uso da carta rogatória, possibilitando a comunicação direta entre os órgãos judiciários dos países-membros, já está implantada nos Protocolos sobre acidentes de trânsito e de consumidores contra fabricante de produto estrangeiro (product liability).*

(...)

*A Convenção de Viena sobre Relações Consulares (1963), no art. 5º, inc. J, possibilita a citação direta ao seu nacional domiciliado no país membro da Convenção, via meio consular, caso a lei daquele país não proíba. Entretanto, a lei brasileira proíbe esse meio consular. Assim, excetuando-se os meios adotados nas convenções das quais o Brasil participa, o único meio de citação internacional válida no Brasil é via carta rogatória*" (Moderno Direito Internacional Privado, editora LTR São Paulo, págs. 365/367).

Voto, por isso, no sentido de indeferir o pedido de homologação de sentença estrangeira, condenando a requerente ao pagamento das custas e de honorários de advogado no montante de R$ 2.000,00 (dois mil reais).

*Superior Tribunal de Justiça*

**CERTIDÃO DE JULGAMENTO
CORTE ESPECIAL**

Número Registro: 2005/0031335-3                                           **SEC   861 / EX**

Números Origem: 200500292511  55748  8105  97961

PAUTA: 20/04/2005                                                         JULGADO: 04/05/2005

**Relator**
Exmo. Sr. Ministro **ARI PARGENDLER**

Presidente da Sessão
Exmo. Sr. Ministro ANTÔNIO DE PÁDUA RIBEIRO

Subprocurador-Geral da República
Exmo. Sr. Dr. FLAVIO GIRON

Secretária
Bela. VANIA MARIA SOARES ROCHA

**AUTUAÇÃO**

| | |
|---|---|
| REQUERENTE | : VERÔNICA DOS SANTOS FERNANDES |
| REPR.POR | : ISAURA DOS SANTOS FERNANDES |
| ADVOGADO | : LEONARDO FERRES DA SILVA RIBEIRO E OUTROS |
| REQUERIDO | : JOSÉ LUÍS LAMELO GONZALEZ |
| ADVOGADO | : FELIPPE LUTFALLA NETO |

ASSUNTO: Civil - Família - Menor - Poder Familiar

**CERTIDÃO**

Certifico que a egrégia CORTE ESPECIAL, ao apreciar o processo em epígrafe na sessão realizada nesta data, proferiu a seguinte decisão:

A Corte Especial, por unanimidade, indeferiu o pedido de homologação, nos termos do voto do Sr. Ministro Relator.

Os Srs. Ministros José Delgado, José Arnaldo da Fonseca, Fernando Gonçalves, Felix Fischer, Gilson Dipp, Hamilton Carvalhido, Eliana Calmon, Luiz Fux, Hélio Quaglia Barbosa, Nilson Naves, Barros Monteiro e Francisco Peçanha Martins votaram com o Sr. Ministro Relator.

Ausentes, justificadamente, os Srs. Ministros Sálvio de Figueiredo Teixeira, Humberto Gomes de Barros e Carlos Alberto Menezes Direito e, ocasionalmente, os Srs. Ministros Edson Vidigal, Cesar Asfor Rocha, Paulo Gallotti, substituído pelo Sr. Ministro Hélio Quaglia Barbosa, Francisco Falcão e Castro Meira.

Licenciado o Sr. Ministro Franciulli Netto, sendo substituído pelo Sr. Ministro Castro Meira.

Brasília, 04 de maio de 2005

VANIA MARIA SOARES ROCHA
Secretária

FOREIGN JUDGMENT CONTESTED No. 861 - EX ( 2005/0031335-3 )

