# EXHIBIT I

*Superior Tribunal de Justiça*

**SENTENÇA ESTRANGEIRA CONTESTADA Nº 919 - EX (2005/0046552-9)**

| | |
|---|---|
| **RELATOR** | : **MINISTRO PAULO GALLOTTI** |
| **REQUERENTE** | : ANTÔNIO CLARET LARA CASTANHEIRA |
| **ADVOGADO** | : JOÃO BATISTA ANTUNES DE CARVALHO E OUTROS |
| **REQUERIDO** | : ADRIANA MARQUES DE NAZARÉ CASTANHEIRA |
| **ADVOGADO** | : JOÃO BATISTA PINTO DE CASTRO SOBRINHO E OUTROS |

**EMENTA**

HOMOLOGAÇÃO DE SENTENÇA ESTRANGEIRA. CITAÇÃO. INEXISTÊNCIA. PESSOA DOMICILIADA NO BRASIL. NOTIFICAÇÃO REMETIDA POR CARTÓRIO.
1. A citação das pessoas domiciliadas no Brasil que são demandadas perante a Justiça estrangeira deve se processar por meio de carta rogatória, em atenção às garantias constitucionais do devido processo legal, do contraditório e da ampla defesa.
2. Precedentes do Supremo Tribunal Federal: SEC nº 7.394, Relatora a Ministra Ellen Gracie, DJU de 7/5/2004; SEC nº 6.729, Relator o Ministro Maurício Corrêa, DJU de 7.6.2002; SEC nº 6.304, Relator o Ministro Sepúlveda Pertence, DJU de 31/10/2001.
3. Pedido de homologação indeferido.

**ACÓRDÃO**

Vistos, relatados e discutidos estes autos, acordam os Ministros da Corte Especial do Superior Tribunal de Justiça, na conformidade dos votos e das notas taquigráficas a seguir, por unanimidade, indeferir o pedido de homologação, nos termos do voto do Sr. Ministro Relator.
A Sra. Ministra Laurita Vaz e os Srs. Ministros Luiz Fux, Barros Monteiro, Francisco Peçanha Martins, Ari Pargendler, José Delgado, José Arnaldo da Fonseca, Fernando Gonçalves, Carlos Alberto Menezes Direito, Felix Fischer, Gilson Dipp, Hamilton Carvalhido e Eliana Calmon votaram com o Sr. Ministro Relator.

Ausentes, justificadamente, os Srs. Ministros Sálvio de Figueiredo Teixeira e Franciulli Netto e, ocasionalmente, os Srs. Ministros Nilson Naves, Edson Vidigal, Humberto Gomes de Barros, Cesar Asfor Rocha e Francisco Falcão.
Brasília (DF), 19 de outubro de 2005 (data do julgamento).

*Superior Tribunal de Justiça*

MINISTRO ANTÔNIO DE PÁDUA RIBEIRO, Presidente

MINISTRO PAULO GALLOTTI, Relator



*Superior Tribunal de Justiça*

**SENTENÇA ESTRANGEIRA CONTESTADA Nº 919 - EX (2005/0046552-9)**

**RELATÓRIO**

**O SENHOR MINISTRO PAULO GALLOTTI:** Cuida-se de ação de homologação de sentença estrangeira ajuizada, originariamente, perante o Supremo Tribunal Federal.

Antônio Claret Lara Castanheira requer a homologação da sentença proferida pelo Superior Tribunal de Justiça de Ontário, no Canadá, que condenou Adriana Marques de Nazaré Castanheira ao pagamento de Can$ 77.922,86, valor que, segundo a inicial, "a requerida, depois de divorciada, retirou, indevidamente da conta bancária do ora requerente", além de juros e despesas processuais, totalizando Can$ 82.239,83. (fls. 11/14).

Em contestação, fls. 186/191, a requerida diz ser parte ilegítima, porquanto a sentença que se pretende homologar foi proferida em ação proposta contra Adriana Castanheira, dela não constando o seu nome completo. Afirma, também, ser nula a citação "feita mediante notificação remetida pelo Cartório do 1º Registro de Títulos e Documentos da Comarca de Belo Horizonte, em Minas Gerais, redigida em língua estrangeira".

