IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CHRIS P. CARTER,

Individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

FORJAS TAURUS S.A., TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,

*Defendants*.

Case No. 1:13-cv-24583-PAS

**CLASS ACTION**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT FORJAS TAURUS S.A.'S MOTION TO DISMISS**

This Court correctly granted Plaintiff's Motion for Court-Directed Alternative Service of Process [DE 22] on February 26, 2014. [DE 24]. Pursuant to that Order, Plaintiff timely served alternative process upon Defendant Forjas Taurus S.A. ("Defendant") via Federal Express and email using the addresses listed on Defendant's website. Defendant, represented by American counsel, does not contend that it failed to receive the summons and compliant via either method of service. Defendant does not even contend that it has been denied due process generally. Rather, Defendant relies on cases prohibiting service via *mail* – not Federal Express or email – to argue that the methods ordered here were insufficient. Defendant's argument fails because the Court-ordered methods of service satisfied the requirements of Federal Rule of Civil Procedure

4(f); provided Defendant with due process; are not prohibited by Brazilian law; and are routinely employed to effect service on foreign defendants and specifically Brazilian defendants. For these reasons and all those below, Defendant's Motion should be denied.

**BACKGROUND**

Plaintiff filed his Complaint against Defendant Forjas Taurus and its American subsidiaries, Taurus Manufacturing, Inc. and Taurus Holdings, Inc., on December 20, 2013. [DE 1]. In order to provide Forjas Taurus with "formal" notice of this action in the most efficient manner possible, Plaintiff subsequently filed a Motion for Court-Directed Alternative Service of Process requesting leave to serve Defendant: (1) via Federal Express at Defendant's offices located at Avenida de Forte, 511, Porto Alegre/RS, Brazil; and (2) via email to the email address listed on Forjas Taurus's commercial website, sac@taurus.com.br. [DE 22]. Plaintiff's Motion included a comprehensive Memorandum of Law explaining:

- the requirements of Federal Rule of Civil Procedure 4(f), which include an option for service upon a defendant in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3);
- that Rule 4(f) does not first require that service be attempted by other means, and in fact that court-directed service is as favored as service under Rule 4(f)(1) or Rule 4(f)(2);
- that case law concerning service on foreign defendants and specifically Brazilian defendants holds that service via Federal Express or email provide a defendant with formal notice of the action and thus due process; and
- that international law does not foreclose the proposed methods of service.

*Id.*

This Court granted Plaintiff's Motion, ordering Plaintiff to serve process by Federal Express and email no later than March 7, 2014. [DE 24]. The Court subsequently granted Plaintiff's Motion to Extend Deadline, and ordered Plaintiff to effect service by March 21, 2014. [DE 27]. Plaintiff effected service via both Federal Express and Email on March 14, 2014, and filed proof of same. [DE 28 & 29]. Defendant's Motion to Dismiss – which, strangely, fails to acknowledge that every one of its arguments had been soundly addressed in Plaintiff's Motion, and neglects to distinguish a single one of Plaintiff's cases or rebut any of his arguments – followed.

Plaintiff hereby timely files his opposition to that Motion.

## ARGUMENT

### I. The Court-Ordered Methods of Service are Consistent with Due Process and Minimize Offense to Foreign Law because the Inter-American Convention on Letters Rogatory Does Not Preempt Alternative Methods of Service.

Federal Rule of Civil Procedure 4(f) governs the service of an individual in a foreign country, and provides for three means by which this may be achieved: (1) by any internationally agreed means of service reasonably calculated to give notice; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by certain prescribed methods reasonably calculated to give notice; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). The Eleventh Circuit has observed that the 1993 Advisory Committee Notes to the Rule instruct that, with respect to section (3), "[i]nasmuch as our Constitution requires that reasonable notice be given, *an earnest effort* should be made to devise a method of communication that is *consistent with due process* and *minimizes offense to foreign law*." *Prewitt Enter., Inc. v. Org. of Petroleum*

*Exporting Countries,* 353 F.3d 916, 927 (11th Cir. 2003) (emphasis added by court).[1] The court-ordered methods of service here satisfy both requirements.

A. The effected service by email and Federal Express was consistent with due process because it provided Defendant with notice and an opportunity to respond.

Defendant does not argue that the methods of service failed to provide it with due process, nor could it. "Due Process requires only that an alternative method of service be reasonably calculated to provide notice and an opportunity to respond." *United States CFTC v. Rubio*, No. 12-cv-22129-ROSENBAUM, 2012 U.S. Dist. LEXIS 117898, *7 (S.D. Fla. Aug. 21, 2012) (citation omitted); *see also Under Armour, Inc. v. 51nfljersey.com*, NO. 13-62809-CIV-ROSENBAUM, 2014 U.S. Dist. LEXIS 20439, *6 (S.D. Fla. Feb. 19, 2014) ("What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections.") Plaintiff has served Defendant via both email and Federal Express, and Defendant has since retained counsel and filed the underlying motion: both proof positive that Defendant has been provided with "notice and an opportunity to respond."

