IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| CHRIS P. CARTER,<br><br>Individually and on behalf of all<br>others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FORJAS TAURUS, S.A.,<br>TAURUS INTERNATIONAL MANUFACTURING, INC.,<br>and TAURUS HOLDINGS, INC.,<br><br>    Defendants. | CASE NO.: 1:13-cv-24583-PAS<br><br>CLASS ACTION |

**DEFENDANT FORJAS TAURUS S.A.'S**
**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

    Defendant, Forjas Taurus S.A. ("Forjas Taurus"), submits this Reply Brief in support of its Motion to Dismiss (Dkt. 30) (the "Motion"). Service by any form of mail is not permitted under Brazilian law. The Motion should be granted or, in the alternative, Plaintiff should be required to properly serve Forjas Taurus using letters rogatory

    Plaintiff agrees that the Eleventh Circuit's analysis in *Prewitt Enterprises, Inc. v. OPEC* is the proper framework for determining whether service was proper in this case, but fails to explain how service by Federal Express and e-mail "minimizes offense to foreign law." 353 F. 3d 916, 927 (2003). Regardless of whether the Federal Express and e-mail service in this case satisfies American due process requirements, it nevertheless violates Brazilian law and international sovereignty. Plaintiff has provided no authority for the proposition that Brazilian law permits service by e-mail or Federal Express, and this issue is far from "well-settled" as he contends. (DE 34 at 7).

Plaintiff asks this Court to disregard the Brazilian legal authority and treatises attached to this Motion. But this Court "may consider *any relevant material or source*, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1 (emphasis added). This Court can likewise consider affidavits submitted by experts that have opined on Brazilian law in other litigation. *See* Declaration of Keith S. Rosenn, *J.B. Custom, Inc. v. Amadeo Rossi, S.A. et al.*, Case No. 10-cv-00326 (S.D. Fla.) (attached as Ex. A); Affidavit of Luiz Alvarez, *Lake Charles Cane Lacassine, LLC v. SMAR International Corp.*, Case No. 07-cv-0667 (W.D. La.) (attached as Ex. B). Those experts opined that service must be accomplished by letters rogatory in order to comply with Brazilian law. In addition, attached is an updated affidavit from Professor Keith Rosenn testifying that service by e-mail and Federal Express continues to be improper under Brazilian law.  (attached as Ex. C.) Plaintiff has no relevant material or authority to the contrary. *Id.*

As Plaintiff notes, several federal decisions cited by Forjas Taurus squarely address the impropriety of mail service, but Plaintiff is incorrect that these cases are inapposite for two reasons. First, Plaintiff incorrectly contends that these cases should be disregarded because Federal Express and e-mail are not "mail." (DE. 34 at 1). Plaintiff has not (and cannot) explain how Federal Express and electronic mail are not "mail." They are obviously all forms of mail. In fact, one of the decisions in Plaintiff's response explains that Federal Express is a "***form*** of signed receipt mail." *Intelligener, LLC v. Adrian Soriano*, Case No. 10-cv-125, 2012 U.S. Dist. LEXIS 8176 (E.D. Tx.) (emphasis in original). Second, to the extent Plaintiff contends that the decisions relied upon by Forjas Taurus addressed the propriety of standard mail through the United States Postal Service, he is also incorrect. In *Lake Charles Cane LaCassine Mill, LLC v. Smar Intl Corp.*, the court directly addressed the impropriety of mail service by Federal Express.

Case No. 07-cv-667, 2007 WL 1695722 at *2 (W.D. La. June 8, 2007). Three other cases relied upon by Forjas Taurus squarely rejected certified mail service, which is a non-commercial equivalent to Federal Express service.[1]

Plaintiff has provided no relevant material or authority for this Court to evaluate Brazilian law, much less any authority for the proposition that Brazilian law permits service by mail. In fact, Plaintiff relies on inapplicable decisions for the proposition that "Brazilian Law [sic] does not forbid service by email or Federal Express" (DE 34 at 5-7). For instance, he relies on five decisions evaluating service under the laws of other countries (*e.g.*, Hong Kong, Thailand and Chili).[2] At least three of the decisions evaluated service under the Hague Convention,[3] and have no application to this litigation. Three other decisions involved defendants that could not be identified or located, and e-mail was the only known way to

---

[1] In *Tucker v. Interarms*, the court ruled that a summons and complaint sent by certified mail was improper because "the law of Brazil requires that service of process by a foreign party upon a party domiciled in Brazil must be made by means of letters rogatory." 186 F.R.D. 450, 452 (N.D. Ohio 1999) (internal quotations omitted). In *Alpha Omega Tech., Inc. v. PGM-Comercia E ParticiPacoes LTDA.*, the court rejected certified mail service under the same rationale that Brazilian law requires service to be made by letter rogatory. No. 93 civ. 6257, 1994 WL 37787 at *1 (S.D.N.Y. Feb. 9, 1994). Finally, in *J.B. Custom, Inc. v. Amadeo Rossi, S.A.*, the court agreed that Brazilian law precludes service by certified mail and that letters rogatory are required. 2011 WL 2199704 at *6 (N.D. Ind.).

