# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| J. B. CUSTOM, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:10-cv-00326-PPS-RBC |
| ) | |
| AMADEO ROSSI S. A., FORJAS ) | |
| TAURUS S. A., TAURUS ) | |
| INTERNATIONAL MANUFACTURING, ) | |
| INC., AND BRAZTECH ) | |
| INTERNATIONAL, L. C. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF KEITH S. ROSENN

I, Professor KEITH S. ROSENN, hereby declare as follows:

1.    I am a tenured full-time Professor of Law at the University of Miami School of Law and am both the Chair of the Foreign Graduate Law Program and the Masters Program in Inter-American Law. I have taught courses in Comparative Law and Latin American Law since 1965, first at the Ohio State College of Law, and since 1980 at the University of Miami School of Law.

2.    I have written or edited several books and monographs dealing with Brazilian law, including CORRUPTION AND POLITICAL REFORM IN BRAZIL: THE IMPACT OF COLLOR'S IMPEACHMENT (ed. with Richard Downes) (Univ. of Miami North-South Ctr. Press 1999); O JEITO NA CULTURA JURÍDICA BRASILEIRA (Editora Renovar 1998); FOREIGN INVESTMENT IN BRAZIL (Westview Press 1991); A PANORAMA OF BRAZILIAN LAW (edited with Jacob

1

Dolinger) (North-South Center & Editora Esplanada 1992), and LAW AND INFLATION (University of Pennsylvania Press 1982). I publish in loose-leaf form as part of Constitutions of the Countries of the World my annotated translation of the Brazilian Constitution, which is updated annually to include additional amendments. I have also published numerous articles and book chapters on Brazilian law that are listed in my *curriculum vitae*, which is attached to this Declaration as Exhibit "A."

3. I have served as a consultant to the Hudson Institute, the International Finance Corporation, and the World Bank on Brazilian Law; have worked with the Ford Foundation and the State University of Guanabara (now the University of the State of Rio de Janeiro) Law School in helping to set up a graduate legal education program for Brazilian lawyers; and have worked in Rio de Janeiro as a legal consultant to a Brazilian law firm.

4. I am fluent in Portuguese, am often consulted as an expert on Brazilian law, and have testified as an expert witness on Brazilian law in both state and federal courts.

5. I submit this Declaration at the request of counsel for Defendants Forjas Taurus S.A. [hereinafter "Tauras"] and Amadeo Rossi S.A. in support of their Motion to Dismiss for invalid service of process on Brazilian corporations domiciled in Brazil and with principal place of business in Brazil.

6. In preparing this Declaration, I have reviewed the following documents: the Declaration of Deborah Srour, which has been previously filed with this Court as an Exhibit to Plaintiff's Response to Defendants' Motions to Dismiss; a copy of the envelope through which service by mail was attempted to Defendant Tauras, a copy of

the summons that was sent by mail return receipt requested, and a copy of the bilingual statement of Luis Estima, President of the Administrative Council of Taurus, each of which have been previously filed with this Court as Exhibits to these Defendants' Motions to Dismiss; a copy of the Complaint and a copy of the Plaintiff's Brief; and provisions of Brazilian statutory law, selections from Brazilian doctrine, and relevant decisions of the Brazilian Supreme Federal Tribunal and Superior Tribunal of Justice.

I.   **Legal Requirements for Service of Process from a Foreign Court in Brazil**

7.   Brazilian law currently requires that service of process for proceedings in a foreign court on individuals or corporations with a know address that are present and domiciled in Brazil be effectuated through a letter rogatory duly confirmed by the Superior Tribunal of Justice. I read paragraph 5 of Deborah Srour's Declaration as starting from this same basic proposition. There is, however, no statute that specifically states this rule. Rather the rule is derived from a long series of decisions, initially by the Brazil's highest court, the Supreme Federal Tribunal (STF), and since 2005 by the second highest court, the Superior Federal Tribunal (STJ), laid down in the context of refusal recognize and enforce foreign judgments that do not comply with the rule.

8. Articles 210 and 211 of the Code of Civil Procedure address the letter rogatory in an international context. Article 210 provides: "The letter rogatory shall obey, as to its admissibility and mode of performance, the provisions of international conventions; if there are none, it shall be remitted to the foreign judicial authority, by diplomatic route, after being translated into the language of the country in which the act must be practiced. Article 211 anachronistically provides: "The concession of enforceability to letters rogatory from foreign courts shall obey the provisions of the Internal Rules of the

3

Supreme Federal Tribunal." In order to have any legal efficacy in Brazil, a letter rogatory issued by a foreign authority must be confirmed (granted *exequatur*) in accordance with the procedures in the Internal Rules of Brazil's second highest court, the Superior Tribunal of Justice (STF). Prior to the adoption of Constitutional Amendment No. 45 of December 8, 2004, Brazil's highest court, the Supreme Federal Tribunal (STF), had exclusive constitutional jurisdiction to confirm foreign-issued letters rogatory and to recognize foreign judgments. Amendment 45 transferred this exclusive jurisdiction to conform letters rogatory and to recognize or homologate foreign judgments to the STJ, even though Article 211 of the Code of Civil Procedure still states that conferral of *exequatur* on letters rogatory issued by foreign authorities shall be governed by the Internal Rules of the STF.

