Exhibit C

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CHRIS P. CARTER,

Individually and on behalf of all
others similarly situated,

       Plaintiff,

vs.

FORJAS TAURUS, S.A., TAURUS
INTERNATIONAL MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

       Defendants.

**CASE NO.: 1:13-cv-24583-PAS**

**CLASS ACTION**

DECLARATION OF KEITH S. ROSENN

I, Professor KEITH S. ROSENN, hereby declare as follows:

    1.    I am a tenured full-time Professor of Law at the University of Miami School of Law and am both the Chair of the Foreign Graduate Law Program and the Masters Program in Inter-American Law. I have taught courses in Comparative Law and Latin American Law since 1965, first at the Ohio State College of Law, and since 1980 at the University of Miami School of Law.

    2.    I have written or edited several books and monographs dealing with Brazilian law, including CORRUPTION AND POLITICAL REFORM IN BRAZIL: THE IMPACT OF COLLOR'S IMPEACHMENT (ed. with Richard Downes) (Univ. of Miami North-South Ctr. Press 1999); 0 JEITO NA CULTURA JURIDICA BRASILEIRA (Editora Renovar 1998); FOREIGN INVESTMENT IN BRAZIL (Westview Press 1991); A PANORAMA OF BRAZILIAN LAW (edited with Jacob Dolinger) (North-South Center & Editora

1

Esplanada 1992), and LAW AND INFLATION (University of Pennsylvania Press 1982). I publish in loose-leaf form as part of Constitutions of the Countries of the World my annotated translation of the Brazilian Constitution, which is updated annually to include additional amendments. I have also published numerous articles and book chapters on Brazilian law that are listed in my *curriculum vitae,* which is attached to this Declaration as Exhibit "A."

3. I have served as a consultant to the Hudson Institute, the International Finance Corporation, and the World Bank on Brazilian Law; have worked with the Ford Foundation and the State University of Guanabara (now the University of the State of Rio de Janeiro) Law School in helping to set up a graduate legal education program for Brazilian lawyers; and have worked in Rio de Janeiro as a legal consultant to a Brazilian law firm.

4. I am fluent in Portuguese, am often consulted as an expert on Brazilian law, and have testified as an expert witness on Brazilian law in both state and federal courts.

5. I submit this Declaration at the request of counsel for Defendant Forjas Taurus S.A. [hereinafter "Forjas Tauras"] in support of its Motion to Dismiss for invalid service of process on a Brazilian corporation domiciled in Brazil and with principal place of business in Brazil.

6. Brazilian law currently requires that service of process for proceedings in a foreign court on individuals or corporations with a known address that are present and domiciled in Brazil be effectuated through a letter rogatory duly confirmed by the Superior Tribunal of Justice. Brazil is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. The only international convention dealing with service of process to which both Brazil and the United States are parties is the Inter-American Convention on Letters Rogatory (Panama January 30, 1975), 14 I.L.M. 339, along with the Additional Protocol with Annex (Montevideo, May 8, 1979), 18 I.L.M. 1238,

which provides for service of process by letters rogatory.[1] Brazil has consistently regarded attempts by foreign courts to serve defendants domiciled in Brazil by mail or any means other than letters rogatory as an offense to national sovereignty.

7.   A leading Brazilian scholar on Brazilian private international law, Professor Jacob Dolinger, has explained the law on service of foreign process in Brazil in the following terms:

> The lack of appropriate notice to appear is the most common reason for denial of recognition of foreign judgments. Foreign courts, and particularly foreign lawyers, continually repeat the mistake of serving defendants domiciled in Brazil by mail or through their consulates in Brazil. Both types of service are totally unacceptable to Brazilian rules of civil procedure.
> The basic rule is that no other service is acceptable but personal delivery of the summons by a Brazilian court officer in compliance with a request of the foreign court through a letter rogatory. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965, states in Article 10: "Provided the state of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents by postal channels, directly to persons abroad." Brazil is not a party to
> the Convention, and it strongly objects to foreign judicial documents sent to Brazil by postal or consular channels. Foreign practitioners should realize that the only way to secure recognition in Brazil of foreign judgments against defendants domiciled on Brazil is to serve them initially via letter rogatory and to make sure that the foreign court has jurisdiction in accordance with Brazilian rules.
> The Federal Supreme Court has said that carrying out a procedural act in Brazilian territory, in compliance with a foreign court's order and in accordance with foreign rules of procedure, is tantamount to a disregard of Brazilian sovereignty and is against public policy. Service by mail is only acceptable in Brazil when both plaintiff and defendant are domiciled in Brazil, and the case is brought before a Brazilian court. *Brazilian International Procedural Law*, in A PANORAMA OF BRAZILIAN LAW 349, 369-370 (Jacob Dolinger & Keith S. Rosenn eds., 1992).

8. This is still an accurate statement of Brazilian law today. The only thing that has changed in Brazilian law since Professor Dolinger's important article was published is that Law 11.419 of Dec. 19, 2006, has authorized electronic transmission of procedural acts domestically within the Brazilian legal system. However, this change  has had no effect upon

---

[1] Article 15 of the Inter-American Convention on Letters Rogatory states that the Convention does not limit any provisions in bilateral or multilateral agreements or preclude continuation of more favorable practices, but this article in no way changes Brazilian law with respect to its insistence that service of process from a foreign court be effectuated through the letter rogatory procedure.

Brazil's requirement that service of process from abroad be accomplished solely by letter rogatory. Moreover, domestic service of process by mail or electronically is quite different in Brazil from the United States. The complaint must be in Portuguese and must contain and must contain a request that the defendant be served. Code of Civil Procedure, art. 282. Brazil does not permit service of the complaint until the judge has approved the complaint. If the judge determines that the complaint is legally insufficient, he will give the plaintiff an opportunity to amend it or to attach missing documents. If the court is satisfied that the complaint meets legal requirements, the judge will order that it be served; if not, he will dismiss the complaint. Code of Civil Procedure, arts. 284 and 285. A functionary of the court will either serve the complaint personally, send it by registered mail, or if the defendant has an attorney authorized to accept service of process and has a digital address with an electronic signature registered with the court, by electronic means. Plaintiff or his attorney may not effectuate good service by simply mailing or emailing a copy of the complaint to the defendant or his counsel.

9. Articles 210 and 211 of the Brazilian Code of Civil Procedure address the letter rogatory in an international context. Article 210 provides: "The letter rogatory shall obey, as to its admissibility and mode of performance, the provisions of international conventions; if there are none, it shall be remitted to the foreign judicial authority, by diplomatic route, after being translated into the language of the country in which the act must be practiced. Article 211 provides: "The concession of enforceability to letters rogatory from foreign courts shall obey the provisions of the Internal Rules of the Supreme Federal Tribunal." In order to have any legal efficacy in Brazil, a letter rogatory issued by a foreign authority must be confirmed (granted *exequatur*) in accordance with the procedures in the Internal Rules of Brazil's second highest court, the Superior Tribunal of Justice (STF). Prior to the adoption of

Constitutional Amendment No. 45 of December 8, 2004, Brazil's highest court, the Supreme Federal Tribunal (STF), had exclusive constitutional jurisdiction to confirm foreign-issued letters rogatory and to recognize foreign judgments. Amendment 45 transferred this exclusive jurisdiction to conform letters rogatory and to recognize or homologate foreign judgments to the STJ, even though Article 211 of the Code of Civil Procedure still states that conferral of *exequatur* on letters rogatory issued by foreign authorities shall be governed by the Internal Rules of the STF.

10.   In determining whether to confer *exequatur,* the STJ normally grants the party upon whom service is sought an opportunity to be heard and requests an opinion from the Public Ministry. STJ, Resolution No. 9 of May 4, 2005.

11.   Brazil's highest court, the STF, has long regarded the attempt to serve foreign process on a Brazilian defendant by mail or by any means other than letter rogatory as violation of public policy and incompatible with Brazilian sovereignty. For example, in SE No. 3.448, decision of the STF *en bane,* Sept. 4, 1985, Rep. Min. Cordeiro Guerra, 115 R.T.J. 611, 614 (1986),  which refused to recognize a judgment rendered in a Florida court because of the failure to serve the Brazilian defendant by letter rogatory, the opinion quoted with approval the following statement from a prior opinion of the STF in SE 2.114, 87 R.T.J. 384:

> In this case, dispensing with service of the defendants by letter rogatory (whether by using representatives of the foreign authority, or whether by the practice of a procedural act by mail in Brazil), may not be permitted. I understand the practice of a foreign procedural act (as complementary to service) within national territory, dispensing with the letter rogatory, as incompatible with Brazilian sovereignty. 115 R.T.J. at 614.

12.   Similarly, in *Commodity Futures Trading Commission v. Nahas,* 738 F. 2d 487 (D.C. Cir. 1984), the Brazilian State Department and members of Brazil's Congress made clear

to the U.S. court that it regarded an attempt to serve an investigative subpoena

upon a Brazilian in Brazilian territory without use of a letter rogatory as an offense to national

sovereignty. Judge Tamm's opinion stated:

> The extent of intrusion on Brazil's sovereignty in this case is reflected in a letter of protest
> sent by the Brazilian government to the United States Secretary of State. Brazilian law
> requires that service of process by foreign nations be made pursuant to a letter rogatory or
> a letter of request transmitted through diplomatic channels.
>     In its letter of protest, Brazil remonstrated that the Commission's method of serving
> the subpoena "[did] not conform to the [Brazilian laws] governing the handling of
> material [at the international level] Brazil therefore admonished the United States to
> "ensure compliance, in future cases, with the formalities prescribed by Brazilian law
> for the execution of legal instruments required by foreign courts."... [fn. 16. The
> intrusion on Brazil's sovereignty is also indicated by a letter from 35 members of the
> Brazilian Chamber of Deputies, a House in Brazil's bicameral legislature, to the United
> States Ambassador protesting 'the proceedings against a citizen not subject to territorial
> competence (jus loci) of American Justice. ... "

13.   In 2005, exclusive jurisdiction for confirming letters rogatory and recognizing

foreign judgments passed from the STF to the STJ.  In an early decision rendered by Brazil's

Superior Tribunal of Justice, SEC 879, Rep. Min. Luiz Fox (now a member of the STF),

published in the DJ (Official Gazette) of Sept. 25, 2006, the Tribunal refused to enforce a

foreign judgment because the defendant had not been served by letter rogatory, stating:

"Thus, [this is] placed as a subject of public order, which can be heard *ex officio,* leading to a

clear nullity, given the lack of motivation of the decision to be recognized, as an affront to art.

216, the Internal Rules of the STF and art. 17 of the Law of Introduction to the Civil Code, which

provides: 'Laws, acts and judgments of another country, as well any declarations of will, shall

have no efficacy in Brazil when they offend national sovereignty, public order and good

customs.' In this sense the doctrine and the case law agree. (SEC 2521, Rep. Min. Antonio

Neder)." Quoted with approval in SEC No. 969-ARR (2005/0053952-6), Rep. Min. Mauro

Cayetano Alabuenas.

14.   More recently,  the STJ in  SEC No. 3.383-US (2009/0238455-0), Rep. Min. Teori

Albino Zavascki, published in the DJE of Sept. 2, 2010,  refused to enforce a U.S. judgment because the Brazilian defendant was served in Brazil by mail. Citing a prior decision of the STJ earlier in 2010, SEC 4.611/FR, DJE of Apr. 22, 1010, the Reporting Minister stated: "The case law of the Superior Federal Tribunal is firm in the sense that 'for the homologation [recognition] of divorce rendered in a proceeding brought against a resident in Brazil, it is indispensable that the service be regular, which means that it has been effectuated through a letter rogatory.'"

15.   The most recent decision of the STJ on the subject is SEC No. 8720, Rep. Min. Maria Thereza de Assis Moura, decided on Mar. 19, 2014 and published in the DJE of Mar. 26, 2014. In this case, the Tribunal refused to recognize and enforce a foreign divorce decree because the Brazilian defendant had not been served by letter rogatory.

16.   In addition to the Nahas case cited in par. 12, *supra,* several U.S. courts have recognized that Brazilian law requires that service of  process by a foreign court must be effectuated by letters rogatory and that service of process by mail is unacceptable. E.g., J.B. Custom, Inc. v. Amadeo Rossi, S.A., 2011 WL 2199704 (N.D. Ind. 2011); Lake Charles Cane LaCassine Mill, LLC v. Smar Intl Corp., 2007 WL 1695722 (W.D. La. 2007).

