IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CHRIS P. CARTER,

Individually and on behalf of all
others similarly situated,

*Plaintiffs*,

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

*Defendants*.

Case No. 1:13-cv-24583

**CLASS ACTION**

## JOINT SCHEDULING REPORT

The Plaintiff, Chris P. Carter, and Defendants, Forjas Taurus, S.A., Taurus International Manufacturing, Inc., and Taurus Holdings, Inc., by and through their respective undersigned counsel and pursuant to this Court's Orders dated January 17, 2014 (DE 9), and April 8, 2014 (DE 33), hereby submit this Joint Scheduling Report.

Counsel for the Parties, Angelo Marino, Jr., David L. Selby, II, John W. Barrett, and Todd Wheeles on behalf of Plaintiff, and Timothy A. Bumann, David A. Mobley and John P. Marino on behalf of Defendants, certify that they conducted a telephone conference on April 17, 2014 to discuss the items set forth in Rule 26(f) of the Federal Rules of Civil Procedure and this Court's *Order Requiring Joint Scheduling Report* (DE 9).

A completed Case Management Deadline Worksheet is attached as Exhibit A, and a service list is attached as Exhibit B.

## A.      PLAIN STATEMENT OF THE CLAIMS

This is a proposed class action on behalf of Plaintiff and all other individuals who purchased and/or currently own certain Pistols which were designed, assembled, manufactured, imported, marketed, distributed, or sold by Defendants. Plaintiff, individually and on behalf of the proposed class, alleges that the Pistols suffer from a common design defect involving the Firing Pin Block Safety Device (the "Safety Device Defect" or "Defect"). Plaintiff's claims are for violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201 *et seq.*; negligence; strict liability in tort; breach of express warranty; breach of implied warranty of merchantability; violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; fraudulent inducement and/or suppression; negligent failure to disclose, failure to warn, concealment and misrepresentation; fraudulent concealment and intentional failure to warn; and unjust enrichment.

Plaintiff, individually and on behalf of the putative class, seeks compensatory, exemplary, treble and statutory damages, including interest thereon that cannot be quantified at this time. Plaintiff and the class also seek declaratory relief due to the Defect's creation of a definite threat of future injury.

## B.      BRIEF SUMMARY OF UNCONTESTED FACTS

The parties have not stipulated to any facts at this time.

## C.      LEGAL ELEMENTS OF EACH CLAIM AND DEFENSE ASSERTED

Plaintiff – Legal Elements of Each Claim:

Class Definition and R.23 Class Action Elements

Plaintiff brings this suit as a nationwide class action on behalf of himself and all others similarly situated pursuant to Rules 23(a), 23(b)(2), and/or 23(b)(3) of the Federal Rule of Civil Procedure. The Class that Plaintiff seeks to represent is defined as follows:

**All individuals in the United States who own a Taurus pistol manufactured after July 4, 1975, with the Firing Pin Block Safety Device, including, but not limited to, the following models: PT-24/7, PT111, PT111PRO,  PT111PROTi, PT132, PT132PRO, PT138, PT138PRO, PT140, PT140PRO, PT145, PT145PRO, PT745, and PT745PRO.**

Subject to additional information obtained through further investigation and discovery to be conducted, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.  Specifically excluded from the Class are the Taurus Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by the Taurus Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with the Taurus Defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family; and persons claiming personal injuries as a result of the Safety Device Defect.

Numerosity:   The Class is composed of thousands of persons across the United States, the joinder of whom in one action is impractical.  While the exact number and identity of Class Members are not presently known, they can be identified through the review of records in the Taurus Defendants' possession, custody and control, and/or through other formal discovery. Plaintiff is informed and believes that thousands of Class Pistols with the Defect have been manufactured and sold in Florida and throughout the United States.   In fact, the CEO of Defendant Taurus Manufacturing has testified under oath that approximately one hundred

thousand Model PT 111's Pistols have been sold in the United States and these sales numbers only include the PT 111 model, which is only one of many Taurus Models manufactured, imported to Florida, distributed, marketed, and sold with the Defect.   Consequently, the individuals in the Class are so numerous, consisting of at least one hundred thousand Class Members, that the sheer number of aggrieved persons makes joinder of all such persons impracticable, and the disposition of their claims in a class action, rather than in individual actions, will benefit the parties and the Court and is the most efficient and fair way to resolve the controversy.

Commonality:  Defendants have engaged in a standardized course of conduct that affects all Class Members. The critical question of law and fact common to the Plaintiff Class that will materially advance the litigation is whether the Class Pistols are inherently defective, contrary to the expectations imparted by Taurus through their representations, omissions, and suppression. Furthermore, other questions of law and fact common to the Class exist as to all members of the Class and predominate over any questions affecting only individual members of the Class include the following:

    a.  Whether the common design of the Firing Pin Block Safety Device is defective;

    b.  Whether the common design of the Firing Pin Block Safety Device prevents the Firing Pin from going forward should the Class Pistol be dropped;

    c.  Whether the Firing Pin Block is only released at the Trigger stage position and the Manual Safety is "off";

    d.  Whether Taurus violated the Florida Deceptive and Unfair Trade Practices Act by, among other things, engaging in unfair, unlawful, or fraudulent practices in

connection with the failure to disclose the material and life-threatening Defect in the Class Pistols;

e.   Whether Taurus has been wrongfully and/or unjustly enriched as a result of the conduct set forth in the Complaint;

f.   Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to restitution;

g.   Whether the design or manufacturing of the Class Pistols can cause the Defect, and thus the Class Pistols are not suitable for their intended use;

h.   Whether Taurus knew or should have known that the Class Pistols were defective;

i.   Whether Taurus had a duty to Plaintiff and the Class to disclose the true nature of the Class Pistols;

j.   Whether Taurus had a duty to recall the Class Pistols;

k.   Whether Taurus falsely represented that the Class Pistols were of a certain standard, quality, and grade, when in fact, they were not;

l.   Whether Taurus suppressed and concealed material information regarding the true characteristics and defective nature of the Class Pistols;

m.   Whether Taurus' false representations and suppression of the Defect was knowing, intentional, reckless, and/or malicious;

n.   Whether Plaintiff and the Class Members are entitled to compensatory, statutory, punitive, exemplary, and/or other forms of damages, and/or other monetary relief and, if so, in what amount;

o.   Whether Taurus breached their Express Warranties to Plaintiff and the Class;

p.   Whether Taurus breached their Implied Warranties to Plaintiff and the Class;

Typicality:  Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of the Taurus Defendants' conduct in designing, manufacturing, testing, marketing, advertising, warranting and selling the defective Class Pistols.  The Defect of the Class Pistols renders each Class Member's claims, legal theory, and injury common and typical.

