UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-24583-CV-SEITZ

CHRIS P. CARTER,

Individually and on behalf of all
others similarly situated,

   Plaintiff,

vs.

FORJAS TAURUS S.A.
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

   Defendants.
_____/

## CONFIDENTIALITY AND PROTECTIVE ORDER

Upon the request of Defendants Taurus International Manufacturing, Inc., Forjas Taurus S.A., and Taurus Holdings, Inc., it is hereby

ORDERED THAT

1.  <u>Determination of Information as "Confidential"</u>. Any Party may designate as "Confidential" any information that is: a) produced or furnished in this case by the designating Party, and b) deemed in good faith by the designating Party as confidential, personal, financial, research, development, business, or commercial. Nothing in this Order shall preclude a Party from designating as "Confidential" any information that is sought from another Party or a Third-Party, whether through a discovery request, subpoena or otherwise, to the extent it is necessary to protect the Party's interests under this Order.

2.  <u>Definitions.</u> Terms used in this Order shall have the following meanings unless otherwise stated:

  a)  "Confidential Information" means information designated as

"Confidential" whether such information is in writing, electronically stored or oral if recorded as part of a deposition or court proceeding.

b) "Person" means any individual or business entity.

c) "Party" means any Person that is a named party to this litigation and their agents, counsel or representatives.

d) "Third-Party" means any Person that is not a Party, and their agents, counsel or representatives.

3.  **Identification of Confidential Information.** A Party shall designate to the other parties such information that is considered "Confidential" as follows:

   a) In the case of a document, the word "Confidential" shall be placed on, or affixed to, each page of the document and each page shall be identified with a Bates Number and the name of the party designating the document (e.g., Confidential – Forjas Taurus 0001);

   b) in the case of an interrogatory answer or other written response to discovery, the words "Confidential" shall be placed after the specific portion of such answer or response that contains Confidential Information; and

   c) with respect to transcribed testimony, by designating the testimony as "Confidential" or "Confidential Information" on the record at the deposition or by giving written notice to all counsel of record designating such portions as Confidential within ten (10) days of receipt of a final transcript.

4.  **Subsequent Designation of Information.** Inadvertent disclosure of Confidential Information shall not waive the confidentiality and protection otherwise attached to the

information. When information not initially designated as Confidential Information is so designated in writing at a later date, each Party shall make a reasonable effort to comply with this Order as if the information was originally designated as such, retrieve any documents containing the later-designated Confidential Information from any person not authorized to view or possess that information, and otherwise ensure that persons to whom the Confidential Information has been disclosed will treat the information as contemplated by the designation.

5. **Protection of Confidentiality.** Confidential Information and any notes, summaries, memoranda, exhibits, or other documents that include or describe Confidential Information shall be retained by counsel for the Party to whom disclosure of the Confidential Information was made (the "recipient party") and, except as provided in this Order, the information therein shall not be disclosed to any person or used by counsel for any purpose other than the preparation and trial of this case, or any appellate proceeding or settlement arising from this case. Confidential Information and any information derived therefrom shall not be disclosed except as set forth in this Agreement. Before disclosure, all persons to whom access to Confidential Information will be given pursuant to this Order shall execute the Certification attached hereto as Exhibit A, shall agree to keep such information, and any copies, abstracts, or summaries of such information, confidential and secure in accordance with the purposes and intent of this Order, and a copy of the executed Certification shall be retained by counsel responsible for obtaining the Certification.

6. **Access to Information Designated Confidential.** Any information designated as "Confidential" shall be retained by counsel, and neither the existence nor substance of the information shall be disclosed to others by any means, nor shall such information be used by anyone other than for purposes of this case, and counsel shall not permit others to use such information except as permitted herein, except as set forth below. Any such transcripts,

exhibits, answers to interrogatories, copies thereof, other documents, or information designated as Confidential Information may only be disclosed by counsel to the following:

  a) the lawyers charged with the responsibility for, or actively engaged in, preparation for trial or the trial of this case, or an appellate proceeding or settlement arising from this case;

  b) any litigation assistant or paralegal employed by and assisting such counsel, and stenographic, secretarial or clerical personnel employed by and assisting such lawyers in this case;

  c) any outside expert or consultant retained by the recipient party or designating party to assist that Party's counsel in preparation for the trial of this case or who is expected to testify at the trial of this case;

  d) any litigation assistant, paralegal, stenographic, secretarial, or other personnel employed by the expert to assist such expert in this case;

  e) any court reporter or typist recording or transcribing testimony;

  f) any court personnel, including stenographic, secretarial and clerical personnel; and

  g) the parties to this case and the officers and employees of the parties whose assistance is necessary to counsel in the prosecution or defense of this case.

7. <u>Restriction on use of Confidential Information.</u> The parties shall not disclose by any means, duplicate, make use of, or directly or indirectly disclose the existence, or substance, of Confidential Information by any means except for purposes of this litigation. If any Party intends to file with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, appending, summarizing, excerpting or otherwise embodying

Confidential Information, the Party shall file such Confidential Information or file under seal in accordance with the applicable federal and local rules. Any exhibits entered into evidence which become part of the permanent court file at the conclusion of any trial which contain Confidential Information shall be maintained under seal in such permanent file.

