IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CHRIS P. CARTER, Individually and on behalf of all others similarly situated,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>FORJAS TAURUS S.A., TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,<br><br>　　*Defendants*. | Case No. 1:13-cv-24583-PAS<br><br>**CLASS ACTION** |

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF DEADLINES**

　　COMES NOW the Plaintiff and hereby moves this Court to extend the deadlines for (1) class certification discovery and (2) for filing a motion for class certification. To support this Motion, Plaintiff provides the following:

　　1.　The current deadline for discovery addressing the issue of class certification is February 16, 2014 and the deadline for a motion for class certification is March 16, 2014. [DE 75.] There are extraordinary circumstances which require that Plaintiff request an extension of these deadlines and Defendants are not opposed to these extensions. Further, as explained in more detail below, the parties have expended significant efforts and continue to make progress with mediation and the mediator agrees that an extension of these deadlines will help facilitate any potential resolution.

　　2.　To begin with, the parties have had to deal with the unexpected death of David A. Mobley on January 17, 2015. Mr. Mobley was a partner with Smith, Gambrell & Russell, LLP

and the attorney for Defendants coordinating and handling discovery between Plaintiff and Defendants.

3. The parties have been actively engaged in discovery on the issue of class certification.

4. Plaintiff has served five separate Requests for Production to Defendants Forjas Taurus S.A., Taurus International Manufacturing, Inc., and Taurus Holdings, Inc. ("Taurus Defendants") comprising some 170 requests. The Taurus Defendants have produced over 2,000 pages of documents in response to Plaintiff's Requests for Production and are still further responding to these requests.

5. Plaintiff has served Taurus International Manufacturing, Inc. ("TIMI") with a 30(b)(6) Notice of Deposition and Rule 34 document request. TIMI has represented it will take more than one witness representative to testify as to the matters set forth in Plaintiff's 30(b)(6) Notice. TIMI and Plaintiff have been working together to find mutual dates for each of the TIMI representatives who will testify as to the matters of examination set forth in Plaintiff's 30(b)(6) Notice. The first TIMI representative has been deposed and TIMI is in the process of providing Plaintiff with additional dates for deposition of their other representatives. TIMI has confirmed that the remaining TIMI representatives cannot be deposed before the class discovery deadline. The parties are also working together to attempt resolve a discovery issue regarding Defendant Forjas Taurus, S.A. ("Forjas") which will require additional time and has delayed the ability of Plaintiff to move forward with certain discovery. Forjas will not agree to any depositions until this issue is resolved. The parties are currently working to resolve the objections raised by Forjas without seeking intervention by the Court. Also, up to this point, the parties have not involved the court on this issue due to the progress being made with mediation.

6. In addition to conducting discovery on the issue of class certification, the parties have been fully engaged in settlement discussions since October 3, 2014. There have been three separate in-person mediations in Miami, Florida and Birmingham, Alabama (October 3, 2014, December 7, 2014, and February 2, 2015) and a fourth mediation session is set for March 5, 2015 in Atlanta, Georgia. Further, based upon the information requested by Taurus Defendants and the mediator, Plaintiff's Counsel, their staff, and experts have expended hundreds of hours specifically preparing for these mediation sessions. This extensive preparation has included

- The collection of over twenty exemplar pistols for testing
- The procurement and assembly of testing equipment, including high speed video cameras
- Two weeks of testing by engineers
- The capturing of testing with high speed video
- The compilation and study of testing data and video
- The development of a presentation & report to provide Defense Counsel
- Travel to and from Mediation sessions

Again, while the parties have made and continue to make progress, the mediation is ongoing and the parties are reconvening on March 5, 2015. [DE 87.]

7. The bottom line is that the parties have spent a considerable amount of time on this case and have not been idle. Plaintiff has made every attempt to balance what is necessary to stay on the mediation path, while at the same time put their efforts towards full blown litigation and meet the current deadlines without creating unnecessary work and additional litigation expenses. For example, in an effort to be cooperative with the mediation process, Plaintiff agreed to grant the Taurus defendants' request for extensions to respond to certain discovery in between scheduled mediation sessions.

8. The Federal Rules of Civil Procedure permit this extension. "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with

3

or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. . ." Fed. R. Civ. P. 6(b)(1).

9. This requested extension will not prejudice any party, and good cause exists for the reasons set forth above.

10. Pursuant to Local Rule 7.1(a)(3), Plaintiff's Counsel has conferred with Defendants' Counsel. Defendants' Counsel consents to the requested extension of time.

11. Pursuant to Local Rule 7.1(a)(2), a proposed order is attached hereto.

WHEREFORE, Plaintiff respectfully requests this Court to enter a proposed order granting an extension of thirty (30) days for class discovery and the deadline for filing a Motion for Class Certification and any such other relief as the Court deems proper.

Respectfully submitted, this 11th day of February, 2015.

/s/ *Angelo Marino, Jr.*
Angelo Marino, Jr. (FBN 151934)
ANGELO MARINO, JR., P.A.
645 S.E. 5th Terrace
Ft. Lauderdale, Florida  33301
Tel.:      (954) 765-0537
Email:    amjrpamail@aol.com

David L. Selby, II *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Tel.:      (205) 988-9253
Email:    dselby@baileyglasser.com

John W. Barrett *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia  25301
Tel.:      (304) 345-6555
Email:    jbarrett@baileyglasser.com

        Todd Wheeles *(admitted pro hac vice)*
        MORRIS, HAYNES, HORNSBY & WHEELES
        3500 Colonnade Parkway, Suite 100
        Birmingham, AL 35243
        Email:    twheeles@mhhlaw.net

        Carol Finklehoffe (FBN: 15903)
        Thomas Scolaro (FBN: 178276)
        Ira H. Leesfield (FBN: 140270)
        LEESFIELD & PARTNERS, P.A.
        2350 South Dixie Highway
        Miami, Florida  33131
        Tel.:    (305) 854-4900
        Email:    finklehoffe@leesfield.com
                     scolaro@leesfield.com
                     leesfield@leesfield.com

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 11, 2015, a true and correct copy of the foregoing was served upon all counsel of record via U.S. Mail, electronic mail, and/or by filing with the Clerk using the Court's CM/ECF system, which will send notification of and make available the same.

        /s/ *Angelo Marino, Jr.*
        Angelo Marino, Jr.