**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

    *Plaintiff,*

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

    *Defendants.*
_____/

**Case No. 1:13-CV-24583-PAS**

CLASS ACTION

**DEFENDANT TAURUS HOLDINGS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Taurus Holdings, Inc. ("Taurus Holdings") responds as follows to Plaintiff's First Amended Class Action Complaint (the "Amended Complaint") (Dkt. 73):

**RESPONSE TO INTRODUCTORY PARAGRAPH**

The introductory paragraph of the Amended Complaint, as well as other paragraphs, improperly defines Taurus Holdings, Defendant Forjas Taurus, S.A., and Defendant Taurus International Manufacturing, Inc., collectively, interchangeably, and as one and the same entity. However, these entities are separate and distinct, are not interchangeable, and are not the same legally or for any purpose. Any allegation, inference or implication that these entities are the same or may be treated interchangeably is specifically denied.

Taurus Holdings answers the paragraphs of the Amended Complaint as follows:

1.

Taurus Holdings denies the allegations contained in the following paragraphs: 2, 4, 5, 6, 7, 8, 9, 10, 11, 14, 20, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 45, 46, 47, 49, 50, 51, 54, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 86, 87, 89, 90, 91, 92, 93, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 106, 108, 109, 110, 111, 112, 113, 119, 120, 121, 122, 124, 125, 126, 127, 128, 129, 130, 132, 133, 134, 135, 136, 138, 139, and 140.

2.

Taurus Holdings is without knowledge or information sufficient to either admit or deny the allegations contained in the following paragraphs, and those allegations are therefore denied: 21, 22, 43, 44, 52, and 53.

3.

The allegations in the following paragraphs contain legal or factual conclusions which do not require a response from Taurus Holdings, provided, however, that to the extent a response is required, such allegations are denied: 1, 3, 12, 13, 15, 16, 17, 18, 19, 48, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 85, 88, 94, 105, 107, 114, 115, 116, 117, 118, 123, 131, and 137.

4.

The Amended Complaint contains numerous allegations directed or relating to Forjas Taurus, S.A., and/or Defendant Taurus International Manufacturing, Inc. Taurus Holdings is generally without knowledge or information sufficient to either admit or deny such allegations, and all such allegations are therefore denied.

5.

Any allegation, averment, paragraph, statement, sentence, phrase, matter or thing not expressly admitted herein is hereby denied.

6.

Taurus Holdings further denies that Plaintiff and the purported Class Members are entitled to any of the relief sought in the First Amended Complaint and/or the Prayer for Relief and that any of the alleged claims are proper for class treatment. Each and every allegation, request, statement, paragraph, sentence, phrase, matter or thing contained in the Prayer for Relief is hereby denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by a failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Taurus Holdings did not market to, distribute to, sell to, or otherwise have any contact or dealings with, the Plaintiff or purported Class Members.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by the statutes of limitations or statutes of repose applicable to their respective claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by the economic loss doctrines applicable to their respective claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and/or the purported Class Members' claims are barred by Iowa Code § 668.12, Iowa law governing state of the art, and the comparative law and doctrines applicable to

any of the purported Class Members' respective claims. Among other things, the design of Plaintiff's and purported Class Member's pistols were state of the art and/or conformed to the state of the art in existence at the time the products were designed, tested, manufactured, formulated, packaged, and provided with a warning or labeled.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by assumption of risk doctrines applicable to their respective claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by the fact that the firearms were not in a defective condition when they left Forjas Taurus's control and/or entered the stream of commerce.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by their inability to demonstrate a reasonable alternative safer design that was omitted, or that would have reduced or avoided the foreseeable risks of harm allegedly posed by the products.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by their inability to show that the subject pistols were defective or not reasonably safe, in their manufacture, in their design or by reason of their warnings.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or the purported Class Members' claims are barred by Iowa Code § 613.18, Iowa law governing the liability of product sellers, and comparative laws and doctrines applicable to any of the purported Class Members' respective claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred because they misused the products.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' misuse of the products was the factual and proximate cause of any injury suffered by them.

### THIRTEENTH AFFIRMATIVE DEFENSE

If a subject pistol malfunctioned, which Taurus Holdings denies, the malfunction did not occur during normal use.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred because the risks attendant with the reasonable, foreseeable and expected use of the products do not exceed the utility of the products.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members are barred to the extent that they did not purchase the subject pistols "new."

