IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

     *Plaintiffs*,

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

     *Defendants*.

Case No. 1:13-cv-24583-PAS

**CLASS ACTION**

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT FORJAS TAURUS S.A. TO PARTICIPATE IN DISCOVERY IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE

Thus far, Defendant Forjas Taurus S.A. ("Defendant") has voluntarily accepted service of process, has admitted that this Court has personal jurisdiction over it and has represented to both Plaintiff and this Court that it will participate in discovery, meet discovery deadlines and produce relevant documents. Yet now, in the face of requests for the production of documents from Plaintiff, Forjas Taurus seeks to indefinitely delay this case by refusing to participate in discovery and insisting, erroneously, that Plaintiff must comply with the Inter-American Convention on Letter Rogatory ("Letters Rogatory Convention") to properly obtain discovery from the Brazilian company.

Defendant's refusal to participate in discovery is improper for three reasons. First, and most simply, Defendant has waived any objections to the method of taking discovery by failing to assert such objections when the parties first established and agreed to the discovery protocol at the direction of the Court. *See* Joint Scheduling Reports, DE 40 & 47. Next, the United States is

not a party to the Letters Rogatory Convention as it applies to the taking of evidence and therefore the protocols of the Letters Rogatory Convention are not controlling and instead discovery should be governed by the Federal Rules of Civil Procedures. Finally, Forjas Taurus voluntarily accepted service of the complaint, thereby subjecting itself to the jurisdiction of this court. Once Forjas Taurus was served, even counsel for Defendant admits that the court has personal jurisdiction over it by virtue of the company having introduced its products into the stream of commerce both in Florida and nationwide. Such jurisdiction further supports the use of the Federal Rules of Civil Procedure as the appropriate method for conducting discovery. For these reasons and all those discussed below, Plaintiff requests that the Court grant his motion to compel Defendant Forjas Taurus to participate in discovery pursuant to the Federal Rules of Civil Procedure.

## I.     BACKGROUND

Plaintiff filed his  Complaint against Defendant Forjas Taurus, a Brazilian company, and its American subsidiaries, Taurus International Manufacturing, Inc. and Taurus Holdings, Inc., on  December 20,  2013 stating claims related to the Defendants' manufacturing and sale of certain defective pistols which have been distributed in the United States. (DE  1.)

### A.  Plaintiff Served the Complaint on Forjas Taurus by Alternative Means

On  February  26,  2014,  this  Court  granted  Plaintiff's  Motion  for  Court-Directed Alternative Service of Process allowing Plaintiff to serve Forjas Taurus via  Federal Express at Defendant's offices located in Brazil and via email to the email address listed on Forjas Taurus's commercial website. (DE 24.)  Plaintiff effected service via both Federal Express and Email on March 14, 2014, and filed proof of same. (DE 28 & 29.) Defendant then filed a motion to dismiss

the complaint based on Plaintiff's service of process by alternative means instead of through the process as provided for in the Letters Rogatory Convention. Following briefing and a hearing on the arguments, on April 30, 2014, Forjas Taurus agreed to accept service pursuant to Federal Rule of Civil Procedure 4(d). (DE 46.)

**B.   All Parties Agreed to a Discovery Process and Deadlines**

While the motion to dismiss was pending, on April 14, 2014, the parties, including Forjas Taurus, filed a Joint Scheduling Report that contemplated the procedure and timeline for the exchange of discovery. (DE 40.) In the Joint Scheduling Report, the parties proposed that the case be assigned to the Complex Track and stated that the "[p]arties do not envision a need to conduct discovery in phases or limited to particular issues and propose that Class discovery and merits discovery be conducted as set forth in the Case Management Deadline Worksheet attached as Exhibit A." (DE 40 at pp. 27-28.) Defendants also requested a protective order. The Joint Scheduling Report does not contain any statement or objections by Forjas Taurus that they will not participate in the discovery process.

On April 24, 2014, in connection with the motion to dismiss related to service of the complaint, the Court entered an order directing the parties to meet and confer to determine how the discovery issues in the case could be resolved in order to meet the class certification and pleadings amendment deadlines. The order directed that the parties should file a joint notice reflecting any amendments to the discovery schedule by May 1, 2014. (DE 44.)

