## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

      Plaintiff,

         v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

      Defendants.

_____/

Case No. 1:13-cv-24583-PAS

**CLASS ACTION**

## FORJAS TAURUS, S.A.'S OPPOSITION
## TO PLAINTIFF'S MOTION TO COMPEL

Defendant Forjas Taurus, S.A. ("Forjas Taurus'), pursuant to the Court's February 23, 2015 Order, submits this Opposition to Plaintiff's Motion to Compel [Dkt. No. 101.]

### Summary

Forjas Taurus is not refusing to engage in the pre-trial discovery process.  Rather, Forjas Taurus—while cognizant of the Court's authority and this country's interest in the fair adjudication of matters in its courts—respectfully requests that Plaintiff conduct discovery of information located in Brazil in the way that comports with the laws of that nation.

"American courts should . . . take care to demonstrate due respect for any special problems confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." *Société Nationale Industrielle Aérospatiale v. U.S. District Court*, 482 U.S. 522, 546 (1987).  Forjas Taurus is

confronted with these special problems in this case.  It therefore seeks the care counseled by the U.S. Supreme Court from this Court.

This issue represents a collision of U.S. procedural rules and Brazilian law.  To resolve it, the Court must balance the contemplated application of those procedural rules against longstanding notions of international comity and Brazilian sovereignty using the test set forth in *Aérospatiale*.

Plaintiff pays short shrift to the Court's task on the merits of this issue.  Instead, he asks the Court to quickly (and unfairly) find a waiver of Forjas Taurus's rights, or even more aggressively, to disregard Brazilian law simply because Forjas Taurus is subject to the Court's jurisdiction.

But this issue implicates significant interests of international law. Local notions of forfeiture or sheer jurisdictional power do not apply. Rather, a particularized *Aérospatiale* comity analysis is required.  As shown below, that test resolves in Forjas Taurus's favor.  Forjas Taurus therefore respectfully requests that Plaintiff's Motion to Compel be denied and that Plaintiff be required to seek information through the use of letters rogatory in accordance with the international agreements currently in force between the U.S. and Brazil.

## Background

### A.  Forjas Taurus.

This is a product liability action focused on certain pistols manufactured by Forjas Taurus in Porto Alegre, Brazil.   Founded over 70 years ago, Forjas Taurus is a diversified manufacturing conglomerate organized as a *sociedade anônima* and existing under the laws of Brazil.   Forjas Taurus has no direct presence in the U.S. and does not sell products in this

country.   Forjas Taurus did not contest this Court's jurisdiction because of its indirect ownership of distinct U.S. subsidiary business entities located in this district.

### B.  The parties' discovery dispute.

Plaintiff states that his requests "seek targeted information related to the design, manufacture, distribution and safety record of the specific pistols at issue in this case." (Mot. p. 8.)   In reality, Plaintiff seeks "all documents" in response to 158 separate requests on far-ranging topics from, for example, the Bureau of Alcohol, Tobacco, Firearms and Explosives's "Factoring Criteria Weapons" for all Taurus-branded striker-fired pistols—not just the proposed-class pistols (Req. No. 11, *Plaintiff's Second Set of Requests for Production of Documents to Defendant Forjas Taurus, S.A.*), to Forjas Taurus's "complete file and all materials relating" to ISO 9001-2008 certification[1] (Req. No. 1, *Plaintiff's Third Set of Requests for Production of Documents to Defendant Forjas Taurus, S.A.*).

Forjas Taurus timely asserted objections based on international comity and the violation of Brazil's sovereignty.   As explained below, the gathering of evidence located on Brazilian soil for use in foreign proceedings not conducted by a Brazilian judge pursuant to letters rogatory is viewed as a serious transgression of Brazilian law and national sovereignty.    Forjas Taurus further objected to many of Plaintiff's requests as impermissibly broad and unduly burdensome.

### C.  Plaintiff has known of Forjas Taurus's position since the earliest stages of this litigation and, in any event, certainly since June 16, 2014.

Plaintiff devotes a good portion of his motion to the argument that Forjas Taurus has waived any objection to conducting discovery under the federal rules.   Plaintiff omits a number of key facts that, even if waiver were permissible on this unique issue, defeat this argument.

---

[1] ISO 9001-2008 certification is a criteria set by the International Organization for Standardization regarding quality management principals implemented by over 1 million companies worldwide.

