**EXHIBIT D**

13. Declaration by Edward A. Betancourt, Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizens Services ("OCS") of the Bureau of Consular Affairs ...

Case 1:13-cv-24583-PAS   Document 104-4   Entered on FLSD Docket 03/11/2015   Page 2 of 6

Browse by: Topic | Speaker | Publication | Location | Date

SECRETARY KERRY | MEDIA CENTER | BLOG | TRAVEL | CAREERS | BUSINESS | YOUTH & EDUCATION | MYSTATEDEPARTMENT

ABOUT STATE | POLICY ISSUES | COUNTRIES & REGIONS | ECONOMICS, ENERGY & ENVIRONMENT | ARMS CONTROL & INTERNATIONAL SECURITY | CIVILIAN SECURITY & DEMOCRACY | PUBLIC DIPLOMACY & PUBLIC AFFAIRS | ASSISTANCE & DEVELOPMENT

Home » Bureaus/Offices Reporting Directly to the Secretary » Office of the Legal Adviser » Digest of United States Practice in International Law » Digest of United States Practice in International Law 2001 » Digest of United States Practice in International Law 2001 » 13. Declaration by Edward A. Betancourt, Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizens Services ("OCS") of the Bureau of Consular Affairs concerning judicial assistance in Brazil in Wheaton v. Por

# 13. Declaration by Edward A. Betancourt, Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizens Services ("OCS") of the Bureau of Consular Affairs concerning judicial assistance in Brazil in Wheaton v. Por

Stay Connected with State.gov

Short URL: http://go.usa.gov/PT8G

Country Profiles
Select a Country or Other Area

THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW JERSEY


Frank Wheaton, III            )
                              )      Civil No.  00-2205
v.                            )
                              )
Porreca, et al                )
_____


United States                 )
                              )      Civil No.  99-5943
v.                            )
                              )
Porreca                       )
                              )


DECLARATION OF EDWARD A. BETANCOURT

13. Declaration by Edward A. Betancourt, Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizens Services ("OCS") of the Bureau of Consular Affairs ...

Case 1:13-cv-24583-PAS   Document 104-4   Entered on FLSD Docket 03/11/2015   Page 3 of 6

I, Edward A. Betancourt, hereby depose and say as follows:

1. I am the Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizens Services ("OCS") of the Bureau of Consular Affairs in the United States Department of State. I have been employed as an Attorney Adviser in the Bureau of Consular Affairs since 1974.

2. OCS is responsible, <u>inter alia</u>, for receiving and transmitting requests for international judicial assistance under 28 USC 1781 (See 22 CFR Section 92.67), as well as for other legal assistance requests that foreign States may make via the diplomatic channel to the United States, including those for which assistance may be available under 28 USC 1782.

3. OCS is also responsible for other aspects of international judicial assistance for the United States Department of State, including obtaining host country clearance for the travel of U.S. Government officials abroad to conduct depositions, interviews, inspections or other activities related to discovery. This responsibility is derived from U.S. consular treaty obligations, 22 USC 4215, 4221, 22 CFR Part 92 et. seq., Rule 28(b), Federal Rules of Civil Procedure, and authority delegated to the Bureau of Consular Affairs by the U.S. Secretary of State. OCS's judicial assistance functions are set forth in Volume 7, Foreign Affairs Manual, Chapter 900 which is available via the internet at the U.S. Department of State, Bureau of Consular Affairs home page link at http://travel.state.gov.

4. Judicial assistance between the United States and Brazil in civil and administrative matters is governed by Article 5 (f) and (j) of the Vienna Convention on Consular Relations Relations ("VCCR"), 21 U.S.T. 77 (See Exhibit "A"), customary international law and the practice of nations, and applicable U.S. and local Brazilian law and regulations. Article 5 of the Vienna Convention on Consular Relations provides that consular functions consist in:

> *(f) acting as a notary and civil registrar and in capacities of a similar kind, and performing certain functions of an administrative nature, provided there is nothing contrary thereto in the laws and regulations of the receiving State;*

> *(j) transmitting judicial and extra-judicial documents or executing letters rogatory or commissions to take evidence for the courts of the sending State in accordance with international agreements in force or, in the absence of such international agreements, in any other manner compatible with the laws and regulations of the receiving State.*

5. The United States has endeavored to obtain authoritative guidance from the Government of Brazil regarding the procedures it considers acceptable under Brazilian law and practice, and under its interpretation of the Vienna Convention on Consular Relations concerning obtaining evidence in Brazil. Despite extensive consultations for many years, the United States has not received clear written guidance from the Government of Brazil on this subject. Ministry of External Relations officials have advised the U.S. Embassy verbally that Brazilian authorities do <u>not</u> recognize the authority or ability of foreign persons, such as American attorneys, to take depositions before a U.S. consular officer, with the assistance of a Brazilian attorney, or in any other manner.

