IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CHRIS P. CARTER, Individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | |
| v. | Case No. 1:13-cv-24583-PAS |
| FORJAS TAURUS S.A., TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC., | **CLASS ACTION** |
| *Defendants*. | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL DEFENDANT FORJAS TAURUS S.A. TO PARTICIPATE IN DISCOVERY IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE**

To be very clear, this motion to compel is not about service of process or about taking a deposition in Brazil. This motion is simply about obtaining documents from Defendant Forjas Taurus. Yet, citing to authorities that do not address the taking of evidence, Forjas Taurus proclaims that it is only "fair" that the Court should impose the burdens of the letters rogatory process on Plaintiff to obtain documents that Forjas Taurus could easily produce. Defendant cannot point to any law or statute in Brazil that forbids the production of the requested documents. Instead, Forjas Taurus has made the affirmative choice not to participate in the discovery process but couches its refusal in lofty albeit general statements about defending the sovereignty of Brazil. Such arguments amount to nothing more than further delay tactics by Forjas Taurus. In the particular circumstances of this case, where Forjas Taurus has manufactured a defective product, has shipped that product to the United States and sells that

defective product through its wholly owned United States subsidiary to citizens of Florida and across the country, this court does not need to accede to the impractical and unsupported demands of Defendant that the Plaintiff engage in the letters rogatory process to obtain the requested documents. As such, the court should grant Plaintiff's motion to compel and order Forjas Taurus to produce the documents in accordance with the Federal Rules of Civil Procedure.

### A. Defendant did not preserve its objection to discovery proceeding under the Federal Rules of Civil Procedure.

On April 30, 2014 Forjas Taurus did indeed state in its waiver of service of process that the acceptance of service "should not be interpreted to the effect that [Forjas Taurus] will not insist on the formalities of International Law in the future." This statement in the waiver of service was clearly made to ensure that in future litigation Forjas Taurus could still insist that it be served in accordance with the *Inter-American Convention on Letters Rogatory and Additional Protocol* or in accordance with some other international law.  If Forjas Taurus truly meant to refer to discovery *in this case,* as it now claims, then Defendant had ample opportunity to raise that issue in the specific context of discovery in its corporate disclosures, in the discovery report and in the amended discovery report, all filed with the court before discovery proceeded. Instead, Defendant did not make any mention of international law until it misstated the law and incorrectly claimed in its responses to the first set of discovery requests that "[t]he request violates, and fails to comply with, the requirements of the Inter-American Convention on Letters Rogatory and Additional Protocol, which is the treaty in place between the United States and Brazil that authorizes the taking of evidence by American courts and judicial authorities."  From the time Defendant objected to the first responses in June 2014, the parties have attempted to find a compromise and resolve this

2

issue without having to resort to intervention from the court. Had Plaintiff known that Forjas Taurus would end up refusing all document discovery unless Plaintiff engaged in the letters rogatory process Plaintiff certainly would have brought this issue to the court's attention much earlier. Now that the issue is before the Court, Plaintiff asks that the Court end Forjas Taurus' delay tactics and compel them to produce the requested documents.

> **B. Defendant has not and cannot show that any law in Brazil bars Forjas Taurus from producing documents to Plaintiff pursuant to the Federal Rules of Civil Procedure.**

Since Forjas Taurus seeks to impose foreign law, it has the burden of "showing that such law actually bars [the] production" or testimony at issue. *United States v. Vetco Inc.*, 691 F.2d 1281, 1289 (9th Cir.1981). In order to meet that burden, "the party resisting discovery must provide the Court with information of sufficient particularity and specificity to allow the Court to determine whether the discovery sought is indeed prohibited by foreign law." *Alfadda v. Fenn*, 149 F.R.D. 28, 34 (S.D.N.Y.1993); *see also CE Int'l Res. Holdings, LLC v. S.A. Minerals Ltd. P'ship*, No. 12-CV-08087 CM SN, 2013 WL 2661037, at *5 (S.D.N.Y. June 12, 2013) (same).

Defendant has not and cannot show that the production of documents to Plaintiff in response to his requests is prohibited by any statute or law in Brazil. Forjas Taurus can only repeat its generalized claims about unnamed but serious threats to Brazilian sovereignty and unspecified "constitutional offenses." They then turn to equally general policy arguments about supporting "the rule of law" and "strengthening international ties in today's increasingly global economy." Such arguments do not rise to the level of specificity or importance to favor the use of the letters rogatory process over the Federal Rules of Civil Procedure.