REPORTING : MINISTER ARI Pargendler
APPLICANT: VERONICA SANTOS FERNANDES
REPR.POR : ISAURA DOS SANTOS FERNANDES
ATTORNEY : LEONARDO DA SILVA FERRES BROOK AND OTHER
DEFENDANT: JOSE LUIS GONZALEZ slats
ATTORNEY : FELIPPE Lutfalla NETO
MENU: APPROVAL OF FOREIGN JUDGMENT: CITATION: Citing defendant
domiciled in Brazil must take place by letter rogatory ,
snotty communication that , in this respect , did you
consulate abroad . Approval rejected .
JUDGMENT
Viewed , and discussed the reported autos that are parties
stated above , the Ministers agree SPECIAL CUT
Supreme Court unanimously rejects the
application for approval under the voting Minister
Rapporteur . Messrs. Ministers José Delgado , José Arnaldo da
Fonseca , Fernando Gonçalves , Felix Fischer , Gilson Dipp ,
Hamilton Carvalhido , Eliana Calmon , Luiz Fux , Helium Quaglia
Barbosa , Nilson Naves, Francisco Barros Monteiro and Peçanha
Martins voted with Mr. Minister Rapporteur . absent ,
justifiably Messrs. Ministers Sálvio de Figueiredo
Teixeira , Humberto Gomes de Barros and Carlos Alberto Menezes
Law and , occasionally , Messrs. Ministers Edson Vidigal ,
Asfor Cesar Rocha , Paulo Gallotti , replaced by Mr.
Quaglia minister Hélio Barbosa , Francisco and Castro Falcon
Meira . Licensed Mr. Minister Franciulli Netto , being
replaced by Mr. Justice Castro Meira .
Brasilia , May 4, 2005 (date of judgment ) .
MINISTER ANTHONY OF PADUA RIBEIRO
president
MINISTER ARI Pargendler
reporter
Document: 546 424 - Length Content of Judgment - Site license - DJ : 01/08/2005 Page 1 of 6
Superior Court of Justice
FOREIGN JUDGMENT CONTESTED No. 861 - EX ( 2005/0031335-3 )
REPORT
HONORABLE . SR . MINISTER ARI Pargendler ( Rapporteur ) :
Veronica Fernandes dos Santos , a Portuguese national ,
represented by his mother , Isaura dos Santos Fernandes also
Portuguese nationality, filed a request for approval of
foreign judgment rendered by the 1st Judgment of the Court of
Family and Children Porto , Portugal , under the action of
' regulation of the exercise of parental responsibility ' filed against
Jose Luis Gonzales slats , resident and domiciled in Brazil ,

(pages 02 / 05 ) .
The defendant submitted its defense, pointing as an obstacle
the approval for the absence of regular service in the process where
the foreign judgment was rendered , then, being domiciled in
Brazil was the realization that rigorous procedural act by
means of letters rogatory . Also points to the predicament
decisum to public order and morality (pages 58/65 ) .
Came the reply, which reads :
" The first observation we need is that, in the case
this , one can not deny the validity of the citation. Indeed,
citation by Portuguese Consular authority is
permitted under the Convention on the service in the
service abroad of judicial and extrajudicial acts
in civil and commercial matters .
Despite Brazil has not ratified this Convention , in
today has demonstrated another thought , so much so that
more recently ratified two major , the
namely the Convention on International Commercial Arbitration
International (promulgated by Decree 1902/96 ) and the Convention
Inter on Letters Rogatory ( promulgated by
Decree 1900/96 ) .
Moreover , as seen from the document itself joined by
defendant , it spontaneously attended the Consulate
Portugal , demonstrating unequivocally that he knew
of action and Portugal , as well , giving up and quoted by
supplying any irregularity that could be compared with
such an act .
Another sort , one can not forget the quote by
through Consular authority is perfectly valid
Portugal , hence why having A decision made in that country
(where it is expressly provided for such citation ) , only
One can not contemplate the recognition of a foreign judgment is
Document: 546 424 - Length Content of Judgment - Site license - DJ : 01/08/2005 Page 2 of 6
Superior Court of Justice
contrary to national sovereignty , public order and good
customs. Venia grant , does not seem to be the case these cars .
The remaining claims of the defense seek to discuss
evidence used in done and underway before the
Justice of Portugal to reach the recognition of
parenting and attachment of the pension , which , as you know, is
feasible in this type of approval process " (pages 90/91 ) .
The Federal Prosecutor , in the person of eminent
Attorney General of the Republic in office, Dr. Antonio
Fernando Barros e Silva de Souza opined by rejecting
approval required , the base of the following motivation :
" After examining the case, it appears that , on pages . 68

are , respectively , a statement signed by
required on a sheet of letterhead from the Consulate General
Portugal in Sao Paulo , dated March 28, 2001 , in which
he asks conducting DNA tests on smaller, as it has
doubts about him being the father of the minor, and a matching
said the defendant intended Consulate of 7
February 2000 in which you request your attendance
to address the regulation of parental responsibility .
Have the copy of the judgment is sought to ratify (pages
14/17 ) , there is information that ' despite being notified to such
the defendant did not appear in the competent consulate for
testify , fls . 33 ' (pages 15, Item J ) without
clarify the form used for this notification .
It happens that, according to the record in the file , the
defendant has not cited regularly to the action
underway in the Portuguese Justice , whether that territory is
by letter rogatory in Brazil , because here was domiciled .
The communication required by the Portuguese Consulate
does not meet the requirement set forth in art. 217 II, RISTF a
Since the defendant domiciled in Brazil , should have been cited
By letter rogatory , which was not performed , condition
that prevents the approval of this foreign judgment "
(pages 96/97 ) .
Document: 546 424 - Length Content of Judgment - Site license - DJ : 01/08/2005 Page 3 of 6