Alega, ainda, que "o dinheiro existente na conta bancária conjunta e solidária, mantida entre requerente e requerida, no Canadá, era fruto de economias angariadas durante o casamento e, conforme firmado entre ambos, este seria utilizado para a compra de moradia no Brasil". (fl. 189)

Aduz, por fim, que a sentença estrangeira não está fundamentada e que os documentos trazidos pelo requerente não são autênticos.

O Ministro Nelson Jobim, Presidente do Supremo Tribunal Federal, deferiu à requerida o benefício da justiça gratuita em 4/7/2004. (fl. 220)

Em 5/8/2004, o processo foi distribuído ao Ministro Carlos Britto, abrindo-se vista ao Procurador-Geral da República, que opinou "pela intimação do

*Superior Tribunal de Justiça*

requerente para que demonstre a forma como ocorreu a citação da requerida, devendo esta, por sua vez, providenciar a tradução dos documentos anexados às fls. 194/205, que integram a peça contestatória" (fl. 228)

O requerente, atendendo ao despacho de fl. 233, que acolheu o parecer ministerial, fez juntar aos autos documentos que comprovam a citação com observância das regras de processo civil da Província de Ontário, sustentando que ela "não tinha de ser efetuada a Adriana Castanheira, segundo a legislação interna do Brasil, mas conforme as mencionadas regras da lei canadense, pela qual a citação se considera perfeita, quando há 'prova de que o documento chegou ao conhecimento da pessoa citada". (fl. 245)

Com a promulgação da Emenda Constitucional nº 45/2004, atribuiu-se ao Superior Tribunal de Justiça a competência para processar e julgar "a homologação de sentenças estrangeiras e a concessão de exequátur às cartas rogatórias" (art. 105, I, "i", CF/88), vindo os autos a esta Corte, sendo a mim distribuídos em 1º de abril do corrente ano.

Cumprindo o despacho de fl. 275, a requerida providenciou a tradução dos documentos de fls. 194/205.

A Subprocuradoria-Geral da República opina pelo indeferimento do pedido (fls. 298/303).

É o relatório.

*Superior Tribunal de Justiça*

**SENTENÇA ESTRANGEIRA CONTESTADA Nº 919 - EX (2005/0046552-9)**

**VOTO**

**O SENHOR MINISTRO PAULO GALLOTTI (RELATOR):** Não vejo como acolher a pretensão, adotando como razão de decidir o parecer do Subprocurador-Geral da República Edson Oliveira de Almeida, assim vazado, no que interessa:

> "Por oportuno e necessário, faço registro que em sessão plenária, de 22/4/2004, o Supremo Tribunal Federal, por decisão unânime, deferiu o pedido de homologação de sentença estrangeira contestada n° 7.464, DJ de 23/5/2004, a qual reconheceu a decisão que decretou o divórcio das partes, com ressalva, nos termos do voto do eminente Ministro Relator NELSON JOBIM, hoje na Presidência da Suprema Corte, assim, proferiu:
>
> 'VOTO
> O SENHOR MINISTRO NELSON JOBIM (RELATOR):
> As irregularidades quanto à documentação trazida nos autos foi saneada.
> Quanto à contestação, nos termos do art. 221 do RISTF, esta '... somente poderá versar sobre a autenticidade dos documentos, a inteligência da sentença e a observância dos requisitos indicados nos arts. 217 e 218'.
> O acordo de separação efetuado no Canadá trouxe disposições quanto aos bens móveis (fl. 42); plano de pensão no Canadá, outras pensões e poupanças, dívidas e obrigações, renúncias a bens (fl. 43), dívidas e obrigações (fl. 44), espólio e renúncia geral (fl. 45).
> Verifico que também a sentença que decretou o divórcio nada trouxe quanto aos bens das partes.
> Tampouco validou referido acordo.
> A matéria, portanto, não apreciada naquele Tribunal, não pode aqui ser homologada. Correto o parecer do PGR:
>
> > '(...)
> > A decisão homologanda, apresentada por certidão expedida pelo funcionário do Tribunal da Província de Ontário, teve sua autenticação consular regularizada e vertida para o vernáculo por profissional juramentado no País. O trânsito em julgado está comprovado pela certidão de fl. 82 - tradução. A competência do Juízo