As Plaintiff explained in his initial motion, a finding of due process here is consistent with the decisions of courts in this district and around the country considering the issue. *See, e.g., Russell Brands v. GVD Int'l Trading,* 282 F.R.D. 21, 25 (D. Mass. 2012) (permitting service on a Brazilian defendant via personal in-hand service on defendant's Massachusetts attorney, service by email upon defendant's Virginia attorney, and service via Federal Express at defendant's Brazilian address, and citing other decisions allowing service upon Brazilian

---

[1] The Committee Notes also state that, "[a] court may in some instances specially authorize use of ordinary mail." 1993 Advisory Committee Notes to Rule 4(f)(3).

defendants in similar fashion); *Liberty Media Holdings v. Vinigay.com,* No. CV-11-0280-PHX-LOA, 2011 U.S. Dist. LEXIS 26657 (D. Ariz. Mar. 3, 2011) (allowing service at Brazilian defendant's last known email addresses when no physical address was obtainable); *Morgenthau v. Avion Resources*, 11 N.Y.3d 383 (2008) (allowing service of Brazilian defendant under New York rules of civil procedure rather than letters rogatory because former satisfied due process); *Under Armour,* 2014 U.S. Dist. LEXIS 20439, *5 (finding service by email is "reasonably calculated to give notice to Defendants"); *Adidas AG v. 2013JeremyScottXAdidas.com,* No. 13-61867-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 171628 (S.D. Fla. Dec. 5, 2013) (granting leave to allow service upon Chinese defendants via email); *Tiffany v. Jianfang,* NO. 13-61470-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 134857 (S.D. Fla. Sept. 20, 2013) (same); *Fru Veg Mktg., Inc. v. VegFruit World Corp.*, 896 F.Supp. 2d 1175 (S.D. Fla. 2012) (permitting service of defendants in Peru, Guatemala and Colombia via courier or Federal Express as well as via email and U.S. mail to their counsel located in the Southern District); *TracFone Wireless, Inc. v. Bequator Corp., Ltd.*, 717 F. Supp. 2d 1307, 1310 (S.D. Fla. 2010) (granting motion for service on Hong Kong defendant by international express mail and via Federal Express);

Accordingly, there is no question that Defendant has been afforded due process.

B. <u>Brazilian Law does not forbid service by email or Federal Express.</u>

Defendant's reliance on a thirty year old law review article and Brazilian cases predating the invention of email notwithstanding[2], the fact that Brazil and the United States are parties to the

---

[2] The Google translations of the more recent decisions cited in footnote 3 of Defendant's brief are frankly so poor that Plaintiff cannot fully decipher: (1) what other means of service were attempted in those cases, if any (though Federal Express and email do not appear to be mentioned in any of the cases); (2) what documents were attempting to be served (whether initial summons, or subpoenas, or judgments, etc.); (3) whether the courts were concerned with the defendants' *actual* receipt of the documents and the principle of notice; (4) whether the fact that these cases appear to involve divorce and criminal judgments as opposed to civil claims against a corporation is relevant; or (5) what country or countries' legal analyses are being applied to the question (for example, in the case attached to Defendant's brief at Exhibit (H), the court appears to be talking about Portuguese laws, and in the case attached as

Inter-American Convention on Letters Rogatory "does not foreclose other methods of service among parties residing in different signatory nations, if otherwise proper and efficacious." *Kreimerman v. Casa Veerkamp, S.A.*, 22 F.3d 634, 647 (5th Cir. 1994); *Russell Brands, supra* (same); *Lyman Morse Boatbuilding Co. v. Lee,* No. 2:10-cv-337-DBH, 2012 AMC 1390, *7 (D. Me. Jan. 6, 2011) (same, allowing service on Brazilian defendant's attorneys in Maine); *Liberty Media Holdings v. Vinigay.com,* 2011 U.S. Dist. LEXIS 26657, *12 ("there is no international agreement prohibiting service via email in Brazil"); *United States CFTC v. Aliaga,* 272 F.R.D. 617, 620 (S.D. Fla. 2011) (when defendant's home country, the Dominican Republic, was not a signatory to the Hague, no international law prohibited service via email or local counsel); *Paiz v. Castellanos,* NO.: 06-22046-CIV-HIGHSMITH/McALILEY 2006 U.S. Dist. LEXIS 66532, *3 (S.D. Fla. Aug. 28, 2006) (citing *Kreimerman* and finding that **"**the Inter-American Convention's provisions regarding service of process are neither mandatory nor exclusive.")