[2] *TracFone Wireless, Inc. v. Pak China Group Co. Ltd.*, 843 D. Supp. 2d 1284, 1291-93 (S.D. Fla. 2012) (Hong Kong); *TracFone Wireless, Inc. v. Bequator Corp., Ltd.*, 717 F. Supp. 2d 13071309-10 (2010) (Hong Kong); *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV,*; 268 F.R.D. 687, 690 (2010) (Hong Kong); *The Portal Live, LLC v. Choukron*, Case No. 11-60203, DE 17, 2011 U.S. Dist. LEXIS 98623, *3 (S.D. Fla.) (Thailand); *Intelligener, LLC v. Adrian Soriano*, Case No. 10-cv-125, 2012 U.S. Dist. LEXIS 8176 (E.D. Tx.) (Chili).

[3] *TracFone Wireless, Inc. v. Pak China Group Co. Ltd.*, 843 D. Supp. 2d 1284, 1291-93 (S.D. Fla. 2012); *TracFone Wireless, Inc. v. Bequator Corp., Ltd.*, 717 F. Supp. 2d 13071309-10 (2010); *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV,*; 268 F.R.D. 687, 690 (2010).

contact or locate the person.[4] That is certainly not the situation in this case. Plaintiff can identify Forjas Taurus and knows where it is located. Another unreported decision permitted service via e-mail and certified mail on the defendant's counsel after the court found that the defendant was "avoiding service of process."[5] Again, that is not the situation in this case. Finally, Plaintiff relies on an unreported decision that did not evaluate service under 4(f) and did not evaluate Brazilian law.[6] Rather, it merely addressed general principles of personal jurisdiction. In short, none of the decisions relied upon by Plaintiff stand for the proposition that "Brazilian law does not forbid service by e-mail or Federal Express" (DE 34 at 5), and each of those decisions are properly limited to their unique circumstances.

Service by mail is improper under Brazilian law regardless of whether it is accomplished by regular mail, Federal Express, or electronic mail. Other than bare argument, Plaintiff has not offered any relevant material or authoritative source indicating that Federal Express and e-mail service are valid under Brazilian law. Plaintiff cannot do that because no Brazilian legal authority condones such service. Forjas Taurus is entitled to be served in a manner that does not offend the laws of Brazil in the same way that an American entity is entitled to be served in a manner that does not offend the laws in this county. The fact that it might be less expedient to

---

[4] *Liberty Media Holdings, LLC v. Vingay.com*, Case No. CV-11-0280, 2011 U.S. Dist. LEXIS 36657, 2011 WL 810250 (D. Ariz.); *US CFTC v. Rubio*, Case No. 12-CV-22129, 2012 U.S. Dist. LEXIS 117898 (S.D. Fla.); *The Portal Live, LLC v. Choukron*, Case No. 11-60203, DE 17, 2011 U.S. Dist. LEXIS 98623, *3 (S.D. Fla.).

[5] *Lyman Morse Boatbuilding, Inc. v. Lee*, Case No. 10-cv-337, 2011 WL 52509 (D. Maine).

[6] In *Mainstream Media, EC v. Riven*, the court noted that it has previously permitted alternative service, but the decision contained no explanation of its previous decision and lacks a number of basic characteristics of reliable authority (*e.g.*, why that was done, or whether Bahrain or British law permitted such service). 2009 WL 2157641 *3 (N.D. Cal).

request letters rogatory is not a proper basis for side-stepping proper service of process on a foreign entity, ignoring an international treaty and offending Brazilian law.

WHEREFORE Forjas Taurus requests that this Court dismiss the Complaint in its entirety as to Forjas Taurus or, in the alternative, require Plaintiff to serve Forjas Taurus with letters rogatory pursuant to Rule 4(f)(1) or some other means that does not offend Brazilian law.

Respectfully submitted,

　　　　/s/ David A. Mobley
Tiothy A. Bumann, Esq. (*Admitted Pro Hac Vice*)
EMAIL: tbumann@sgrlaw.com
David A. Mobley (FBN 571571)
EMAIL: dmobley@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3900

John P. Marino (FBN 814539)
EMAIL: jmarino@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300
*Attorneys for Defendant Forjas Taurus, S.A.*

**CERTIFICATE OF SERVICE**

I certify that on the 14th day of April, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record as indicated below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system:

| | |
|---|---|
| David L. Selby , II<br>Bailey & Glasser, LLP<br>300 Riverchase Galleria, Suite 905<br>Birmingham, AL 35244<br>Email: dselby@baileyglasser.com<br>Attorneys for Plaintiff *(Admitted Pro Hac Vice)* | Angelo Marino , Jr.<br>645 SE 5th Terrace<br>Fort Lauderdale, FL 33301-3160<br>Email: amjrpamail@aol.com<br>Attorneys for Plaintiff |
| John W. Barrett<br>Bailey & Glasser, LLp<br>209 Capital Street<br>Charleston, WV 25301<br>Email: jbarrett@baileyglasser.com<br>Attorneys for Plaintiff *(Admitted Pro Hac Vice)* | Todd Wheeles<br>Morris, Haynes, Hornsby & Wheeles<br>3500 Colonnade Parkway, Suite 100<br>Birmingham, AL 35243<br>Email: twheeles@mhhlaw.net<br>Attorneys for Plaintiff *(Admitted Pro Hac Vice)* |

                                          */s/ David A. Mobley*
                                          Attorney