9. In determining whether to confer *exequatur*, the STJ normally grants the party upon whom service is sought an opportunity to be heard and requests an opinion from the Public Ministry. STJ, Resolution No. 9 of May 4, 2005.

10. Writing in English in 1992, one of the leading Brazilian scholars on Brazilian private international law, Professor Jacob Dolinger, explained Brazilian law on service of foreign process in Brazil in the following terms:

> The lack of appropriate notice to appear is the most common reason for denial of recognition of foreign judgments. Foreign courts, and particularly foreign lawyers, continually repeat the mistake of serving defendants domiciled in Brazil by mail or through their consulates in Brazil. Both types of service are totally unacceptable to Brazilian rules of civil procedure.
> ... The basic rule is that no other service is acceptable but personal delivery of the summons by a Brazilian court officer in compliance with a request of the foreign court through a letter rogatory. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965, states in Article 10: "Provided the state of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents by postal channels, directly to persons abroad." Brazil is not a party to

the Convention, and it strongly objects to foreign judicial documents sent to Brazil by postal or consular channels. Foreign practitioners should realize that the only way to secure recognition in Brazil of foreign judgments against defendants domiciled on Brazil is to serve them initially via letter rogatory and to make sure that the foreign court has jurisdiction in accordance with Brazilian rules.

The Federal Supreme Court has said that carrying out a procedural act in Brazilian territory, in compliance with a foreign court's order and in accordance with foreign rules of procedure, is tantamount to a disregard of Brazilian sovereignty and is against public policy. Service by mail is only acceptable in Brazil when both plaintiff and defendant are domiciled in Brazil, and the case is brought before a Brazilian court. [fn. Moreover, article 222 of the Code of Civil Procedure permits service by mail only if the defendant is a businessman or an industrialist.]

Jacob Dolinger, *Brazilian International Procedural Law*, in A PANORAMA OF BRAZILIAN LAW 349, 369-370 (Jacob Dolinger & Keith S. Rosenn eds., 1992).

11.     This is still an accurate statement of Brazilian law today. The only thing that has changed in Brazilian law since Professor Dolinger's important article was published is the included footnote. Article 222 of the Code of Civil Procedure was amended by Law 8.710 of 1993 to permit service of process issued by Brazilian courts to persons who are not businessmen or industrialists. In addition, Law 11.419 of Dec. 19, 2006, has authorized electronic transmission of procedural acts domestically within the Brazilian legal system. However, neither of these measures has had any effect upon Brazil's requirement that service of process from abroad be accomplished solely by letter rogatory. Moreover, domestic service of process by mail or electronically is quite different in Brazil from the United States. The complaint must be in Portuguese and must contain and must contain a request that the defendant be served. Code of Civil Procedure, art. 282. Brazil does not permit service of the complaint until the judge has approved the complaint. If the judge determines that the complaint is legally insufficient, he will give the plaintiff an opportunity to amend it or to attach missing documents. If the court is

satisfied that the complaint meets legal requirements, the judge will order that it be served; if not, he will dismiss the complaint. Code of Civil Procedure, arts. 284 and 285. A functionary of the court will either serve the complaint personally, send it by registered mail, or if the defendant has an attorney authorized to accept service of process and has a digital address with an electronic signature registered with the court, by electronic means. Plaintiff or his attorney may not effectuate good service by simply mailing or emailing a copy of the complaint to the defendant or his counsel.

12. Brazil's highest court, the STF, has long regarded the attempt to serve foreign process on a Brazilian defendant by mail or by any means other than letter rogatory as violation of public policy and incompatible with Brazilian sovereignty. SE No. 3.448, decision of the STF *en banc*, Sept. 4, 1985, Rep. Min. Cordeiro Guerra, 115 R.T.J. 611, 614 (1986). In this case, which refused to recognize a judgment rendered in a Florida court because of the failure to serve the Brazilian defendant by letter rogatory, the opinion quoted with approval the following statement from a prior opinion of the STF in SE 2.114, 87 R.T.J. 384:

> In this case, dispensing with service of the defendants by letter rogatory (whether by using representatives of the foreign authority, or whether by the practice of a procedural act by mail in Brazil), may not be permitted. I understand the practice of a foreign procedural act (as complementary to service) within national territory, dispensing with the letter rogatory, as incompatible with Brazilian sovereignty. 115 R.T.J. at 614.