## CONCLUSIONS

17.   Service of process by mail, whether it is registered mail, Federal Express, electronic mail, or some other form of mail, on a Brazilian defendants is prohibited by Brazilian law and is regarded by the Brazilian courts as an offense to Brazilian sovereignty and public order or public policy.

18.   Service of process upon a Brazilian corporate defendant by a Brazilian plaintiff in Brazil in an action pending in a Brazilian court requires that the complaint and its attached

7

documents be deemed legally sufficient by the judge, who must then issue an order that the complaint be served. The complaint will be in Portuguese, and it will be either served personally, by mail or electronically by a functionary of the court. It may not be served directly by counsel for the plaintiff

19.     If a Brazilian domiciled defendant fails to defend an action in a foreign court where service has been effectuated by mail, any judgment rendered by the foreign court will not be enforceable in Brazil.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Keith S. Rosenn

Executed on this 14th day of April, 2014.

8

Dec. 2013

## RESUME OF KEITH S. ROSENN

| | | |
|---|---|---|
| Business<br>Address: | University of Miami<br>School of Law<br>P.O. Box 248087<br>Coral Gables, Florida 33124 | Tel: (305) 284-4587<br>Fax: (305) 284-6506<br>krosenn@law.miami.edu |

PERSONAL

Born:          December 1938, Wilkes-Barre, Pennsylvania

Marital        Married, three children
Status:

EDUCATION      B.A. Amherst College, 1960, cum laude

               LL.B. Yale Law School, 1963, Order of the Coif

CLERKSHIP      Law Clerk to Judge J. Joseph Smith, U.S. Ct. of Appeals for the Second
               Circuit, 1963-64.

LAW PRACTICE   Associate with Rosenn, Jenkins & Greenwald, Wilkes-Barre, Pa., 1964-65;
               Associate with Escritório Augusto Nobre, Rio de Janeiro, Brazil 1979-80;
               Consultant to law firms in Arizona, California, Florida, Illinois, Louisiana,
               Missouri, New York, Ohio, Pennsylvania, Texas, and Washington.

BAR            Admitted Supreme Court of Pennsylvania, 1964; U.S. Ct. of Appeals for the
               Third Circuit, 1979; Supreme Court of Florida, 1981; U.S. Court of Appeals
               for the Eleventh Circuit, 1982; U.S. Court of International Trade, 1985.
               Member:  American Bar Association and Section of International Law,
               Inter-American Bar Association, The Florida Bar.

LAW TEACHING   Ass't. Prof., Ohio State Univ. College of Law, 1965-67; Assoc. Prof., Ohio

---

| EXHIBIT A |
|---|

State Univ. College of Law 1968-70; Prof. of Law, Ohio State University, 1970-79; Prof. of Law, University of Miami School of Law, 1979-   ; Associate Dean of the University of Miami Law School, 1982-83; Director, Foreign Graduate Law Program, 1985-1997, Chairman since 1997; Director, Masters Program in Inter-American Law, 1984- .

<u>VISITING TEACHING</u>

Tutor-in-Law, Yale Law School, 1963-64;State University of Guanabara's Center for Study and Research on Law Teaching, Rio de Janeiro, Brazil, 1966-67; Stanford Law School, Chilean Law Program, Summer 1968; Law School of the National University of Paraguay, December 1970; University of San Diego at Guadalajara, Mexico, Summer 1983; University of Francisco Marroquin, Guatemala City, November 1983; University of San Diego at Mexico City, Summer 1985; University of San Diego at Paris, Summer 1986; National Judicial College, Reno, Program for Chilean Judges, June 1988 and 1989; Program for Costa Rican Law Students, St. Thomas Law School, July 1989; University of San Diego at Regents College London, Summer 1991; National Judicial College, Reno, Program for Bolivian Judges, October 1991; Visiting Professor, Pompeu Fabra University, Barcelona, May 1994; University of Miami School of Law at University of London, Summer 1994; St. Thomas Law School at Maria Cristina University, San Lorenzo de Escorial, Spain, Summer 1996; Southwestern University School of Law at University of Belgrano, Buenos Aires, Summer 1998; University of Miami School of Law at Pompeu Fabra University, Barcelona, Summer 2002.

<u>PROFESSIONAL AND CIVIC RESPONSIBILITIES</u>

Vice-chairman of the Inter-Am. L. Comm. of the Am. Bar Assoc., 1974-79; Member, Bd. of Editors, Am. J. Comp. L. 1965-1979, 1981-2012 and Director, Am. Soc. for the Comp. Study of Law, 1965-79, 1981- ; Member, Academy of Foreign Law; Life Member, Am. Law Institute; Exec. Comm., Am. Soc. for Comp. Study of Law, 1986-88; Member of Honor of the Inter-American Academy of International and Comparative Law; Associate Member, International Academy of Comparative Law; Secretary, Brazilian-American Chamber of Commerce (Miami), 1982-3; Director, Brazilian-American Chamber of Commerce (Miami), 1982-88; Member, Advisory Board, Univ. of Miami North-South Center 1991-; Senior Fellow, Univ. of Miami Center for International Studies, 1982; Chair, Comp. Law Section of the Am. Assoc. of Law Schools, 1988; Faculty Advisor, Inter-Am. Law Review (formerly Lawyer of the Americas), 1981-   ; Regional Board

Member, Anti-Defamation League, 1984-86; Chairman, Comm. on Legal Research and Publications, Inter-Am. Bar Foundation, 1985-7; Fulbright Lecturer, Argentina, Buenos Aires, Aug. 1987 and Mendoza, Oct. 1988; USIA AMPART lecturer, Brazil, Aug. 1987, Chile, July 1989, Paraguay, August 1989; Director of Brazil Task Force, North-South Center, 1991-3; member External Grant Proposal Review Board of the North-South Center, 1991-98; member Fulbright Area Peer Review Committee for Latin America: Southern Cone/ Brazil/American Republics Research, 1992-94; member FIU Summit Center/Florida Committee on the Dispute Settlement Working Group of the Free Trade Area of the Americas, 1998.

## ORGANIZATION OF INTERNATIONAL CONFERENCES

Organizer, fourteen seminars on selected aspects of U.S. law in Spanish for Colombian Lawyers, University of Miami, 1985- ; Organizer of five seminars on selected aspects of U.S. law in Portuguese for Brazilian judges, University of Miami, 1993-99; Organizer "Unification of Law and Law Reform in a Changing World" (Jan. 1992 Conference on Unidroit Draft Principles for International Commercial Contracts); Organizer "Whither Brazil after Collor: The Political, Economic, and Institutional Issues of the Transition" (Feb. 1993 Conference on the Brazilian Presidential Impeachment); Organizer Seminar on U.S. law in Portuguese for students and faculty of the Law School of the Universidade Santa Cecília de Bandeirantes (Apr. 1995); Organizer Seminar on U.S. law for Austrian lawyers (Oct. 1995); Organizer Seminar on Comparative Law for Public Ministry of Pará, Brazil (May 1998); Organizer Seminar on Comparative Law in Portuguese for Institute for Juridical Teaching and Research of São Paulo (Nov. 2000).

## OTHER EMPLOYMENT

Project Associate, Ford Foundation, Rio de Janeiro, 1966-68; Consultant on Brazilian Law, Hudson Institute, 1977; Program Coordinator, Olin Fellowship Program, University of Miami Law and Economics Center, 1980-81; Consultant on Latin American Law, U.S. Department of State, 1981-82; Associate, University of Miami Law & Economics Center, 1979-84; Consultant on Brazilian Law, International Finance Corporation, 1986; Consultant on Brazilian Law, World Bank, 1988-1990; Consultant to the State University of New York on Bolivian Constitutional Reform, 1993.

## PUBLICATIONS

Books:

LAW AND DEVELOPMENT IN LATIN AMERICA with  Kenneth  Karst (joint publication of Univ. of Calif. Press and U.C.L.A. Lat. Am. Center 1975), 729 pgs.

LAW AND INFLATION (Univ. of Pa. Press 1982), 451 pgs.

FOREIGN INVESTMENT IN BRAZIL (Westview Press 1991), 405 pgs.

A PANORAMA OF BRAZILIAN LAW (edited with Jacob Dolinger) (Univ. of Miami North-South Center and Editora Esplanada Ltda. 1992), 518 pgs.

O JEITO NA CULTURA JURÍDICA BRASILEIRA (Editora Renova 1998), 130 pgs.

CORRUPTION AND POLITICAL REFORM IN BRAZIL: THE IMPACT OF COLLOR'S IMPEACHMENT (ed. with Richard Downes) (Univ. of Miami North-South Center Press 1999), 184 pgs. Also published as CORRUPÇÃO E REFORMA POLÍTICA NO BRASIL: O IMPACTO DO IMPEACHMENT DE COLLOR (FGV, Rio de Janeiro, 2000), 237 pgs.

Monographs:

TRENDS IN BRAZILIAN REGULATION OF BUSINESS (AEI Pub. Pol. Res., Occ. Pap. Ser. No. 1, 1981), 75 pgs..

REGULATION OF FOREIGN INVESTMENT IN BRAZIL: A CRITICAL ANALYSIS (AEI Pub. Pol. Res., Occ. Pap. Ser. No. 8, Sept. 1983), 92 pgs..

EL CONSTITUCIONALISMO EN AMERICA LATINA (Univ. Francisco Marroquin, Guatemala 1984), 51 pgs..

FOREIGN INVESTMENT POLICIES IN BRAZIL (World  Bank Report No. 8169-BR, Mar. 19, 1991).

Book Chapters:

"Right of Compensation for Detention Prior to Acquittal," in LAW IN THE UNITED STATES OF AMERICA IN SOCIAL AND TECHNOLOGICAL REVOLUTION 615-635 (John Hazard & Wence Wagner eds., 1974).

"Treatment of the Foreign Investor:  The Brazilian Style," in THE FUTURE OF BRAZIL 245-289 (William Overholt ed., 1979).

"Soberania y Participación Política en la Nueva Constitución de Chile," in COMENTARIOS DE JURISTAS INTERNACIONALES, CONSTITUCION DE 1980, 114-125 (1984).

"A Comparison of Latin American and North American Legal Traditions," in MULTINATIONAL MANAGERS AND HOST GOVERNMENT INTERACTIONS 127-152 (Lee Tavis ed., 1988).

"La Protección de la Independencia del Poder Judicial en Latinoamérica," in INSTITUTO DE INVESTIGACIONES JURÍDICAS, 2 ESTUDIOS EN

HOMENAJE AL DOCTOR HÉCTOR FIX-ZAMUDIO EN SUS TREINTA AÑOS COMO INVESTIGADOR DE LAS CIENCIAS JURÍDICAS 1247-76 (1988); reprinted in 1 DERECHO CONSTITUCIONAL COMPARADO MEXICO-ESTADOS UNIDOS 413-451 (James Smith ed., 1990).

"The Success of Constitutionalism in the United States and its Failure in Latin America An Explanation," in THE U.S. CONSTITUTION AND THE CONSTITUTIONS OF LATIN AMERICA 53-96 (Kenneth W. Thompson ed., 1991).

"1988 Constitution of the Federative Republic of Brazil--Annotated English Translation," in A PANORAMA OF BRAZILIAN LAW 383-518 (Jacob Dolinger & Keith Rosenn eds., 1992).

"Collor's Proposed Amendments to the Brazilian Constitution," in POLITICAL CONSTRAINTS ON BRAZIL'S ECONOMIC DEVELOPMENT 29-32 (Siegfried Marks ed., 1993).

"Comparación de la Protección de los Derechos Individuales en las Nuevas Constituciones Latinoamericanas de Colombia y Brasil," in LA CARTA DE DERECHOS: SU INTERPRETACIÓN Y SUS IMPLICACIONES 149-176 (Manuel José Cepeda ed., 1993).

"Comparação dos Aspectos Jurídicos do MERCOSUL e do NAFTA," in ANAIS DO I ENCONTRO INTERNACIONAL DE FISCALIZAÇÃO DO MERCOSUL 165-174 (Tribunal de Contas do Estado do Paraná, 1995).