Adequate Representation:  Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiff has retained counsel and law firms that are experienced in the prosecution of complex class actions.

Predominance and Superiority:  The class action in this instance is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and this Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of the Class is impracticable.  The common liability issues in this Class Action may be resolved efficiently on a class-wide basis.  Should individual Class Members be required to bring separate actions, assuming Class Members were aware of the latent Defect, this Court and/or courts throughout the nation would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court. The common design of the Firing Pin Block Safety Device is a latent defect and the Class Pistols are defective in a way that would not be apparent to Plaintiff and Class Members.  As a result, Class Members are unaware of the Defect and their

claims against Defendants as a result of the latent Defect; therefore, without notice of the Defect,

a failure of justice will occur in the absence of a class action.

Plaintiff's Causes of Action and/or Claims[1]

    i.        Count One – Violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.204(1)

           a.   Defendants have engaged in fraud, deception, false promises, misrepresentations, concealment, suppression, or omission of material facts.

           b.   Defendants' conduct was in violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.204, in that Defendants engaged in unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices in the conduct of any trade or commerce.

           c.   Defendants' conduct was immoral, unethical, oppressive, or unscrupulous, or was substantially injurious to Plaintiff.

*(3-65 Florida Forms of Jury Instruction § 65.80)*

    ii.       Count Two – Negligence

           a.   Defendants had a duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales.

           b.   Defendants breached the duty by failing to design a product that was reasonably safe for its intended use and for other uses that were reasonably foreseeable.

           c.   Defendants' negligence caused damages to Plaintiff.

*(3-90 Florida Forms of Jury Instruction § 90.36; Vincent v. C.R. Bard, Inc., 944 So.2d 1083, 1085 (Fla. App. 2006).)*

    iii.      Count Three – Strict Liability in Tort – Restatement (Second) of Torts § 402A

           a.   The product was in the same defective condition from the time it left Defendants' control until it reached Plaintiff.

           b.   Plaintiff used the product in the manner intended or in a manner reasonably foreseeable by Defendants.

---

[1] In addition, see detailed elements set forth in Plaintiff's Complaint.

c.  The product, by reason of its design, was in a condition unreasonably dangerous to the user. A product is unreasonably dangerous because of its design if it fails to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer and/or the risk of danger in the design outweighs the benefits.

d.  The defect was a legal cause of Plaintiff's damages.

*(3-90 Florida Forms of Jury Instruction § 90.02)*

iv.  <u>Count Four – Breach of Express Warranty</u>

a.  Defendants provided Plaintiff with express warranties orally or in writing.

b.  Plaintiff relied upon these express warranties.

c.  Defendants breached the express warranties because the product did not conform to the warranties.

d.  This breach was a proximate cause of the Plaintiff's damages.

*(3-90 Florida Forms of Jury Instruction § 90.20)*

v.  <u>Count Five – Breach of Implied Warranty of Merchantability</u>

a.  Defendants are merchants who deal in products like the product or otherwise by their occupation hold themselves out as having knowledge or skill peculiar to the practices or products such as the product sold to Plaintiff.

b.  The product was unfit for ordinary purposes or uses intended or reasonably foreseeable by Defendants.

c.  The failure of the product to be fit for its ordinary use was a legal cause of Plaintiff's damages.

*(3-90 Florida Forms of Jury Instruction § 90.21)*

vi.  <u>Count Six – Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*</u>

a.  Defendants failed to fulfill their obligations under written or implied warranty.

b.  Defendants were afforded a reasonable opportunity to cure the failure to fulfill their obligations under the written or implied warranty.

c.  Defendants did not cure their breach of warranty obligations after being provided with a reasonable opportunity to do so.

8

      d.  Plaintiff suffered damages as a result of the breach of warranty.

*(15 U.S.C. § 2310)*

vii.    <u>Count Seven – Fraudulent Inducement and/or Suppression</u>

      a.  Defendants made statements of material fact to Plaintiff.

      b.  Defendants knew or should have known of the falsity of the material facts or statements and they also intended that these false statements and concealment or suppression of material facts would induce reliance by Plaintiff.

      c.  Plaintiff justifiably relied to his detriment on the false statements.

      d.  As a direct and proximate cause of Defendants' misconduct, Plaintiff has suffered damages.

*(<u>Gemini Investors III, L.P. v. Nunez</u>, 78 So. 3d 94, 97 (Fla. 3d DCA 2012))*

viii.    <u>Count Eight – Negligent Failure to Disclose, Failure to Warn, Concealment and Misrepresentation</u>

      a.  Defendants had a duty to warn of an inherent danger in the use of the product if they knew, or through the exercise of reasonable care should have known, of the potential danger, and in the reasonable course of business should have foreseen Plaintiff's use of the product and Plaintiff's particular injury, however rare.

      b.  A product has inherent danger if the danger is latent, that is, not obvious to the user, and arises from the nature of the product.

      c.  In determining what Defendants should have known, Defendants have a duty to possess expert knowledge about their product.

      d.  Any warning given must be of sufficient intensity to cause a reasonable person to exercise for his or her own safety caution equal to the potential danger.

*(3-90 Florida Forms of Jury Instruction § 90.31)*

ix.    <u>Count Nine – Fraudulent Concealment and Intentional Failure to Warn</u>

      a.  Defendants concealed or failed to disclose a material fact.

      b.  Defendants knew or should have known the material fact should be disclosed.

    c.   Defendants knew their concealment of or failure to disclose the material fact would induce Plaintiff to act.

    d.   Defendants had a duty to disclose the material fact.

    e.   Plaintiff detrimentally relied on the misinformation.

*(Philip Morris USA, Inc. v. Hess, 95 So. 3d 254, 259 (Fla. 4th DCA 2012) (quoting R.J. Reynolds Tobacco Co. v. Martin, 53 So. 3d 1060 (Fla. 1st DCA 2010))*

    x.   <u>Count Ten – Wrongful and/or Unjust Enrichment</u>

    a.   Plaintiff conferred a benefit upon Defendants.

    b.   Defendants appreciated the benefit.

    c.   Defendants' acceptance and retention of the benefit were under circumstances that make it inequitable for them to retain it without paying the value thereof.

*(Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006)*

    xi.   <u>Count Eleven – Declaratory Judgment</u>

Plaintiff will prove that the defect creates a definite threat of future injury such that final injunctive or corresponding declaratory relief is warranted. *See Elend v. Basham,* 471 F.3d 1199, 1207 (11th Cir. 2006) ("A prayer for injunctive and declaratory relief requires an assessment of whether the plaintiff has sufficiently shown a real and immediate threat of future harm.")

Defendants do not stipulate or agree that Plaintiff's citations of law or recitations of elements is correct, and contend that Plaintiff's individual claims will be governed by Iowa substantive law and federal substantive law applicable to the federal causes of action. Defendants further assert that claims of unidentified purported class members would be governed by the applicable laws and jurisdictions governing their purported claims.