8. <u>Disputes as to Designation.</u> With respect to the propriety of applying the Confidential Information designation, the Party wishing to challenge any designation shall first confer in a good faith effort to resolve the dispute with the designating Party, and if the dispute cannot be resolved, the moving party shall comply with the Discovery Procedure for Magistrate Judge William C. Turnoff (DE 50). All information and material designated as Confidential Information shall be deemed to be subject to this Order until the Court has ruled to the contrary. A failure to challenge a designation shall not constitute agreement that such claim is valid by reason of such failure to object and shall not prejudice any Party.

9. <u>Material Subpoenaed or Ordered Produced in Other Litigation.</u> If either Party receives a subpoena or order issued in other litigation that compels a disclosure that would be otherwise prohibited by this Order, the receiving Party must notify the designating Party, in writing (by fax or email if possible) promptly and in no event more than five (5) business days after receiving the subpoena or order, and no less than five (5) business days before the date for production or testimony. Such notification must include a copy of the subpoena or court order. The purpose of imposing these duties is to afford the designating Party in this case an opportunity to try to protect any confidentiality interest it may have in the court from which the subpoena or order issued.

10. <u>Disposition on Termination of this Case.</u> Within ninety (90) days after the final termination of this case *the parties must certify that they have destroyed or returned to the designating party all documents designated as confidential.*

Page 5

*Carter v. Forjas Taurus, S.A. et al.*
Case No. 1:13-cv-24583



11. <u>Survival of Order.</u> This Order shall survive termination of the case, and the Court shall retain jurisdiction to enforce the terms of this Order.

DONE AND ORDERED in Miami, Florida, this 8 day of July, 2014.

William C. Turnoff
United States Magistrate Judge

Presented by:

*/s/ David A. Mobley*
Timothy A. Bumann, Esq. (*Admitted Pro Hac Vice*)
EMAIL: tbumann@sgrlaw.com
David A. Mobley (FBN 571571)
EMAIL: dmobley@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Telephone: (404) 815-3500
Facsimile: (404) 815-3900

John P. Marino (FBN 814539)
EMAIL: jmarino@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300

*Counsel for Defendants*

*EXHIBIT A*
*Confidentiality Stipulation and Protective Order*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 13-24583-CV-SEITZ

CHRIS P. CARTER,

Individually and on behalf of all
others similarly situated,

       Plaintiff,

vs.

FORJAS TAURUS S.A.
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

       Defendants.
_____/

    The undersigned does hereby acknowledge, represent and certify that they have read the *Confidentiality Stipulation and Protective Order* entered by the Court in the above case, that they understand the restrictions upon disclosure of information designated as Confidential and that they may be subject to sanctions by this Court for violations of the Order, and represent that they will abide and be bound by the terms of the Order.

_____
Signed

_____
Print Name

_____
Dated

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **CONFIDENTIALITY AND PROTECTIVE ORDER** was served via transmission of Notices of Electronic Filing generated by CM/ECF, on this June 30, 2014, on the following counsel of record identified in the service list below.

/s/ David A. Mobley
Counsel for Defendants
Florida Bar No. 571571

## SERVICE LIST

**Angelo Marino, Jr.**
645 SE 5th Terrace
Fort Lauderdale, FL 33301-3160
Email: amjrpamail@aol.com
Attorneys for Plaintiff

**Todd Wheeles**
Morris, Haynes, Hornsby & Wheeles
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
Email: twheeles@mhhlaw.net
Attorneys for Plaintiff
*Admitted Pro Hac Vice*

**David L. Selby, II**
Bailey & Glasser, LLP
300 Riverchase Galleria, Suite 905
Birmingham, AL 35244
Email: dselby@baileyglasser.com
Attorneys for Plaintiff
*Admitted Pro Hac Vice*

**John W. Barrett**
Bailey & Glasser, LLp
209 Capital Street
Charleston, WV 25301
Email: jbarrett@baileyglasser.com
Attorneys for Plaintiff
*Admitted Pro Hac Vice*

**Thomas Scolaro**
Email: Scolaro@Leesfield.com
**Carol L. Finklehoffe**
Email: Finklehoffe@Leesfield.com
LEESFIELD & PARTNERS, P.A.
2350 South Dixie Highway
Miami, FL 33131
Telephone: (305) 854-4900
Facsimile: (305) 854-8266
Attorneys for Plaintiff
*Admitted Pro Hac Vice*

**Patricia M. Kipinis**
pkipnis@bailyglaser.com
Bailey & Glasser, LLP
135 Kings Highway E.
3d Fl. E.
Haddonfield, NJ 08033
Telephone: (856) 795-0378
Facsimile: (304) 342-1110
Attorneys for Plaintiff
*Admitted Pro Hac Vice*