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred because the dangers of handling, manipulating or pointing a loaded or cocked pistol, with the muzzle pointed in a direction that can cause damage, are known and obvious.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or purported Class Members failed to heed the warnings which accompanied the subject pistols when they left Taurus Holdings' hands and/or entered the stream of commerce.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' failure to heed the warnings which accompanied the subject pistols when they left Taurus Holdings' hands and/or entered the stream of commerce is the proximate and factual cause of any injury suffered by Plaintiff and/or purported Class Members.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' recovery is barred by the doctrines of comparative negligence applicable to their respective claims.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of contributory negligence applicable to their respective claims.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' fault equals or exceeds any fault of Taurus Holdings.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or purported Class Members have failed to mitigate their damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff's and/or purported Class Members' injury occurred as it is described, which Taurus Holdings denies, the injury resulted from a malfunction, not a defect, and the products were reasonably safe.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred in whole or in part by a lack of causation.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The foreseeable risks of harm posed by the products could not have been reduced or avoided by the adoption of a reasonable alternative design and its omission does not render the products unreasonably safe.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any damages incurred by Plaintiff and/or purported Class Members were the result of a failure to inspect and maintain the subject pistols.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of accord and satisfaction, payment or release applicable to their respective claims.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of waiver and estoppel applicable to their respective claims.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of fraud and illegality applicable to their respective claims.

### **THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of laches applicable to their respective claims.

### **THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's and/or purported Class Members' claims are barred by the doctrines of res judicata applicable to their respective claims.

### **THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's and/or purported Class Members' claims are barred, in whole or in part, by a lack of subject matter jurisdiction.

### **THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's and/or purported Class Members' claims are barred, in whole or in part, by a lack of personal jurisdiction.

### **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff and/or purported Class Members have filed suit in the wrong venue.

### **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's and/or purported Class Members' claims are barred, in whole or in part, by insufficient process or insufficient service of process.

### **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's and/or purported Class Members' claims are barred by their failure to join an indispensable party under Rule 19.

### **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or purported Class Members lack standing to pursue some or all of the claims asserted.

Taurus Holdings reserves the right to assert additional defenses as its investigation and discovery in this case progresses, including defenses to Plaintiff's and purported Class Members' claims under the applicable laws and jurisdictions governing their purported claims.

WHEREFORE, Taurus Holdings respectfully requests that the Court deny the Prayer for Relief in its entirety, that Plaintiff's First Amended Complaint be dismissed and/or that judgment be entered in Taurus Holdings' favor, that Taurus Holdings be awarded its costs and reasonable attorneys' fees as allowed by law, and such further relief as the Court deems proper.

*/s/  John P. Marino*
John P. Marino (FBN 814539)
EMAIL: jmarino@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300

*Attorneys for Defendant Forjas Taurus, S.A.*

**CERTIFICATE OF SERVICE**

I certify that on February 23, 2015, the foregoing document is being served on the counsel of record as indicated below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system:

| | |
|---|---|
| **Angelo Marino , Jr.**<br>645 SE 5th Terrace<br>Fort Lauderdale, FL 33301-3160<br>Email: amjrpamail@aol.com<br>Attorneys for Plaintiff | **Todd Wheeles**<br>Morris, Haynes, Hornsby & Wheeles<br>3500 Colonnade Parkway, Suite 100<br>Birmingham, AL 35243<br>Email: twheeles@mhhlaw.net<br>Attorneys for Plaintiff<br>*Admitted Pro Hac Vice* |
| **David L. Selby , II**<br>Bailey & Glasser, LLP<br>300 Riverchase Galleria, Suite 905<br>Birmingham, AL 35244<br>Email: dselby@baileyglasser.com<br>Attorneys for Plaintiff<br>*Admitted Pro Hac Vice* | **John W. Barrett**<br>Bailey & Glasser, LLP<br>209 Capital Street<br>Charleston, WV 25301<br>Email: jbarrett@baileyglasser.com<br>Attorneys for Plaintiff<br>*Admitted Pro Hac Vice* |
| **Thomas Scolaro**<br>Email: scolaro@leesfield.com<br>**Carol L. Finklehoffe**<br>Email: finklehoffe@leesfield.com<br>Leesfield & Partners, P.A.<br>2350 South Dixie Highway<br>Miami, FL 33131<br>Telephone: (305) 854-4900<br>Facsimile: (305) 854-8266<br>Attorneys for Plaintiff<br>*Admitted Pro Hac Vice* | **Patricia M. Kipinis**<br>Email: pkipnis@bailyglasser.com<br>Bailey & Glasser, LLP<br>135 Kings Highway E.<br>3d Fl. E.<br>Haddonfield, NJ 08033<br>Telephone: (856) 795-0378<br>Facsimile: (304) 342-1110<br>Attorneys for Plaintiff<br>*Admitted Pro Hac Vice* |

*/s/ John P. Marino*
Attorney