On May 1, 2014, following Forjas Taurus' acceptance of service under Federal Rule 4(d), the parties jointly filed revisions to the discovery schedule. (DE 47.)  This amended discovery schedule did not contain any reservations of objections to discovery based on the Letters Rogatory Convention and was signed by counsel for Forjas Taurus.

### C. Forjas Filed Initial Disclosures Without Reservation of Objections Based on the Letters Rogatory Convention

Also while the motion to dismiss was pending, on April 17, 2014, Forjas Taurus filed Rule 26 Initial Disclosures. (DE 42.) In these disclosures, Forjas Taurus stated that "[d]iscovery in this litigation may involve trade secret, proprietary, commercially sensitive, personal, or other confidential information. **Forjas Taurus will produce such information as required subject to the execution and approval of a stipulated protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure**." (DE 42 at 3 (emphasis added).) Forjas Taurus listed categories of potentially relevant documents and stated that those documents and information were in the possession of Forjas Taurus' counsel. That counsel is located in the United States. Finally, as part of these initial disclosures, Forjas Taurus reserved its right to assert "work product objections, attorney client objections, and objections to the production of electronically stored information." *Id*.  Forjas Taurus made no reservation of objections based on the Letters Rogatory Convention.

### D. Plaintiff Has Attempted to Proceed with Discovery but Forjas Taurus Refuses to Participate

Having established a discovery schedule in the revised Joint Scheduling Order, signed by attorneys for all parties, Plaintiff proceeded to serve discovery on Forjas Taurus.  Since May 16, 2014, Plaintiff has served five sets of document requests on Forjas Taurus. To date, Forjas Taurus has not produced a single document and in response to each and every one of Plaintiff's document requests Forjas Taurus has stated the following:

> The request violates, and fails to comply with, the requirements of the Inter-American Convention on Letters Rogatory and Additional Protocol, which is the treaty in place between the United States and Brazil that authorizes the taking of evidence by American courts and judicial authorities. The request further violates Brazilian international sovereignty, Brazil's judicial sovereignty, and Brazilian

procedural law because Brazilian law does not recognize the authority of foreign persons, such as American attorneys, to take evidence in this manner.

*See* Forjas Taurus Responses to Plaintiff's Req. for Prod. Of Doc. Sets #1-5 attached as Exhibit A. Prior to receiving Plaintiff's first set of discovery requests, Forjas Taurus had not stated any discovery objections based on the Letters Rogatory Convention in any of the filings leading up to the establishment of the joint discovery schedule.

Shortly after receiving Forjas Taurus' responses to Plaintiff's first set of documents requests, counsel for Plaintiff wrote to counsel for Forjas Taurus to address the company's refusal to respond to discovery on the basis that the Letters Rogatory Convention should apply. *See* correspondence between D. Selby to D. Mobley dated August 11, 2014 and December 24, 2014 attached as Exhibit B. Since then, Counsel for Plaintiff has tried to resolve this matter without the involvement of the court but the parties have been unable to resolve the issue. *See* correspondence among counsel attached as Exhibit C.

Accordingly, Plaintiff hereby files this motion to compel to avoid further indefinite and unwarranted delays in the discovery process.

## II.   ARGUMENT

### A. By failing to earlier state or reserve objections to participating in and conducting discovery under the Federal Rules of Civil Procedure Forjas Taurus has waived any such objections.

Despite having numerous opportunities to raise and reserve discovery objections based on the Letters Rogatory Convention before discovery commenced, Forjas Taurus failed to make any such objections. At this point, the only possible reason for insisting on the use of the Letters Rogatory Convention is to further delay the progress of this case.