First, Forjas Taurus alerted the Court and all parties on April 30, 2014, that its waiver of service of Plaintiff's complaint in accordance with the requirements of the *Inter-American Convention on Letters Rogatory and Additional Protocol* was contrary to company policy and "should not be interpreted to the effect that [Forjas Taurus] will not insist on the formalities of International Law in the future." [Dkt. No. 46.] (*Notice Regarding Alternative Service*, a copy of which is attached as Exhibit A.)  This notice alone defeats Plaintiff's waiver argument.

Second, Plaintiff does not acknowledge the recognition by the Court on the record at the April 23, 2014 hearing.  This hearing centered in large part on a motion to dismiss requiring Plaintiff to serve his complaint via letters rogatory. And the Court specifically addressed Forjas Taurus's Brazilian citizenship and the unique challenges such citizenship could pose in this case:

> **Mr. Bumann:**  They're very protective of their sovereignty, as the Court must be aware.
>
> **The Court:**   I'm very sensitive to that.

(April 23, 2014 Hearing Transcript, p. 25, l. 13-15, a copy of which is attached as Exhibit B.)

> . . .
>
> **The Court:**   [M]y concern for the Plaintiff is, if I deny the motion to dismiss, you all are going to have a problem enforcing your judgment in Brazil. And so my question back to you is:  What prevents you from - - if I deny the motion, but you proceed with the letters rogatory if you want to make sure that you have an enforceable judgment?

(Ex. B, pps. 25-26, l. 24-25 & 1-2.)

> . . .

> **The Court:**    Because I'm trying to figure out what to do here because I am concerned for the Plaintiff that the realities are, if you try and - - if you get a judgment and you try and enforce it in Brazil, I think you're going to have problems.  It's the old adage:  If the judgment is not collectible, it's not worth the paper that it's printed on.  I don't think any of us here are interested in just churning our wheels for that purpose.

(Ex. B, p. 31, l. 11-19.)

. . .

> **The Court:**    The concern that I have is, in looking at what was actually provided to me, it looked like the question was that, for enforcement purposes - - and that was the concern that the Brazilian justices had - - that they would not give full faith and credit.
>
> **Mr. Bumann:**  Exactly, your honor.
>
> **The Court:**    And that goes back to the sovereignty issue.  But, quite frankly, it looks to me more like a form over substance issue.  But I don't - - but that's the practicalities.  I do not want to create any offense to the Brazilian Government, the Brazilian state or the citizens of Brazil.  And I'm just looking at it practically speaking.

(Ex. B, pps. 88-89, l. 19-25 & 1-6.)  These exchanges, especially when coupled with Forjas Taurus's April 30, 2014 Notice, show that Plaintiff's waiver argument fails.

Finally, Plaintiff has known unequivocally since at least June 16, 2014, that Forjas Taurus objected to his chosen method of discovery.  Forjas Taurus responded in writing to

Plaintiff's first set of discovery requests on this date.  Over the ensuing six months, Forjas Taurus repeated its objections in response to each of Plaintiff's next four sets of requests.

Had Plaintiff served his requests through the use of letters rogatory shortly after learning of this issue, he would likely now have the information he seeks.  But he did not, and instead waited 7 months to raise this issue with the Court.  The Court should not countenance his delay.

## Argument

### I.    Principles of comity call for the application of international discovery procedures in this case and provide a fair "middle-ground" resolution.

Forjas Taurus seeks the denial of Plaintiff's motion on the basis of international comity. On this point, the U.S. Supreme Court has stated that "comity in the legal sense is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other.  But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws."  *Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895).  Forjas Taurus seeks such a recognition of Brazil's legislative, executive, and judicial acts in this case.

The "central precept of comity" posits that foreign law "should be given effect in domestic courts" when possible "since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations."  *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 937 (D.C. Cir. 1984).  Giving effect to Brazil's requirement of letters rogatory will achieve these goals in this case because the "interests of both forums are advanced—the foreign court because its laws and policies have been vindicated; the domestic country because international

cooperation and ties have been strengthened.  The rule of law is also encouraged, which benefits all nations." *Id.*

As acknowledged by the Court at the April 23, 2014 hearing, Brazil zealously guards the prerogatives of its judiciary.  Discovery of information held by Forjas Taurus in Brazil through the use of letters rogatory is therefore urged because any attempt at evidence gathering that does not comport with that procedure will be seen as transgressing Brazilian sovereignty.