6. Ministry officials explained that the taking of depositions for use in foreign courts constitutes an act of procedural law and that, as such, must be undertaken in Brazil only by Brazilian judicial authorities. The Ministry also

13. Declaration by Edward A. Betancourt, Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizens Services ("OCS") of the Bureau of Consular Affairs ...

Case 1:13-cv-24583-PAS   Document 104-4   Entered on FLSD Docket 03/11/2015   Page 4 of 6

cited as an implicit principle of Brazilian Constitutional Law that only Brazilian judicial authorities are competent to perform acts of a judicial nature in Brazil. In view of this position, Brazil has advised it would deem taking depositions in Brazil by foreign persons to be a violation of Brazil's judicial sovereignty. Such action could result in the arrest, detention, expulsion, or deportation of the American attorney or other American participants. Subsequent attempts by the U.S. Embassy to clarify the issue with Brazilian authorities proved unsuccessful. The United States recognizes the right of judicial sovereignty of foreign governments based on customary international law and practice; See, e.g., the Restatement (Third) of Foreign Relations Law (1987).

7. U.S. Government executive branch officials traveling abroad are subject to the authority from the U.S. ambassador or chief of mission whose authority is derived directly from the President of the United States. See Section 207 of the Foreign Service Act of 1980, 22 USC Section 3927, which charges U.S. ambassadors and chiefs of mission with full responsibility for the direction, coordination, and supervision of all U.S. Government executive branch officers and employees in the country to which they are accredited. President Bush has recently reaffirmed the authority of the Chiefs of Mission.

8. U.S. Government executive branch officials traveling abroad for a purpose related to international judicial assistance must obtain the permission of both the U.S. embassy (or the U.S. Department of State acting on the Embassy's behalf) and the foreign State. Procedures regarding host country clearance for such travel are set forth at 7 Foreign Affairs Manual 941 and instructions are also available on the Bureau of Consular Affairs home page at http:travel.state.gov/host_country.html. Copies of these procedural instructions are annexed as *Exhibit B"*.

9. In our experience, foreign host governments may regard travel of U.S. Government officials in judicial assistance matters as a violation of judicial sovereignty unless advanced clearance has been obtained through diplomatic channels. The United States has similar requirements with respect to the travel of foreign government officials to the United States in judicial assistance matters (18 USC 951, 28 CFR 73). Travel abroad without prior clearance can result in the arrest, detention, expulsion, or deportation of the U.S. Government official. The request for host country clearance for the travel of U.S. Government officials to participate in the taking of a deposition in Brazil requires the transmittal of a note verbale via diplomatic channels from the U.S. Embassy in Brasilia to the Brazilian Ministry of External Relations.

10. Most foreign States, including Brazil, will not permit the participation of foreign judges in the deposition of a witness located in the foreign State. For a general discussion of participation of judges in foreign depositions, see, Cumulative Digest of United States Practice in International Law, 1981-1988, Vol. II, 1400, 1402, Department of State (1994). But see, Administrative Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol. III, Judges' Manual, February 1988, trans. 2, vol. III, chap. XV, p. 3, Sec. B.1.c.

11. Article 41 of the Vienna Convention on Diplomatic Relations, 23 UST 3227, provides that:

> *1. Without prejudice to their privileges and immunities, it is the duty of all persons enjoying such privileges and immunities to respect the laws and regulations of the receiving State. They also have a duty not to interfere in the internal affairs of that State.*

Similarly, U.S. Government officials traveling abroad in an official capacity are expected, in accordance with customary international law and practice, to respect the laws of the foreign country. In the case of diplomats assigned to a foreign

13. Declaration by Edward A. Betancourt, Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizens Services ("OCS") of the Bureau of Consular Affairs ...

Case 1:13-cv-24583-PAS   Document 104-4   Entered on FLSD Docket 03/11/2015   Page 5 of 6

country, this is an international obligation under Article 41 of the Vienna Convention on Diplomatic Relations annexed at *Exhibit "C"*.