3

In all of the cases cited by Forjas Taurus where courts have even considered applying a foreign law to document production over the federal rules they did so because a specific foreign law at issue arguably came into direct conflict with the federal rules and subjected the party complying with discovery to possible sanctions in the foreign country. *See, e.g., In re Chevron Corp.*, No. 11-24599-CV, 2012 WL 3636925, at *13 (S.D. Fla. June 12, 2012) (engaging in comity analysis where compliance with the proposed subpoena could potentially violate Ecuador's banking secrecy laws and finding in favor of federal rules); *Madanes v. Madanes*, 186 F.R.D. 279, 285 (S.D.N.Y. 1999) (engaging in comity analysis where compliance with the proposed discovery requests and disclosure of certain banking records sought by the plaintiff could subject defendants to a risk of criminal prosecution in Argentina and could violate Argentina's privilege against self-incrimination); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474 (9th Cir. 1992) (engaging in comity analysis where compliance with the proposed discovery requests could potentially violate China's State Secrets Act); *CE Int'l Res. Holdings, LLC v. S.A. Minerals Ltd. P'ship*, No. 12-CV-08087 CM SN, 2013 WL 2661037, at *6 (S.D.N.Y. June 12, 2013) (engaging in comity analysis where compliance with the proposed subpoena *duces tecum* could potentially violate the nondisclosure provisions of Singapore's Banking Act).

In contrast, no Brazilian law conflicts with Plaintiff's requests for production and no harm will come to Forjas Taurus if it produces documents in accordance with the federal rules and therefore it should be compelled to do so.

### C. Through this motion, Plaintiff seeks only the production of documents, not service of process or the taking of a deposition in Brazil.

Because Forjas Taurus cannot find any sources on point to support its imposition of the letters rogatory process on document production in this case, Defendant instead cites to the 2001 declaration of Edward A. Betancourt whose entire statement relates to the taking of depositions of a Brazilian national in Brazil—a process that is governed by entirely different law and protocols than the gathering of documentary evidence. *See* Declaration of E. Betancourt attached as Exhibit D to Def.'s Opp. to Mot. to Compel; see also *Synthes (U.S.A.) v. G.M. dos Reis Jr. Ind. Com. De Equip. Medico*, No. CIV 07-CV-309-L AJB, 2008 WL 81111, at *2 (S.D. Cal. Jan. 8, 2008) (holding that different protocol applies to taking of depositions in Brazil versus document production in Brazil).

Similarly, Defendant cites to Keith Rosenn's declaration utilized by Forjas Taurus during the motion practice related to service of process. In that declaration, Mr. Rosenn opines on the protocol related to process of service, not document production. He quotes Professor Jacob Dolinger as saying that carrying out a procedural act in Brazil in accordance with foreign rules of procedure is "tantamount to a disregard of Brazilian sovereignty and against public policy." *See* Decl. of K. Rosenn attached as Exhibit C to Def.'s Opp. to Mot. to Compel. But again, Professor Dolinger makes this statement entirely in the context of service of process, a topic about which where there is a treaty in place between Brazil and the United States and even then the treaty is not necessarily controlling in all cases. Through *this* motion, Plaintiff seeks the production of documents, an altogether different matter.

Finally, Defendant quotes from the US Department of State website on judicial considerations in Brazil in support of its argument that the Plaintiff must use the letters rogatory process to request evidence in Brazil. Defendant states "that law requires that evidence collection in a civil matter such as this case 'be taken before a Brazilian court pursuant to letters rogatory.'" Def.'s Opp. to Mot. to Compel at p. 8 *quoting* US. Dept. of State at http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/brazil.html. The full sentence quoted by Defendant actually reads: "*Compulsion* of evidence from an *unwilling* witness in civil or commercial matters must be taken before a Brazilian court pursuant to letters rogatory." *See* Exhibit E. attached to Def.'s Opp. to Mot. to Compel (emphasis added). In light of *Aerospatiale*, this is not an accurate statement of the law. But more importantly, this statement addresses situations where the party from whom discovery is sought is not willing to cooperate and must be compelled to produce evidence. Defendants have assured this Court that they are "not refusing to engage in pre-trial discovery process." Yet, they do not and cannot cite to any Brazilian law that would block them from producing the evidence requested by Plaintiff. If they *can* produce the documents but *will not* produce the documents then they are refusing to engage in the pre-trial discovery process despite having agreed to that process early on in the case. Not wanting to seem entirely unreasonable, Defendant agrees to participate as long as Plaintiff is required to use the long and inefficient process of letter rogatory. As Forjas Taurus agrees, regardless of any treaties or conventions or recommendations at issue, "no fixed rule guides U.S. courts on this important issue." *See* Def.'s Opp. to Mot. to Compel at p. 8. Pursuant to *Aerospatieale,* it is up to this Court to make the ultimate determination about how the Plaintiff must proceed to obtain the requested documents from Forjas Taurus.