*Superior Tribunal de Justiça*

*decorre do domicílio das partes, à época da propositura da ação de divórcio. Estão atendidos, assim, os requisitos regimentais.*
*No tocante ao acolhimento do presente acordo das partes, datado de 21 de julho de 1997, não há como constatar tenha sido o mesmo convalidado judicialmente. E por esta razão é questão alheia ao processo homologatório da sentença de divórcio, devendo ser excluída da deliberação. Na mesma linha, os precedentes nas SE nº 5.276, SE nº 6172, entre outras.' (fls. 268/270).*

*Assim, nada impede que a requerida venha a discutir quanto à divisão dos bens comuns existentes no Brasil, pela via ordinária.*
*Precedente: SEC nº 5.216, NERI, 30/10/97; SE nº 4.590, MARCO AURÉLIO, 5/6/92.*
*Homologo a sentença estrangeira, com a ressalva mencionada.*
*Em face da contestação apresentada e não acolhida, a requerida sujeita-se aos ônus da sucumbência - custas processuais e honorários advocatícios.*
*Fixo os honorários em R$ 5.000,00 (cinco mil reais).*
*Expeça-se carta de sentença (RISTF, art. 224)'.*

Por outro lado, noticiam os autos a existência de ações em curso na justiça brasileira, onde as mesmas partes discutem sobre as conseqüências acessórias da separação judicial.
Entretanto, sem necessidade de adentrar a questão da competência superveniente da justiça brasileira, é incontroverso que a citação da requerida, residente no Brasil, não se fez via rogatória e sim por outro meio, no caso, não aceito pela ordem jurídica vigente no Brasil, nem poderia advir daí, validamente, a declaração de sua revelia pelo juízo processante.
O não comparecimento da requerida perante o Juízo estrangeiro afasta qualquer alegação de haver-se sanado a falta de citação.
Não há, nos textos apresentados, elementos que permitam constar o cumprimento das exigências dos inciso I e II do art. 5º da Resolução nº 9/2005, do STJ - competência do Juízo e citação válida da ré ou a verificação de sua revelia.
A competência do Juízo decorre, geralmente, do domicílio das partes ou de sua submissão ao foro eleito. Deduz-se dos autos, porém, que a requerida é residente e domiciliada no Brasil, aliás, ocorrendo o mesmo com o requerente, conforme noticia a inicial.
Por outro lado, a competência do Juízo prolator da decisão que se pretende homologar é requisito essencial à comprovação de que a requerida tenha sido validamente citada para a demanda onde se processou o feito no estrangeiro, o que não ocorreu no presente caso.

*Superior Tribunal de Justiça*

> *Sendo neste momento válido perquirir se a decisão apresentada pode ser objeto de delibação, já assentou o Pretório Excelso que 'o que para a ordem jurídica pátria constitua ou não sentença estrangeira, como tal homologável no fórum, é questão de direito brasileiro, cuja solução independe do valor e da eficácia que o ordenamento do Estado de origem atribua à decisão questionada' (SEC nº 4.724-2, relator o Ministro SEPÚLVEDA PERTENCE).*
> *No caso, há apenas prova de que a requerida teria recebido, notificação remetida pelo Cartório do 1º Registro de Títulos e Documentos, da Comarca de Belo Horizonte, Minas Gerais, redigida em língua estrangeira, conforme faz prova com a versão dos documentos anexados às fls. 287/294.*
> *Tal procedimento não supre a exigência do inciso II do art. 5º da resolução supracitada. A ré domiciliada no Brasil tem de ser citada por carta rogatória.*
> *Sendo oportuno trazer a lembrança precedentes do Supremo Tribunal Federal que indeferiram pedidos de homologação, quando ausente qualquer espécie de registro que comprove a citação válida da requerida ou sua revelia, o que ocorreu na espécie, por descumprimento de exigência que elege os princípios de ampla defesa e do devido processo legal, como fez notar a eminente Ministra ELLEN GRACIE, em seu voto proferido por ocasião do julgamento da SE nº 7.570.*
> *No mesmo sentido, entre outras, a SEC nº 7.218, Rel. Min. NELSON JOBIM, DJ de 6/2/2004; SEC nº 6.304, Rel. Min. SEPÚLVEDA PERTENCE, DJ de 31/10/2001, e a SE nº 7.459, Rel. Min. NELSON JOBIM, julg. 1º/4/2004.*
> *Diante do exposto, opino pelo indeferimento do pedido."*
> *(fls. 300/303)*