Notably, Defendant relies on cases rejecting service by *mail*, as opposed to cases concerning service by email or Federal Express as is relevant here. The distinction is material, as the latter methods have been found to be reliable means of service. *See discussion, supra; see also TracFone Wireless, Inc. v. Bequator Corp., Ltd.,* 717 F. Supp.2d 1307, 1310 (S.D. Fla. 2010) (authorizing foreign service by Federal Express to Hong Kong defendant pursuant to Fed. R. Civ. P. 4(f)); *Tracfone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV,* 268 F.R.D. 687, 691 (S.D. Fla. 2010) (approving service by Federal Express to Honduran defendant); *Rubio, supra,* at **6-7 (finding email service is "reasonably calculated to give notice to Defendants"); *Portal Live, LLC v. Choukron,* 2011 U.S. Dist. LEXIS 98623, *3 (S.D. Fla. Sept. 1, 2011) (concluding that service by email to Thailand defendant was "reasonably calculated to apprise him of the pendency of this action"); *Liberty Media Holdings,* 2011 U.S.

---

Exhibit (I), the court discusses Canadian law). These questions are obviously material and these cases should be disregarded as indecipherable and inapposite.

Dist. LEXIS 26657, *12 (allowing service of Brazilian defendants via email and finding that case law "suppor[ts] the proposition that service by email is not generally prohibited by international agreement"). **Defendant does not even attempt to distinguish any of the cases cited in Plaintiff's initial Motion (and again here) where email or Federal Express service was approved for Brazilian defendants**.

In the one case Defendant cites where Federal Express service was rejected, the defendant had provided the affidavit of a Brazilian lawyer stating that service by Federal Express was null and void. *Lake Charles Cane Lacassine Mill, LLC v. Smar Int'l Corp.,* No. 07-cv-667, 2007 U.S. Dist. LEXIS 41941, *6 (W.D. La. June 8, 2007). No such "evidence" has been presented here, nor should such a statement be credited if it were offered, in light of the overwhelming weight of authority holding to the contrary.

Moreover, the fact that Plaintiff has already provided proof of service as to both methods, and that Defendant does not claim it failed to receive notice, weigh further in favor of a finding of reliability.

Because it is well-settled that Brazilian law does not forbid either method of service allowed here, and because these methods have been permitted in numerous other cases concerning Brazilian defendants, Defendant's argument fails.

## II. The Eleventh Circuit Does Not Require Attempted Service under Rule 4(f)(1) or 4(f)(2) Before Requesting Leave to Serve under Rule 4(f)(3).

As fully set forth in Plaintiff's initial Motion, Federal Rule of Civil Procedure 4(f) sets forth three methods for serving a defendant in a foreign country, including "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Defendant's argument that Plaintiff somehow erred by not first attempting to serve Defendant by other methods fails because federal courts in Florida hold that Fed. R. Civ. P. 4(f)(3) stands

independently and on equal footing with Fed. R. Civ. P. 4(f)'s other subsections, and it includes "no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Brookshire Bros., Ltd. v. Chiquita Brands Int'l Inc.,* No. 05-CIV-1962, 2007 U.S. Dist. LEXIS 39495, *4 (S.D. Fla., May 31, 2007), citing *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002). There is thus no requirement for a party to attempt service of process by any of the other methods enumerated in Rule 4(f)(l) or Rule 4(f)(2) before asking the Court for alternative relief under Rule 4(f)(3). *See Rio Props.,* 284 F.3d at 1014-1015. In fact, "[c]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(l) or Rule 4(f)(2)." *Id.* at 1015.

It is no small thing that the courts do not require a plaintiff to first attempt service on Brazilian defendants through letters rogatory. As the *Brand* court recognized when allowing alternate service on a Brazilian defendant, "it is clear that service of process through diplomatic channels will be less expedient and more costly than through certified or international mail." *Brand, supra,* 282 F.R.D. at 25; *see also Liberty Media, supra,* *9 (noting the numerous problems with the use of letters rogatory in Brazil, including the infrequency with which such requests are successfully executed); *Lyman Morse, supra,* *7 ("it is clear that any attempt at formal service through the Brazilian judicial system will be, if not fruitless, prolonged for such an extensive period of time that evidence and testimony may well be affected.") To grant Defendant's motion would only serve to delay proceedings in this case and drive up Plaintiff's costs, for no justifiable reason.

**CONCLUSION**

The Court rightly granted Plaintiff's Motion for Alternate Service, and Defendant has been properly served via two methods of service that have been widely approved by this and other federal courts for Brazilian defendants. Defendant has not been deprived of due process, and no Brazilian law has been violated. For all these reasons, Defendant's Motion to Dismiss should be denied.

Date: April 8, 2014

Respectfully submitted,

/s/ *Angelo Marino, Jr.*

Angelo Marino, Jr. (Florida Bar No. 151934)
**ANGELO MARINO, JR., P.A.**
645 S.E. 5th Terrace
Ft. Lauderdale, Florida 33301
Tel.: (954) 765-0537
Fax: (954) 765-0545
Email: amjrpamail@aol.com

David L. Selby, II *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Tel.: (205) 988-9253
Email: dselby@baileyglasser.com

John W. Barrett *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia 25301
Tel.: (304) 345-6555
Email: jbarrett@baileyglasser.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "**Plaintiff's Memorandum in Opposition to Defendant Forjas Taurus S.A.'s Motion to Dismiss"** is being served on the counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Angelo Marino, Jr.*
Angelo Marino, Jr.