13. Similarly, in *Commodity Futures Trading Commission v. Nahas*, 738 F. 2d 487 (D.D. Cir. 1984), the Brazilian State Department and members of Brazil's Congress made clear to the U.S. court that it regarded an attempt to serve an investigative subpoena

upon a Brazilian in Brazilian territory without use of a letter rogatory as an offense to national sovereignty. Judge Tamm's opinion stated:

> The extent of intrusion on Brazil's sovereignty in this case is reflected in a letter of protest sent by the Brazilian government to the United States Secretary of State. Brazilian law requires that service of process by foreign nations be made pursuant to a letter rogatory or a letter of request transmitted through diplomatic channels. ... In its letter of protest, Brazil remonstrated that the Commission's method of serving the subpoena "[did] not conform to the [Brazilian laws] governing the handling of ... material [at the international level] .... Brazil therefore admonished the United States to "ensure compliance, in future cases, with the formalities prescribed by Brazilian law for the execution of legal instruments required by foreign courts."... [fn. 16. The intrusion on Brazil's sovereignty is also indicated by a letter from 35 members of the Brazilian Chamber of Deputies, a House in Brazil's bicameral legislature, to the United States Ambassador protesting 'the proceedings against a citizen not subject to territorial competence (jus loci) of American Justice. ... "

14. More recently, in a decision rendered by Brazil's Superior Tribunal of Justice, SEC 879, Rep. Min. Luiz Fox, published in the DJ of Sept. 25, 2006, in refusing to enforce a foreign judgment because the defendant had not been served by letter rogatory, stated: "Thus, [this is] placed as a subject of public order, which can be heard *ex officio*, leading to a clear nullity, given the lack of motivation of the decision to be recognized, as an affront to art. 216, the Internal Rules of the STF and art. 17 of the Law of Introduction to the Civil Code, which provides: 'Laws, acts and judgments of another country, as well any declarations of will, shall have no efficacy in Brazil when they offend national sovereignty, public order and good customs.' In this sense the doctrine and the case law agree. (SEC 2521, Rep. Min. Antônio Neder)." Quoted with approval in SEC No. 969-ARR (2005/0053952-6), Rep. Min. Mauro Cayetano Alabuenas.

15. Significantly, Ms. Srour's Declaration never claims that service of foreign process by mail does not offend Brazilian sovereignty or public policy. Paragraph 7 of her Declaration is carefully conditioned by the introductory clause: "As long as service of

process does not offend the national sovereignty, the public order or if it is not authentic, Brazilian law does not explicitly exclude or prohibit ... service of process by use of certified mail on a Brazilian corporation from a foreign court." But such service by mail does offend Brazilian sovereignty and public order.

16.   Nor does Ms. Srour's Declaration claim that the Brazilian courts will recognize and enforce a judgment rendered by an U.S. court where the Brazilian defendant has been served in Brazil by mail. Indeed, paragraph 9 of her declaration carefully acknowledges that despite the amendments to the Code of Civil Procedure, the issuer of the validity of the service of process "may be raised and entertained by the Brazilian Supreme Court [sic] at the time of request for enforcement of the foreign judgment... ."

17.   As I indicated in paragraph 7 of my Declaration, in 2005 exclusive jurisdiction for confirming letters rogatory and recognizing foreign judgments passed from the STF to the STJ. The most recent pronouncement of the STJ on this issue is SEC No. 3.383-US (2009/0238455-0), Rep. Min. Teori Albino Zavascki, published in the DJE of Sept. 2, 2010. This decision refused to enforcement a U.S. judgment because the Brazilian defendant was served in Brazil by mail. Citing a prior decision of the STJ earlier in 2010, SEC 4.611/FR, DJE of Apr. 22, 1010, the Reporting Minister stated: "The case law of the Superior Federal Tribunal is firm in the sense that 'for the homologation [recognition] of divorce rendered in a proceeding brought against a resident in Brazil, it is indispensable that the service be regular, which means that it has been effectuated through a letter rogatory.'"

18. While both Brazil and the United States are signatories to the Inter-American Convention on Letters Rogatory, Article 15 of that Convention, which states that the Convention does not limit any provisions in bilateral or multilateral agreements or preclude continuation of more favorable practices in no way changes Brazilian law with respect to service of process from abroad.

II. **Conclusion**

19. Service of process by mail on the Brazilian defendants is prohibited by Brazilian law and is regarded by the Brazilian courts as an offense to Brazilian sovereignty and public order or public policy.

20. Service of process upon a Brazilian corporate defendant by a Brazilian plaintiff in Brazil in an action pending in a Brazilian court requires that the complaint and its attached documents be deemed legally sufficient by the judge, who must then issue an order that the complaint be served. The complaint will be in Portuguese, and it will be either served personally, by mail or electronically by a functionary of the court. It may not be served directly by counsel for the plaintiff.

21. If the defendants fail to defend the action, any judgment rendered therein will not be enforceable in Brazil.

22. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_Keith Rosenn_
Keith S. Rosenn

Executed on this 20th day of January, 2011.