" A Comparison of the Protection of Individual Rights in the New Constitutions of Colombia and Brazil," in 3 PERSPECTIVAS CONSTITUCIONAIS NOS 20 ANOS DA CONSTITUIÇÃO DE 1976, 331-366 (Jorge Miranda & Albrecht Weber eds., 1996-1998).

"Collor's Downfall in Comparative Perspective," (with Richard Downes), in CORRUPTION AND POLITICAL REFORM IN BRAZIL: THE IMPACT OF COLLOR'S IMPEACHMENT 141- 158 (Keith S. Rosenn & Richard Downes eds., 1999).

"Os Efeitos do Controle Judicial de Constitucionalidade nos Estados Unidos, Canadá e América Latina numa Perspectiva Comparada," in DIREITO CONSTITUCIONAL EM EVOLUÇÃO: Perspectivas 125-154 (Paulo Gomes Pimental Júnior ed., 2005).

"Federalism in Brazil," in O DIREITO INTERNACIONAL CONTEMPORÂNEO: ESTUDOS EM HOMENAGEM AO PROFESSOR JACOB DOLINGER 575-597 (Carmen Tibúrcio & Luís Roberto Barroso eds., 2006).

"The Brazilian Jeito and its Implications for the Rule of Law," in REGEL UND ABWEICHUNG: STRATEGIE UND STRATEGEME 159-173 (Achim Hecker, Klaus Kammerer, Bernd Schauenberg & Harro von Senger eds., 2008).

"Conflict Resolution and Constitutionalism: The Making of the Brazilian

Constitution of 1988," in FRAMING THE STATE IN TIMES OF TRANSITION: CASE STUDIES IN CONSTITUTION MAKING 435-466 (Laurel E. Miller ed., U.S. Institute of Peace, 2010 ).

Articles:

*Puerto Rican Land Reform: The History of an Instructive Experiment*, 73 YALE L.J. 334-356 (1963); reprinted 33 REV. JURID. UNIV. P.R. 189-215 (1964) partially reprinted in MERRYMAN & CLARK, COMPARATIVE LAW: WESTERN EUROPEAN AND LATIN AMERICAN LEGAL SYSTEMS 1013-19 (1978).

*Adaptations of the Brazilian Income Tax to Inflation*, 21 STANFORD L. REV. 58-105 (1968).

*The Reform of Legal Education in Brazil*, 21 J. LEG. EDUC. 251-283 (1969).

*Controlled Rents and Uncontrolled Inflation: The Brazilian Dilemma*, 17 AM. J. COMP. L. 239-267 (1969).

*The Jeito: Brazil's Institutional Bypass of the Formal Legal System and Its Developmental Implications*, 19 AM. J. COMP. L. 514-549 (1971); reprinted INT'L LIBRARY OF ESSAYS IN LAW & LEGAL THEORY, COMPARATIVE LEGAL CULTURES 514-608 (Csaba Varga ed. 1992); partially reprinted in HENRY de VRIES, CASES AND MATERIALS ON THE LAW OF THE AMERICAS 40-48 (1972); MERRYMAN & CLARK, COMPARATIVE LAW: WESTERN EUROPEAN AND LATIN AMERICAN LEGAL SYSTEMS 384-90 (1978); BRAZILIAN MOSAIC: PORTRAITS OF A DIVERSE PEOPLE AND CULTURE 22-29 (G. Harvey Summ ed. 1995).

*Teaching Latin American Law*, 19 AM. J. COMP. L. 692-699 (1971).

*Expropriation, Inflation, and Development*, 1972 WIS. L. REV. 845-879.

*Judicial Review in Latin America*, 35 OHIO ST. L. J. 785-819 (1974).

*Expropriation in Argentina and Brazil: Theory and Pratice*, 15 VA. J. INT'L L. 277-318 (1975); partially reprinted in MERRYMAN & CLARK, COMPARATIVE LAW: WESTERN EUROPEAN AND LATIN AMERICAN LEGAL SYSTEMS 1160-62 (1978).

*The Constitutional Guaranty against Diminution of Judicial Compensation*, 24 U.C.L.A. L. REV. 406-445 (1976).

*Compensating the Innocent Accu*sed, 37 OHIO ST. L. J. 705-726 (1976).

*Protecting Contracts from Inflation*, 33 BUS. LAWYER 729-747 (1978).

*Adjusting Taxation of Business Income for Inflation: Lessons from Brazil and Chile*, 13 TEXAS INT'L L. J. 165-197 (1978).

*The Effects of Inflation on the Law of Obligations in Argentina, Brazil, Chile and Uruguay*, 2 B.C. INT'L & COMP. L. J. 269-298 (1979).

*Enforcement of Foreign Arbitral Awards in Brazil*, 28 AM. J. COMP. L.

498-506 (1980).

*Trends in Brazilian Regulation of Business*, 13 LAWYER OF THE AMERICAS 169-209 (1982).

*Regulation of Foreign Investment in Brazil: A Critical Analysis*, 15 LAWYER OF THE AMERICAS 307-365 (1983); reprinted in 10 MODERN LEGAL SYSTEMS CYCLOPEDIA 99-140 (Kenneth Redden ed. 1985).

*Brazil's Legal Culture: The Jeito Revisited,* 1 FLA. INT'L L. J. 1-43 (1984), partially reprinted in MERRYMAN, CLARK, & HALEY, THE CIVIL LAW TRADITION: EUROPE, LATIN AMERICA, AND EAST ASIA 677-684 (1994).

*Un Analisis Comparativo del Constitucionalismo en América Latina y en los Estados Unidos*, 11 REV. FACULTAD DE DER. UNIV. FRANCISCO MARROQUIN 5-51 (May 1984).

*Civil Procedure in Brazil*, 34 AM. J. COMP. L. 487-525 (1986) partially reprinted in MERRYMAN, CLARK, & HALEY, THE CIVIL LAW TRADITION: EUROPE, LATIN AMERICA, AND EAST ASIA 1049-1053 (1994).

*Corruption in Mexico: Implications for U.S. Foreign Policy*, 18 CALIF. W. INT'L L. J. 95-104 (1987-1988).

*The Protection of Judicial Independence in Latin America*, 19 U. MIAMI INTER-AM. L. REV. 1-35 (1987); partially reprinted in 22 CIJL BULL. 13-39 (Oct. 1988) and 102/103 LAW & JUSTICE 30-43 (1989); updated Spanish version in 21-22 BOLETÍN DEL CIJA 52-99 (Abr.-Oct. 1988), partially reprinted in MERRYMAN, CLARK, & HALEY, THE CIVIL LAW TRADITION: EUROPE, LATIN AMERICA, AND EAST ASIA 817-818 (1994).

*Brazil's New Constitution: An Exercise in Transient Constitutionalism for a Transitional Society*, 38 AM. J. COMP. L. 773-802 (1990).

*The Success of Constitutionalism in the United States and Its Failure in Latin America: An Explanation*, 22 U. MIAMI INTER-AM. L. REV. 1-39 (1990).

*A Comparison of the Protection of Individual Rights in the New Constitutions of Colombia and Brazil*, 23 U. MIAMI INTER-AM. L. REV. 659-691 (1992), partially reprinted in MERRYMAN, CLARK, & HALEY, THE CIVIL LAW TRADITION: EUROPE, LATIN AMERICA, AND EAST ASIA 742-745, 818 (1994).

*Federalism in the Americas in Comparative Perspective*, 26 U. MIAMI INTER-AM. L. REV. 1-50 (1994); Spanish version*, El Federalismo en Las Américas, Una Comparación Prospectiva*, in 5TH CONGRESO IBEROAMERICANO DE DERECHO CONSTITUCIONAL 791-810 (1998); partially reprinted in DORSEN, ROSENFELD, SAJO & BAER, COMPARATIVE CONSTITUTIONALISM 419, 450-452 (2003); partially

reprinted in MAGNET, 1 CONSTITUTIONAL LAW OF CANADA 69-71 (9th ed., 2007).

*Brazil: Constitutions*, 1 ENCYCLOPEDIA OF LATIN AMERICAN HISTORY AND CULTURE 433-436 (Barbara A. Tenenbaum ed. 1996).

*Brazil: Electoral Reform Legislation*, 1 ENCYCLOPEDIA OF LATIN AMERICAN HISTORY AND CULTURE 437-438 (Barbara A. Tenenbaum ed. 1996).

*Judicial Systems: Brazil*, 3 ENCYCLOPEDIA OF LATIN AMERICAN HISTORY AND CULTURE 336-338 (Barbara A. Tenenbaum ed. 1996).

*An Overview of Differences between the Civil Law and Common Traditions*, 11 FLA. J. INT'L L. 70-72 (1996).

*Judicial Reform in Brazil*, 4 NAFTA: L. & BUS. REV. AMERICAS 19-37 (Spring 1998).

*Whither Brazil: MERCOSUL and the Devaluation Crisis*, 5 NAFTA: L. & BUS. REV. AMERICAS 421-429 (Summer 1999).

*Some Controversial Aspects of the New Brazilian Arbitration Law*, 31 U. MIAMI INTER-AM. L. REV. 223-252 (2000) (with Wald & Schellenberg).

*Judicial Review in Brazil: Recent Developments under the 1988 Constitution*, 7 Sw. U. J. L. & TRADE AM. 291-319 (2000). Updated and revised as *O controle de constitucionalidade no Brasil*, 227 REV.DIR. ADMIN. 1-30 (Jan.-Mar. 2002). Reprinted in ANGEL OQUENDO, LATIN AMERICAN LAW 144-153 (2006).

*Brazil*, in 1 LEGAL SYSTEMS OF THE WORLD: A POLITICAL, SOCIAL, AND CULTURAL ENCYCLOPEDIA 188-196 (Herbert M. Kritzer ed. 2002)

*Os Efeitos do Controle Judicial de Constitucionalidade nos Estados Unidos, Canadá e América Latina numa Perspectiva Comparada,* 235 REV. DIR. ADMIN. 159-185 (Jan.-Mar. 2004).

*Federalism in Brazil*, 43 DUQUESNE L. REV. 577-598 (2005).

*Separation of Powers in Brazil*, 47 DUQUESNE L. REV. 839-870 (2009).

*Procedural Protection of Constitutional Rights in Brazil,* 59 AM. J. COMP. L.1009-1050 (2011).

*A Proposed Brazilian Constitutional Amendment to Make Judgments Res Judicata before All Appeals Have Been Exhausted*, 29 INT'L L. Q. 62-66 (Fall 2011).

*Recent Important Decisions of the Brazilian Supreme Court*, 45 U. MIAMI INTER-AM. L. REV. 301-337 (2014 forthcoming)


Translations:

Translation of Caio Tácito & José Carlos Barbosa Moreira, *Judicial Conflicts of Interest in Brazilian Law*, 18 AM. J. COMP. L. 689-696 (1970).

Translation of Nestor Pedro Sagüés, *An Introduction and Commentary to the Reform of the   Argentine National Constitution*, 28 U. MIAMI INTER-AM. L. REV.41-68 (1996).

Translation of Nadia de Araujo, *Dispute Resolution in Mercosul: The Protocol of Las Leñas and the Case Law of the Brazilian Supreme Court*, 32 U. MIAMI INTER-AM. L. REV. 25-56 (2001).

Translation of Constitution of the Federative Republic of Brazil- 5 October 1988, as amended to 2012 (an Annotated Translation integrating the text of 77 Amendments with an introduction to each amendment), in 3 CONSTITUTIONS OF THE COUNTRIES OF THE WORLD 1-351 (Release 2012-5, Oceana Pub., Rudiger Wolfrum ed., Dec. 2012).

Book Reviews and Prefaces:

"Judicial Review: Old and New," 81 YALE L. J. 1411-20(1972), review of Mauro Cappelletti, JUDICIAL REVIEW IN THE CONTEMPORARY WORLD.

Review of Leda Boechat Rodrigues, HISTÓRIA DO SUPREMO TRIBUNAL FEDERAL (Vols. I & II) Hispanic American Historical Review 1969.

Review of Stuart Schwartz, SOVEREIGNTY AND SOCIETY IN COLONIAL BRAZIL:   THE HIGH COURT OF BAHIA AND ITS JUDGES, 1609-1751, 70 AM. POL. SCI. REV. 262 (1976).