Defendant Taurus International Manufacturing, Inc. ("TIMI") submits the following list of legal elements of each defense asserted in its Answer, but reserves the right to assert additional defenses as its investigation and discovery in this case progresses, including defenses to Plaintiff's

and purported Class Members' claims under the applicable laws and jurisdictions governing their purported claims.  TIMI asserts that claims of unidentified purported class members would be governed by the applicable laws and jurisdictions governing their purported claims. However, since only Plaintiff's claims are at issue, this list of elements is based upon Iowa law governing Plaintiff's alleged claims.

FIRST DEFENSE       Accepting as true the facts alleged and construing them in the light most favorable to the Plaintiff and/or the purported class members, some or all of the claims fail to state a claim under Iowa or applicable federal law.  *United States v. Medco Health Solutions, Inc.*, 671 F.3d 1217 (11th Cir. 2012).

SECOND DEFENSE   TIMI did not design, assemble, or manufacture Plaintiff's pistol or the Class Pistols and is immune from liability and/or damages for some or all of the claims alleged in the Complaint. Iowa Code § 613.18 (2014).

THIRD DEFENSE   Any of the purported Class Members' claims that were not asserted prior to the relevant statute of limitations or repose are barred.

FOURTH DEFENSE  Plaintiff and/or the purported Class Members have not suffered physical injury and some or all of their claims are barred by the preclusion on recovery of purely economic loss. *Nelson v. Todd's Ltd.*, 426 N.W.2d 120 (Iowa 1988).

FIFTH DEFENSE       TIMI has plead and will demonstrate that Plaintiff's pistol and the Class Pistols conformed to the state of the art in existence at the time they designed, tested, manufactured, formulated, packaged, provided with a warning, or labeled.  TIMI is not liable for risks and risk-avoidance measures that should be obvious to, or generally known by, Plaintiff or the purported Class Members. TIMI is not liable on the basis of failure to warn or instruct a reasonable and visible warning or instruction that is reasonably safe for use if the warning or

instruction was followed was included with the Plaintiff's pistol and/or the Class Pistols.  Iowa Code § 668.12.

SIXTH DEFENSE    Plaintiff and/or the purported Class Members: 1) knew that a defect or dangerous condition was present; 2) understood the nature of the danger; 3) unreasonably, freely and voluntarily used the product; and 4) this assumption of risk was a proximate cause of their damage. Iowa Civil Jury Instruction 1000.9; *Gremmel v. Junnie's Lounge, Ltd.,* 397 N.W.2d 717 (Iowa 1986).

SEVENTH DEFENSE        Plaintiff's and/or purported Class Members' claims are barred by the fact that the Plaintiff's pistol and/or the Class Pistols were not in a defective condition when they left TIMI's control and/or entered the stream of commerce.  Iowa Civil Jury Instr. 1000.1 (Oct. 2004); *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169 (Iowa 2002).

EIGHTH DEFENSE    Plaintiff and/or purported Class Members cannot demonstrate that: 1) a reasonable alternative safer design could have been practically adopted at the time of sale or distribution of Plaintiff's pistol or the Class Pistols; 2) the reasonable alternative safer design could have reduced or avoided the foreseeable risks of harm allegedly posed by the Plaintiff's pistol or the Class Pistols; 3) the omission of the alternative design renders the Plaintiff's pistol or the Class Pistols not reasonably safe; and 4) the alternative design would have reduced or prevented the plaintiff's harm. Iowa Civil Jury Instr. 1000.2; Iowa Civil Jury Instr. 1000.4; *Schmitt v. Koehring Cranes Inc.*, 798 N.W.2d 491, 495 (Iowa App. 2011); *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 170-71 (Iowa 2002).

NINTH DEFENSE    Plaintiff and/or the purported Class Members cannot demonstrate that the Plaintiff's pistol and the Class Pistols contained a manufacturing defect that departed from its intended design, and the pistols were in the condition intended by the manufacturer.

Iowa Civil Jury Instr. 1000.1; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 178 (Iowa 2002). Plaintiff's and/or purported Class Members' cannot demonstrate that the Plaintiff's pistol and the Class Pistols was in a defective condition when they left TIMI's control.  Iowa Civil Jury Instr. 1000.2; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 168-69 (Iowa 2002). Plaintiff's and/or purported Class Members' cannot demonstrate that: 1) the foreseeable risks of harm posed by the Plaintiff's pistol and/or the Class Pistols could have been reduced or avoided by the provision of reasonable instructions or warnings; 2) the omission of the instructions or warnings renders the Plaintiff's pistol and/or the Class Pistols not reasonably safe; and 3) the risk to be addressed by the instructions or warnings was not obvious to, or generally known by, foreseeable product users.  Iowa Civil Jury Instr. 1000.3; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169-71 (Iowa 2002).

TENTH DEFENSE   TIMI did not design, assemble, or manufacture Plaintiff's pistol or the Class Pistols and is therefore immune from liability and/or damages for some or all of the claims alleged in the Complaint. Iowa Code § 613.18 (2014).

ELEVENTH DEFENSE      Plaintiff's and/or purported Class Members' claims will be barred in whole or in part based on their misuse of Plaintiff's pistol and/or the Class Pistols for which TIMI could otherwise be found liable. *Fell v. Kewanee Farm Equipment Co., A Div. of Allied Products*, 457 N.W.2d 911, 916 (Iowa 1990); *Slager v. HWA Corp.*, 435 N.W.2d 349, 350 (Iowa 1989).

TWELFTH DEFENSE      Plaintiff's and/or purported Class Members' claims will be barred in whole, or in part, based on their misuse of Plaintiff's pistol and/or the Class Pistols for which TIMI could otherwise be found liable. *Fell v. Kewanee Farm Equipment Co., A Div. of Allied Products*, 457 N.W.2d 911, 916 (Iowa 1990); *Slager v. HWA Corp.*, 435 N.W.2d 349, 350

(Iowa 1989).  Plaintiff's and/or purported Class Member's misuse was a substantial factor in producing damage and the damage would not have happened except for the misuse.  Iowa Civil Jury Instr. 1000.8.

THIRTEENTH DEFENSE    Plaintiff's and/or purported Class Members' claims will be barred in whole, or in part, based on their abnormal use of Plaintiff's pistol and/or the Class Pistols for which TIMI could otherwise be found liable. *Fell v. Kewanee Farm Equipment Co., A Div. of Allied Products*, 457 N.W.2d 911, 916 (Iowa 1990); *Slager v. HWA Corp.*, 435 N.W.2d 349, 350 (Iowa 1989).