In April and May 2014, the parties and the Court engaged in the process of establishing discovery protocols and deadlines. First, Forjas Taurus filed initial disclosures pursuant to Rule 26. (DE 42.) While Forjas Taurus did reserve certain discovery objections, it never expressed any opposition to taking discovery pursuant to the Federal Rules nor did it signal that it would insist on the parties following the evidence taking procedures of the Letters Rogatory Convention. Next, the parties together filed a Joint Scheduling Report in which the parties set forth how discovery would proceed and the timeline for such discovery. (DE 40.) Again, despite participation in this process and the opportunity to state objections to the discovery process, Forjas Taurus made no mention of any intention to require Plaintiff to follow the evidence taking procedures of the Letters Rogatory Convention. And, on April 24, 2014, the Court directed the parties to update the Joint Scheduling Report to take into consideration the class certification and pleadings amendment deadlines. (DE 44.) As part of the revised Joint Scheduling Report, Forjas Taurus did not make or reserve any discovery objections based on its intent to require Plaintiff to follow the evidence taking procedures of the Letters Rogatory Convention. (DE 47.)

These initial discovery documents gave Forjas Taurus every opportunity to make the Plaintiff and Court aware that they would not agree to participate in discovery or raise an objection related to whether discovery would proceed under the Federal Rules or some other law. Yet, without making any such objection, Forjas Taurus clearly agreed to participate in the discovery process, to meet discovery deadline and produce relevant documents. Accordingly, any objection that it now makes on the basis of the Letters Rogatory Convention should be deemed waived.

**B. Because the United States is not a party to the evidence taking provisions of the Inter-American Convention on Letters Rogatory such protocols are not controlling and instead discovery should be governed by the Federal Rules of Civil Procedure.**

Contrary to Forjas Taurus' assertions, the Letters Rogatory Convention is <u>not</u> the treaty in place between the United States and Brazil that authorizes the taking of evidence by American courts and judicial authorities in Brazil. Organization of American States, Inter-American Convention on Letters Rogatory, Jan. 30, 1975, O.A.S.T.S. No. 43, 1438 U.N.T.S. 288. The United States is not a party to the provisions of the treaty concerning the taking of evidence and therefore such protocols do not apply perforce to the discovery matters in this case. *Id.*; *see also*, *Synthes (U.S.A.) v. G.M. dos Reis Jr. Ind. Com. De Equip. Medico*, No. CIV 07-CV-309-L AJB, 2008 WL 81111, at *2 (S.D. Cal. Jan. 8, 2008) ("The United States is not a party to the evidence provisions of the Inter-American Convention on Letters Rogatory." (quoting United States Department of State Circular on Brazil Judicial Assistance previously located at   http:// travel.state.gov/law/info/judicial/ judicial_672.html)).

Instead, the determination of whether discovery should proceed under the Federal Rules of Civil Procedure or under some other law is made based on a balancing test endorsed by the United States Supreme Court in *Societe Nationale Industrielle Aerospatiale,* which takes into consideration matters related to comity—"the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching on the laws and interest of other sovereign states." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa,* 482 U.S. 522, 544 n. 27, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987); see also *Consejo De Defensa Del Estado De La Republica De Chile v. Espirito Santo Bank*, No. 09-20613-CIV, 2010 WL 2162868, at *2 (S.D. Fla. May 26, 2010) (applying *Aerospatieale* test to determine whether Chilean law or the Federal Rules would apply to discovery and holding that Federal Rules apply); In re Chevron Corp., No. 11-24599-CV, 2012 WL 3636925, at *12 (S.D. Fla. June 12, 2012) (applying *Aerospatieale* test to determine whether Ecuadorean law or the Federal Rules would apply to

discovery and holding that Federal Rules apply); *Synthes,* 2008 WL 81111, at *2 (holding that discovery rules applicable to case involving a private Brazilian company must be determined under the *Aerospatieale* test and holding that Federal Rules apply). A comity analysis typically involves consideration of the following:

> (1) The importance of the litigation or the information requested;
> (2) the degree of specificity of the request;
> (3) whether the information originated in the United States;
> (4) the availability of alternative means of securing the information; and
> (5) the extent to which noncompliance with the request would undermine the interests of the United States, or compliance with the request would undermine state in which the infraction is located.

*In re Chevron Corp.,* No. 11-24599-CV, 2012 WL 3636925, at *12 (S.D. Fla. June 12, 2012) citing *Aerospatieale,* 482 U.S. 522 at n. 28.  All of these considerations weigh in favor of applying the Federal Rules to discovery in this case.

### C. All conditions of the *Aerospatieale* balancing test favor Plaintiff and dictate that discovery should proceed under the Federal Rules of Civil Procedure.