Indeed, as Professor Keith S. Rosenn recounts in a declaration already filed in this case: "[t]he Federal Supreme Court has said that carrying out a procedural act in Brazilian territory, in compliance with a foreign court's order and in accordance with foreign rules of procedure, is tantamount to a disregard of Brazilian sovereignty and is against public policy." [Dkt. No. 35-3.] (Declaration of Keith S. Rosenn, dated April 14, 2014, ¶ 7, a copy of which is attached as Exhibit C.)

Currently, there is no international agreement for taking evidence abroad in force between the U.S. and Brazil.  Because Brazil is not a signatory to the *Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters*, and (as correctly pointed out by Plaintiff) the U.S. has not acceded to the evidence provisions of the *Inter-American Convention on Letters Rogatory and Additional Protocol*, the obtaining of evidence located in Brazil for use in litigation in the U.S. is informed by Article 5 (j) of the *Vienna Convention on Consular Relations*, 21.1 U.S.T. 77, 596 U.N.T.S. 261.[2] That provision explains that the respective nations' consular functions include:

---

[2] Declaration of Edward A. Betancourt, Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizen Services ("OCS") of the Bureau of Consular Affairs concerning judicial assistance in Brazil, filed in *Wheaton v. Porreca* and *U.S. v. Porreca* in the U.S. District Court for the District of New Jersey, dated May 24, 2001, and available at http://www.state.gov/s/l/16146.htm. A copy is attached as Exhibit D.

Transmitting judicial and extra-judicial documents or executing letters rogatory or commissions to take evidence for the courts of the sending State in accordance with international agreements in force, or in the absence of such international agreements, in any other manner compatible with the laws and regulations of the receiving State.

Because there is no international agreement in force on evidence gathering, Plaintiff's request must be made pursuant to the *Vienna Convention*.  It should therefore comply with the laws of Brazil as the "receiving State."  Any other process violates Brazilian law because, according to the U.S. Department of State's Bureau of Consular Affairs, that law requires that evidence collection in a civil matter such as this case "be taken before a Brazilian court pursuant to letters rogatory."

http://travel.state.gov/content/travel/english/legal_considerations/judicial/country/brazil.html  (A copy of the U.S. State Department's webpage concerning judicial assistance in Brazil is attached as Exhibit E).

An order requiring the use of letters rogatory allows Plaintiff to obtain discovery while also allowing Forjas Taurus to comply with the public policy of its domicile.  The rule of law will no doubt be encouraged as well.

**A.  The *Aérospatiale* factors weigh in favor of discovery through letters rogatory.**

This Court undertook a similar comity analysis in *In re Chevron*, No. 11-24599-CV, 2012 WL 3636925, at *12-15 (S.D. Fla. June 12, 2012), and recognized that no fixed rule guides U.S. courts on this important issue.  Instead, the balancing test set forth in *Aérospatiale* allows courts to analyze the interests of the litigants and the sovereigns involved.

The five factors relevant to the analysis are: (1) the importance to the litigation of the information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the

information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.  *Aérospatiale*, 482 U.S. at 544 n. 28.  Comity under this test favors discovery in accordance with Brazilian law.

**1. Not all of the information Plaintiff seeks is relevant to his case and, in many instances, is duplicative of information he can obtain from the U.S. subsidiaries.**

In his motion, Plaintiff states that his requests "relate directly to his claims and the claims of the potential class. . . ." (Mot. p. 8.)  Not so.  But even taking Plaintiff at his word, he has not established that the outcome of his case stands or falls with his receipt of *all* of the requested information.  "Where the outcome of litigation does not stand or fall on the present discovery order, or where the evidence sought is cumulative of existing evidence, courts have generally been unwilling to override foreign . . . laws.  Where the evidence is directly relevant however, we have found this factor to weigh in favor of disclosure."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) (cits. omitted).

Forjas Taurus will produce relevant information in response to narrowly-tailored requests served through letters rogatory.  But much of the information sought in Plaintiff's requests, as they currently stand, is not relevant and seek duplicative information.  Plaintiff certainly has not argued that the information is of such a vital nature to his case that a violation of Brazilian sovereignty is warranted.