12. Absent specific authorization from the Ministry of External Relations of Brazil, the U.S. Embassy or U.S. Consulates in Brazil cannot participate in any way in the deposition. See, Restatement (Third) of Foreign Relations Law, 441-442. See also, interpretive notes, Rule 28(b), Federal Rules of Civil Procedure which provides "effectiveness and even availability, of one of the methods Rule 28(b) provides for taking of depositions in foreign countries depends largely upon law of depositions in foreign countries depends largely upon law of foreign country in which deposition is to be taken." <u>Zassenhaus v. Evening Star Newspaper Co</u>., 404 F2d 1361, (D.C. Cir. (1968), 131 App DC 384.

13. The U.S. Department of State would advise U.S. citizens, both U.S. Government officials and private citizens, contemplating participation in a deposition in Brazil without the concurrence of the host to consider carefully the impact of such an action, including possible arrest, detention or deportation.

14. Should the U.S. District Court desire that the U.S. Department of State send a formal note verbale requesting permission to conduct the deposition in the captioned case either before U.S. consular officers or through local Brazilian legal counsel with U.S. Department of Justice officials participating fully or observing, OCS will make arrangements for the U.S. Embassy in Brasilia to transmit an urgent note verbale to the Ministry of Foreign Affairs. We note, however, that given recent general discussions with Brazilian authorities regarding judicial assistance between our two countries, we do not expect that Brazil would alter its position in this matter, and cannot predict how long it might take the Ministry to respond to the inquiry.

15. The Department of State would be pleased to assist the U.S. District Court in any further questions the Court may have regarding judicial assistance in Brazil.

I declare under penalty of perjury that the foregoing is true and correct (28 USC 1746).

_____
Edward A. Betancourt

Executed in Washington, D.C.

May 24, 2001

Exhibits:

A. Article 5 - Vienna Convention on Consular Relations.

B. 7 FAM 941 - Host Country Clearance Instructions.

C. Article 41, 1 - Vienna Convention on Diplomatic Relations.

13. Declaration by Edward A. Betancourt, Director of the Office of Policy Review and Inter-Agency Liaison in the Directorate of Overseas Citizens Services ("OCS") of the Bureau of Consular Affairs ...

Case 1:13-cv-24583-PAS   Document 104-4   Entered on FLSD Docket 03/11/2015   Page 6 of 6

Back to Top

Blog | What's New | FAQ | Contact Us | Subject Index | Search USA.gov | Share | Mobile | Email this Page | Video | Photos
Accessibility Statement | External Link Policy | Privacy Policy | FOIA | Copyright Information | White House | Other U.S. Government Info | Archive

**Media Center**
- Daily Press Briefings
- Public Schedule
- Press Releases & Special Briefings
- Remarks, Testimony by Senior Officials
- Translations
- Key Policy Fact Sheets
- Reports and Publications
- International Media Engagement
- Photo Gallery
- Foreign Press Center
- Satellite
- Email Subscriptions
- RSS News Feeds
- More...

**Travel**
- Passports
- Visas
- Travel Information
- Emergency Services
- Intercountry Adoption
- Parental Child Abduction
- Foreign Per Diem Rates
- More...

**Careers**
- Foreign Service Officer
- Civil Service Officer
- Foreign Service Specialist
- International Organizations
- Student Programs
- USAJobs: Working for America
- More...

**Business**
- Business Support: Frequently Asked Questions (FAQ)
- Office of Global Partnerships
- Commercial and Business Affairs Office
- Key Officers of Foreign Service Posts
- Trade Policy and Programs
- Country Commercial Guides
- Defense Trade Controls
- Small and Disadvantaged Business Utilization
- Recovery and Reinvestment Act
- Service Contract Inventory
- More...

**Secretary Kerry**
- Remarks
- Travel
- Photos
- Biography
- More...

**Youth and Education**
- Discover Diplomacy
- Global Youth Issues
- Diplomatic History
- Office of Overseas Schools
- Exchange Visitor Program
- Fulbright Program
- Student Career Programs
- Youth Exchange Programs
- U.S. Diplomacy Center
- Intercountry Adoption
- Parental Child Abduction
- More...

**About State**
- Mission Statement
- QDDR
- Organization Chart
- Budget
- Department of State by State
- Rules and Info Collection
- Partner With State
- Senior Officials
- Alphabetical List of Bureaus and Offices
- Advisory Groups
- Biographies
- Plans, Performance, Budgets
- Open Government Initiative
- No FEAR Act
- Inspector General Hotline
- U.S. Embassies and Other Posts
- U.S. Mission to the United Nations
- More...

The Office of Website Management, Bureau of Public Affairs, manages this site as a portal for information from the U.S. State Department.
External links to other Internet sites should not be construed as an endorsement of the views or privacy policies contained therein.

http://www.state.gov/s/l/16146.htm[3/11/2015 11:23:32 AM]