### D. The *Aerospatieale* balancing test weighs in favor of Plaintiff.

#### 1. Plaintiff's requests are relevant and specific.

There is no hard and fast rule under the *Aerospatieale* test that says Plaintiff must show that each and every document it has requested is "vital" to the case:

> Because none of the comity factors is in itself dispositive, there is no specific requirement of how important a document must be to a litigation to compel production. *Compare Milliken & Co. v. Bank of China*, 758 F.Supp.2d 238, 246 (S.D.N.Y.2010) ("[T]he information sought must be 'vital' to the litigation.") (quoting *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir.1992)) with *Reino de Espana*, 03 Civ. 3573(LTS) (RLE), 2005 WL 1813017, at *7 ("[T]he Court need only consider the relevancy of the requested documents.") (citation omitted).
>
> Instead, courts examine the role that the desired information plays in the action. For example, in *Weixing Li*, 2011 WL 6156936, at *6, the documents sought related to defendants' bank accounts were "important" in a trademark infringement action because they would assist in identifying additional infringers. Similarly, in *Tiffany (NT) LLC v. Forbse*, 11 Civ. 4976(NRB), 2012 WL 1918866, at *5 (S.D.N.Y. May 23, 2012) ("Forbse"), the documents sought were "highly important" to the litigation because they would allow plaintiffs to calculate defendants' profits in connection with the infringement and might enable plaintiffs to identify other infringers.

*CE Int'l Res. Holdings, LLC v. S.A. Minerals Ltd. P'ship*, No. 12-CV-08087 CM SN, 2013 WL 2661037, at *8 (S.D.N.Y. June 12, 2013). Through this motion to compel, Plaintiff seeks to obtain documents related to proving that certain pistols manufactured by Forjas Taurus are defective. In order to support liability, Plaintiff has asked for documents related to the design of the pistols at issue as well as documents related to decisions by Forjas Taurus to make changes to the safety features of these pistols. Such documents are, without question, "directly relevant" and "highly important" to the claims in this case. In addition, Plaintiff's requests are sufficiently specific. In fact, during the course of discovery, the parties agreed to limit all discovery requests to the specific pistols at issue in the case, namely Taurus-branded firearms: PT-111 Millennium;

7

PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-638; PT-640; and PT-24/7. Forjas Taurus knows that all five sets of Plaintiff's document requests are limited to only those pistols.

> **2. That the documents sought by Plaintiff originate in Brazil creates no hardship, legal or practical, for Forjas Taurus.**

Next, Forjas Taurus claims in its response to Plaintiff's motion that the information Plaintiff seeks is in Brazil and therefore the letters rogatory process should apply. This, however, is almost irrelevant for the purposes of considering whether to impose the federal rules on discovery in this case. Forjas Taurus has gone to great lengths to separate itself from the US-based defendants—Taurus Holdings and TIMI—claiming it has "no direct presence in the United States" and describing its relationship to TIMI as "indirect ownership of a distinct U.S. subsidiary business." *See* Def.'s Opp. to Mot. to Dismiss at pp. 2-3. However, during his deposition, the Chief Financial Officer of TIMI, David Blenker, made it very clear that the three defendants in the case are tightly controlled by the Brazilian entity and are closely connected. Forjas Taurus owns 100% of Taurus Holdings which owns 100% of TIMI. *See* Dep. Tr. of D. Blenker dated Feb. 27, 2015 at 29:22-30:8 attached as Exhibit 1. Importantly, the leadership of Forjas Taurus exclusively controls who will serve as president of TIMI. *Id.* at 21:14-22:9. The board of directors of Forjas Taurus, Taurus Holdings and TIMI have always shared at least one, but usually more than one, director. *Id.* at 31: 6-16. For a period of time, Mr. Luis Estima was both the Chairman of the Board of Forjas Taurus and the Chief Executive Officer of Forjas Holdings. *Id.* at 36:5-39:25. It seems nothing short of disingenuous to describe Forjas Taurus' US presence as "indirect."

8

Later, Mr. Blenker testified that Forjas Taurus had never refused to provide documents to him when requested to do so. *Id.* at 32: 16-19. Clearly, given the close control that Forjas Taurus exerts over TIMI, the overlapping boards of the two companies, and the free sharing of information between Forjas Taurus and TIMI, Forjas Taurus could easily produce the documents requested by Plaintiff through Taurus Holdings or TIMI. In any event, such production would not create a hardship for a company highly accustomed to exchanging documents and doing business in the United States. And Forjas Taurus has not cited any law that it or Plaintiff would contravene if such documents were produced.