Confira-se, ainda, precedente desta Corte:

> *"HOMOLOGAÇÃO DE SENTENÇA ESTRANGEIRA. CITAÇÃO. A citação de réu domiciliado no Brasil deve se processar por carta rogatória, imprestável a comunicação que, a esse propósito, lhe fez consulado de país estrangeiro. Homologação indeferida."*
> *(SEC nº 861/EX, Relator o Ministro **ARI PARGENDLER**, DJU de 1º/8/2005)*

Ante o exposto, indefiro o presente pedido de homologação de sentença estrangeira, condenando o requerente ao pagamento das custas processuais e à verba honorária, que fixo em R$ 5.000,00.

É como voto.

*Superior Tribunal de Justiça*

**SENTENÇA ESTRANGEIRA CONTESTADA Nº 919 - EX (2005/0046552-9)**

**VOTO**

**O EXMO. SR. MINISTRO CARLOS ALBERTO MENEZES DIREITO:**

Senhor Presidente, o tema da fixação de honorários é sempre muito subjetivo. Não há um padrão uniforme. Leva-se muito em conta o caso concreto.

No caso relatado pelo Senhor Ministro **Paulo Gallotti** existe um vício de citação em que se pretende substituir a carta rogatória, o **exequatur**, por uma notificação direta mediante Cartório de Títulos e Documentos, ainda mais em língua estrangeira.

Neste caso, a fixação de honorários é completamente diversa daquela em que, por exemplo, se julga procedente o pedido de homologação de sentença estrangeira.

Acompanho o voto do Senhor Ministro Relator observando que devemos ter presente que não pode haver um padrão uniforme. Cada caso pode ensejar uma alteração na fixação dos honorários.

*Superior Tribunal de Justiça*

**CERTIDÃO DE JULGAMENTO
CORTE ESPECIAL**

Número Registro: 2005/0046552-9      **SEC   919 / EX**

Números Origem: 200500402961  24338  37386  7869

PAUTA: 19/10/2005      JULGADO: 19/10/2005

**Relator**
Exmo. Sr. Ministro **PAULO GALLOTTI**

Presidente da Sessão
Exmo. Sr. Ministro ANTÔNIO DE PÁDUA RIBEIRO

Subprocurador-Geral da República
Exmo. Sr. Dr. EDINALDO DE HOLANDA BORGES

Secretária
Bela. Vânia Maria Soares Rocha

**AUTUAÇÃO**

REQUERENTE   : ANTÔNIO CLARET LARA CASTANHEIRA
ADVOGADO   : JOÃO BATISTA ANTUNES DE CARVALHO E OUTROS
REQUERIDO   : ADRIANA MARQUES DE NAZARÉ CASTANHEIRA
ADVOGADO   : JOÃO BATISTA PINTO DE CASTRO SOBRINHO E OUTROS

ASSUNTO: Ação de Cobrança

**CERTIDÃO**

Certifico que a egrégia CORTE ESPECIAL, ao apreciar o processo em epígrafe na sessão realizada nesta data, proferiu a seguinte decisão:

A Corte Especial, por unanimidade, indeferiu o pedido de homologação, nos termos do voto do Sr. Ministro Relator.
A Sra. Ministra Laurita Vaz e os Srs. Ministros Luiz Fux, Barros Monteiro, Francisco Peçanha Martins, Ari Pargendler, José Delgado, José Arnaldo da Fonseca, Fernando Gonçalves, Carlos Alberto Menezes Direito, Felix Fischer, Gilson Dipp, Hamilton Carvalhido e Eliana Calmon votaram com o Sr. Ministro Relator.
Ausentes, justificadamente, os Srs. Ministros Sálvio de Figueiredo Teixeira e Franciulli Netto e, ocasionalmente, os Srs. Ministros Nilson Naves, Edson Vidigal, Humberto Gomes de Barros, Cesar Asfor Rocha e Francisco Falcão.

Brasília, 19 de outubro de 2005

Vânia Maria Soares Rocha
Secretária

Superior Court of Justice

FOREIGN JUDGMENT CONTESTED
No. 919 - EX ( 2005/0046552-9 )

REPORTING : MINISTER PAUL GALLOTTI

APPLICANT: ANTONIO LARA CLARET CASTANHEIRA
ATTORNEY : JOHN THE BAPTIST OF OAK AND OTHER Antunes
REQUIRED : ADRIANA MARQUES DE NAZARETH CASTANHEIRA
ATTORNEY : John the Baptist PINTO DE CASTRO AND OTHER NEPHEW

MENU:  APPROVAL OF FOREIGN JUDGMENT: CITATION :
ABSENCE : Person domiciled in BRAZIL .
NOTIFICATION FORWARDED BY REGISTRY .

1. The quote of persons domiciled in Brazil that are
sued in the foreign Court must proceed by
means of letters rogatory, in consideration of constitutional guarantees
of due process , adversarial and legal defense .

2 . Precedents of the Supreme Court : SEC No. 7,394 ,
Rapporteur Minister Ellen Gracie , DJU of 07/05/2004 , SEC No. 6,729 ,
Rapporteur Minister Mauricio Correa , DJU , 7.6.2002 , SEC No
6,304 , Rapporteur Minister belongs Sepúlveda , DJU of 31/10/2001 .

3 . Request denied approval .

JUDGMENT
Seen , reported and discussed these cars, the Justices of the Court agree
Special Superior Court of Justice , in accordance of the votes and notes
The following shorthand unanimously refuse to grant approval under
Vote Rapporteur Mr. Minister .
Mrs. Laurita Vaz Minister and Ministers Messrs. Luiz Fux , Barros Monteiro ,
Peçanha Francisco Martins , Ari Pargendler , José Delgado , José Arnaldo da Fonseca ,
Fernando Goncalves , Carlos Alberto Menezes law , Felix Fischer , Gilson Dipp ,
Hamilton Carvalhido and Eliana Calmon voted with Mr. Minister Rapporteur .
Absent justifiably Messrs. Ministers Sálvio Teixeira de Figueiredo
and Franciulli Netto and occasionally Messrs. Ministers Nilson Naves, Edson Vidigal ,
Humberto Gomes de Barros , Cesar Asfor Rocha Falcão and Francisco .
Brasília ( DF ) , 19 October 2005 (date of judgment ) .
Document: 588 035 - Length Content of Judgment - Site license - DJ : 28/11/2005 Page 1 of 9
Superior Court of Justice
MINISTER ANTHONY OF PADUA RIBEIRO , President
MINISTER PAUL GALLOTTI , Rapporteur
Document: 588 035 - Length Content of Judgment - Site license - DJ : 28/11/2005 Page 2 of 9