Review of ROBERT C. CASAD & ROGELIO SOTELA MONTANGE, EXPROPRIATION IN CENTRAL AMERICA AND PANAMA, 24 AM. J. COMP. L. 130 (1976).

Review of A. Sampay, LAS CONSTITUCIONES DE LA ARGENTINA (1810/1972). (Hispanic American Historical Review, Aug. 1978).

Review (with David Katz) of JOHN MERRYMAN & DAVID CLARK, COMPARATIVE LAW: WESTERN EUROPEAN AND LATIN AMERICAN LEGAL SYSTEMS, CASES AND MATERIALS, 68 CALIF. L. REV. 565-575 (1980).

Review of MARIA CHAVES DE MELLO, DICIONÁRIO JURÍDICO-LAW DICTIONARY: PORTUGUÊS-INGLÊS, ENGLISH PORTUGUESE, 16 U. MIAMI INTER-AM. L. REV. 431-432 (1984).

Review of FREDERICK SYNDER, LATIN AMERICAN SOCIETY AND LEGAL CULTURE (1985), Hispanic American Historical Review ___ (1986).

Review of HENRY S. DAHL, LAW DICTIONARY. DICCIONARIO JURÍDICO, 24 U. MIAMI INTER-AM. L. REV. 607-623 (1993).

Review of JORGE A. VARGAS. MEXICAN LEGAL  DICTIONARY AND DESK REFERENCE, 36 U. MIAMI INTER-AM. L. REV. 355-359 (2005).

Preface to ROBERT S. BARKER, CONSTITUTIONAL ADJUDICATION: THE COSTA RICAN EXPERIENCE iii-v (2008).

## LECTURES AND PAPERS

"Greasing the Administrative Mill in Brazil."  Roundtable of Admin. Law of the Am. Assoc. of Law School, Dec. 1968, published in 22 J. LEG. EDUC. 380 (1970).

"Law and Development in Latin America: Introduction (with Karst), 19 AM. J. COMP. L. 431-433 (1971).

"Teaching Latin American Law," Columbia  University, Jan. 1971, published 19 AM. J. COMP. L. 692-699 (1971).

"Judicial Independence in Latin America," Yale Law School, Fall 1972.

"The Informal Legal System in Brazil," Indiana University, May 1973.

"The Meaning of Citizenship in the U.S. Constitution," U.S. District Court, S.D., Ohio, Sept., 1978.

"Law and Inflation in Latin America," UCLA Law School, Nov. 1978.

"Judicial Protection of Human Rights in Latin America," Pacific Conference of Latin Am. Studies, Nov. 1978.

"Inflation and the Law of Obligations in Latin America," Comparative Law Program of the Am. Assoc. of Law Schools, Jan. 1979.

"Law and Inflation in Latin America: Lessons for the United States," Latin American Center and the Law School of the Univ. of Florida, Feb. 1979.

"Current Trends in Regulation of Business in Brazil," Columbia Univ. Research Institute on International Change, Rio de Janeiro, Aug. 1980.

"Debureaucratization:  An Idea Whose Time Has Come in Latin America," National Foreign Trade Council and Law and Economics Center, Sept. 1981.

"Inflation and the Law in Latin America," Law & Economics Center Institute for Latin American Policymakers, Oct. 1981.

"Brazilian Regulation of Business: Prospects for the Future," The Brazilian-American Chamber of Commerce (Miami), Inc., Feb. 1982.

"The Effect of Inflation on Latin American Law," Law & Economic Center Institute for Latin American Policymakers, June 1982.

"The Crisis in the Administration of Justice in Brazil," talk delivered at the American Journal of Comparative Law meeting at the University of Colorado Law School, Oct. 1982.

"El Constitucionalismo en America Latina," series of four lectures at the Universidad Francisco Marroquin, Guatemala, Nov. 1983, published as a monograph.

"A Comparison of Latin American and North American Legal Traditions," Conference on Multinational Enterprises in Latin America in Panama, Univ. of Notre Dame School of Business Administration, Jan. 1985, published as a book chapter.

"Constitutional Developments in the 1985-86 Term of the Supreme Court," Univ. of

Miami Law Forum Lecture, May 1986.

"Guaranteed Rights and Responsibilities:  The Role of the Constitution," paper presented in Washington, D.C. at the Center for Int'l Relations Conference "Educating for Freedom and Democracy in the Americas," Oct. 1986.

"Teaching Latin American Legal Systems in U.S. Law Schools," talk delivered at U.C.L.A. Conference on Latin America and Law School Curricula, Nov. 1986.

"Corruption in Mexico: Implications for U.S. Foreign Policy," paper presented at Calif. Western School of Law, San Diego at ABA Standing Comm. on Law and Nat'l. Security Conference, "Mexico and the United States: Strengthening the Relationship," Feb. 1987, published 18 CALIF. W. INT'L L. J. 95-104 (1987-1988).

"The Protection of Judicial Independence in Latin America," paper presented at the XXVI Conference of the Inter-American Bar Association, Buenos Aires, May 1987.

"Constitutionalism in the United States and Latin America," paper delivered as a Fulbright Lecturer at the Argentine Council on International Relations (CARI) on the Bicentennial of the U.S. Constitution, Buenos Aires, August 1987.

"A Comparison of the Constitutions of Argentina and the United States," lecture delivered to the Argentine Bar Association, Buenos Aires, August 1987.

"An Update on the Foreign Investment Picture in Brazil," speech delivered to the Brazilian-American Chamber of Commerce, Miami, Feb. 1988.

"Judicial Independence in Latin America," paper delivered at the United States-Mexico Comparative Law Conference in Mexico City, June 1988.

"La Protección de la Independencia Judicial en Latino-América," lecture delivered to the Consejo para la Consolidación de la Democracia in Buenos Aires, July 1988.

"Impact of U.S. Supreme Court Decisions Protecting Human Rights," lecture delivered for the Fulbright Commission at the Jornadas sobre Derechos Humanos, Universidad de Mendoza, Argentina, October 1988.

"Judicial Protection of Human Rights in Latin America," lecture delivered for the Fulbright Commission at the Jornadas sobre Derechos Humanos, Universidad de Mendoza, Argentina, October 1988.

"Protection of Human Rights in Brazil," lecture delivered at the American Bar Association Conference "Rights in Conflict: The Individual versus the State and Beyond," Jekyll Island, Ga., March 1989.

"El Derecho y La Inflación," lecture delivered at Universidad APEC, Curso de Derecho Empresarial, Santo Domingo, April 1989.

"Brazil's New Constitution: An Exercise in Transient Constitutionalism      for      a Transitional Society," paper presented at the 27th Inter-American Bar Assoc. Conference, Cartagena, Colombia, May 1989.

"La Efectividad de las Decisiones de la Suprema Corte de los Estados Unidos en la Protección de los Derechos Civiles," lecture delivered to the Bogotá Bar Association, Bogotá, Colombia, May 1989.

"Judicial Independence and Political Systems: The Latin American Experience," lecture delivered at the Law School of Universidad Diego Portales, Santiago, Chile, July 1989.

"La Independencia del Poder Judicial y la Democracia," lecture delivered to the Paraguayan Bar Association, Asunción, Paraguay, August 1989.

"El Exito del Constitucionalismo en los Estados Unidos y el Fracaso en Latinoamérica: un Intento de Explicación," lecture delivered to the National University Law School, Asunción, Paraguay, August 1989.

"The Success of Constitutionalism in the United States and its Failure in Latin America: An Explanation," lecture delivered to the White Burkett Miller Center of Public Affairs, University of Virginia, February 1990, published in THE U.S. CONSTITUTION AND THE CONSTITUTIONS OF LATIN AMERICA 53-96 (Kenneth W. Thompson ed. 1991).

"Brazil's New Constitution: An Update," lecture delivered to the Constitutional Law Committee, XXVIII Conference of the Inter-American Bar Association, Washington, D.C., October 1990.

"History of Foreign Exchange Controls in Colombia," outline for panel discussion on Parallel Market Seizures at American Bankers Assoc. & Am. Bar Assoc. Sect. of Criminal Justice, Money Laundering Enforcement Update, Miami, Fl. Sept. 1991.

"Collor's Proposed Amendments to the Brazilian Constitution," delivered at the North-South Center-Fundação Getúlio Vargas Conference on Political Constraints on Brazil's Economic Development, Rio de Janeiro, Oct. 1991, published in POLITICAL CONSTRAINTS ON BRAZIL'S ECONOMIC DEVELOPMENT 29-32 (Siegfried Marks ed. 1993).

"A Comparison of the Protection of Individual Rights in the New Constitutions of Colombia and Brazil," paper delivered at the Presidencia de la República de Colombia, La Carta de Derechos: Su Interpretación y sus Implicaciones, Bogotá, Colombia, November 1991.

"Pervasive Issues of Judicial Independence in Latin America," delivered to the Comparative Law Section at the Annual Meeting of the American Association of Law Professors, San Antonio, Texas, January 1992.

"The U.S. Supreme Court's Interpretation of the Free Exercise Clause," paper delivered at the 30th Conference of the Inter-American Bar Association, Santiago, Chile, April 1993.

Moderator, Roundtable on Judicial Reform in Latin America, Conference for Latin American Supreme Court Justices, National Center for State Courts, Williamsburg, Virginia, June 1993.

"Direito Constitucional Comparado," lecture delivered to members of the Tribunal de Justiça of the State of Bahia, Brazil, Miami, July 1993.

Panelist, "Seizing the Latin American Market: Legal, Tax and Negotiation Aspects," Baker & McKenzie, Coopers & Lybrand, and Daily Business Review Roundtable, Miami, Oct. 1993.

"A Revisão da Constituição Brasileira," lecture to the Deans of Brazilian Law Schools at American University, Washington, D.C., January 1994.

"Federalism in the Americas in Comparative Perspective," lecture delivered at the Ministry of Justice, Generalitat de Catalunya, Barcelona, May 1994.

"Comparative Constitutional Law: The Case of Hate Speech," talk delivered at the Law School of Pompeu Fabra University, Barcelona, May 1994.

"Critical Differences between the Common Law and Civil Law," talk delivered at the Law School of Pompeu Fabra University, Barcelona, May 1994.

"Una Comparación del Poder Judicial en América Latina con los Estados Unidos," lecture delivered to Latin American judges for USIS Administration of Justice Project, Miami, May 1994.

"Ensino Jurídico nos Estados Unidos e Responsabilidade Pública," lecture delivered to Brazilian university administrators for Inter-American Organization for Higher Education, Miami, September 1994.

"El Federalismo en las Americas, Una Comparación Perspectiva," paper delivered at the Fifth Iberoamerican Congress of Constitutional Law, Querétaro, México, October 1994.

"La Enseñaza Jurídica en los Estados Unidos," lecture to members of the Costa Rican National Commission for the Improvement of the Administration of Justice, Miami, June 1995.

"Comparação dos Aspectos Jurídicos do MERCOSUL e do NAFTA," lecture delivered to members of the Brazilian Judiciary at the First International Meeting on Supervision of MERCOSUL, Foz do Iguaçu, Brazil, August 1995, published in Tribunal de Contas do Estado do Paraná, Anais do I Encontro Internacional de Fiscalização do Mercosul 165-174 (1995).

"Brazilian Constitutionalism in Historical Perspective," paper delivered at the Meetings of the American Society of Legal History, Houston, Texas, Oct. 1995.

"The Brazilian Constitution after Seven Years," paper delivered to the Constitutional Law Committee, XXXII Conference of the Inter-American Bar Association, Quito, Ecuador, Nov. 1995.

"An Overview of Differences between the Civil Law and Common Law Traditions," talk delivered to the Florida Bar XI Annual Conference on Doing Business in Latin America, Miami, Florida, Feb. 1996, published in 11 FLA. J. INT'L L. 70-72 (1996).

"Novas Perspectivas do Federalismo nas Americas," lecture delivered at the Law School of the University of São Paulo at the Fifth National Meeting of Constitutional Law, São Paulo, Brazil, Sept. 1996.

"As Razões para o Exito do Constitucionalismo nos Estados Unidos," Lecture delivered to the Congresso Internacional de Direito Público, Miami, Florida, Dec. 1996.

"Five Things That Did Not Happen," talk delivered to Conference on "Economic Growth, Institutional Quality and the Role of Judicial Institutions," of the Tinker Foundation & Univ. of Md. Ctr. for Institutional Reform and the Informal Sector (IRIS), Washington D.C., Dec. 1996.