FOURTEENTH DEFENSE    Plaintiff's and/or purported Class Members' claims are barred because: 1) the foreseeable risks of harm posed by the Plaintiff's pistol or the Class Pistols could not have been reduced or avoided by the adoption of a reasonable alternative design; and 2) the omission of such alternative design did not render the product unreasonably safe. *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169-71 (Iowa 2002).

FIFTEENTH DEFENSE      Plaintiff and/or purported Class Members are barred to the extent that Plaintiff's pistol and/or the Class Pistols are not in the same condition as when they left TIMI's control and/or entered the stream of commerce.  Iowa Civil Jury Instr. 1000.1; Iowa Civil Jury Instr. 1000.2; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169 (Iowa 2002). TIMI is not responsible if the product is delivered free from defects, and later mishandling changes or other causes beyond their control make the product defective. Iowa Civil Jury Instr. 1000.6; *Leaf v. Goodyear Tire and Rubber*, 590 N.W.2d 525 (Iowa 1999).

SIXTEENTH DEFENSE      TIMI has no duty to warn of risks that are obvious or known to foreseeable product users. Iowa Civil Jury Instr. 1000.3; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169 (Iowa 2002).

SEVENTEENTH DEFENSE  Plaintiff's or purported Class Members' damages were not the result of any defective warning, but were caused by their failure to heed a warning provided with the pistol. Iowa Civil Jury Instr. 1000.3; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169 (Iowa 2002).

EIGHTEENTH DEFENSE   Plaintiff's or purported Class Members' damages were not the result of any defective warning, but were caused by their failure to heed a warning provided with the pistol. Iowa Civil Jury Instr. 1000.3; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169 (Iowa 2002).

NINETEENTH DEFENSE   If Plaintiff or the purported Class Members were at fault, and their fault was more than 50% of the total fault, the Plaintiff and/or the purported Class Members cannot recover damages.  If Plaintiff's or the purported Class Members' fault was 50% or less of the total fault, then the total damages will be reduced by the percentage of Plaintiff's or the purported Class Members' fault.  Iowa Civil Jury Instr. 400.3; Iowa Code §§ 668.1, 668.3(5), 668.5(1); *McIntosh v. Barr*, 397 N.W.2d 516 (Iowa 1986).

TWENTIETH DEFENSE    The purported Class Members' claims are barred by the doctrines of contributory negligence applicable to their respective claims as set forth by the doctrine of contributory fault in their respective jurisdictions.

TWENTY-FIRST DEFENSE    If Plaintiff or the purported Class Members were at fault, and their fault was more than 50% of the total fault, the Plaintiff and/or the purported Class Members cannot recover damages.  Iowa Civil Jury Instr. 400.3; Iowa Code §§ 668.1, 668.3(5), 668.5(1); *McIntosh v. Barr*, 397 N.W.2d 516 (Iowa 1986).

TWENTY-SECOND DEFENSE    Plaintiff and/or purported Class Members' shall be assigned a percentage of fault if the following is proven:  1) there was something Plaintiff and/or

15

purported Class Members could have done to mitigate their damages; 2) requiring Plaintiff and/or purported Class Members to do so was reasonable under the circumstances; 3) Plaintiff and/or purported Class Members acted unreasonable in failing to undertake the mitigating activity; and 4) Plaintiff and/or purported Class Members failure to undertake the mitigating activity proximately caused an identifiable portion of their damages.  Iowa Civil Jury Instr. 400.7; *Iowa Code* § 668.1; *Greenwood v. Mitchell*, 621 N.W.2d 200 (Iowa 2001)..

TWENTY-THIRD DEFENSE        Plaintiff and/or purported Class Members' injuries and damages occurred as a result of some condition of the Plaintiff's pistol or the Class Members' pistols that was different than their condition when they left TIMI's control. Iowa Civil Jury Instr. 1000.1; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 178 (Iowa 2002).

TWENTY-FOURTH DEFENSE     TIMI's conduct was not the proximate cause of Plaintiff's or the purported Class Member's damages because they cannot demonstrate that:  1) it was a substantial factor in producing their damages; and 2) the damage would not have happened except for the conduct. Iowa Civil Jury Instr. 700.3; *Gertst v. Marshall*, 549 N.W.2d 810 (Iowa 1996).

TWENTY-FIFTH DEFENSE         Plaintiff's and/or purported Class Members' claims are barred because: 1) the foreseeable risks of harm posed by the Plaintiff's pistol or the Class Pistols could not have been reduced or avoided by the adoption of a reasonable alternative design; and 2) the omission of such alternative design did not render the product unreasonably safe. *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169-71 (Iowa 2002).

TWENTY-SIXTH DEFENSE      Plaintiff and/or purported Class Members' injuries and damages occurred as a result of some condition of the Plaintiff's pistol or the Class Members'

pistols that was different than their condition when they left TIMI's control. Iowa Civil Jury Instr. 1000.1; *Wright v. Brooke Group, Ltd.*, 652 N.W.2d 159, 178 (Iowa 2002).

TWENTY-SEVENTH DEFENSE   Plaintiff's and/or purported Class Members' claims are barred if they have: 1) agreed to give and accept something in settlement of the claim; and 2) the parties have performed the agreement. *Holm v. Hansen*, 248 N.W.2d 503, 506 (Iowa 1976).

TWENTY-EIGHTH DEFENSE   Plaintiff's and/or purported Class Members' claims are barred to the extent it is found that they intended to give up a known right. Iowa Civil Jury Instr. 2400.11. Plaintiff's and/or purported Class Members' claims are barred to the extent they: 1) made certain representations; 2) the Defendants relied on those representations; and 3) to the prejudice of the Defendants. *Iowa Movers and Warehousemen's Ass'n v. Briggs*, 237 N.W.2d 759, 765 (Iowa 1976).

TWENTY-NINTH DEFENSE   Plaintiff's and/or purported Class Members' claims are barred to the extent that: 1) they made a representation to the Defendants; 2) the representation was false; 3) the representation was material; 4) they knew the representation was false; 5) they intended to deceive the Defendants; 6) the Defendants acted in reliance on the truth of the representation and was justified in relying on the representation; 7) the representation was a proximate cause of the Defendants' damages. Iowa Civil Jury Instr. 810.1.

THIRTIETH DEFENSE   Plaintiff's and/or purported Class Members' claims are barred to the extent that: 1) a delay in asserting their rights has occurred; and 3) that resulted in a materially detriment to Defendants' rights. *Shives v. Niewoehner*, 191 N.W.2d 633, 637 (Iowa 1971).

THIRTY-FIRST DEFENSE   Plaintiff's and/or purported Class Members' claims are barred to the extent they are re-litigating issues raised and resolved in a previous action. *Emp'rs Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012).