When all of the factors of the *Aerospatieale* balancing test are considered, it is clear that the Federal Rules of Civil Procedure and not the procedures under the Letters Rogatory Convention should apply to discovery in this case. As to the first two factors of the test, Plaintiff's discovery requests have been very narrowly tailored and relate directly to his claims and the claims of the potential class concerning the defective pistols produced by Forjas Taurus. *See* Exhibit A. The discovery requests seek targeted information related to the design, manufacture, distribution and safety record of the specific pistols at issue in this case.  While the location of the requested information may originate in Brazil, Forjas Taurus stated in its Rule 26 disclosures that relevant documents and information are in the possession of its US-based attorney. (DE 40 at 3.) Therefore, this third factor still weighs in favor of Plaintiff as the burden

on Forjas Taurus is likely greatly diminished by already having counsel and some, if not all, of the relevant documents located in this country.

Next, the Federal Rules provide the best means for obtaining discovery. Forjas Taurus, in its responses to Plaintiff's discovery requests, has asserted that the protocol under the Letter Rogatory Convention must apply here instead. Whether Plaintiff was forced to use that protocol or another letter rogatory protocol to gather the evidence he seeks in this case, the result would be the same—Plaintiff would most likely be foreclosed from any further discovery in this case from Forjas Taurus. As has been made clear by the US State Department, employing the letter rogatory method is "a time consuming, cumbersome process and should not be utilized unless there are no other options available…the use of letter rogatory is not recommended given the habitual time delays of up to a year or  more in execution of the requests." State Department Advisory, at http://travel.state.gov/content/travel/english/legal-considerations/judicial/service-of-process.html; *see also In re Chevron Corp.*, No. 11-24599-CV, 2012 WL 3636925, at *13 (S.D. Fla. June 12, 2012) (holding that as to fourth consideration in *Aerospatieale* factors, the Letter Rogatory process did not provide a practical alternative means of obtaining discovery). The letters rogatory process, for all practical purposes, does not provide an alternative means for Plaintiff to obtain the highly relevant documents from Forjas Taurus, and therefore this factor weighs in favor of applying the Federal Rules.

Finally, and most importantly, proceeding with discovery under the Federal Rules will not affect substantive policies or interests of Brazil but may very well affect the interests of the United States and the judicial process. Courts have found that the gathering of evidence on foreign soil does not pose a serious threat to sovereignty and that general claims of such threats to foreign sovereignty are unpersuasive. *In re Chevron Corp.*, No. 11-24599-CV, 2012 WL

3636925, at *13 (S.D. Fla. June 12, 2012) (court "unpersuaded" by Defendants' list of general rights that would be undermined by use of Federal Rules); *Synthes,* 2008 WL 81111, at *2 ("The argument that evidence-gathering in a foreign country by an unauthorized person might violate the "judicial sovereignty" of the host nation has been found unpersuasive to mandate the application of discovery procedures other than the Federal Rules…" *citing Aerospatiale*, 482 U.S. at 526 & n. 6)). Forjas Taurus has not cited any specific policy, interest or law that would be undermined by proceeding with discovery under the Federal Rules. Furthermore, Brazil has not expressed any governmental interest in precluding discovery under the Federal Rules. *Synthes,* 2008 WL 81111, at *2 (lack of expression of interest by Brazilian government weighs in favor of applying Federal Rules).

On the other hand, Plaintiff's claims in this case involve serious, widespread safety issues related to defective pistols entering the United States market and seriously injuring United States citizens. Plaintiff seeks to have all of these pistols removed from the market. Therefore, the United States and the judiciary have a real interest in providing Plaintiff with the best possible means of gathering information. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1477 (9th Cir. 1992) (holding that interests of foreign country must be weighed "against the United States' interests in vindicating the rights of American plaintiffs and in enforcing the judgments of its courts. The former interest has been described as 'substantial…'") (*citing In re Ins. Antitrust Litig.*, 938 F.2d 919, 933 (9th Cir. 1991)). This last and most important factor of the balancing test weighs heavily in favor of proceeding with discovery under the Federal Rules.