**2. Plaintiff's requests are not sufficiently specific.**

"Generalized searches for information, the disclosure of which is prohibited by foreign law, are discouraged."  *Id.*  In many instances, Plaintiff's requests are imprecise, overly broad, and unduly burdensome.  Some are also impermissibly vague, and most of them seek the generalized "all documents" that will necessarily cover irrelevant material.  This factor further

weighs in favor of service via letters rogatory, which will require Plaintiff to more narrowly tailor his requests to seek specific information that is relevant to his case.

### 3. Plaintiff seeks information that originated in Brazil and remains there now.

Plaintiff acknowledges that the information he seeks "may originate in Brazil," but then argues, based on language in documents previously filed in this case, that the requested information is currently in counsel's possession. (Mot. p. 8.)   To remove any doubt:  the information Plaintiff seeks to be produced through his motion originated in Brazil and physically remains there now.  As such, this "overseas location of the information weighs in favor" of discovery via letters rogatory.  *CE Int'l Res. Holdings, LLC v. S.A. Minerals LTD.*, No. 12-CV-08087, 2013 WL 2661037, at *10 (S.D.N.Y June 12, 2013); *Richmark Corp.*, 959 F.2d at 1475 (stating that the "fact that all the information to be disclosed (and the people who will be deposed or who will produce the documents) are located in a foreign country weighs against disclosure, since those people and documents are subject to the law of that country in the ordinary course of business.").   This factor therefore also weighs in favor of discovery through letters rogatory.

### 4. The use of letters rogatory is a viable alternative way of securing information.

Discovery through letters rogatory is a meaningful avenue of discovery available to Plaintiff.  Plaintiff argues—without any evidence—that he "would most likely be foreclosed from any further discovery in this case . . . because the use of letters rogatory "is a time consuming, cumbersome process . . . ." (Mot. p. 9.)  But surely such complaints (even if true, which Forjas Taurus denies) do not outweigh the offense to Brazilian sovereignty that would result.  *See Madanes v. Madanes*, 186 F.R.D. 279, 287 (S.D.N.Y 1999) (stating that "[i]f the information sought can easily be obtained elsewhere, there is little or no reason to require a

party to violate foreign law.").   Moreover, the burdens about which Plaintiff speculates pale in comparison to the costs to Plaintiff which may accrue if the Brazilian judiciary does not give full faith and credit to these proceedings because of such offense.  Letters rogatory served in accordance with the *Vienna Convention* are a proper middle-ground means of securing the information sought from Forjas Taurus.

### 5. Both U.S. and Brazilian national interests will be furthered through the use of letters rogatory.

This factor "requires the Court to engage in the precarious task of balancing the interests of the United States against the interests of a foreign nation."  *CE Int'l Res. Holdings, LLC*, 2013 WL 2661037, at *13 (explaining that this determination "swells with importance when the substance of the matter concerns issues of national concern" such as combating terrorism or a criminal investigation).   "[W]here the interest is a generalized interest in 'fully and fairly adjudicating matters before its courts,' [those] courts allocate relatively less weight to the United States in this analysis."  *Id.*  As the *CE Int'l Res. Holdings, LLC* court recognized, Forjas Taurus does not "understate the United States's interest in the fair adjudication of commercial interests which requires full discovery."  *Id.*

However, Brazil has an interest in protecting its citizens from foreign discovery practices it views as antithetical to Brazilian culture.  This interest will be undermined by the "raw exercise" of jurisdiction that Plaintiff proposes.  *See Aérospatiale*, 482 U.S. at 548 (Blackmun, J., concurring in part and dissenting in part).  As the Court is no doubt aware, Brazil is a civil law jurisdiction.  According to Professor Geoffrey C. Hazard, Jr.:

> The civil law concept is that production of evidence, whether for 'discovery,' 'pretrial,' or otherwise, is carried out through the authority and responsibility of the court and not through authorization of the advocates for the parties.  The notion that a party has a right to compel production of evidence violates this fundamental principle of civil law.  The violation is comparable to the idea that, in

11

American litigation, a party would have an absolute right to a particular jury instruction regardless of the trial judge's determination that the instruction was superfluous or erroneous.  Put differently, recognizing in a party a right to require production of evidence, as distinct from a party's right to ask the court to require production of evidence, violates a constitutional principle of adjudication in the civil law system.

(*Discovery and the Role of the Judge in Civil Law Jurisdictions*, 73 Notre Dame L. Rev. 1017 (1998)).

An order requiring Plaintiff to use letters rogatory in this action will prevent a constitutional offense in Brazil. And it will also further important U.S. interests as well by strengthening international ties in today's increasingly global economy.