### 3. Letters Rogatory does not provide an alternative means.

Forjas Taurus admits that the information sought by Plaintiffs is in Brazil and thus Plaintiff likely cannot obtain it elsewhere:

> [I]f the information sought can be easily obtained elsewhere, there is little or no reason to require a party to violate foreign law." **But if the information cannot be *"easily obtained"* through such alternative means, this factor weighs in favor of disclosure through the subpoena.**

*CE Int'l Res. Holdings, LLC v. S.A. Minerals Ltd. P'ship*, No. 12-CV-08087 CM SN, 2013 WL 2661037, at *10 (S.D.N.Y. June 12, 2013) (emphasis added and internal citations omitted). The letters rogatory process as an alternative means for gathering evidence has long been considered a difficult and inefficient process.  As the US State Department has warned, the letters rogatory process  is "a time consuming, cumbersome process and should not be utilized unless there are no other options available…the use of letter rogatory is not recommended given the habitual time delays of up to a year or  more in execution of the requests." State Department Advisory, at http://travel.state.gov/content/travel/english/legal-considerations/judicial/service-of-process.html.

9

Plaintiff should not be required to engage in a process that will serve only to slow down if not entirely stall the discovery process.

### 4. Protecting US citizens from the importation and sale of defective pistols is a specific and tangible interest that deserves the full support of the courts.

Defendant asks that the Court to find that the real dangers that Forjas Taurus' products pose to consumers in the United States are outweighed by Brazil's interest in "protecting its citizens from foreign discovery practices it views as antithetical to Brazilian culture." *See* Def.'s Opp. to Mot. to Compel at p. 11. Defendant asks that the Court find Plaintiff's requests for the production of documents to be so antithetical to some indistinct notions of Brazilian culture that the Plaintiff should be required to engage in a discovery process that will likely lead nowhere. Unlike the defendants in *Madanes* who ran the risk of criminal liability in Argentina if they complied with the requested discovery, Forjas Taurus cannot cite to a single Brazilin privilege or law that bars the company from producing the requested documents. Defendant's insistence on this long and tortured road to document production, ostensibly all in the name of improving international relations and protecting the sovereignty and citizens of Brazil from some unnamed danger, makes one wonder what Forjas Taurus so desperately wants to avoid producing. The interests of the United States will not be furthered by allowing Forjas Taurus to hide behind the letters rogatory process and Brazil's sovereignty will not suffer if Forjas Taurus must produce documents to Plaintiff. Plaintiff respectfully asks that the Court end this runaround and compel Forjas Taurus to produce the documents requested in accordance with the Federal Rules of Civil Procedure.

E.  Conclusion

Having earlier failed to raise any objection to discovery proceeding under the Federal Rules of Civil Procedure, Forjas Taurus should be compelled to respond to Plaintiff's discovery requests. Forjas Taurus insists that it wants to engage in discovery and in truth there is nothing prohibiting it from participating. It is clear that Forjas Taurus simply wants to stall discovery and such a tactic should not be tolerated. Forjas Taurus is a manufacturer of inherently dangerous products that it ships to the US and sells to US customers through what is essentially a wholly-owned subsidiary. Forjas Taurus chose to do business in the United States. Now Forjas Taurus should be compelled to comply with the discovery procedures of the United States. For these reasons, Plaintiff respectfully asks the Court to enter an order compelling Forjas Taurus to respond to Plaintiff's discovery requests pursuant to the Federal Rules of Civil Procedure.

Date:  March 16, 2015                                             Respectfully submitted,

/s/ *David L. Selby, II*
David L. Selby, II *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Tel.:        (205) 988-9253
Email:     dselby@baileyglasser.com

John W. Barrett *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia  25301
Tel.:        (304) 345-6555
Email:     jbarrett@baileyglasser.com

Todd Wheeles *(admitted pro hac vice)*
MORRIS, HAYNES, HORNSBY & WHEELES
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
Email:     twheeles@mhhlaw.net

        Angelo Marino, Jr. (FBN 151934)
        ANGELO MARINO, JR., P.A.
        645 S.E. 5th Terrace
        Ft. Lauderdale, Florida  33301
        Tel.:      (954) 765-0537
        Email:    amjrpamail@aol.com

        Carol Finklehoffe (FBN: 15903)
        Thomas Scolaro (FBN: 178276)
        Ira H. Leesfield (FBN: 140270)
        LEESFIELD & PARTNERS, P.A.
        2350 South Dixie Highway
        Miami, Florida  33131
        Tel.:      (305) 854-4900
        Email:    finklehoffe@leesfield.com
                     scolaro@leesfield.com
                     leesfield@leesfield.com

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 16, 2015, a true and correct copy of the foregoing is being served on the counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

        /s/ *David L. Selby, II*
        David L. Selby, II