Superior Court of Justice
FOREIGN JUDGMENT CONTESTED No. 919 - EX ( 2005/0046552-9 )
REPORT
The MINISTER PAUL GALLOTTI : Take care if action
approval of foreign judgment filed originally in the Supreme
Federal Court .
Anthony Claret Lara Castanheira requires the approval of the sentence
rendered by the Superior Court of Ontario , Canada , who condemned
Adriana Marques de Nazareth Castanheira payment of Can $ 77,922.86 , an amount that ,
according to the initial, " the defendant , after divorced , retired , improperly account
bank of the applicant prays , "plus interest and court costs totaling Can $
82239.83 . (pages 11/14) .
In defense, fls . 186/191 , the defendant claims to be illegitimate part
because the sentence was intended to be issued in probate action filed against
Adriana Castanheira , it did not indicate his full name . Affirms also be
null the quote " made by notice sent by the Clerk of 1st Registration
Titles and Deeds of the District of Belo Horizonte , Minas Gerais , drafted in
foreign language " .
It also claims that " existing money in the joint bank account and
solidarity , kept between the applicant and requested , in Canada , was the result of economies
angariadas during marriage and , as signed by both, it would be used
for the purchase of property in Brazil . " ( fl. 189 )
Adds , finally, that the foreign judgment is not justified and that
documents brought by the applicant are not authentic .
The Minister Nelson Jobim , President of the Supreme Court ,
granted the requested benefit from free legal on 07/04/2004 . ( fl. 220 )
On 08.05.2004 , the case was assigned to Justice Carlos Britto ,
opening up views to the Attorney General's Office , opined that " the subpoena
Document: 588 035 - Length Content of Judgment - Site license - DJ : 28/11/2005 Page 3 of 9
Superior Court of Justice
applicant to demonstrate how the citation was requested , should
this , in turn , provide the translation of the documents attached to fls . 194/205 ,
comprising the anti-establishment number " ( fl. 228 )
The applicant , given the order of fl . 233 , who welcomed the opinion
ministerial , has put in evidence documents that prove the quote with
compliance with the rules of civil procedure of the Province of Ontario , holding that it
" did not have to be made to Adriana Castanheira , the domestic law of the
Brazil , but according to the rules mentioned in Canadian law , by which the citation is
considers perfect , when there is ' proof that the document came to the notice of
person cited . " ( fl. 245 )
With the enactment of Constitutional Amendment No. 45 /2004 was attributed to
Superior Court of Justice jurisdiction to adjudicate " the approval of
foreign judgments and grant exequatur to letters rogatory " ( art. 105 , I,
" i " , CF/88 ) , been the case to this Court , being distributed to me on April 1 of the
year .
Fulfilling the order of fl . 275 , the defendant provided the translation of

fls documents . 194/205 .
The Assistant Attorney General's Office believes the rejection of the application
(pages 298/303 ) .
Is the report .
Document: 588 035 - Length Content of Judgment - Site license - DJ : 28/11/2005 Page 4 of 9
Superior Court of Justice
FOREIGN JUDGMENT CONTESTED No. 919 - EX ( 2005/0046552-9 )
VOTE
The MINISTER PAUL GALLOTTI ( REPORTING ) : I do not see
how to welcome the intention, as adopting reasoning of the opinion of
Attorney General's Office Edson Oliveira de Almeida , well cast , as
interests :
"For timely and necessary , I record that in plenary
plenary of 22/4/2004 , the Supreme Court , by decision
unanimously granted the request for approval of sentence
foreign disputed paragraph 7.464 , DJ 23/05/2004 , which
acknowledged the decision ordering the divorce of the parties , with
caveat , under the eminent Minister Rapporteur vote
Nelson Jobim , today in the Presidency of the Supreme Court , thus
uttered :
' VOTE
The MINISTER Nelson Jobim ( REPORTING ) :
The irregularities in the documentation brought in
file was sanitized .
As for the defense, pursuant to art . 221 of RISTF ,
this ' ... can only traverse about the authenticity of
documents , intelligence and observance of the sentence
requirements indicated in the arts . 217 and 218 ' .
The separation agreement made in Canada brought
provisions as to movables ( Fl. 42 ) ; plan
Canada pension , other pensions and savings , debts and
obligations , disclaimers of goods ( fl. 43 ), debts and obligations
( fl. 44 ) , estate and general waiver ( Fl. 45 ).
Also note that the sentence decreed divorce
nothing brought in the goods of the parties .
Nor validated Agreement .
The matter, therefore, not appreciated at that Court , not
here can be approved . Correct the opinion of the RMP
"( ... )
The homologanda decision by certificate
issued by the clerk of the Court of the Province of
Ontario had its consular authentication and regularized
poured into the vernacular by a certified professional
in Brazil The final judgment is evidenced by
certificate fl . 82 - translation . The jurisdiction of the Court
Document: 588 035 - Length Content of Judgment - Site license - DJ : 28/11/2005 Page 5 of 9