"Uma Comparação do Papel do Juiz nos Estados Unidos e no Brasil," lecture delivered to Seminar on American Law for the Judges and Public Ministry of the State of Ceará, Brazil, Miami, Fl., Jan. 1997.

13

"Recent Developments in Arbitration in Brazil," talk at Baker & McKenzie's Seminar "International Arbitration in the Americas," Miami, Fl., Feb. 1997.

"As Diferenças Principais entre o Direito Civilista e o Direito Anglosajão," lecture to the Association of Federal Labor Law Judges, Brasília, Brazil, Aug. 1997.

"Judicial Reform in Brazil," Paper delivered at Southern Methodist University in a conference on "Economic and Political Challenges of Market Reforms in Latin America, Dallas, Texas, Oct. 1997.

"Arbitragem e o Juiz Alugado," lecture delivered at the First International Congress of Justice, Fortaleza, Brazil, Dec. 1997.

"Regulation of Foreign Investment in Angola," CAER Discussion Paper No. 12 (Dec. 1997) (online http://www.hiid.harvard.edu/projects/caer/papers).

"Principles to Guide New Foreign Investment Legislation in Angola" (CAER-Consulting Assistance in Economic Reform- Discussion Paper No. 26, Apr. 1998) (http://www.cid.harvard.edu/caer2/htm/content/papers/paper 26/paper26.htm).

"Direito Constitucional Comparado," lecture to members of the Public Ministry of the Brazilian State of Pará, Miami, May 1998.

"Comparative Legal Education," talk delivered to Noronha Advogados, São Paulo, May 1998.

"Judicial Administration in Brazil," lecture delivered at the Inter-American Bar Association meeting, Lima, Peru, May 1998.

"Reforming the Brazilian Judiciary," talk delivered to the Brazil-United States Law Initiative, Univ. of Baltimore, June 1998.

"What Role for Brazil," paper presented at Beyond the Summit of the Americas II-Prospects for FTAA and Future Western Hemisphere Integration, Southern Methodist Univ. Law School, Oct. 1998.

"Constitution of 1988: The First 25 Amendments and What Still Needs to Be Done," Paper presented for Doing Business in a Changing Brazil, World Trade Institute of Pace University, Miami, Fl., Oct. 1998.

"Os Efeitos de Declarações de Inconstitucionalidade," lecture delivered to Inter-American Seminar for Brazilian Judges, Miami, Fl. Jan. 1999.

"Human Rights and the Reform of the Criminal Justice System in Brazil," lecture delivered at St. Antony's College, Oxford, England, Feb. 1999.

"Direitos Humanos e Garantias Individuais nos Sistemas de Processo Penal Comparado," lecture delivered at the 56th International Course of Criminology of the International Society of Criminology, Miami, Fl., Sept. 1999).

"Comparação dos Aspectos Jurídicos e Estruturais do MERCOSUL e NAFTA," lecture delivered at the Law School of Estácio de Sá, Rio de Janeiro, Nov. 1999.

"Mécanismos para a Resolução de Controvérsias no MERCOSUL, no NAFTA, e na Organização Mundial de Comércio, lecture delivered at the Law School of Estácio de Sá, Rio de Janeiro, Nov. 1999.

"Garantias Individuais nos Sistemas de Processo Penal Comparado," lecture delivered to the First Interamerican Congress of the Tribunal of the Jury, São Paulo, Brazil, Mar. 2000.

14

"A Comparação da Suprema Corte dos Estados Unidos com o Supremo Tribunal Federal do Brasil," lecture to the Pinheiro Neto Law Firm, São Paulo, Brazil, Mar. 2000.

"Judicial Review in Brazil: Recent Developments," talk and paper delivered to the Latin American Studies Association XXII International Congress, Miami, Mar. 2000.

"La Constitución Económica de los Estados Unidos," lecture delivered at the Law School of the University of Buenos Aires, Argentina, May 2000.

"Constitucionalismo en los Estados Unidos y América Latina," lecture delivered before the Superior Regional Tribunal, Ushuaia, Argentina, May 2000.

"A Comparison of Latin American and Common Law Legal Cultures," lecture delivered to BP-Amoco Corporate Legal Department, Key Biscayne, Fl., Oct. 2000.

"A Proteção dos Direitos Humanos nos Tribunais", lecture delivered at the Seminar for the Institute for Juridical Teaching and Research of São Paulo (Miami, Nov. 2000).

"Comparative Federalism," lecture delivered at Ohio State Univ. School of Law, Columbus, Ohio, Jan. 2001.

Commentator on all papers submitted to Panel on "The Politics and Economics of Corruption, Latin American Studies Association XXIII International Congress, Washington, D.C., Sept. 2001.

"Executive Decree Rule and the Provisional Measure in Brazil," talk to the International Lawyers Group, Miami Beach, October 2001.

"Consumer Protection Laws in Latin America," talk to South Florida Regional Counsel Conference on Lawyering in Times of Change, Miami, March 2002.

"Current Status of Judicial Reform in Brazil," talk to American Foreign Law Society, New York City, December 2002.

Commentator, "The Institution of the Rule of Law in Mexico," UCLA Law Review Symposium, Los Angeles, Jan. 2003.

"Conflict Resolution and Constitutionalism: The Brazilian Constitution of 1988," paper delivered to the United States Institute of Peace, Washington, D.C., Feb. 2003.

"Controle de Constitucionalidade: Aspectos Comparados," lecture delivered to the Encontro Internacional de Direito Constitucional, Natal, Brazil, May 2003.

"Teaching Socratically with Latin American Legal Materials," lecture delivered at the International Workshop on Legal Education in Latin America, Foundação Getúlio Vargas, São Paulo, Brazil, December 2003.

"Investor-State Arbitration in the Free Trade Area of the Americas, talk delivered to the Second Annual Miami International Arbitration Conference, Coral Gables, Jan. 2004.

"Concluding Remarks," talk delivered to Inter-American Law Review Symposium 2004: International Arbitration, Miami, April 2004.

"Federalism in Brazil," paper delivered at the International Seminar Federalism in the Americas and Beyond, Duquesne University School of Law, Nov. 2004.

15

"The Civil Law System—Basic Concepts," lecture at the Florida Bar's International Law Update and Certification Seminar, Miami, Jan. 2005.

"La Formación, Derechos Fundamentales y Reforma de la Constitución Norte Americana," lecture delivered at the Seminario Internacional de Derecho Constitucional, Clube De Abogados, Bogotá, Colombia, September 2005.

"A Defesa da Ordem Pública e a Convenção de Nova Iorque," lecture delivered at the Congresso Internacional de Arbitragem- 10 Anos da Lei 9.307/96, Teatro HSBC, Curitiba, Brazil, June 2006.

"Os Efeitos do Controle de Constitucionalidade numa Perspectiva Comparada," lecture delivered at the Instituto dos Advogados, Curitiba, Brazil, June 2006.

"Judicial Review in Brazil," lecture delivered at the Seminar, Judicial Review in the Americas and Beyond, Duquesne University School of Law, Pittsburgh, Pa., November 2006.

"The Brazilian Jeito and its Implications for the Rule of Law," lecture delivered at the University of Freiburg, Germany, December 2006.

"Teaching Latin American Law," talk delivered at a Seminar on Latin American Law at Washington University Law School, St. Louis, Apr. 2007.

"Obtaining Evidence—a Comparative View of Brazil and the United States," lecture delivered at the Seminar, Evidence Gathering in Criminal Procedure for International Legal Cooperation, University of São Paulo Law School, São Paulo, Brazil June 2007.

"Separation of Powers in Brazil," paper delivered at the Seminar, Separation of Powers in the Americas and Beyond, Duquesne Law School, Pittsburgh, Pa., Nov. 2008).

"Procedural Protection of Constitutional Rights in Brazil," paper delivered at the Seminar, Procedural Protection of Constitutional Rights in Latin America, Duquesne Law School, Pittsburgh, Pa., Nov. 2010.

"Electoral Justice in Brazil and the United States," paper delivered at the 2011 Brazil-U.S. Judicial Dialogue, Library of Congress, May 2011.

"O Impacto das Diferenças Culturais nos Negócios entre Brasileiros e Americanos," lecture delivered at the Seminar, "Como Ingressar no Mercado Norteamericano," Brazilian-American Chamber of Commerce, Miami, Fl., September 2011.

"Recent Important Decisions by the Brazilian Supreme Court," paper delivered at the Seminar, Current Constitutional Issues in the Americas, Duquesne Law School, Pittsburgh, Pa., Nov. 2012.

Keynote Presentation, "Overview of the Latin American Political and Economic Scenes," U.S. Latin America Legal Summit, Miami, Fl., Oct. 2013

## WORKS IN PROGRESS

Second edition of LAW AND DEVELOPMENT IN LATIN AMERICA (Chapters I,II, III completed)

Second edition of O JEITO NA CULTURA JURIDICA BRASILEIRA

New Book: Introduction to Brazilian Law (3 chapters completed)

## EXPERT TESTIMONY AND AFFIDAVITS

Expert witness on the law of Paraguay, Lineas Aereas Paraguayas, et al. vs. Fairchild-Hiller, U.S. District Court, Baltimore, MD (Jan. 1979).

Expert witness on the law of Argentina, Branca vs. Security Benefit Life Insurance Co., U.S. District Court, Miami, FL (Apr. 1983) and (Dec. 1991).

Expert Witness on the law of Panama, U.S. vs. Pedro Llaguno, U.S. District Court, Miami, FL (Nov. 1985).

Expert Witness on the law of Panama and Puerto Rico, U.S. vs. Gruman, U.S. District Court, Miami, FL (Apr. 1986).

Special Master on the law of the Dominican Republic, Arrow Air Inc. vs. APA International, S.A., Dade County Circuit Court (May 1986).

Expert Witness on the law of Colombia and Panama, In the Matter of the Marriage of Ana Maria Barrios Franco and Carlos Franco, Sr., District Court, Hidalgo County, Texas (Sept. 1986).

Expert Witness on the law of Colombia in U.S. vs. Carlos Sarmiento et al, U.S. District Court for the Southern District of Florida (June 1987).

Submitted an affidavit on Puerto Rican law, ABA Professional Association, Inc. vs. Augusto Menendez, Case No. 87-23630 CA 27 in the Circuit Court of the 11th Judicial District, Dade County, Florida (Aug. 1987).

Submitted two affidavits on Brazilian law, Shonac Corporation vs. Marquesa International Corporation et al, U.S. District Court for the District of N.J. (Jan. 1988), 1988 U.S. Dist. LEXIS 4639, 1988 WL 50601.

Submitted an affidavit Brazilian law, Sidnei Moura Nehme vs. Sea-Land Seafood, Inc., Dade County Circuit Court (May 1988).

Submitted an affidavit on Brazilian law in Crown Industria vs. Hallmark Cards, Inc., U.S. District Court for the Western District of Missouri (June 1988).

Expert Witness on the law of Venezuela in Banco de Comercio, S.A.C.A., et al vs. Juan Vicente Perez Sandoval et al, Circuit Court of the Eleventh Judicial Circuit,

17

Dade County, Florida (Oct. 1988).

Submitted an affidavit on Brazilian law in Atwood Turnkey Drilling, Inc. et al vs. Petroleo Brasileiro, S.A. et al, U.S. District Court for the Southern District of Texas, Houston Division (Mar. 1989).

Submitted an Affidavit on Bolivian law in Capital Bank vs. Banco de Cochabamba, Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida (Mar. 1989).

Submitted an Affidavit on Bolivian law in Banco Nacional de Bolivia, Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida (Mar. 1989).

Submitted an Affidavit on Colombian law in Sami Behar vs. Sun Bank/Miami, Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida (May 1989).

Submitted an Affidavit on Argentine law in Republic National Bank of Miami vs. Financiera Tralson S.A. et al., Supreme Court of State of New York, County of New York (July 1990).

Expert Witness on the law of Panama in Eugene Hasenfus et al. vs. Richard Secord et al., United States District Court for the Southern District of Florida (Aug. 1990).

Submitted an Affidavit on the law of Panama in Patricio Janson vs. Piper Aircraft Corp., U. S. District Court for the Southern District of Florida (Sept.1990).