THIRTY-SECOND DEFENSE   Plaintiff's and/or purported Class Members' claims are barred to the extent this Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

THIRTY-THIRD DEFENSE   Plaintiff's and/or purported Class Members' claims are barred to the extent this Court lacks personal jurisdiction over TIMI. Fed. R. Civ. P. 12(b)(2).

THIRTY-FOURTH DEFENSE   Plaintiff's and/or purported Class Members' claims are barred to the extent they have filed suit in the wrong venue. Fed. R. Civ. P. 12(b)(3).

THIRTY-FIFTH DEFENSE   Plaintiff's and/or purported Class Members' claims are barred are barred to the extent they have effected insufficient process or insufficient service of process.  Fed R. Civ. P. 12(b)(4); Fed. R. Civ. P. 12(b)(5)

THIRTY-SIXTH DEFENSE   Plaintiff's and/or purported Class Members' claims are barred to the extent they have failed to join a party: 1) who in that person's absence, complete relief cannot be accorded; or 2) that claims an interest related to the subject matter of the action and is so situated that disposing of the action in the person's absence may impair or impeded their ability to protect their interest or leave an existing party subject to a substantial risk of incurring double, multiple or inconsistent obligations.  Fed. R. Civ. P. 19.

THIRTY-SEVENTH DEFENSE   Plaintiff's and/or purported Class Members' claims are barred to the extent they lack standing to pursue some or all of the claims asserted.

18

TIMI reserves the right to assert additional defenses as its investigation and discovery in this case progresses, including defenses to Plaintiff's and purported Class Members' claims under the applicable laws and jurisdictions governing their purported claims.

Defendant Taurus Holdings, Inc., Inc. ("Taurus Holdings") submits the following list of legal elements of each defense asserted in its Answer, but reserves the right to assert additional defenses as its investigation and discovery in this case progresses, including defenses to Plaintiff's and purported Class Members' claims under the applicable laws and jurisdictions governing their purported claims. Taurus Holdings asserts that claims of unidentified purported class members would be governed by the applicable laws and jurisdictions governing their purported claims. However, since only Plaintiff's claims are at issue, this list of elements is based upon Iowa law governing Plaintiff's alleged claims.

FIRST DEFENSE   Accepting as true the facts alleged and construing them in the light most favorable to the Plaintiff and/or the purported class members, some or all of the claims fail to state a claim under Iowa or applicable federal law. *United States v. Medco Health Solutions, Inc.*, 671 F.3d 1217 (11th Cir., 2012).

SECOND DEFENSE   Taurus Holdings did not design, assemble, manufacture or have any involvement with Plaintiff's pistol or the Class Pistols and is immune from liability and/or damages for some or all of the claims alleged in the Complaint. Iowa Code § 613.18 (2014).

THIRD DEFENSE   Any of the purported Class Members' claims that were not asserted prior to the relevant statute of limitations or repose are barred.

FOURTH DEFENSE    Plaintiff and/or the purported class members have not suffered physical injury and some or all of their claims are barred by the preclusion on recovery of purely economic loss. *Nelson v. Todd's Ltd*., 426 N.W.2d 120 (Iowa 1988).

FIFTH DEFENSE       Taurus Holdings has plead and will demonstrate that Plaintiff's pistol and the Class Pistols conformed to the state of the art in existence at the time they designed, tested, manufactured, formulated, packaged, provided with a warning, or labeled. Taurus Holdings is not liable for risks and risk-avoidance measures that should be obvious to, or generally known by, Plaintiff or the purported Class Members. Taurus Holdings is not liable on the basis of failure to warn or instruct a reasonable and visible warning or instruction that is reasonably safe for use if the warning or instruction was followed was included with the Plaintiff's pistol and/or the Class Pistols.  Iowa Code § 668.12.

SIXTH DEFENSE       Plaintiff and/or the purported Class Members: 1) knew that a defect or dangerous condition was present; 2) understood the nature of the danger; 3) unreasonably, freely and voluntarily used the product; and 4) the assumption of risk was a proximate cause of plaintiff's damage. Iowa Civil Jury Instruction 1000.9; *Gremmel v. Junnie's Lounge, Ltd.,* 397 N.W.2d 717 (Iowa 1986).

SEVENTH DEFENSE  Plaintiff's and/or purported Class Members' claims are barred by the fact that the Plaintiff's pistol and/or the Class Pistols were not in a defective condition when they left TIMI's control and/or entered the stream of commerce.  Iowa Civil Jury Instr. 1000.1 (Oct. 2004); *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169 (Iowa 2002).

EIGHTH DEFENSE       Plaintiff and/or purported Class Members cannot demonstrate that: 1) a reasonable alternative safer design could have been practically adopted at the time of sale or distribution of Plaintiff's pistol or the Class Pistols; 2) the reasonable alternative safer

design could have reduced or avoided the foreseeable risks of harm allegedly posed by the Plaintiff's pistol or the Class Pistols; 3) the omission of the alternative design renders the Plaintiff's pistol or the Class Pistols not reasonably safe; and 4) the alternative design would have reduced or prevented the plaintiff's harm. Iowa Civil Jury Instr. 1000.2; Iowa Civil Jury Instr. 1000.4; *Schmitt v. Koehring Cranes Inc.*, 798 N.W.2d 491, 495 (Iowa App. 2011); *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 170-71 (Iowa 2002).

NINTH DEFENSE      Plaintiff and/or the purported Class Members cannot demonstrate that the Plaintiff's pistol and the Class Pistols contained a manufacturing defect that departed from its intended design, and the pistols were in the condition intended by the manufacturer. Iowa Civil Jury Instr. 1000.1; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 178 (Iowa 2002). Plaintiff's and/or purported Class Members' cannot demonstrate that the Plaintiff's pistol and the Class Pistols was in a defective condition when they left TIMI's control.  Iowa Civil Jury Instr. 1000.2; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 168-69 (Iowa 2002). Plaintiff's and/or purported Class Members' cannot demonstrate that: 1) the foreseeable risks of harm posed by the Plaintiff's pistol and/or the Class Pistols could have been reduced or avoided by the provision of reasonable instructions or warnings; 2) the omission of the instructions or warnings renders the Plaintiff's pistol and/or the Class Pistols not reasonably safe; and 3) the risk to be addressed by the instructions or warnings was not obvious to, or generally known by, foreseeable product users.  Iowa Civil Jury Instr. 1000.3; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169-71 (Iowa 2002).

TENTH DEFENSE      Taurus Holdings did not design, assemble, manufacture or have any other involvement with Plaintiff's pistol or the Class Pistols and is therefore immune from

liability and/or damages for some or all of the claims alleged in the Complaint. Iowa Code § 613.18 (2014).