### D.  The clear jurisdiction that the Court has over Forjas Taurus further supports the application of the Federal Rules to discovery in this case.

Once Forjas Taurus accepted service in this case, as it did on April 30, 2014, the Court had *in personam* jurisdiction over the company and may now enforce the Federal Rules of Civil

Procedure for the purposes of discovery. The claims in this products liability case involve an inherently dangerous product sold to American citizens in Florida and across the United States. As admitted by its own attorney, Forjas Taurus has submitted itself to the jurisdiction of this Court by virtue of the company advertising and selling its products both in Florida and throughout the country. Defense Counsel during a hearing involving similar product liability claims against Forjas Taurus, took the position that once his client had been served, the Court clearly had *in personam* jurisdiction over the company for the purposes of discovery:

> I think I would be sanctioned, based on what I learned in law school, if I took the position that this Court did not have in personam jurisdiction of Forjas Taurus once they're served. It's clear that the product is designed, sold with the intent to put it into the North American market. It entered the North American market. I have no argument that you wouldn't have in personam jurisdiction.

*Netz v. Taurus Int'l Manuf., Inc. et al.,* Hearing May 2, 2014 (p. 26) attached as Exhibit D. Having both accepted service and admitted that the Court has *in personam* jurisdiction over the company, Forjas Taurus should be compelled to participate in discovery under the Federal Rules.

## III.    <u>CONCLUSION</u>

Having earlier failed to raise any objection to discovery proceeding under the Federal Rules of Civil Procedure, Forjas Taurus should be compelled to respond to Plaintiff's discovery requests. This Court clearly has jurisdiction over Forjas Taurus and proceeding under the Federal Rules will not violate any notions of comity with Brazil. For these reasons, Plaintiff respectfully asks the court to enter an order compelling Forjas Taurus to respond to Plaintiff's discovery requests pursuant to the Federal Rules of Civil Procedure.  Given the impending discovery deadlines and deadlines which have already expired, Plaintiff has clearly been prejudiced by the delays of Forjas Taurus and would ask this Court for the appropriate relief.

<u>**CERTIFICATE OF CONSULTATION**</u>

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that Plaintiff has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Date:  March 4, 2015                                    Respectfully submitted,


                                                        /s/ *David L. Selby, II*
                                                        David L. Selby, II *(admitted pro hac vice)*
                                                        BAILEY & GLASSER, LLP
                                                        3000 Riverchase Galleria, Suite 905
                                                        Birmingham, Alabama 35244
                                                        Tel.:       (205) 988-9253
                                                        Email:      dselby@baileyglasser.com

                                                        John W. Barrett *(admitted pro hac vice)*
                                                        BAILEY & GLASSER, LLP
                                                        209 Capitol Street
                                                        Charleston, West Virginia  25301
                                                        Tel.:       (304) 345-6555
                                                        Email:      jbarrett@baileyglasser.com

                                                        Todd Wheeles *(admitted pro hac vice)*
                                                        MORRIS, HAYNES, HORNSBY & WHEELES
                                                        3500 Colonnade Parkway, Suite 100
                                                        Birmingham, AL 35243
                                                        Email:      twheeles@mhhlaw.net

                                                        Angelo Marino, Jr. (FBN 151934)
                                                        ANGELO MARINO, JR., P.A.
                                                        645 S.E. 5th Terrace
                                                        Ft. Lauderdale, Florida  33301
                                                        Tel.:       (954) 765-0537
                                                        Email:      amjrpamail@aol.com

> Carol Finklehoffe (FBN: 15903)
> Thomas Scolaro (FBN: 178276)
> Ira H. Leesfield (FBN: 140270)
> LEESFIELD & PARTNERS, P.A.
> 2350 South Dixie Highway
> Miami, Florida  33131
> Tel.:          (305) 854-4900
> Email:       finklehoffe@leesfield.com
>                   scolaro@leesfield.com
>                   leesfield@leesfield.com
>
> *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing "**Plaintiff's Memorandum in Opposition to Defendant Forjas Taurus S.A.'s Motion to Dismiss**" is being served on the counsel of record via transmission of Notices of Electronic Filing generated by CM/DE.

/s/ *David L. Selby, II*
David L. Selby, II