Forjas Taurus acknowledges that, while this result may be somewhat infrequently rendered by U.S. courts, it is not rare by any means.  *See, e.g., Madanes*, 186 F.R.D. at 287 (recognizing a privilege against self-incrimination under Argentine constitution and "carefully structuring disclosure rather than abrogating privilege altogether" where party did not seek to completely withhold information).

Like the defendants in the *Madanes* case, Forjas Taurus is not refusing to respond to discovery.  Rather, Forjas Taurus asks this Court to balance Plaintiff's requests for information with the foreign law creating Forjas Taurus and under which it must operate.

## II.    Plaintiff's waiver and jurisdiction arguments fail.

Plaintiff's waiver argument fails.   Plaintiff should have known of Forjas Taurus's position on this issue since at least April 30, 2014—and most certainly did know on June 16, 2014.  And Plaintiff's argument that Forjas Taurus waived the right to object to the manner of discovery is further unsustainable because of the important national issues involved.  Indeed, the very "concept of international comity requires in this context a more particularized analysis

of the respective interests of the foreign nation and the requesting nation" than a blanket ruling of waiver would allow.  *Aérospatiale*, 482 U.S. at 543-544.

Plaintiff's argument that this Court's jurisdiction alone is sufficient to mandate discovery under the federal rules also misses the point.  The U.S. Supreme Court has called it well settled that foreign law does "not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate" the foreign law.  *Id.* at 544 n. 29.  Forjas Taurus does not dispute this point.

But Forjas Taurus does seek a recognition of "the degree of friction created by discovery requests . . . and the differing perceptions of the acceptability of American-style discovery under national and international law" and "to moderate the application abroad of U.S. procedural techniques, consistent with the overall principle of reasonableness in the exercise of jurisdiction."  *Id.*  Requiring Plaintiff to gather evidence located in Brazil pursuant to letters rogatory *even though* Forjas Taurus is subject to this Court's jurisdiction is, as a matter of international comity, entirely proper given the facts of this case.  As such, Forjas Taurus therefore requests that the Court deny Plaintiff's Motion to Compel.

<u>**Conclusion**</u>

Forjas Taurus requests that Plaintiff's Motion to Compel be denied for the reasons set forth above.

Respectfully submitted,


/s/ John P. Marino
John P. Marino (FBN: 814539)
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Tel.:    (904) 598-6100
Fax:    (904) 598-6300
Email:  jmarino@sgrlaw.com

and

Timothy A. Bumann (*Admitted Pro Hac Vice*)
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Tel.:    (404) 815-3500
Fax:    (404) 815-3900
Email:  tbumann@sgrlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 11, 2015, I electronically filed the foregoing Forjas Taurus, S.A.'s Response in Opposition to Plaintiff's Motion to Compel & Motion for Protective Order with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being furnished to counsel of record as identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via CM/ECF:

**Angelo Marino, Jr.**
645 SE 5th Terrace
Fort Lauderdale, FL 33301-3160
Email: amjrpamail@aol.com
Attorneys for Plaintiff

**Todd Wheeles**
Morris, Haynes, Hornsby & Wheeles
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
Email: twheeles@mhhlaw.net
Attorneys for Plaintiff
*Admitted Pro Hac Vice*

**David L. Selby, II**
Bailey & Glasser, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, AL 35244
Email: dselby@baileyglasser.com
Attorneys for Plaintiff
*Admitted Pro Hac Vice*

**John W. Barrett**
Bailey & Glasser, LLp
209 Capital Street
Charleston, WV 25301
Email: jbarrett@baileyglasser.com
Attorneys for Plaintiff
*Admitted Pro Hac Vice*

**Thomas Scolaro**
Email: Scolaro@Leesfield.com
**Carol L. Finklehoffe**
Email: Finklehoffe@Leesfield.com
LEESFIELD & PARTNERS, P.A.
2350 South Dixie Highway
Miami, FL 33131
Telephone: (305) 854-4900
Facsimile: (305) 854-8266
Attorneys for Plaintiff

**Patricia M. Kipinis**
pkipnis@bailyglaser.com
Bailey & Glasser, LLP
135 Kings Highway E.
3d Fl. E.
Haddonfield, NJ 08033
Telephone: (856) 795-0378
Facsimile: (304) 342-1110
Attorneys for Plaintiff

*/s/ John P. Marino*
Attorney for Defendants