Superior Court of Justice
follows the domicile of the parties at the time of
filing the divorce action . Are met,
thus, the procedural requirements .
Regarding the acceptance of this Agreement of
parties , dated July 21, 1997 , there is no
note has been the same co-validated
court . And for this reason is unrelated to the question
ratifying process of the divorce decree ,
should be excluded from delibação . In the same vein ,
in the preceding paragraph 5.276 SE , SE No. 6172 , between
other '. (pages 268/270 ) .
Thus , nothing prevents the defendant will discuss
as to the division of the existing commons in Brazil
by ordinary means .
Previous: SEC No. 5216 , NERI , 30/10/97 ; FOR # 4,590 ,
Marcus Aurelius , 06/05/92 .
Ratify the foreign judgment , with the exception
mentioned .
In the face of the challenge presented and not accepted , the
required subject yourself to the burden of defeat - expense
procedural and legal fees .
Fixed fees at U.S. $ 5,000.00 (five thousand dollars) .
Expedite up letter of sentence ( RISTF , art. 224 ) ' .
On the other hand , reported about the existence of the file lawsuits in progress
in the Brazilian courts , where the parties disagree about the same
incidental consequences of legal separation .
However, without the need to enter the issue of
supervening jurisdiction of the Brazilian courts , is uncontroversial
the citation required , resident in Brazil , not made via
rogatory but otherwise, if I do not accept the order
prevailing legal in Brazil , could not come there, validly , the
declaration of his default judgment by suing .
Non-attendance of required before the foreign judgment
dispels any claim be remedied is the lack of citation.
There, in the texts presented evidence to
be in compliance with the requirements of section I and II of art . 5 °
Resolution No. 9/2005 , the Supreme Court - jurisdiction of the Court and citation
valid the defendant or verification of their heads .
The jurisdiction of the Court follows generally the domicile of
parties or their submission to the court elected. It can be deduced from the documents ,
however, that the defendant is resident or domiciled in Brazil , moreover ,
the same happened with the applicant , as the initial news .
Moreover , the jurisdiction of the Court that the decision prolator
intends to approve essential requirement is to prove that
the defendant has been properly summoned to the demand which

sued if done abroad , which did not occur in
this case.
Document: 588 035 - Length Content of Judgment - Site license - DJ : 28/11/2005 Page 6 of 9
Superior Court of Justice
Being in this moment to assert valid if the decision presented
may be subject to delibação , already became the Praetorium Exalted that
'what for homeland constitute legal or not sentence
foreign , as such homologável forum is a question of law
Brazilian, whose solutions depend on the value and effectiveness of the
ordering the State confers on the questioned decision '
( SEC No. 4724-2 , draftsman Minister SEPÚLVEDA BELONGS ) .
In case, there is only proof that the defendant would have received ,
notification sent by the Clerk of 1st Registry of Deeds and
Documents , the District of Belo Horizonte , Minas Gerais ,
written in a foreign language , as does the version with proof
the documents attached to fls . 287/294 .
This procedure does not meet the requirement of item II of art. 5 of the
above resolution . The defendant domiciled in Brazil must be
cited by letter rogatory .
Was appropriate to bring unprecedented keepsake Supreme
Federal Court rejecting requests for approval
when absent any kind of record that proves the
valid citation required or in absentia , which occurred in
species, for noncompliance with the requirement that elects
broad principles of defense and due process , as did
notice the eminent Minister Ellen Gracie , in his vote cast
during the trial of SE No. 7,570 .
Similarly, among others, the SEC No. 7,218 , ReI . Min
Nelson Jobim , DJ 6/2/2004 ; SEC No. 6,304 , ReI . Min
SEPÚLVEDA BELONGS , 31/10/2001 DJ , and SE No. 7,459 ,
ReI . Min Nelson Jobim judge . 1 / 4/2004 .
Given the above, opino by rejecting the application . "
(pages 300/303 )
Check - up also precedent of this Court :
" APPROVAL OF FOREIGN JUDGMENT .
CITATION . Citing defendant domiciled in Brazil should
sue for rogatory , snotty letter communication to the
this purpose , made him consulate abroad .
Approval denied. "
( SEC No. 861/EX , Rapporteur Minister ARI Pargendler , DJU of
1 / 8/2005 )
Based on the foregoing , indefiro this application for approval of sentence
foreign , condemning the applicant to pay the court costs and the amount
honorary , which fixed at R $ 5,000.00 .
It's like voting .
Document: 588 035 - Length Content of Judgment - Site license - DJ : 28/11/2005 Page 7 of 9