Submitted an Affidavit on the law of Colombia in Marta Argueta vs. Suzuki Motor Co., Ltd., U. S. District Court for the Southern District of Florida (Sept. 1990).

Expert Witness on the law of Peru in Unisys vs. Banque Sudameris and Banco de Comercio, U. S. District Court for the Southern District of Florida (Nov. 1990).

Submitted an affidavit on the law of Peru in United States of America vs. All Monies ($99,310.01), U. S. District Court for the District of Hawaii (Nov. 1990).

Submitted four Affidavits to the Colombian Supreme Court In re: Exequatur Proceedings against Alberto Duque et al. (Apr. 1991).

Submitted two Affidavits on Brazilian law in Edward Smith vs. Eldon T. Anson et al., U.S. District Court for the Southern District of Illinois, 801 F. Supp. 176 (S.D. Ill. 1992).

Expert Witness on the law of Colombia in U.S. vs. Cecilia Estupinan, U.S. District

Court for the Southern District of Florida (Mar. 1991).

Expert Witness on the law of Colombia in <u>United States of America vs. All Funds in Accounts Maintained at Merrill Lynch et al</u>, United States District Court for the Eastern District of New York (June 1991).

Submitted an Affidavit on the Law of Nicaragua in <u>Tania Flores de Brenes et al. vs. Transportes Aereos Nacionales, S.A.</u>, Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida (Oct. 1991).

Submitted Affidavit on law of Honduras in <u>Evenor Lopez-Scott et al. vs. Transportes Aereos Nacionales, S.A., et al.</u>, District Court of Harris County, Texas (Dec. 1991).

Submitted Affidavit on law of Nicaragua in <u>Evenor Lopez-Scott et al. vs. Transportes Aereos Nacionales, S.A., et al.</u>, District Court of Harris County, Texas (Dec. 1991).

Expert Witness on the law of Mexico in <u>Astilleros Unidos de Ensenada, S.A. de C.V. vs. NEI Syncrolift, Inc. et al</u>, U. S. District Court for the Southern District of Florida (Mar. 1992).

Submitted Affidavit to the Venezuelan Supreme Court <u>In re: Exequatur Proceedings against Juan Vicente Perez Sandoval et al.</u> (Mar. 1992).

Submitted an Affidavit on the law of Argentina in <u>In re: Extradition Proceedings of the Republic of Argentina vs. Jose Luis Pujalte Franco</u> (Mar. 1992).

Expert witness on the law of Argentina, Brazil, Paraguay and Venezuela in <u>Babbit Electronics, Inc. vs. Dynascan Corporation</u>, U.S. District Court for the Southern District of Florida (Apr. 1992), 38 F. 3d 1161 (11th Cir. 1994).

Submitted an Affidavit on Colombian law in <u>In re: Alberto Duque</u>, U.S. Bankruptcy Court, Southern District of Florida (May 1992).

Submitted two Affidavits on Brazilian law in <u>Pittsburgh National Bank et al. vs. Miguel Martins Feitosa</u>, U.S. District Court for the Western District of Pennsylvania (Aug. 1992 & Je. 1993).

Submitted Affidavit on law of Costa Rica in <u>Ornamentales Siempre Verde vs. E.I. du Pont de Nemours & Company, Inc.</u>, Circuit Court of the Seventeenth Judicial for Broward County, Florida (Oct. 1992).

19

Submitted Affidavit on law of Costa Rica in <u>Plantaciones Verde, S.A. vs. E.I. du Pont de Nemours & Company, Inc.</u>, Circuit Court of the Seventeenth Judicial for Broward County, Florida (Dec. 1992).

Expert witness on the law of Mexico and Argentina in <u>Olga Lambertini vs. Frank Lambertini</u>, Eleventh Circuit Court of Dade County (June 1993).

Submitted an Affidavit on Mexican law in <u>In Re: Estate of Israel S. Levitt vs. Roslyn Levitt</u>, Fifteenth Circuit Court of Palm Beach County (Sept. 1993).

Submitted Affidavits on the laws of the Dominican Republic and Haiti in <u>Costa Nursery Farms, Inc. et al. vs. E.I. du Pont de Nemours & Company, Inc.</u>, Eleventh Circuit Court of Dade County (Nov. 1993).

Submitted Affidavit on the law of Puerto Rico in <u>Plantas la Paloma et al. vs. E.I. du Pont de Nemours & Company, Inc. et al.</u>, Eleventh Circuit Court of Dade County (Nov. 1993).

Submitted an Affidavit on the law of Nicaragua in <u>Elfrida Ramirez Alvarez et al. vs. Servicios Aereos de Honduras S.A.</u>, U.S. District Court for the Southern District of Texas, Houston Division (Feb. 1994).

Submitted an Affidavit on the Law of Costa Rica in the Claim of <u>Michele Salcino as Father of Guisseppe Salcino Molina</u> (U.S. Army Claims Service, Foreign Torts Branch 1994).

Submitted an Affidavit on the Law of Argentina in <u>Sengiali vs. Equifax, Inc. et al</u>, U.S. District Court of the Southern District of Florida (Aug. 1994).

Submitted an Affidavit on the law of Venezuela in <u>Carlos Alberto Cortez et al. vs. American Telephone and Telegraph Company et al.</u>, U.S. District Court for the Southern District of Florida (Sept. 1994).

Submitted an Affidavit on the law of the Dominican Republic in <u>Vincent vs. Vincent</u>, Seventeenth Circuit Court of Broward County (Sept. 1994).

Submitted an Affidavit on the law of Ecuador in <u>Noboa vs. Noboa</u>, Eleventh Circuit Court of Dade County (Feb. 1995).

Submitted three Affidavits on the law of Brazil in <u>Carlos Alberto Machline vs. National Helicopters</u>, U.S. District Court for the Southern District of N.Y. (Mar.-Apr. 1995).

Submitted Affidavit on the law of Venezuela in <u>First Union National Bank of Florida vs. Saneesha Investments et al.</u>, Eleventh Circuit Court of Dade County (Feb.1996).

Submitted Affidavit on the law of Venezuela in <u>First Union National Bank of Florida vs. Hernan Jose Sisco et al.</u>, Eleventh Circuit Court of Dade County (Feb. 1996).

Submitted an affidavit on the laws of El Salvador, Guatemala, and Nicaragua in <u>Raul Palacios Roman et al. vs. Aviateca, S.A.</u>, U.S. District Court for the Southern District of Texas, Houston Division (Feb. 1996).

Submitted an affidavit on the laws of El Salvador, Guatemala, and Nicaragua in <u>Maria Jose Murillo Martin de Mendez vs. Empresa Guatemalteca de Aviacion et al.</u>, Eleventh Circuit Court of Dade County, Fla. (Mar. 1996).

Expert witness and submitted two Affidavits on the law of Venezuela in <u>Banco Latino, S.A.C.A et al. vs. Gomez-Lopez, et al.</u>, U.S. District Court for the Southern District of Florida (Mar. 1996).

Submitted an Affidavit on the law of Colombia in <u>Olimpia Maria Oviedo de Abello et al. vs. Sociedad Aeronautica de Medellin Consolidada, S.A. et al.</u>, Eleventh Circuit Court of Dade County, Fla. (Mar. 1996).

Submitted an Affidavit on the law of Panama in <u>Ingra Renee Luciana et al. vs. Compañia Panameña de Aviación, S.A. et al.</u>, Eleventh Circuit Court of Dade County, Fla. (Apr. 1996).

Submitted an affidavit on the laws of El Salvador, Guatemala, and Nicaragua in <u>Barbara Davis et al. vs. Aviateca, S.A.</u>, U.S. District Court for the Southern District of Texas, Houston Division (May 1996).

Submitted an Affidavit on the law of Honduras in <u>Yvonne Romero et al vs. Transportes Aereos Nacionales et al.</u>, Eleventh Circuit Court of Dade County, Fla. (May 1996).

Submitted an Affidavit on the law of Venezuela in <u>Carlos Gill vs. Republic National Bank of Miami et al.</u>, Eleventh Circuit Court of Dade County, Fla. (May 1996).

Submitted an Affidavit on the law of Costa Rica in <u>Francisco Woods et al. vs. Nova Companies Belize, Ltd. et al.</u>, Eleventh Circuit Court of Dade County, Fla. (July 1996).

Submitted an Affidavit on the law of the Dominican Republic in <u>Joerg Schulz et al.</u> <u>vs. Allegro Resorts Marketing Corp. et al.</u>, Eleventh Circuit Court of Dade County, Fla. (Aug. 1996).

Submitted two Affidavits on the law of Colombia in <u>Roberto Velasco et al. vs.</u> <u>American Airlines et al.</u>, U.S. District Court for the Southern District of Florida (Oct. & Dec. 1996).

Submitted an Affidavit on the law of El Salvador in <u>McDonald's Corporation vs.</u> <u>Roberto Bukele et al.</u>, U.S. District Court for the Northern District of Illinois (Dec. 1996).

Submitted an Affidavit on the law of Brazil in <u>Hercules Trading Corp. vs. Barnett</u> <u>Bank of South Florida</u>, Eleventh Circuit Court of Dade County, Fla. (Jan.1997).

Submitted Two Affidavits on the law of Brazil in <u>The Dow Chemical Co. vs. Federal</u> <u>Insurance Co.</u>, U.S. District Court for the Western District of PA. (Mar. 1997, Dec. 1997).

Submitted an Affidavit on the law of Bolivia in <u>Eastman Kodak Company vs. Susana</u> <u>Kavlin et al.</u>, U.S. District Court for the Southern District of Florida, 978 F. Supp. 1078 (S.D. Fla. June 1997).

Submitted a Reply Affidavit on the laws of El Salvador, Guatemala, and Nicaragua in <u>In Re: Air Crash Disaster of Aviateca Flight 901 near San Salvador, El Salvador</u> <u>on August 9, 1995</u>, U.S. District Court for the Southern District of Florida (June 1997).

Submitted an Affidavit on the laws of Honduras in <u>Phillip Maxwell et al. v. Rafael</u> <u>"Rafi" Nir and Manuel "Manolo" Perez-Vasquez</u>, U.S. District Court for the Southern District of Florida (July 1997).

Submitted an Affidavit on the Law of Costa Rica in the case of <u>Productora de</u> <u>Semilas, S.A. vs. E.I. Du Pont de Nemours & Co.</u>, Eleventh Circuit Court of Dade County, Fla. (Aug. 1997).

Submitted a Declaration on the law of Venezuela in <u>Chemarketing Industries, Inc. v.</u> <u>C.V.G. Industria Venezolana, C.A. (a/k/a C.V.G. Venalum) et al.</u>, U.S. District Court for the Southern District of N.Y. (Aug. 1997).

Submitted an Affidavit on the law of Brazil in <u>Carlos Badin vs. Raul Francisco et al.</u>, Eleventh Circuit Court of Dade County, Fla. (Sept. 1997).

Expert Witness on the law of Colombia in <u>Guillermo Hoyos Salazar vs. Gabriel Eusse et al.</u>, Seventeenth Judicial Circuit of Broward County, Florida (Dec. 1997).

Submitted an Affidavit on the law of Venezuela in <u>Transamerica Leasing Inc. et al. vs. La República de Venezuela et al.</u>, U.S. District Court for the District of Columbia (Mar. 1998).

Submitted an Affidavit on law of Brazil in <u>United States Fidelity and Guaranty Company et al. vs. Braspetro Oil Services Company et al.</u>, U.S. District Court for the Southern District of New York (Mar. 1998). 1999 WL 307666 and 1999 WL 307642 (May 1999).

Expert Witness on the law of Colombia in the case of <u>Carlos Mejias</u>, US Immigration Judge, Miami, Fl. (Apr. 1998).

Expert Witness on the law of Venezuela in <u>In Re: The Marriage of Juan Alberto Rivero Hudec vs. Rosa Yolanda Gomez de Rivero</u>, Eleventh Judicial Circuit Court of Miami-Dade County (July 1998).

Expert Witness on the law of Colombia in <u>Clara Posada vs. Alfredo Olivares et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Sept. 1998).

Submitted an Affidavit on the law of Venezuela in <u>FOGADE, et al. vs. ENB Revocable Trust, et al.</u>, U.S. District Court for the Southern District of Florida (Feb. 1999).