ELEVENTH DEFENSE        Plaintiff's and/or purported Class Members' claims will be barred in whole or in part based on their misuse of Plaintiff's pistol and/or the Class Pistols for which Taurus Holdings could otherwise be found liable. *Fell v. Kewanee Farm Equipment Co., A Div. of Allied Products*, 457 N.W.2d 911, 916 (Iowa 1990); *Slager v. HWA Corp.*, 435 N.W.2d 349, 350 (Iowa 1989).

TWELFTH DEFENSE Plaintiff's and/or purported Class Members' claims will be barred in whole or in part based on their misuse of Plaintiff's pistol and/or the Class Pistols for which Taurus Holdings could otherwise be found liable. *Fell v. Kewanee Farm Equipment Co., A Div. of Allied Products*, 457 N.W.2d 911, 916 (Iowa 1990); *Slager v. HWA Corp.*, 435 N.W.2d 349, 350 (Iowa 1989).  Plaintiff's and/or purported Class Member's misuse was a substantial factor in producing damage and the damage would not have happened except for the misuse. Iowa Civil Jury Instr. 1000.8.

THIRTEENTH DEFENSE        Plaintiff's and/or purported Class Members' claims will be barred in whole or in part based on their abnormal use of Plaintiff's pistol and/or the Class Pistols for which Taurus Holdings could otherwise be found liable. *Fell v. Kewanee Farm Equipment Co., A Div. of Allied Products*, 457 N.W.2d 911, 916 (Iowa 1990); *Slager v. HWA Corp.*, 435 N.W.2d 349, 350 (Iowa 1989).

FOURTEENTH DEFENSE Plaintiff's and/or purported Class Members' claims are barred because: 1) the foreseeable risks of harm posed by the Plaintiff's pistol or the Class Pistols could not have been reduced or avoided by the adoption of a reasonable alternative

design; and 2) the omission of such alternative design did not render the product unreasonably safe. *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169-71 (Iowa 2002).

FIFTEENTH DEFENSE        Plaintiff and/or purported Class Members are barred to the extent that Plaintiff's pistol and/or the Class Pistols are not in the same condition as when they left TIMI's control and/or entered the stream of commerce.  Iowa Civil Jury Instr. 1000.1; Iowa Civil Jury Instr. 1000.2; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169 (Iowa 2002). TIMI is not responsible if the product is delivered free from defects, and later mishandling changes or other causes beyond their control make the product defective. Iowa Civil Jury Instr. 1000.6; *Leaf v. Goodyear Tire and Rubber*, 590 N.W.2d 525 (Iowa 1999).

SIXTEENTH DEFENSE        Taurus Holdings owes no duty to the Plaintiff or the purported Class Members, and has no duty to warn of risks that are obvious or known to foreseeable product users. Iowa Civil Jury Instr. 1000.3; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169 (Iowa 2002).

SEVENTEENTH DEFENSE        Plaintiff's or purported Class Members' damages were not the result of any defective warning, but were caused by their failure to heed a warning provided with the pistol. Iowa Civil Jury Instr. 1000.3; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169 (Iowa 2002).

EIGHTEENTH DEFENSE        Plaintiff's or purported Class Members' damages were not the result of any defective warning, but were caused by their failure to heed a warning provided with the pistol. Iowa Civil Jury Instr. 1000.3; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 169 (Iowa 2002).

NINETEENTH DEFENSE        If Plaintiff or the purported Class Members were at fault, and their fault was more than 50% of the total fault, the Plaintiff and/or the purported Class

Members cannot recover damages.  If Plaintiff's or the purported Class Members' fault was 50% or less of the total fault, then the total damages will be reduced by the percentage of Plaintiff's or the purported Class Members' fault.  Iowa Civil Jury Instr. 400.3; Iowa Code §§ 668.1, 668.3(5), 668.5(1); *McIntosh v. Barr*, 397 N.W.2d 516 (Iowa 1986).

TWENTIETH DEFENSE     The purported Class Members' claims are barred by the doctrines of contributory negligence applicable to their respective claims as set forth by the doctrine of contributory fault in their respective jurisdictions.

TWENTY-FIRST DEFENSE If Plaintiff or the purported Class Members were at fault, and their fault was more than 50% of the total fault, the Plaintiff and/or the purported Class Members cannot recover damages.  Iowa Civil Jury Instr. 400.3; Iowa Code §§ 668.1, 668.3(5), 668.5(1); McIntosh v. Barr, 397 N.W.2d 516 (Iowa 1986).

TWENTY-SECOND DEFENSE     Plaintiff and/or purported Class Members' shall be assigned a percentage of fault if the following is proven:  1) there was something Plaintiff and/or purported Class Members could have done to mitigate their damages; 2) requiring Plaintiff and/or purported Class Members to do so was reasonable under the circumstances; 3) Plaintiff and/or purported Class Members acted unreasonable in failing to undertake the mitigating activity; and 4) Plaintiff and/or purported Class Members failure to undertake the mitigating activity proximately caused an identifiable portion of their damages.  Iowa Civil Jury Instr. 400.7; *Iowa Code* § 668.1; *Greenwood v. Mitchell*, 621 N.W.2d 200 (Iowa 2001).

TWENTY-THIRD DEFENSE     Plaintiff and/or purported Class Members' injuries and damages occurred as a result of some condition of the Plaintiff's pistol or the Class Members' pistols that was different than their condition when they left TIMI's control. Iowa Civil Jury Instr. 1000.1; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 178 (Iowa 2002).

TWENTY-FOURTH DEFENSE    Taurus Holdings' conduct was not the proximate cause of Plaintiff's or the purported Class Member's damages because they cannot demonstrate that:  1) it was a substantial factor in producing their damages; and 2) the damage would not have happened except for the conduct. Iowa Civil Jury Instr. 700.3; *Gertst v. Marshall*, 549 N.W.2d 810 (Iowa 1996).

TWENTY-FIFTH DEFENSE Plaintiff's and/or purported Class Members' claims are barred because: 1) the foreseeable risks of harm posed by the Plaintiff's pistol or the Class Pistols could not have been reduced or avoided by the adoption of a reasonable alternative design; and 2) the omission of such alternative design did not render the product unreasonably safe. *Wright v. Brooke Group, Ltd*., 652 N.W. 2d 159, 169-71 (Iowa 2002).

TWENTY-SIXTH DEFENSE    Plaintiff and/or purported Class Members' injuries and damages occurred as a result of some condition of the Plaintiff's pistol or the Class Members' pistols that was different than their condition when they left TIMI's control. Iowa Civil Jury Instr. 1000.1; *Wright v. Brooke Group, Ltd.*, 652 N.W. 2d 159, 178 (Iowa 2002).