Superior Court of Justice
FOREIGN JUDGMENT CONTESTED No. 919 - EX ( 2005/0046552-9 )
VOTE
The HONORABLE . SR . CARLOS ALBERTO Menezes LAW MINISTER :
Mr President , the issue of fixation of fees is always very
subjective. There is no uniform standard . It takes into account the very specific case .
In the case reported by Mr Paul Gallotti there is an addiction
citation that is intended to replace the letter rogatory , the exequatur by a
Direct notification by the Registry of Deeds and Documents , even in language
foreign .
In this case , the setting of fees is quite different from that in
that , for example, upholds the application for approval of sentence
foreign .
I follow the vote of Mr Rapporteur noting that we
be aware that there can be no uniform pattern . Each case may give rise to one
change the setting of fees.
Document: 588 035 - Length Content of Judgment - Site license - DJ : 28/11/2005 Page 8 of 9
Superior Court of Justice
CERTIFICATE OF JUDGEMENT
SPECIAL CUT
Registration Number : 2005/0046552-9 SEC 919 / EX
Numbers Source : 200500402961 24338 37386 7869
TARIFF: 19/10/2005 JUDGED : 19/10/2005
reporter
Hon. Minister PAUL GALLOTTI
Session Chairman
Hon. Minister ANTHONY OF PADUA RIBEIRO
Attorney General's Office
Hon. Mr. Dr. EDINALDO OF NETHERLANDS BORGES
desk
Beautiful . Vania Maria Soares Rocha
assessment
APPLICANT: ANTONIO LARA CLARET CASTANHEIRA
ATTORNEY : JOHN THE BAPTIST OF OAK AND OTHER Antunes
REQUIRED : ADRIANA MARQUES DE NAZARETH CASTANHEIRA
ATTORNEY : John the Baptist PINTO DE CASTRO AND OTHER NEPHEW
SUBJECT: Collection Suit
CERTIFICATE
I certify that egregious SPECIAL CUT , to enjoy the process title in session
held today issued the following decision :
The Special Court unanimously dismissed the application for approval under
vote of the Minister Rapporteur .
Mrs. Laurita Vaz Minister and Ministers Messrs. Luiz Fux , Barros Monteiro , Francisco
Pecanha Martins , Ari Pargendler , José Delgado , José Arnaldo da Fonseca , Fernando
Gonçalves ,
Carlos Alberto Menezes law , Felix Fischer , Gilson Dipp , Hamilton Carvalhido and Eliana

Calmon
voted with the Minister Rapporteur .
Absent justifiably Messrs. Ministers Sálvio Teixeira de Figueiredo and Franciulli Netto and occasionally Messrs. Ministers Nilson Naves, Edson Vidigal , Humberto Gomes de Barros , Cesar Asfor Rocha Falcão and Francisco .
Brasilia , October 19, 2005
Vanya Maria Soares Rocha
desk
Document: 588 035 - Length Content of Judgment - Site license - DJ : 28/11/2005 Page 9 of 9