Submitted two Affidavits on Venezuelan law in <u>Alas International Limited vs. Nelson Ramiz et al.</u>, Supreme Court of the State of New York, County of New York (Feb. 1999).

Submitted an Affidavit on Ecuadorian and U.S. law in <u>The Central Bank of Ecuador et al. vs. Ansbacher (Bahamas) Limited as Trustee of Conticorp Bahamas Trust</u>, Supreme Court of the Bahamas, Equity Side (May 1999).

Submitted an Affidavit on Chilean law in <u>Estate of Cabello v. Fernandez-Larios</u>, U.S. District Court for the Southern District of Florida (Aug. 1999) 157 F. Supp. 2d 1345, 2001 U.S. Dist. LEXIS 12643.

Submitted an Affidavit on Brazilian law in <u>Pro-Line International Corp. vs. American Express Travel Related Services Company, Inc.</u>, Seventeenth Judicial Circuit Court of Broward County (Sept. 1999).

Expert witness on the laws of the countries of Mercosur and the Andean Community

23

in <u>Ives Company Limited et al. vs. Dominion Textile Mauritius, Inc.</u>, before an International Arbitration Tribunal in New York City (Nov. 1999).

Submitted an Affidavit on Latin American and Dominican law in <u>United States vs. Pedro Guerrero et al.</u>, U.S. District Court for the Southern District of Florida (Dec.1999) and testified as expert witness ( Mar. 2000).

Submitted an Affidavit on the law of Paraguay in <u>Margarita Peña Bo et al. vs. Eduardo Bo</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Apr. 2000) and testified as an expert witness  (Oct. 2000).

Submitted an Affidavit on the law of Bolivia in <u>Rodolfo Flores</u>, U.S. District Court for the Southern District of Florida (Sept. 2000).

Submitted two Affidavits on the law of Guatemala in <u>Peter Kolonias et al. vs. Alpine Helicopters, Ltd. et al.</u>, Superior Court of the State of New York, Kings County (Oct. 2000, Apr. 2001).

Submitted an Affidavit on the law of Mexico in <u>Marine Power International Limited /d/b/a Mercury Marine Latin America and Caribbean vs. San Carlos Marinos de CV. of Mexico</u>, U.S. District Court for the Southern District of Florida (Oct. 2000).

Expert witness on the law of Colombia in <u>In Re: Forfeiture of $341,675.00 in U.S. Currency</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Oct. 2000) and submitted an Affidavit on Colombian law (Aug. 2001).

Submitted an Affidavit on the law of Brazil in <u>In Re: Estate of Alicides Jose Peres</u>, Probate Division of the Circuit Court for Miami-Dade County, Florida (Oct. 2000).

Submitted an Affidavit on the law of Paraguay in <u>Bank of America vs. Jose Luis Jara Guggiari et al.</u>,  Eleventh Judicial Circuit Court of Miami-Dade County (Oct. 2000) and testified as an expert witness (Dec. 2000).

Expert witness on the laws of Panama and the Dominican Republic in <u>Domar Ltd. vs. Rintin Corp.,S.A.</u>, before an American Arbitration Association panel in Miami, Fl. (Dec. 2000).

Testified three times as an expert witness on Mexican law in <u>Oscar Elizundia vs. Monica V. Cabrero de Elizundia</u>, Eleventh Judicial Circuit Court of Miami-Dade County, Family Division (Apr. 2001) and (Oct. 2001).

Submitted an Affidavit on the law of Honduras in <u>Flores v. Flores</u>, Eleventh Judicial Circuit Court of Miami-Dade County (May 2001).

Submitted an Affidavit on the law of Colombia and testified as an expert witness on the law of Colombia in <u>Flores Colon v. Falcon Farms de Colombia S.A. et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (May 2001) .

Submitted an Affidavit on the law of Brazil in <u>The State of Rio de Janeiro of the Federated Republic of Brazil vs. Philip Morris Companies, Inc.</u>, District Court of Angelina County (217th Judicial District), Texas (May 2001).

Submitted an Affidavit on the law of Bolivia in <u>Gonzales de Sosa vs. Dallas Automotive, Inc. et al</u>, Eleventh Judicial Circuit Court of Miami-Dade County (May 2001).

Submitted two Affidavits on the law of Costa Rica in <u>Administradora de Citricos de Costa Rica et. al. vs. E.I. Du Pont De Nemours & Co., Inc. et al.; and Super Helechos, S.A. et al. vs. E.I. Du Pont De Nemours & Co., Inc. et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Sept. 2001).

Submitted an Expert Witness Report on Brazilian law in <u>Frank H. Wheaton III vs. Paul R. Porreco, Administrator for Estate of Frank H. Wheaton, Jr. et al.</u>, U.S. District Court for the District of New Jersey (Oct. 2001).

Submitted a Declaration on the law of Colombia in <u>Sinaltrainal; The Estate of Isidro Segundo Gil et al. v. The Coca-Cola Company et al.</u>, U.S. District Court for the Southern District of Florida (Feb. 2002).

Submitted an Affidavit on Venezuelan law in <u>Ligia Pacheco de Perez et al. vs. AT&T Company et al.</u>, State Court of Fulton County, Georgia (Mar. 2002).

Submitted an Expert Report and Deposition Testimony as the Court's Expert on Honduran law in the case of <u>U.S. vs. One Lucite Ball</u>, U.S. District Court for the Southern District of Florida (Mar. 2002), 2003 U.S. Dist. LEXIS 4672, 252 F. Supp. 2d 1367 (S.D. Fla. 2003).

Submitted two Affidavits on Mexican law in the case of <u>Lisa Mae Miles vs. Resort Condominiums International, Inc. et al.</u>, Eleventh Judicial Circuit Court of Miami Dade County (Apr. & Aug. 2002).

Submitted a Declaration on the laws of Colombia and Guatemala in <u>Dina Patricia Matamoros de Leon de Chacon vs. Dyncorp et al.</u>, U.S. District Court for the Middle District of Florida (Je. 2002).

Submitted an Affidavit on Brazilian law in <u>Franz Altenor vs. Nehemie Edouard, Pro-</u>

Line Collision, Inc. et al., Eleventh Judicial Circuit Court of Miami-Dade County (Oct. 2002).

Submitted an Affidavit on Brazilian  law in Franz Altenor v. Nehemie Edouard, Pro-Line Collision, Inc. et al., Fifteenth Judicial Circuit Court of Palm Beach County ()ct. 2002).

Submitted an Affidavit on Venezuelan law in Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela and the Bank of New York, U.S. District Court for the Southern District of Mississippi (Nov. 2002).

Submitted an Affidavit on the law of El Salvador in Telemovil El Salvador, S.A. v. Millicom International Cellular, S.A., Eleventh Judicial Circuit Court of Miami-Dade County (Jan. 2003).

Testified as an expert witness on the law of Brazil in Freemarkets, Inc. v. Vésper, S.A., before an International Arbitration Tribunal in Lisbon (May 2003).

Testified as an Expert Witness on the law of Argentina in In Re: The Marriage of Antonio Esposito Tuccillo and Viviana Cozzuol, Eleventh Judicial Circuit Court of Miami-Dade County (June 2003).

Submitted two Affidavits on Mexican law in Gerardo Martin Demerutus Chaul et al. v. Mohammed Abu-Ghazaleh; IAT Group, Inc; Fresh del Monte Produce, Inc. et al., Eleventh Judicial Circuit Court of Miami-Dade County (June 2003 and June 2004).

Submitted an Expert's Report and testified on Argentine law in Godot, S.A. v. Wendy's International, Inc., U.S. District Court for the Southern District of Florida (September 2003), 335 F. Supp. 2d 1325 (S.D. Fla. 2004)..

Submitted an Expert's Report and deposition testimony on Mexican law in Jane Doe (PMB) v. Marriott International Inc. et al., U.S. District Court for the Northern District of Georgia (Sept. 2003).

Submitted an Affidavit on Argentine law in Monica Susana Paolicelli et al. v. Ford Motor Company et. al., U.S. District Court for the Southern District of Florida (Nov. 2003). 2006 WL 6013522 (S.D. Fla., 2006), aff'd 2008 WL 3855042 (11th Cir., 2008).

Submitted an Affidavit on Brazilian law in Mendes Junior International Company v. Banco do Brasil, S. A. et al, U.S. District Court for the Southern District of New York  (Dec. 2003).

26

Submitted an Affidavit on Argentine law in <u>Alberto Daniel Brandalise et al. vs. Ford Motor Company</u>, U.S. District Court for the Southern District of Florida (Jan. 2004), 2006 WL 6013522 (S.D. Fla., 2006), aff'd 2008 WL 3855042 (11th Cir., 2008).

Submitted an Affidavit, Deposition testimony, and testified on Mexican law in <u>Okeda de Mexico S.A. de C.V. et al. v. Joaquin Heras Heranz et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (April 2004).

Submitted an Affidavit on Argentine law in <u>Juan Pablo Andres Alonso et al. v. Ford Motor Company et al.</u>, U.S. District Court for the Eastern District of North Carolina (April 2004).

Submitted an Affidavit on the law of the Dominican Republic in <u>The Liquidation Commission of Banco Intercontinental, S.A. v. Luis Alvarez Renta, et al.</u>, U.S. District Court for the Southern District of Florida (May 2004).

Submitted three Affidavits on the law of Honduras in <u>Manuel Perez Vasquez v. Ana Rosa Tomas de Jesus Rivera Galindo, et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (June 2004, Mar. 2005, May 2005).

Submitted a Declaration on the law of Argentina in <u>Carlos Warter et al. v. Boston Securities, S.A. et al.</u>, U.S. District Court for the Southern District of Florida (June 2004), 380 F. Supp. 2d 1299, 2004 U.S. Dist. LEXIS 26259.

Served as an Arbitrator in <u>Lipman Electronic Engineering Ltd. v. Techlink Industria Electrônica de Bahia Ltda. el al.</u>, Am. Arb. Assoc., São Paulo, Brazil, Aug. 2004).

Submitted an Affidavit on the law of El Salvador  in <u>Gloria Velasquez v. Cooper Tire & Rubber Company et al.</u>, Fifteenth Judicial Circuit Court of Palm Beech County (Oct. 2004).

Submitted two Affidavits on the law of Costa Rica in <u>Ticofrut, S.A. v. E.I. Du Pont de Nemours & Company, Inc.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Oct. & Nov. 2004).

Submitted a Declaration on the laws of Mexico and Colombia in <u>United States of America v. $960,000</u>, U.S. District Court for the Southern District of Florida (Dec. 2004).

Submitted two Affidavits on Brazilian law in <u>Carlos Valdesuso v. Maria da Graca Fusquine</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Feb. & May 2005).

Submitted an Affidavit on the law of Colombia In Re: Forfeiture of $52,700 in U.S. Currency; Etc., Eleventh Judicial Circuit Court of Miami-Dade County (May 2005).

Submitted a Reply Affidavit on Argentine law in Pacheco v. Ford Motor Company, Paolicelli v. Ford Motor Company, and Brandalise v. Ford Motor Company, U.S. District Court for the Southern District of Florida (May 2005). 2006 WL 6013522 (S.D. Fla., 2006), aff'd 2008 WL 3855042 (11th Cir., 2008).

Submitted a Reply Affidavit on the law of Argentina in In Re: Bridgestone/Firestone, Inc., Tires Products Liability Litigation, Pastor et al. v. Bridgestone/Firestone North American Tire, LLC, et al., U.S. District Court for the Southern District of Indiana, Indianapolis Division (June 2005), 2007 U.S. Dist. Lexis 98929, aff'd 563 F.3d 663 (7th Cir. 2009)..

Submitted an Affidavit on the law of Colombia in Llanos Oil Exploration, Ltd. v. Drummond Company, Inc., U.S. District Court Middle District Fla. (Oct. 2005).

Submitted a Reply Affidavit on the Law of Argentina in Anibal Oscar Papandopoles et al. v. Ford Motor Co., Seventeenth Judicial Circuit Court of Broward County (Nov. 2005), 949 So. 2d 297 (4th D.C.A. 2007).

Submitted an Affidavit on the Law of Nicaragua in Zelaya v. Zelaya, U.S. District Court for the S.D. Fla. (Dec. 2005), 2006 WL 4779129 (.D. Fla. 2006).