TWENTY-SEVENTH DEFENSE    Plaintiff's and/or purported Class Members' claims are barred if they have: 1) agreed to give and accept something in settlement of the claim; and performed the agreement.  *Holm v. Hansen*, 248 N.W.2d 503, 506 (Iowa 1976).

TWENTY-EIGHTH DEFENSE    Plaintiff's and/or purported Class Members' claims are barred to the extent it is found that they intended to give up a known right.  Iowa Civil Jury Instr. 2400.11.  Plaintiff's and/or purported Class Members' claims are barred to the extent they: 1) made certain representations; 2) Defendants relied on those representations; and 3) to the prejudice of the Defendants. *Iowa Movers and Warehousemen's Ass'n v. Briggs*, 237 N.W.2d 759, 765 (Iowa 1976).

<u>TWENTY-NINTH DEFENSE</u>    Plaintiff's and/or purported Class Members' claims are barred to the extent that: 1) they made a representation to the Defendants; 2) the representation was false; 3) the representation was material; 4) they knew the representation was false; 5) they intended to deceive the Defendants; 6) the Defendants acted in reliance on the truth of the representation and was justified in relying on the representation; 7) the representation was a proximate cause of the Defendants' damages.  Iowa Civil Jury Instr. 810.1.

<u>THIRTIETH DEFENSE</u>        Plaintiff's and/or purported Class Members' claims are barred to the extent that: 1) a delay in asserting their rights has occurred; and 3) that resulted in a materially detriment to Defendants' rights. *Shives v. Niewoehner*, 191 N.W.2d 633, 637 (Iowa 1971).

<u>THIRTY-FIRST DEFENSE</u>  Plaintiff's and/or purported Class Members' claims are barred to the extent they are re-litigating issues raised and resolved in a previous action. *Emp'rs Mutual Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012).

<u>THIRTY-SECOND DEFENSE</u>        Plaintiff's and/or purported Class Members' claims are barred to the extent this Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

<u>THIRTY-THIRD DEFENSE</u> Plaintiff's and/or purported Class Members' claims are barred to the extent this Court lacks personal jurisdiction over TIMI. Fed. R. Civ. P. 12(b)(2).

<u>THIRTY-FOURTH DEFENSE</u>        Plaintiff's and/or purported Class Members' claims are barred to the extent they have filed suit in the wrong venue. Fed. R. Civ. P. 12(b)(3).

<u>THIRTY-FIFTH DEFENSE</u>  Plaintiff's and/or purported Class Members' claims are barred are barred to the extent they have effected insufficient process or insufficient service of process.  Fed R. Civ. P. 12(b)(4); Fed. R. Civ. P. 12(b)(5)

26

THIRTY-SIXTH DEFENSE       Plaintiff's and/or purported Class Members' claims are barred to the extent they have failed to join a party: 1) who in that person's absence, complete relief cannot be accorded; or 2) that claims an interest related to the subject matter of the action and is so situated that disposing of the action in the person's absence may impair or impeded their ability to protect their interest or leave an existing party subject to a substantial risk of incurring double, multiple or inconsistent obligations.  Fed. R. Civ. P. 19.

THIRTY-SEVENTH DEFENSE       Plaintiff's and/or purported Class Members' claims are barred to the extent they lack standing to pursue some or all of the claims asserted.


Taurus Holdings reserves the right to assert additional defenses as its investigation and discovery in this case progresses, including defenses to Plaintiff's and purported Class Members' claims under the applicable laws and jurisdictions governing their purported claims.


Forjas Taurus, S.A. ("Forjas Taurus") has filed a motion dismiss based on improper service by Federal Express and e-mail (DE 30), which is still pending at the time of this scheduling report, and reserves all rights associated with that motion.  Forjas Taurus has not filed an Answer and therefore has not asserted defenses at this time, but will provide this information after it has filed an Answer and asserted defenses as directed by the Court.

## D.    DISCOVERY

The Parties propose that this case be assigned to the Complex Track pursuant to LR 16(a)(2(C).

The Parties do not envision a need to conduct discovery in phases or limited to particular issues, and propose that Class discovery and merits discovery be conducted as set forth in the Case Management Deadline Worksheet attached as Exhibit A.

### E.   DISCOVERY SCHEDULE

*See* Case Management Deadline Worksheet attached as Ex. A, which the Parties request be incorporated into the Scheduling Order entered by this Court.

### F.   PROPOSED DATES AND DEADLINES

*See* Case Management Deadline Worksheet attached as Ex. A, which the Parties request be incorporated into the Scheduling Order entered by this Court.

### G.   ESTIMATED LENGTH OF TRIAL

The Parties estimate that trial will take approximately 1-2 weeks based upon Plaintiff's individual claims. Defendants believe that, should any portion of this case be certified, a trial would likely take much longer, depending upon the extent and nature of any claims certified for class treatment.  Plaintiff has demanded a jury trial.

### H.   PENDING MOTION

Defendant Forjas Taurus filed a motion to dismiss on March 25, 2014, seeking to dismiss Plaintiff's Complaint for lack of proper service (DE 30) (the "Motion"). Defendant's position is that service by Federal Express and e-mail is improper because it offends Brazilian law and Rule 4(f) does not permit such service.

Plaintiff has responded to the Motion (DE 34). Plaintiff's position is that the Motion must be denied because the Court was correct to permit alternative service, and Plaintiff has already properly served Defendant via fed-ex and email pursuant to that Order. Moreover, the Court-ordered methods of service satisfied the requirements of Federal Rule of Civil Procedure 4(f);

provided Defendant with due process; are not prohibited by Brazilian law; and are routinely employed to effect service on foreign defendants and specifically Brazilian defendants.

Defendants contend that the Motion is ripe for determination.   Plaintiff reserves the right to seek leave with the Court to file a response and/or seek leave for discovery based on issues raised in Forjas Taurus Reply Brief (DE 35).

## I.        SPECIAL CONSIDERATION

As required by LR 16.1, the Parties have recommended this case to the complex track as this allows the longest period of discovery. However, Plaintiff anticipates a need for special consideration by the Court to allow Amendment(s) to the Case Management Deadlines permitting a discovery period longer than 365 days from the date of the Scheduling Order.

## J.        SPECIAL MASTER OR MAGISTRATE

The Parties do not agree to refer all matters to the Magistrate Judge or to a trial by a Magistrate Judge. The Magistrate Judge jurisdiction election form is attached as Exhibit C.

## K.        LIKELIHOOD OF SETTLEMENT

The parties have not yet engaged in settlement discussions, and consider the prospect of settlement unlikely at this time.

## L.        ANY MATTERS REQUIRED UNDER THE RULES

Pursuant to Local Rule 16.1(B), Rule 26(a)(1) and (2) of the Federal Rules of Civil Procedure, and the Order dated January 17, 2014, the Parties certify that they have exchanged

Initial Disclosures on or at the time of the Rule 26(f) discovery conference.  The Parties do not envision a need for special aid from the Court at this time.