Submitted an Affidavit on the law of Argentina in Santiso et al. v. Ford Motor Co. et al., Seventeenth Judicial Circuit Court of Broward County (Dec. 2005).

Submitted an Affidavit on the law of Brazil in International Equity Investments, Inc. v. Carla Cico, U.S. District Court for the S.D. of N.Y. (Jan. 2006).

Testified on the law of Brazil in Carla Maria de Oliveira Serra v. Transbrasil SA Linhas Aereas, Eleventh Judicial Circuit Court of Miami-Dade County (March 2006).

Submitted an Affidavit on the law of Mexico in In Re: The Marriage of Leslie Torres a/k/a Leslie Arjona and Edgar Ricardo Arjona a/k/a Ricardo Arjona, Eleventh Judicial Circuit Court of Miami-Dade County (May 2006).

Submitted an Affidavit on the Law of Panama in Gonzalez v. Air Trek, Inc. et al., Twentieth Judicial Circuit Court of Charlotte County, Florida (May 2006).

Submitted an Affidavit and Deposition Testimony on the law of Peru in Zublin Chile Ingenieria et al. v. Totalbank et al., Eleventh Judicial Circuit Court of Miami-Dade

County (June 2006).

Submitted an Affidavit on the law of Argentina in <u>Viviana Estela de Fatima Fernandez Kraus de Di Baco v. Parker Hannfin Corp.</u>, Seventeenth Judicial Circuit Court of Broward County (June 2006).

Submitted an Expert's Report, Declaration and Deposition Testimony on Brazilian law in <u>Implamed-Implantes Especializados, Comercio, Importacao e Exportacao Ltda. v. Zimmer, Inc.</u>, U.S. District Court for the S.D. Fla., Miami Div. (Oct. 2006).

Submitted an Affidavit on the law of Brazil in <u>Fleischmann v. McDonald's Corp. (In Re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil)</u>, 466 F. Supp. 2d 1020 ( N. Dist. of Ill., Eastern Div. 2006) (Oct. 2006).

Submitted an Affidavit on the law of Brazil in <u>Renato Guimaraes, Jr. v. Speiser, Krause, Nolan & Granito</u>, U.S. District Court for the S. Dist. of New York (Oct. 2006), 2006 U.S. DIST. LEXIS 91986; 2006 WL 3740847 .

Submitted an Affidavit on the law of Colombia in <u>Art Brokers USA Inc. et al. v. Fernando Botero Angulo</u>, Seventeenth Judicial Circuit Court of Broward County (Jan. 2007).

Submitted two Affidavits on the law of Mexico in <u>Miriam Saba Stern de Raffoul et al. v. Moises Saba Stern</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Apr. and Aug. 2007).

Submitted an Affidavit on the law of El Salvador in <u>Valat International Holdings, Ltd. v. El Salvador Network et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Sept. 2007).

Submitted a Declaration on the law of Ecuador in <u>Expocarga, S.A. v. Daewoo Electronics America, Inc.</u> to an ICC Arbitral Tribunal in Miami, Florida (Oct. 2007).

Submitted an Affidavit on the law of Colombia in <u>Alvarez Londoño et al. v. Hilton International Co. et al.</u>, Eleventh Judicial Circuit Court of Miami-Dade County (Nov. 2007).

Submitted an Affidavit on the law of Venezuela in <u>In re: Estate of Vincete Di Geronimo et al.</u>, Probate Division of the Circuit Court of Miami-Dade County (Nov. 2007).

Submitted an Affidavit on the law of Ecuador in <u>Isabel Cristina Zuniga Caldwell et</u>

al. v. Pratt & Whitney Canada, Inc. et al. , Eleventh Judicial Circuit Court of Miami-Dade County  (Feb. 2008).

Submitted an Affidavit on the law of Brazil in In re Air Crash Near Peixoto de Azevedo, Brazil, on September 29, 2006, U.S. District Court for the E. D. New York (Mar. 2008).

Chaired the UNCITRAL Arbitral Tribunal involving Chilean law in Moody's Overseas Holdings, Inc. v., Luis Alejandro Sierra Mujica et al. (Miami 2007-2008).

Submitted an Affidavit, a Declaration, and testified on the law of Colombia in United States vs. Benedict P. Kuehne, Oscar Saldarriaga et al., U.S. District Court for the S.D. Fla. (Nov. 2008 and Jan. 2009).

Testified as an Expert Witness on the law of  Nicaragua in United States v. Carlos German Berdeal et al., U.S. District Court for the S. D. Fla. (Dec. 2008).

Submitted a Declaration and Deposition Testimony on the law of Brazil in Roberto Tazoe et al. v. Tam Linhas Aéreas et al., U.S. District Court for the S. D. Fla. (Jan. 2009 and July 2009). (2009 WL 3232908), aff'd 631 F3d 1321 (11th Cir., 2011).

Submitted a Declaration on the law of Brazil in Constrazza International Construction, Inc. v. Universal Towers Construction, Inc.,  Ninth Judicial Circuit Court for Orange County, Fl. (Feb. 2009).

Submitted an Affidavit and gave deposition testimony on the law of Guatemala in Celia Beatriz Espino Castillo v. Cessna Aircraft Co. et al., U.S. District Court for the S.D. Fla. (Feb. 2009).

Submitted an Affidavit on the law of Mexico in Patricia Salazar v. Garlick Helicopters, Inc. et al., Thirteenth Judicial Circuit Court for Hillsborough County, Fl. (May 2009).

 Submitted an Affidavit on Mexican law in Aero Technologies, LLC v. Lockton Companies International Limited et al., U.S. District Court for the S.D. Fla. (June 2009).

Submitted an Affidavit and gave deposition testimony on Mexican law in Gracia v. Gracia, Eleventh Judicial Circuit Court of Miami-Dade County, Family Division (June 2009).

Submitted an Expert's Report on Brazilian law in Eduardo Mazzaro de Abreu et al. v. Bank of America Corporation et al., U.S. District Court for the S.D. N.Y. ( Aug.

2009), 2011 WL 2652188 ( Je. 2011)

Submitted an Affidavit on Mexican law in <u>Oldham et al. v. Pentair Water Pool and Spa, Inc. et al.</u>, U.S. District Court for the Middle District of Fla. (Tampa) (Dec. 2009).

Submitted an Affidavit on Guatemalan law in <u>Global FX Inc. v. Platte River Insurance Company et al</u>., Eleventh Judicial Circuit Court of Miami-Dade County (Jan. 2010).

Submitted an Affidavit on Honduran law in <u>Estate of Jose Felicito Figueroa et al. v. Tyrone Williams et al.</u>, U.S. District Court for the S.D. Texas-Victoria Div. (Je. 2010), 2010 WL 5387599 (S.D. Tex. 2010).

Submitted two Declarations on the law of Brazil in <u>In Re Application of Dr. Afonso Henrique Alves Braga as Judicial Administrator of Petroforte Brasileiro de Petroleo Ltda. et al.</u>, U.S. District Court for the S. D. Fla. (Jan. and Feb. 2011).

Submitted two Declarations on the law of Brazil in <u>J.B. Custom, Inc. v. Amadeo Rossi S. A. et al.</u>, U.S. District Court for the N.D. Ind. (Jan. and Feb. 2011), 2011 WL 2199704 (N.D. Ind. 2011)..

Submitted a Report on the law of the Dominican Republic and Deposition Testimony as the Court's Expert in <u>Pallano et al. v. AES Corp. et al.</u>, Superior Court of Delaware (Apr. 2011), 2011 WL 2803365 (Super. Ct. Del., Jy. 2011); 2012 WL 1664228; and 2013 WL 2156258..

Submitted a Declaration and testified on the law of Argentina in <u>Dematei et al. v. E.E. Du Pont de Nemours and Company, Inc.</u>, Superior Court of Delaware (June 2011 and Sept. 2012). (Decided *sob nome* Martinez v. I.E. Du Pont de Nemours, Dec. 5, 2012, Case 10C-04-209 ASB, Del. Cts. Website, www.courts.delaware.gov.

Submitted an Affidavit on the law of Argentina in <u>Debevoise & Plimpton LLP v. Candlewood Timber Group, LLC et al.</u>, Supreme Court of New York, County of New York (June 2011).

Submitted an Affidavit on the law of Argentina in <u>Monica Paolicelli et al. v. Ford Motor Company et al.</u>, U.S. District Court for the S.D. of Fla. (Oct. 2011).

Submitted a Declaration on the law of Brazil in <u>Indústrias de Papel R. Ramenzoni, S.A. v. Credit Suisse Holdings (USA), Inc. et al.</u>, U.S. District Court for the S.D. of New York (Jan. 2012).

Submitted an Affidavit and Supplemental Affidavit and testified on Venezuelan law in  Tomas Andres Vasquez Estrella v. Leonor Sarmiento Camperos et al., Eleventh Judicial Circuit Court of Miami-Dade County  (Feb. 2012, May 2013, and June 2013).

Submitted an Export Report, Deposition Testimony, an Affidavit and a Reply Affidavit on the law of Bolivia in H.R. Import and  Export Corp. v. UPS Latin America, Inc., U.S. District Court for the S.D. of Fla. (Feb. 2012).

Submitted a Declaration on the law of Panama in Magdalena v. Toyota Motor Corporation, U.S. District Court for the S.D. of Fla. (Apr. 2012).

Submitted an Affidavit and Reply Affidavit on the law of Brazil in Indústrias de Papel R. Ramenzoni, S.A. v. Banco de Investimentos Credit Suisse Brasil) S.A. et al., Sup. Ct. New York, County of N.Y. (May/June 2012).

Submitted an Affidavit and Two Reply Affidavits on the law of Honduras in Goldstein et al. v. Continental Motors, Inc. et al., Circuit Court of Mobile, Ala. (June/Nov. 2012).

Submitted an Affidavit and Deposition Testimony on the law of Argentina in Hupan et al. v. Alliance One International, Inc. et al., Superior Court of Delaware (Feb. and Apr. 2013).

Submitted a Declaration on the Law of Ecuador in Alpacific S.A. v. Diageo Latin America & Caribbean, Inc. et al., US Dist. Ct. S.D. Fla. (June 2013).

## GRANTS AND AWARDS

Social Science Research Council Grant for Study of Inflation in Argentina, Brazil, and Chile, July 1970 to December 1970; Dana Foundation Grant for preparation of book on the Brazilian Legal System, June 1982 - September 1982; Fulbright Lecturer, Buenos Aires, Argentina, August 1987; Fulbright Lecturer, Mendoza, Argentina, October 1988; Order of Democracy Award (Grado Gran Oficial), Congress of the Republic of Colombia, November 1987; Order of Law Award (Grado Oficial), Colegio de Abogados de Bogotá, March 1989; Lawyer of the Americas Award, Inter-American Law Review, April 1989; Jurista Emerito Award, Bogotá Bar Association, Oct. 1993; Inter-American Bar Association Jurisprudence Prize for Scholarship on Inter-American Law, May 1998; Order of the Congress of Colombia (Grado Caballero), Feb. 2000; Order of the Lawyers of Colombia (Grado Caballero), Sept. 2005.

COURSES TAUGHT

Comparative Law, Comparative Law of Latin America, Law and Development in Latin America, U.S. Constitutional Law, Criminal Law, Criminal Procedure, Doing Business in Latin America, Law and Inflation, International Business Planning Seminar, Federal Jurisdiction and Courts, International Business Transactions, Foreign Investment in Brazil Seminar, Principles of American Law.

UNIVERSITY COMMITTEE RESPONSIBILITIES

Chairman, Personnel and Tenure Committee, 1974-75, 1978-79, 2008-; Chairman, Admissions Committee, 1973-74; Chairman Clinical Comm. 1976-77; Dean Search Comm., 1977-78; Chairman, Lat. Am. Library Comm., 1969-79; Chairman, Library Comm., 1980-81; Chairman, Dean Search Comm., School of Business Administration, 1982; Dean Search Comm., Grad. School of Int'l Stud., 1983; Dean Search Comm., Law School, 1985; Chairman, Curriculum Comm. 1989; Chairman, Promotion and Tenure Committee, 1990-1991; Chairman of the Appointments Committee, 1996-99, Chairman, Promotion and Tenure Committee, 2008-2010; Search Committee for Director of Center for Latin American Studies, 2009-2010.