Defendants believe that a confidentiality and/or protective order may be necessary to protect certain confidential, sensitive or proprietary information and materials in the discovery process.  The Parties will confer and cooperate regarding a confidentiality order, and will seek appropriate order(s) or relief from the Court as necessary.

*[SIGNATURES CONTINUED ON FOLLOWING PAGE]*

Date:  <u>April 17, 2014</u>

Respectfully submitted,

<table>
<tr>
<td>

<u>        /s/ Angelo Marino, Jr.        </u>
Angelo Marino, Jr. (Florida Bar No. 151934)
**ANGELO MARINO, JR., P.A.**
645 S.E. 5th Terrace
Ft. Lauderdale, Florida  33301
Tel.:    (954) 765-0537
Fax:    (954) 765-0545
Email: amjrpamail@aol.com

David L. Selby, II *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Tel.:    (205) 988-9253
Email:

John W. Barrett *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia  25301
Tel.:    (304) 345-6555
Email: jbarrett@baileyglasser.com

*Counsel for Plaintiffs*

</td>
<td>

<u>        /s/ David A. Mobley        </u>
Timothy A. Bumann, Esq. (*Admitted Pro Hac Vice*)
EMAIL: tbumann@sgrlaw.com
David A. Mobley (FBN 571571)
EMAIL: dmobley@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3900

John P. Marino (FBN 814539)
EMAIL: jmarino@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300

*Counsel for Defendants*

</td>
</tr>
</table>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Timothy A. Bumann (*Admitted Pro Hac Vice*)
EMAIL: tbumann@sgr.law.com
David A. Mobley (FBN 571571)
EMAIL: dmobley@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3900

John P. Marino (FBN 814539)
EMAIL: jmarino@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300
*Attorneys for Defendants*


                                            _____
                                            David L. Selby, II
                                            *Counsel for Plaintiff*

Carter v. Forjas Taurus, S.A., et al.
S.D. Fla. Case No. 1:13-cv-24583

Exhibit A

<u>Case Management Deadline Worksheet</u>

1. <u>Mandatory Deadlines for Class Actions ONLY:</u>

<u>02/06/15</u>    Initial discovery, addressing only the issue of class certification, shall be completed.

<u>04/03/15</u>    Motion for class certification must be filed by this date.

2. <u>Suggested Deadlines for All Actions:</u>

<u>12/04/14</u>    Joinder of parties and amendment of pleadings.

<u>02/13/15</u>    Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information.

<u>03/02/15</u>    Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant.

<u>04/02/15</u>    Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff.

<u>04/17/15</u>    All discovery must be completed.

<u>06/01/15</u>    All dispositive pretrial motions and memoranda of law must be filed. A **minimum of fifteen (15) weeks** is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.

<u>09/07/15</u>    (a) **Joint** pretrial stipulation must be filed pursuant to Local Rule 16.1.E. The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation**. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; **and**

(b) **Joint** proposed jury instructions (jury cases) or findings of facts and conclusions of law (non-jury cases) outlining (I) the legal elements of Plaintiff's claims, including damages, and (2) the legal elements of the defenses raised; **and**

(c) **Joint** Summary of Respective Motions in Limine must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions in limine. The Summary shall also include for each evidentiary issue: (i) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (ii) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. **The parties shall work together to prepare the Summary**. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

<u>09/01/15</u>    Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.)

2

Carter v. Forjas Taurus, S.A., et al.
S.D. Fla. Case No. 1:13-cv-24583

Exhibit A

09/14/15    Final proposed jury instructions or findings of fact and conclusions of law must be submitted. (*A copy shall be e-mailed to Chambers in WordPerfect formal at seitz@flsd.uscourts.gov*), each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination.

09/21/15    Pretrial conference. Usually 50 minutes are allotted for pretrial conference unless the parties or the Court, *sua sponte*, indicate a greater time is needed

11/02/15    Trial Date.

Date of any other deadline the parties adopt as part of their case management plan, including *Daubert* or *Markman* hearing. In cases the parties anticipate a Markman hearing, counsel must provide dates for the exchange of proposed disputed claim terms, and due dates for Plaintiffs brief and Defendant's brief.

07/01/15    All *Daubert* motions shall be filed

08/24/15    All Motions in Limine shall be filed

3

Carter v. Forjas Taurus, S.A., et al.
S.D. Fla. Case No. 1:13-cv-24583

Exhibit B

<u>Service List</u>

<u>Counsel for Plaintiff</u>

Angelo Marino, Jr. (Florida Bar No. 151934)
**ANGELO MARINO, JR., P.A.**
645 S.E. 5th Terrace
Ft. Lauderdale, Florida  33301
Tel.:    (954) 765-0537
Fax:     (954) 765-0545
Email:   amjrpamail@aol.com

David L. Selby, II *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Tel.:    (205) 988-9253
Email:   dselby@baileyglasser.com

John W. Barrett *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia  25301
Tel.:    (304) 345-6555
Email:   jbarrett@baileyglasser.com

<u>Counsel for Defendants</u>

Timothy A. Bumann (*Admitted Pro Hac Vice*)
EMAIL: tbumann@sgr.law.com
David A. Mobley (FBN 571571)
EMAIL: dmobley@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3900

John P. Marino (FBN 814539)
EMAIL: jmarino@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300

Carter v. Forjas Taurus S.A., et al.
S.D. Fla. Case No. 1:13-cv-24583

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24583-CIV-SEITZ/SIMONTON

CHRIS P. CARTER, and others similarly situated,

      Plaintiff,

v.

FORJAS TAURUS S.A., et al.,

      Defendant.

_____/

**ELECTION TO JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

    In accordance with the provisions of 28 U.S.C. §636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

| | | | | | |
|---|---|---|---|---|---|
| 1. | Motions for Costs | Yes | _____ | No | _X_ |
| 2. | Motions for Attorney's Fees | Yes | _____ | No | _X_ |
| 3. | Motion for Sanctions | Yes | _____ | No | _X_ |
| 4. | Motions to Dismiss | Yes | _____ | No | _X_ |
| 5. | Motions for Summary Judgment | Yes | _____ | No. | _X_ |
| 6. | Other (specify) | _____ | | | |

04/17/14            */s/ David L. Selby, II*
_____    _____
(Date)            (Signature-Plaintiff's Counsel Counsel)
04/17/14            */s/ David A. Mobley*
_____    _____
(Date)            (Signature-Plaintiff's Counsel Counsel)

_____    _____
(Date)            (Signature-Defendant's Counsel)

_____    _____
(Date)            (Signature-Defendant's Counsel)