UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

    *Plaintiffs*,

v.                                                          **Case No. 1:13-cv-24583-PAS**

FORJAS TAURUS S.A.,                                        CLASS ACTION
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

    *Defendants*.

## JOINT MOTION AND SUPPORTING MEMORANDUM
## FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Chris P. Carter ("Plaintiff"), individually and on behalf of the proposed

Settlement Class, and Defendants Forjas Taurus, S.A., Taurus International Manufacturing, Inc.,

and Taurus Holdings, Inc. (collectively, the "Taurus Companies"), jointly move the Court for

preliminary approval of their proposed class action settlement pursuant to Federal Rule of Civil

Procedure 23.

The grounds and authority for this motion are set forth in the following memorandum.

The memorandum is incorporated as part of this motion.

## MEMORANDUM

Plaintiff and the Taurus Companies respectfully submit the following memorandum in

support of their Joint Motion for Preliminary Approval of Class Action Settlement.

## I.    INTRODUCTION

This case involves allegations, which the Taurus Companies deny, that certain Class Pistols suffer from safety defects that can lead to unintended firing.[1] After nearly a year-and-a-half of aggressive litigation and extensive arm's-length settlement negotiations, including six formal in-person mediation sessions and multiple days of telephonic mediation with mediator Rodney Max of Upchurch Watson White & Max, the Parties have entered into a proposed class Settlement Agreement and Release (the "Settlement Agreement").[2] The terms of the Settlement Agreement provide for a fundamentally fair, reasonable, and adequate resolution of the contested claims at issue.  The Settlement therefore satisfies the criteria for preliminary approval.

Under the Settlement Agreement, the Taurus Companies will offer a Warranty Enhancement to the owner of any Class Pistol; produce and make available to Settlement Class Members special and particularized Safety Training; and provide Settlement Class Members with the choice to return their Class Pistols for a cash payment of up to $200 per Class Pistol. The actual amount paid per Class Pistol will depend upon the number of Class Pistols returned, and the aggregate amount is capped at $30,000,000.

Settlement Class Members may "opt-out" of the Settlement, thereby preserving the right to individually pursue the claims at issue in this case.  Settlement Class Members also have the option to stay in the Settlement Class and object to the proposed settlement.

Settlement Class Members will be advised of their rights and options through Publication Notice targeted to reach Settlement Class Members. The Claims Administrator will also establish and maintain a dedicated, interactive website with information about the Settlement and how

---

[1] Unless otherwise defined in this motion and memorandum, all defined terms in this motion and memorandum have the meanings set forth in the Settlement Agreement.

[2] The Settlement Agreement, with exhibits, is attached as Exhibit A to this motion.

Settlement Class Members can obtain the cash payment available under the Settlement. This type of notice has been regularly approved by courts as the best notice practicable.

The proposed Settlement provides concrete monetary and equitable benefits to Settlement Class Members on fair, reasonable, and adequate terms.  As established below and in the Parties' other submissions, preliminary approval of the proposed Settlement should therefore be granted.

## II.   NATURE OF THE CASE

Plaintiff asserts statutory, tort, and warranty-based claims arising from alleged safety defects in the Class Pistols.  Specifically, Plaintiff alleges that the Class Pistols contain a drop-fire defect that may cause the pistols to fire when dropped from a normal height, and a false safety defect which allows the pistols to unintentionally fire even when the manual safety lever is in the "on" or "safe" position and the trigger moves rearward. The Taurus Companies deny these allegations and claims.

Plaintiff filed his initial complaint on December 20, 2013. After several months of discovery and mediation, Plaintiff filed his First Amended Complaint on September 22, 2014. The Taurus Companies initially moved to dismiss the amended complaint. They subsequently withdrew their motions and filed separate answers and affirmative defenses.

During the discovery period, Plaintiff and his counsel performed extensive investigation of the facts and the law underlying the Plaintiff's claims. Plaintiff's counsel retained multiple experts who conducted rigorous testing of the Class Pistols. In the absence of a settlement, these experts were prepared to submit thorough reports and would have testified at trial concerning the nature and potential dangers of the safety defects. Likewise, the Taurus Companies similarly retained experts who conducted rigorous testing and were prepared to submit thorough reports and testify at trial.

The Parties' and their counsel have considered the potential benefits and risks of pursuing the claims and defenses in this case, both on substantive grounds and concerning class certification. They have determined that it is in the best interests of the proposed Settlement Class to enter into a fair, reasonable, and adequate settlement.

## III.  THE PROPOSED SETTLEMENT

### A.  The Settlement Class

The proposed Settlement would establish a Settlement Class defined as follows:

All Persons or entities of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who own one or more of the following Taurus-branded firearms on the date of preliminary approval: PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and PT-24/7. State, local or federal governments, bodies or agencies are excluded from the Settlement Class.

### B.  The Settlement Benefits

The proposed Settlement would provide three categories of benefits for Settlement Class Members.

First, the Taurus Companies have agreed to modify its existing warranty for all Class Pistols to allow any owner to submit a warranty claim (at any time) to have the Class Pistol inspected by the Taurus Companies at no cost to address the safety defects alleged in the First Amended Complaint.  The Taurus Companies will pay all costs associated with this Warranty Enhancement, including but not limited to the cost of shipping to and from the Taurus Companies.  The Warranty Enhancement will apply for the lifetime of the Class Pistol.

Second, the Taurus Companies will produce and make available to the Settlement Class special and particularized Safety Training addressing the operation and handling of the Class Pistols and the alleged safety defects. In addition, the Safety Training will include information on how to properly store, pack, and ship the Class Pistols for return to the Taurus Companies.

Finally, Settlement Class Members may elect to send their Class Pistols back to the Taurus Companies in exchange for a limited cash payment based on the following schedule:

a)      if less than 10,000 Class Pistols are returned, the payment for each returned Class Pistol shall be $200;

b)      if 10,001 to 20,000 Class Pistols are returned, the payment for each returned Class Pistol shall be $175;

c)      if 20,001 to 200,000 Class Pistols are returned, the  payment for each returned Class Pistol shall be $150; and

d)      if more than 200,000 Class Pistols are returned, the payment for each returned Class Pistol shall be less than $150 and shall be equal to $30 Million divided by the number of Class Pistols returned.

This benefit will be paid on a weighted average so that all Class Pistols submitted will be paid the same value.  So, for example, if there are 77,307 Class Pistols returned, then the Settlement Class Members would receive $160 per Class Pistol under the above schedule.  The maximum liability for the cash payments is capped at $30,000,000.  The actual amount paid to Settlement Class Members will depend upon the number of Class Pistols returned as set forth above.

## C.    Notice and Settlement Administration

The Claims Administrator will provide for Publication Notice to all Settlement Class Members.  This Publication Notice shall be in the manner set forth in the Notice Plan attached as an exhibit to the Settlement Agreement and is targeted to reach Settlement Class Members.

The Publication Notice will refer possible Settlement Class Members to a dedicated website established by the Claims Administrator.  The website will contain the Claim Form, a copy of the Settlement Agreement, the Preliminary Approval Order, the Website Notice, Class Counsel's request for attorneys' fees and costs, Class Counsel's request for a class representative award, the Safety Training being provided by the Taurus Companies, the Shipping Checklist and

any other materials the Parties agree to include. All tangible and electronic records generated from the website will be made available to the Parties and the Court upon request.

### D. Opt-Out and Objection Procedure

Settlement Class Members will have an opportunity to exclude themselves from the Settlement or object to its approval. The deadlines for filing opt-out requests and objections will be conspicuously listed in the Notice, as well as on the settlement website. The process for filing exclusions and objections will also be explained in the Notice and on the website. With regard to objections, the Notice informs Settlement Class Members that the Final Approval Hearing will be the only opportunity for them to appear and have their objections heard. The Notice also informs Settlement Class Members who do not opt out of the Settlement that they will be bound by the release.

### E. Release

The release is appropriately tailored to the claims raised in this case. In exchange for Settlement Benefits, Plaintiff and Settlement Class Members will fully release and forever discharge the Released Parties from all known and unknown claims, actions, and causes of action relating to the Settlement Class Members' purchase and/or ownership of the Class Pistols; however, the Release specifically excludes claims for death, personal injury, or damage to property other than the Class Pistols themselves.

## IV. ARGUMENT

### A. The Settlement Should Be Preliminarily Approved.

The Settlement represents a fair and reasonable resolution of this dispute and is worthy of notice to, and consideration by, the Settlement Class Members. It will provide financial and

equitable relief to Settlement Class Members and will relieve the Parties and Settlement Class Members of the burden, uncertainty, and risk of continued litigation.

Under Rule 23(e)(1)(C), a court may approve a class action settlement if it is "fair, adequate, and reasonable, and not a product of collusion." There is an initial presumption of fairness when a proposed class settlement "is the product of arm's length negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced." H. Newberg & A. Conte, *Newberg on Class Actions* §11.41 (4th ed. 2002).

### B.      The Court Should Grant Class Certification for Settlement Purposes.

For settlement purposes only, the Parties have agreed that the Court may make preliminary findings and enter an order granting preliminary certification of the Settlement Class and appoint Plaintiff and his counsel to represent the Class. "The validity of use of a temporary settlement class is not usually questioned." Newberg, *supra*, § 11:22. The Manual for Complex Litigation, § 21.612, explains the benefits of settlement classes:

> Settlement classes — cases certified as class actions solely for settlement — can provide significant benefits to class members and enable the defendants to achieve final resolution of multiple suits. Settlement classes also permit defendants to settle while preserving the right to contest the propriety and scope of the class allegations if the settlement is not approved and, in Rule 23(b)(3) actions, to withdraw from the settlement if too many class members opt out. An early settlement produces certainty for the plaintiffs and defendants and greatly reduces litigation expenses.

(internal citations omitted).

The Settlement Class is defined in the Settlement Agreement and also appears in Section III(A) of this memorandum, *supra*. The Settlement Class meets all of the applicable certification requirements for settlement purposes.

7

The Eleventh Circuit recognizes the strong public policy favoring the pretrial settlement of class action lawsuits. *See e.g.*, *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992). When presented with a proposed settlement, a court must determine whether the proposed Settlement Class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. Class certification is appropriate when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004). Here, the Parties seek certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**1.      The Rule 23(a) Factors Are Met.**

**a. The Settlement Class is sufficiently numerous and joinder is impracticable.**

The first requirement of Rule 23(a) is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2010) (finding that Rule 23(a) requires that joinder be impracticable, not impossible). The Eleventh Circuit has noted that "[a]lthough mere allegations of numerosity are insufficient to meet this prerequisite, a plaintiff need not show the precise number of members in the class." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009); 28 U.S.C. § 1332 (jurisdictional provisions of the Class Action Fairness Act requiring that a proposed class have not less than 100 members).

For purposes of the Settlement Class, the Parties have confirmed that nearly *one million* Class Pistols were sold in the United States.

### b.  The Settlement Class shares many common issues of law and fact.

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." To meet the commonality requirement, the plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Commonality may be shown when the claims of all class members "depend upon a common contention," and "even a single common question will do." *Id.* at 2545, 2556.

The most important issue in this case — whether the Class Pistols suffer from the alleged safety defects — is common among Class Pistols and Settlement Class Members for settlement purposes. Other potentially common legal and factual issues abound, such as whether the Taurus Companies were aware of the safety defects and whether the Taurus Companies made misrepresentations or omissions concerning the Class Pistols.

### c.  Plaintiff's claims are typical of the Settlement Class.

Typicality requires that Plaintiff's claims be typical of other class members. Fed. R. Civ. P. 23(a)(3). "[T]ypicality measures whether a significant nexus exists between the claims of the named representative and those of the class at large." *Hines v. Widnall,* 334 F.3d 1253, 1256 (11th Cir. 2003) (internal quotation marks omitted).  "[A] strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences." *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985). The purpose of the typicality requirement is to ensure that "the named plaintiffs have incentives that align with those of absent class members so as to

assure that the absentees' interests will be fairly represented." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). Thus, the requirement is satisfied where, in proving his own case, "the representative plaintiff [also] establishes the elements needed to prove the class members' case. . ." *Pop's Pancakes, Inc. v. NuCO₂, Inc.*, 251 F.R.D. 677, 683 (S.D. Fla. 2008) (citing *Brooks v. S. Bell Tel. & Tel. Co.*, 133 F.R.D. 54, 58 (S.D. Fla. 1990)). Finally, "a finding of commonality will ordinarily support a finding of typicality." *See Falcon*, 457 U.S. at 157 n.13 (1982) (noting how the requirements of commonality and typicality "merge").

In this case, Plaintiff's claims arise out of the same legal theories as the Settlement Class Members, as typicality requires. Like the members of the Settlement Class, Plaintiff is the owner of an allegedly defective Class Pistol. In addition, Plaintiff's claims involve alleged misrepresentations and omissions potentially at issue for the entire Settlement Class. Finally, Plaintiff is entitled to the same warranty relief as the other Settlement Class Members. Accordingly, the typicality requirement is satisfied for settlement purposes.

### d.  Plaintiff and his counsel are adequate representatives.

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet this requirement, the proposed class representative must not have any interests antagonistic to those of the other members of the class, and he or she must be represented by competent counsel. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726-28 (11th Cir. 1987).

Here, Plaintiff's interests do not conflict with the interests of the Settlement Class as a whole. In fact, by actively participating in the investigation and prosecution of this case (including three days travel and a five-hour deposition), the Plaintiff has affirmatively demonstrated his desire and ability to protect the Settlement Class Members' interests.

Just as the Plaintiff is committed to prosecuting this case, so too are his lawyers. Attached as Exhibit B is a declaration from Plaintiff's counsel addressing the factors the Court "must consider" in determining the appointment of class counsel. These factors include "[1] the work counsel has done in identifying or investigating potential claims in the action; [2] counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; [3] counsel's knowledge of applicable law; and [4] the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g). As set forth in the declaration, the Plaintiff's lawyers collectively have more than 150 years of experience litigating class actions and complex litigation.

For these reasons, Plaintiff submits that the Settlement Class is adequately represented by both him and his counsel.

### 2.     The Rule 23(b)(3) factors are met.

A class action may be maintained under Rule 23(b)(3) if all Rule 23(a) requirements are met and "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." These dual requirements are referred to as "predominance" and "superiority." *In re Netbank, Inc. Sec. Litig.*, 259 F.R.D. 656, 663 (N.D. Ga. 2009).

### a.  Predominance

Common questions of law or fact predominate over individual questions when the issues in the class action are subject to generalized proof that applies to the case as a whole. *Rutstein v. Avis Rent-A-Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir. 2000); *see also Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 623 (1997) (holding that predominance probes whether the

proposed class is sufficiently cohesive to warrant adjudication by representation). Thus, in deciding whether common issues predominate under Rule 23(b)(3), the focus is generally on whether there are common liability issues that may be resolved on a class-wide basis. *See, e.g., Klay* 382 F.3d at 1269.

Although predominance tends to merge with the concept of commonality, it imposes a more exacting standard. *Vega* 564 F.3d at 1268-69; *see also Amchem,* 521 U.S. at 623-24. The Eleventh Circuit reiterated the standard of Rule 23(b)(3) predominance:

> Common issues of fact and law predominate if they "ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief."

*Williams v. Mohawk Indus., Inc.,* 568 F.3d 1350, 1357 (11th Cir. 2009) (quoting *Klay,* 382 F.3d at 1255).

The issues of fact and law common to the Settlement Class predominate over individual issues for settlement purposes. The dominant issue in this case is whether the Class Pistols are subject to the alleged safety defects.

Other issues susceptible to generalized proof also predominate for settlement purposes. These include whether the Taurus Companies knew, or should have known, about the alleged safety defects and the misrepresentations and omissions alleged in the amended complaint.

Finally, the Settlement Benefits will be distributed uniformly to all members of the Settlement Class. Each Settlement Class member will obtain the same benefits from the Warranty Enhancement and the Safety Training provided by The Taurus Companies, and each Settlement Class Member is entitled to the same cash payment, should he or she elect that option.

Thus, the predominance of common questions is satisfied for settlement purposes. *Amchem,* 521 U.S. at 620; *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 302 (3d Cir. 2011).

### b. Superiority

Rule 23(b)(3) lists four factors that the Court should consider when taking into account whether a class action is superior to other methods of adjudicating this action: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).  *See Amchem,* 521 U.S at 617; *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985).

When certification is sought for settlement purposes only, the certification is held to a less stringent standard regarding manageability considerations under Fed. R. Civ. P. 23(b)(3)(D). Courts have recognized that manageability issues vary when a court is presented with preliminary certification of a settlement class, rather than a litigation class.  When "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem,* 521 U.S. at 620; *see also Sullivan*, 667 F.3d at 302  (holding that the concern for manageability, a central tenet in the certification of a litigation class, is removed from the equation when certification concerns a settlement class).

An assessment of the Rule 23(b)(3) "superiority" factors show that, for settlement purposes, a class action is the preferred procedure in this case.  The amount of damages suffered by the vast majority of the Settlement Class Members are relatively small individual amounts. *Shutts*, 472 U.S. at 809 (a class action is the superior method of proceeding when it allows the plaintiffs to pool claims that would be uneconomical to litigate individually).  It is therefore

unlikely that individuals would invest the time and expense necessary to seek individual relief through litigation. *See Haynes v. Logan Furniture,* 503 F.2d 1161, 1164-65 (7th Cir. 1974) (in determining the best available method for resolving a dispute, the Court may consider the "improbability that large numbers of class members would possess the initiative to litigate individually"). Moreover, in this case, many Settlement Class Members may be unaware of their alleged claims or may not understand their alleged legal rights. *See Henry v. Cash Today, Inc.,* 199 F.R.D. 566, 574 (S.D. Tex. 2000). Many others may not have access to competent counsel willing to invest the time and resources necessary to prosecute the claims.

Finally, certification of a Settlement Class in this case will greatly improve efficiency by allowing for a formulaic, but fair, calculation of damages for each Settlement Class Member. Accordingly, the requirements of Rule 23(b)(3) are met.

### C.   The Proposed Settlement is Fair, Reasonable, and Adequate, and Should be Preliminarily Approved.

After determining that a proposed Settlement Class is appropriate for certification, courts consider whether the proposed settlement itself warrants preliminary approval. The procedure for review of a proposed class action settlement is a well-established two-step process. *Newberg on Class Actions,* § 11.25. The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." *Id.* (quoting Manual for Complex Litig., § 30.41 (3d ed. 1995)); *Fresco v. Auto Data Direct, Inc.,* No. 03-61063, 2007 WL 2330895, *4 (S.D. Fla. May 14, 2007). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.,* No. 09-60646, 2010 WL 2401149, *2 (S.D. Fla. Jun. 15, 2010).

Settlement negotiations that involve arm's-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See* Manual For Complex Litig. at § 30.42. Further, there is a strong judicial and public policy favoring the voluntary conciliation and settlement of complex class action litigation. *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits"); *Warren v. City of Tampa*, 693 F. Supp. 1051, 154 (M.D. Fla. 1998), *aff'd*, 893 F. 2d 347 (11th Cir. 1998); *Access Now, Inc. v. Claires Stores, Inc.*, No. 00-14017, 2002 WL 1162422, *4 (S.D. Fla. May 7, 2002). This is because class action settlements ensure class members a benefit as opposed to the "mere possibility of recovery at some indefinite time in the future." *In re Domestic Air Transport.*, 148 F.R.D. 297, 306 (N.D. Ga. 1993). Accordingly, while district courts have discretion in deciding whether to approve a proposed settlement, deference should be given to the consensual decision of the parties. *Warren*, 693 F. Supp. at 1054 (affording "great weight to the recommendations of counsel for both parties, given their considerable experience in this type of litigation").

The proposed Settlement in this case is well "within the range of possible approval." The proposed Settlement was reached only after nearly eighteen months of contentious litigation and extensive arm's-length mediation and settlement negotiations. The Parties exchanged significant discovery and therefore possessed all the information necessary to evaluate the case and reach a fair and reasonable compromise.

In addition, the relief provided to the Settlement Class further demonstrates the fairness, reasonableness and adequacy of the proposed Settlement. As a result of the Settlement, the benefits available to Settlement Class Members will include the cash benefit for the return of the Class Pistols; the Warranty Enhancement for the lifetime of the Class Pistol; and every

Settlement Class Member will receive the benefit of the particularized Safety Training that the Taurus Companies will provide.

For all of these reasons, Plaintiff and Class Counsel firmly believe that the relief provided by the Settlement weighs heavily in favor of a finding that it is fair, reasonable, and adequate, and well within the range of approval. Accordingly, the Court should grant preliminary approval.

### D.     The Notice Should Be Approved in Form and Substance.

To satisfy the requirements of both Rule 23 and Due Process, Rule 23(c)(2)(B) provides that "for any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Rule 23(e)(1) similarly requires that the notice be reasonably disseminated to those who would be bound by the court's judgment. Notice is proper as long as the average class member would be able to understand it, *Newberg* § 11:53, and the substance of the notice describes the nature of the action, the definition of the class to be certified, and the class claims and defenses at issue. *See* Fed. R. Civ. P. 23(c)(2)(B). Further, notice must also explain that Settlement Class Members may enter an appearance through counsel or request to be excluded from the Settlement Class so as not to be bound by any judgment. *Id.*

The Parties have agreed upon a notice plan that satisfies both the notice requirements of Rule 23 and all due process concerns. The parties propose using Heffler Claims Group, a company that is experienced in notice and administration for national class actions like this one. The Claims Administrator will direct notice via publication targeted to reach Settlement Class

Members.  The Publication Notice will direct Settlement Class Members to the website, where Settlement Class Members can obtain details regarding the Settlement and the Claim Form.

In addition, the Parties will serve the Class Action Fairness Act notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the Preliminary Approval Motion, to the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and any other required government officials. The proposed methods for providing notice to the Settlement Class therefore satisfy both Rule 23 and Due Process and should be approved by the Court.

## V.    CONCLUSION

The proposed class action settlement is fair, reasonable, and adequate. It is well within "the range of possible approval." Preliminary approval should therefore be granted.  A proposed agreed order granting this motion is attached to the Settlement Agreement.

Respectfully submitted,

Counsel for Plaintiffs

/s/ David L. Selby
David L. Selby, II (*Admitted Pro Hac Vice*)
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Tel.:   (205) 988-9253
Fax:   (205) 733-4896
Email: dselby@baileyglasser.com

John W. Barrett (*Admitted Pro Hac Vice*)
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia  25301
Tel.:   (304) 345-6555
Fax:   (304) 342-1110
Email: jbarrett@baileyglasser.com


Todd Wheeles (*Admitted Pro Hac Vice*)
MORRIS, HAYNES, HORNSBY & WHEELES
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
Tel.:   (205) 324-4008
Fax:   (205) 324-0803
Email: twheeles@mhhlaw.net

Counsel for Defendants

/s/ John P. Marino
John P. Marino (FBN: 814539)
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Tel.:   (904) 598-6100
Fax:   (904) 598-6300
Email: jmarino@sgrlaw.com

Timothy A. Bumann (*Admitted Pro Hac Vice*)
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Tel.:   (404) 815-3500
Fax:   (404) 815-3900
Email:   tbumann@sgrlaw.com


## CERTIFICATE OF SERVICE

I certify that on May 15, 2015, a copy of the foregoing was served upon all counsel of record through filing this document with the Clerk using the Court's CM/ECF system, which provides notice and a copy of the filing to counsel.

/s/ John P. Marino
Attorney

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or the "Settlement") is entered into, subject to approval of the Court consistent with the Federal Rules of Civil Procedure, by and between Chris P. Carter ("Plaintiff"), for himself and the Settlement Class Members (as defined below), and The Taurus Companies (as defined below) in the Action (as defined below). The Taurus Companies, Class Counsel (as defined below) and Plaintiff stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement, and upon the Effective Date (as defined below), all claims of Plaintiff and the Settlement Class Members against The Taurus Companies in the Action shall be settled, compromised, released, and dismissed on the merits and with prejudice upon the terms and conditions contained in this Agreement.

## I.    RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.    On September 22, 2014, Plaintiff filed a First Amended Class Action Complaint seeking monetary damages, injunctive, and other relief against The Taurus Companies in connection with alleged defects in the design and manufacturing of the Class Pistols (as defined below).  The Taurus Companies filed separate Answers and Affirmative Defenses to the First Amended Class Action Complaint on February 23, 2015.

B.    Plaintiff sought damages and equitable relief in this case on behalf of himself and putative class members, premised on alleged economic losses, and did not seek damages or other relief for personal injury or property damage claims.

C.     The Parties (as defined below) engaged in voluminous and extensive written discovery and depositions regarding the claims and defenses at issue in the Action.

D.     The Taurus Companies vigorously deny the claims asserted in the Action and deny all allegations of wrongdoing and liability.  The Taurus Companies maintain that they have consistently acted in accordance with governing law and have indicated their intent to contest the claims against them in the Action.  The Taurus Companies have nonetheless concluded that it is in their best interest that the Action be settled on the terms and conditions set forth in this Agreement.  The Taurus Companies have reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of resolving the Action, the expense that would be necessary to defend the Action throughout trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of the Taurus Companies to conduct its business unhampered by the distractions of continued litigation.

E.     The Parties engaged in substantial and prolonged settlement negotiations, including six formal in-person mediation sessions with Mediator Rodney Max, an experienced independent mediator, and further engaged in additional extensive communications with the Mediator and each other.

F.     Plaintiff and Class Counsel have investigated the facts and law underlying the claims asserted in the Action.  Plaintiff and Class Counsel believe that the claims asserted in the Action have substantial merit.  Plaintiff and Class Counsel requested, and the Taurus Companies and other parties produced, voluminous documents, data and other information in connection with the Action.  Class Counsel has also engaged in numerous discussions with the Taurus Companies' Counsel regarding those claims.  Class Counsel has also examined the benefits to be obtained under the terms of the Settlement and has considered the costs, risks and delays

2

associated with the continued prosecution of this complex and time consuming litigation and the likely appeals of any favorable rulings.  Plaintiff and Class Counsel believe that, in consideration of all the circumstances and after prolonged and serious arm's-length negotiations with the Taurus Companies and its counsel, the Settlement reflected in this Agreement is fair, reasonable, adequate and in the best interests of Plaintiff and all Settlement Class Members.

G.      This Agreement resulted from and is the product of written and oral discovery, motion practice, numerous private mediation sessions, numerous meetings, and other hard-fought negotiations.  Over the course of many months the Parties engaged in parallel heated litigation and settlement negotiations. At certain times, settlement talks broke down completely. However, on April 16, 2015, the Parties agreed to terms for the Settlement as reflected in this Agreement.

H.      The Taurus Companies have agreed to the class treatment of the claims asserted in the Action solely for the purpose of effectuating the compromise and settlement of those claims on a class basis, and deny that the Action could properly proceed on a class basis for purposes of litigation and trial.

I.      The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence against any Party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.  It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth in this Agreement.

J.       The Parties acknowledge that it is their intent to consummate the Settlement and this Agreement and agree to cooperate and use their best efforts to effectuate and implement the terms and conditions of this Agreement.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiff and the Taurus Companies agree to the Settlement, subject to approval by the Court, as follows:

## II.    DEFINITIONS

A.       In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

1.       "Action" means *Chris P. Carter v. Forjas Taurus S.A., Taurus International Manufacturing, Inc., and Taurus Holdings, Inc.*, Case No. 1:13-cv-24583, pending in the United States District Court for the Southern District of Florida.

2.       "Agreement" means this Settlement Agreement and Release and the attached exhibits.

3.       "Claim Form" means the claim form to be submitted by Settlement Class Members pursuant to Section III.E of this Agreement, in the form attached as Exhibit A.

4.       "Claim Period" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive monetary relief as part of the Settlement.  The Claim Period shall not commence until 5 days after the Effective Date and can continue for 120 days thereafter.

5.       "Claims Administrator" means the third party administrator agreed to by the Parties and approved by the Court.

4

6.    "Class Counsel" means David Selby, II, and John Barrett of Bailey & Glasser, LLP and Todd Wheeles of Morris, Haynes, Wheeles, Knowles & Nelson.

7.    "Class Notice" means all types of notice that will be provided to the Settlement Class, pursuant to Section III.D of this Agreement, including Publication Notice and Website Notice, as well as any additional notice agreed to by the Parties and ordered by the Court prior to dissemination.

8.    "Class Period" means the period from when the Class Pistols were first distributed in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam through, and including, the date of Preliminary Approval.

9.    "Class Pistols" means the following Taurus-branded Firearms: PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and PT-24/7.

10.   "Court" means the United States District Court for the Southern District of Florida.

11.   "Effective Date" means the fifth business day after the last of the following dates:

   a)   all Parties, the Taurus Companies' Counsel and Class Counsel have executed this Agreement;

   b)   the Court has entered the Final Approval Order substantially in the form attached as Exhibit B; and

   c)   the Final Approval Order has become a final, non-appealable judgment approving the Settlement in all respects  and no longer subject to review, rehearing, appeal, petition for allowance of appeal, petition for certiorari, or other review of any kind.

12.   "Final Approval Hearing" means the hearing at which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement

and determining the amount of fees, costs and expenses awarded to Class Counsel and the amount of the incentive payment to be awarded to Plaintiff.

13. "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, substantially in the form attached as Exhibit B.

14. "Mediator" means Rodney Max of Upchurch Watson White & Max.

15. "Notice Program" means the methods provided for in this Agreement for giving notice of the Settlement as provided in Section III.D of this Agreement.

16. "Notice Deadline" means the first business day 75 days following entry of the Preliminary Approval Order.

17. "Opt-Out and Objection Deadline" means the first business day 60 days after the Notice Deadline.

18. "Party(ies)" means Plaintiff, individually and as Class Representative, and the Taurus Companies.

19. "Person(s)" means, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, , and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. The definition of "Person" does not include any governmental agencies or governmental actors, including, without limitation, any state Attorney General's office.

20.     "Publication Notice" means the summary notice of Settlement that will be published pursuant to Section III.D.1 of this Agreement, subject to the approval by the Court, substantially in the form attached as Exhibit C.

21.     "Preliminary Approval" means the Court's preliminarily approval of the Settlement.

22.     "Preliminary Approval Order" means the Court order preliminarily approving the Settlement substantially in the form attached as Exhibit D.

23.     "Releases" means all of the releases contained in Section III.M of this Agreement.

24.     "Released Claims" means all claims to be released as set forth in Section III.M of this Agreement.

25.     "Released Parties" means (a) Defendants; (b) the Taurus Companies; (c) the Taurus Companies' past, present, and future direct and indirect owners, investors, parents, subsidiaries, suppliers, vendors, wholesalers, distributors, and other corporate affiliates; (d) the Taurus Companies' successors and predecessors and their past, present, and future direct and indirect owners, investors, parents, subsidiaries, suppliers, vendors, wholesalers, distributors, and other corporate affiliates; (e) all suppliers, distributors, wholesalers, re-sellers, vendors, retailers, advertisers, manufacturers, and suppliers of the Class Pistols, and all others in the marketing and distribution chains of the Class Pistols; and (f) for each of the foregoing Persons and the Taurus Companies, each of their past, present, or future officers, directors, shareholders, owners, investors, employees, contractors, consultants, insurers, insurance brokers, lawyers, accountants, advisors,    representatives,    agents,    independent    contractors,    spokespersons,    endorsers,

testimonials, principals, partners, affiliates, members, administrators, legatees, executors, heirs, estates, predecessors, successors, insurers, insurance agencies and assigns.

26.     "Releasing Parties" means Plaintiff and each and every Settlement Class Member who has not been recognized by the Court as excluded from the Settlement Class, on behalf of themselves and each of their respective heirs, trustees, executors, administrators, representatives, fiduciaries, principals, beneficiaries, assigns, agents, attorneys, partners, successors and predecessors-in-interest and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

27.     "Shipping Check List" means a shipping checklist to be completed by Settlement Class Members outlining the steps necessary to render the Class Pistol inert, packed safely and shipped in accordance with appropriate safety guidelines and governing laws and regulations.  The Safety Training will include specific information on the proper packing and shipping of Class Pistols. The Shipping Check List shall be approved by the Parties.

28.     "Safety Training" means special and particularized safety and related training available to Settlement Class Members.  The Taurus Companies shall develop the form, content and means of making this training material available to Class Members and shall have the right (but not the obligation) to update and modify available Safety Training.  Additionally, the Safety Training will include information on how to properly store, pack and ship the Class Pistols for return to the Taurus Companies. The Safety Training shall be coordinated and approved by the Parties.

29.     "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement and the attached exhibits.

30.     "Settlement Administration Costs" means (i) all costs of providing notice to Persons in the Settlement Class (including, but not limited to, Publication Notice and Website Notice, and any additional notice that might be agreed to by the Parties and/or ordered by the Court); (ii) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing settlement payments and Claim Forms and the cost of maintaining a designated post office box for receiving Claim Forms; and (iii) the fees, expenses and all other costs of the Claims Administrator.

31.     "Settlement Benefits" means the following benefits available to Settlement Class Members:  the cash payments for the return of Class Pistols made available to Settlement Class Members which includes shipping costs to be paid by the Taurus Companies; the Enhanced Warranty, including shipping and inspection costs to be paid by the Taurus Companies; and the Safety Training.

32.     "Settlement Class" means: All Persons or entities of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who own one or more of the following Taurus-branded firearms on the date of preliminary approval: PT-111 Millennium; PT-132 Millennium;  PT-138  Millennium;  PT-140  Millennium;  PT-145  Millennium;  PT-745 Millennium; PT-609; PT-640; and PT-24/7.    Excluded from the Settlement Class are all state, local or federal governments, bodies or agencies; the District Court Judge and Magistrate Judge to whom the lawsuit is assigned and any member of their staffs and immediate families;  and all Persons or entities who validly request exclusion from the Settlement Class.

33.     "Settlement Class Member" means any Person or entity in the Settlement Class.

34.     "Successful Opt-Out" means any Person or entity who timely and validly exercises his, her, or its right to opt-out of the Settlement Class, pursuant to Section III.I of this Agreement and Federal Rule of Civil Procedure 23, but shall not include (a) a Person or entity whose opt-out is challenged by Plaintiff or the Taurus Companies, and the challenge is not overruled by the Court or withdrawn by the Party asserting the challenge, and (b) a Person or entity whose communication is not treated as an opt-out, as provided in Section III.I of this Agreement.

35.     The "Taurus Companies" means collectively Forjas Taurus, S.A., Taurus International Manufacturing, Inc. and Taurus Holdings, Inc.

36.     The "Taurus Companies' Counsel" means Smith, Gambrell & Russell, LLP.

37.     "Warranty Enhancement" means that the Taurus Companies will modify its existing warranty for all Class Pistols to allow any owner of any Class Pistol to submit a warranty claim (at any time) to have the Class Pistol inspected by the Taurus Companies at no cost to address the safety defects alleged in the First Amended Complaint. The Taurus Companies will pay all costs associated with this enhanced warranty, including but not limited to the cost of shipping to and from the Taurus Companies.

38.     "Valid Claim Form" means a Claim Form submitted by a Settlement Class Member that (a) is submitted in accordance with the directions of the Claim Form and this Settlement Agreement; (b) is accurately, fully and truthfully completed and executed, with all of the information requested in the Claim Form by a Settlement Class Member; (c) is signed physically or by e-signature by a Settlement Class Member or Person with authority to sign for and bind a Settlement Class Member, subject to the penalty of perjury; (d) is returned via mail

10

and post-marked by the Claims Deadline or received by mail or on-line submission by midnight of the Claims Deadline Eastern Standard Time.   The Claims Administrator may require additional information from a Settlement Class Member to validate the Claim.    The Parties shall attempt in good faith to resolve any issues regarding the validity of a Claim Form submitted by a Settlement Class Member.   Any such issues the Parties are unable to resolve will be resolved by a neutral third-party agreed upon by the Parties.

      39.    The Website URL, layout, content, and SEO shall be reviewed and agreed to by the Parties.   Settlement Class Members can visit the Website to read and request information regarding the Settlement.

      40.    "Website Notice" means the website notice made available pursuant to Section III.D.2 of this Agreement and substantially in the form attached as Exhibit E.

      B.    Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III.    TERMS OF SETTLEMENT

      A.    <u>Certification of the Settlement Class for Settlement Purposes</u>.   Solely for the purposes of settling the Action, providing Class Notice, and implementing this Agreement, the Parties agree to preliminary certification of the Settlement Class.   Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor are the Taurus Companies precluded from challenging class certification in further proceedings in this Action or in any other action or proceeding if the Settlement is not finalized or finally approved or is materially altered by the Court or any appellate court.   If the Settlement is not finally approved for any reason whatsoever or is materially altered by the Court or any appellate court, the certification of the Settlement Class shall be void and vacated, and the

Action shall proceed as though the Settlement Class had never been certified, without prejudice to any Party to either request or oppose class certification. In such event, no doctrine of waiver, estoppel or preclusion may be asserted in any litigated certification proceedings in this Action or in any other action or proceeding. No agreements made by or entered into by the Taurus Companies in connection with the Settlement may be used by Plaintiff, any Person in the proposed Settlement Class or any other Person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other action or proceeding.

B.     <u>Preliminary Approval</u>:   The Parties will move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D, which shall specifically include provisions that: (a) preliminarily approve the Settlement reflected in this Agreement as sufficiently fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Plaintiff as class representative and Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement; (e) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class, and set the Opt-Out and Objection Deadline; (f) approve the Claim Form substantially in the form attached as Exhibit A and the claims process described in this Agreement; (g) pending final determination of whether the Settlement should be approved, bar

and preliminarily enjoin all Settlement Class Members, directly, on a representative basis or in any other capacity, from commencing, prosecuting, intervening in, or participating as a plaintiff or class member in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties; (h) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; (i) approving and appointing a Claims Administrator to perform the tasks as set forth in this Agreement; (j) provide that no discovery (except for reasonable confirmatory discovery requested by Class Counsel) with regard to the Settlement Agreement or the proposed Settlement and its administration shall be permitted by any Settlement Class Member or any other Person, other than as may be directed by the Court upon a proper showing seeking such discovery by motion properly filed with this Court, noticed and served in accordance with the governing rules of procedure; (k) schedule a hearing on Final Approval of the Settlement, which shall be scheduled no earlier than fourteen (14) days after the Opt-Out and Objection Deadline and provide that this hearing may, from time to time without further notice to the Settlement Class, be continued or adjourned by order of the Court.

        C.    <u>Claims Administration</u>.

        1.    The Claims Administrator shall, subject to the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Claims Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Claims Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and

13

the Taurus Companies' Counsel, the Parties and their representatives promptly upon request. The Claims Administrator shall also provide reports and other information to the Court as the Court may require. The Claims Administrator shall promptly provide Class Counsel and the Taurus Companies' Counsel with information concerning Notice, administration and implementation of the Settlement Agreement. Should the Court request or should it be reasonably advisable to do so, the Parties, in conjunction with the Claims Administrator, shall submit a timely report to the Court summarizing the work performed by the Claims Administrator. Without limiting the foregoing, the Claims Administrator shall:

a) promptly forward upon request to the Taurus Companies' Counsel and Class Counsel, copies of all documents and other materials relating to the administration of the Settlement Agreement;

b) receive requests from Class Members to exclude themselves from the Settlement Class and promptly provide to Class Counsel and the Taurus Companies' Counsel a copy thereof upon receipt. If the Claims Administrator receives any requests for exclusion from Class Members after the Exclusion Deadline, the Claims Administrator shall promptly provide copies thereof to Class Counsel and the Taurus Companies' Counsel;

c) provide reports and summaries, as requested, to Class Counsel and the Taurus Companies' Counsel, including without limitation, reports regarding the number of Claim Forms received and the identity of the Settlement Class Members;

d) employ reasonable procedures to screen Claims Forms for fraud, and shall reject a Claim Form, or any part of a claim for a payment reflected therein, where the Claims Administrator determines that there is evidence of fraud. The Claims Administrator will review each Claim Form based upon the initial submission by Settlement Class Member and ensure that each is complete, properly substantiated and, based on the substantiation, determine the benefit to be provided in accordance with the terms of this Agreement;

e) prepare a declaration attesting to compliance with the Class Notice requirements set forth below and identifying all opt-outs and/or objectors. Such declaration shall be provided to the Taurus Companies' Counsel and Class Counsel for filing with the Court no later than fourteen (14) days prior to the Final Approval Hearing;

14

f) issue benefit checks.  The Taurus Companies are obligated to pay Valid Claims only.  All benefit checks issued pursuant to this Agreement shall bear in the legend that they expire if not negotiated within one hundred and eighty days (180) days of their date of issue. To the extent that a benefit check issued to a Settlement Class Member is not cashed within one hundred and eighty days (180) days after the date of issue, the check will be void and deemed unclaimed property.   Accordingly, no uncashed settlement checks will revert to the Taurus Companies; and

g) issue IRS 1099 forms as required by the Internal Revenue Code.

2.   After the Claims Administrator validates the claims submission for a cash payment, the Claims Administrator shall provide the Settlement Class Member with a preprinted label and Shipping Checklist so that the Class Pistol can be returned to the Taurus Companies.

D.   <u>Class Notice</u>.  Pursuant to the engagement referred to in Section III.C of this Agreement, the Claims Administrator shall provide and/or publish Class Notice in the forms approved by the Court, as detailed below.

1.   <u>Publication Notice</u>.  The Claims Administrator shall provide for Publication Notice to all Settlement Class members.  This Publication Notice shall be in a manner agreed to by the Parties and approved by the Court (in the manner set forth in the Notice Plan attached as Exhibit F) targeted to reach Settlement Class Members.  The Publication Notice shall refer possible Settlement Class Members to the Website Notice and provide a toll-free number for obtaining details regarding the Settlement and the Claim Form.  The Notice Plan attached as Exhibit F is determined to be the best notice practicable under the circumstances. The Parties and their counsel shall not issue additional or supplemental notice absent the consent of all Parties and prior Court approval.

2.   <u>Website and Website Notice</u>.  The Claims Administrator will establish and maintain a Website, which shall be interactive and dedicated to the Settlement.  The Website

15

shall post the  Claim Form, a copy of this Agreement, the Preliminary Approval Order, the Website Notice, Class Counsel's request for attorneys' fees and costs, Class Counsel's request for a class representative award, the Safety Training being provided by the Taurus Companies, the Shipping Checklist and any other materials the Parties agree to include.  These documents shall be available on the Website no later than the Notice Deadline.  The Claims Administrator shall secure a URL for the Website selected by the Taurus Companies' Counsel and approved by Class Counsel.  Ownership of the Website URL shall be transferred to the Taurus Companies within 10 days of the date which operation of the Website ceases.  The Website shall be interactive, provide access to the Claim Form, Safety Training, Shipping Checklist and other information about the Settlement and on-line claims submission during the Claim Period.  All tangible and electronic records generated from the Website will be made available to the Parties and the Court upon request.

   3. <u>CAFA Notice</u>.  Pursuant to 28 U.S.C. § 1715(b), not later than 10 days after this Agreement is filed with the Court, the Taurus Companies shall at their own expense serve upon the Attorneys General of each U.S. State in which there are members of the Settlement Class, the Attorney General of the United States, and other required government officials, notice of the proposed settlement.  The Taurus Companies shall be responsible for filing a notice with the Court indicating compliance with the requirements of 28 U.S.C. § 1715(b).

   E. <u>Settlement Benefits.</u>

   1. In addition to the other benefits available under this Agreement, Settlement Class Members who complete, sign and timely submit a claim form will be able to

return their Class Pistols to the Taurus Companies at no cost to themselves and will be paid under the following schedule:

  a)   if less than 10,000 Class Pistols are returned, the payment for each returned Class Pistol shall be $200;

  b)   if 10,001 to 20,000 Class Pistols are returned, the payment for each returned Class Pistol shall be $175;

  c)   if 20,001 to 200,000 Class Pistols are returned, the payment for each returned Class Pistol shall be $150; and

  d)   if more than 200,000 Class Pistols are returned, the payment for each returned Class Pistol shall be less than $150 and shall be equal to $30 Million divided by the number of Class Pistols returned.

This benefit shall be paid on a weighted average so that all Class Pistols submitted will be paid the same value.  So, for example, if there are 77,307 Class Pistols returned, then the Settlement Class Members would receive $160 per Class Pistol under the above schedule.

Notwithstanding the above or anything contained in this Agreement to the contrary, the maximum liability for the cash payments available to Settlement Class Members is capped at $30 Million to satisfy all Valid Claims.  The actual amount paid to Settlement Class Members will depend upon the number of Class Pistols returned as set forth above.

2.   Enhanced Warranty.  As part of the relief available to the Settlement Class, the Taurus Companies have agreed to modify their existing warranty for all Class Pistols to allow any owner to submit a warranty claim (at any time) to have the Class Pistol inspected by the Taurus Companies at no cost to address the alleged safety defects.  The Taurus Companies will pay all costs associated with this enhanced warranty, including but not limited to the cost of shipping to and from the Taurus Companies.  This Enhanced Warranty is not subject to a time limitation and shall apply for the lifetime of the Class Pistol.

17

3.   Safety Training.  The Taurus Companies shall produce and make available special and particularized safety and related training available to Settlement Class Members.  The Taurus Companies shall develop the form, content and means of make this training material available to Settlement Class Members and shall have the right (but not the obligation) to update and modify available Safety Training.  Additionally, the Safety Training will include information on how to properly store, pack and ship the Class Pistols for return to the Taurus Companies. The Taurus Companies may, but are not required, to modify or update its initial Safety Training in its sole discretion.

F.   Incentive Award.  The Taurus Companies will not object to an incentive award to Plaintiff so long as it does not exceed fifteen thousand dollars ($15,000) to be paid by the Taurus Companies, subject to Court approval.  Any incentive award shall be paid at the time benefit checks are sent to Settlement Class Members.  Court approval of the incentive award, or its amount, will not be a condition of the Settlement.  If the Court denies, in whole or in part, the incentive award, the remainder of the terms of this Agreement and of the Settlement shall remain in effect.  In addition, no interest will accrue on such amount at any time.

G.   Attorneys' Fees and Costs.  Plaintiff may move the Court for an award of attorneys' fees and costs to be paid by the Taurus Companies to Class Counsel.  Plaintiff and Class Counsel warrant and represent that any motion and/or application that they may file requesting an award of attorneys' fees and costs shall include within its scope all attorneys and law firms with a financial interest in such award with respect to the Action.  The Taurus Companies shall not object to such a motion as to fees and costs so long as the amount requested for all fees and costs is not more than $9,000,000, payable as set forth below.  Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement.  If the Court

denies, in whole or in part, Class Counsel's motion for fees and costs, the remainder of the terms of this Agreement and of the Settlement shall remain in effect. In addition, no interest will accrue on such amounts at any time.

Whatever amount of fees and costs is approved by the Court, up to $9,000,000, will be paid by the Taurus Companies as follows:

$1/3^{rd}$ on the first anniversary of the Effective Date;
$1/3^{rd}$ on the second anniversary of the Effective Date; and
$1/3^{rd}$ on the third anniversary of the Effective Date.

Upon the Effective Date of the Settlement the Taurus Companies will deliver to Bailey & Glasser LLP an indefeasible letter of credit ("LOC") from Wells Fargo Bank, N.A. for the full amount of the awarded amount of fees and costs in the form reasonably acceptable to Bailey & Glasser LLP.  The sole presentment requirement under the LOC shall be a written certification from Bailey & Glasser LLP that a payment was missed. Upon such missed payment, Bailey & Glasser LLP shall be entitled to draw the entire remaining amount due under the LOC.  Time is of the essence for delivery of the LOC and each payment due.

After each payment is timely made, Bailey & Glasser LLP will consent in writing to amendment of the LOC to reduce the amount due to the remaining amount owed.  After the final payment, Bailey & Glasser, LLP will consent in writing to the extinguishment of the indefeasible letter of credit.

H.      <u>Effect on Settlement</u>.  The Parties agree that any rulings of the Court regarding the amount of attorneys' fees, costs, and expenses or the amount of any incentive award, and any claim or dispute relating thereto, will be considered by the Court separately from the remaining matters to be considered at the Final Approval Hearing as provided for in this  Agreement, and any determinations in that regard will be embodied in a separate order.   Any order or

proceedings relating to the amount of attorneys' fees, costs, and expenses, or the amount of any incentive award, including any appeal from or modifications or reversals of any order related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement or this Agreement, affect the Releases provided for in this Agreement, or affect whether the Final Approval Order and Judgment becomes final as defined herein.

I.      Opt-Out Right/Termination.

1.      Opt-Out Requirements.  Settlement Class Members may opt-out of the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice postmarked by the Opt-Out and Objection Deadline.  Exclusion requests must: (i) be signed by the Settlement Class Member for whom exclusion is requested; (ii) include the full name, address, and telephone number of the Settlement Class Member requesting exclusion; (iii) include substantially the following statement: "I request to be excluded from the settlement in the _Carter v. Forjas Taurus_ action;" and (iv) list the make, model, year and serial number of all Class Pistol(s) owned by Settlement Class Member. No request for exclusion will be valid unless all of the information described above is included.   No Settlement Class Member, and no Person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class and no Person shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. Any Settlement Class Member who timely and properly submits a Request for Exclusion shall not (a) be bound by any orders or the Final Judgment and Order Approving Settlement nor by the Release contained herein; (b) be entitled to any relief under this Agreement; (c) gain any rights by virtue of this Agreement; (d) be entitled to object to any aspect of this Agreement; or (e) seek to intervene.  In the event that Settlement Class Members owning more than 15,000 Class Pistols

20

opt-out, then the Taurus Companies have the right, but not the obligation, to terminate this Settlement and return the Parties back to their pre-settlement positions.

   2. <u>Retention of Exclusions</u>. The Parties shall instruct the Claims Administrator to retain a copy of all requests for exclusion and, upon written request, to provide copies of any such requests to counsel for the Parties within 5 business days of the opt-out. The Claims Administrator shall prepare a final list of Settlement Class Members who have validly requested exclusion from the Settlement, and the list will be attached as an exhibit to the Final Approval Order.

  J. <u>Objections To The Settlement</u>.

   1. <u>Right To Object</u>. Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may appear at the Final Approval Hearing to object to the proposed settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive award, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth in Section III.J.2 below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section III.J shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or the award of any attorney fees and/or incentive award. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing, and any counsel that intends to appear on behalf of any Settlement Class Member, must file and serve on all Parties a Notice of Intention to Appear with the Court.

2.  <u>Objection Requirements</u>.  In order to object, a Settlement Class Member must file with the Court, and provide a copy to Class Counsel and the Taurus Companies' Counsel, a document that:

a)  includes the name, address, telephone number, and, if available, the email address of the Settlement Class Member objecting, and if represented by counsel, of his/her/its counsel;

b)  states all objections specifically and in writing;

c)  states whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

d)  includes statement of his/her membership in the Settlement Class, including all information required by the Claim Form; and

e)  includes a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

f)  Any Settlement Class Member who fails to file and serve timely a written objection and notice of his/her intent to appear at the Final Approval Hearing pursuant to this Section shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by any means, including but not limited to an appeal.

g)  Any Settlement Class Member who submits a timely written objection shall consent to deposition by Class Counsel prior to the Final Approval Hearing.

3.  The Parties, their agents or attorneys may not engage in any confidential negotiations to either i) withdraw objections, or ii) pay any objector or their attorneys any compensation or fees.  Neither Class Counsel, the Taurus Companies' Counsel, the Parties, nor their representatives may pay any compensation to any person or their attorney in exchange for withdrawal of any bona fide objection.  Neither the Parties, Class Counsel, nor the Taurus

22

Companies' Counsel may pay, or cause payment of any fees to any objector to any objector unless those fees have been approved by the Court.   The Notice Program shall include a provision notifying Settlement Class Members that any objections are waived on appeal unless the person presenting those objections files a written objection and appears at the final fairness hearing.

      K.     <u>Final Approval</u>.  Following provision of the Notice Program and expiration of the Opt-Out and Objection Deadline, Plaintiff shall promptly request that the Court enter the Final Approval Order substantially in the form attached as Exhibit B, and which shall include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the Settlement Benefits; (d) finally certify the Settlement Class; (e) confirm that Plaintiff and the Settlement Class Members (except those who have timely and validly requested to opt-out of the Settlement Class) have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing as a plaintiff or class member any of the Released Claims against the Released Parties; and (f) dismiss the Action on the merits and with prejudice, without attorneys' fees or costs to any Party, except as ordered by the Court, and (g) retain continuing jurisdiction over the Settlement Class and the Settlement for the purpose of enforcement of the terms of this Agreement.

      L.     <u>Dismissal</u>.  Upon entry of the Final Approval Order, the Action shall be dismissed on the merits and with prejudice, and be res judicata, as to Plaintiff and all Settlement Class Members.

M.    Release.   By executing this Agreement, the Parties acknowledge that, upon both the entry of the Final Approval Order by the Court, and the passing of the Effective Date, the Action shall be dismissed with prejudice, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released as to the Released Parties.   The Final Approval Order shall provide for and affect the full and final release, by Plaintiff and all Settlement Class Members, of all Released Claims.

The Released Claims include all known and unknown claims, actions, and causes of action relating to the Settlement Class Members' purchase and/or ownership of the Class Pistols. This Settlement covers and includes all such claims, actions, and causes of action, for losses or damages of any type and specifically provides the following release:

> The Releasing Parties fully release and forever discharge the Released Parties from any and all claims, demands, rights, damages, obligations, suits, debts, liens, contracts, agreements, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing now or arising in the future, whether known or unknown, both at law and in equity which were or could have been brought against the Taurus Companies based upon, arising from, or related in any way related to the design and manufacturing of the Class Pistols or any component parts thereof, whether arising under statute, rule, regulation, common law or equity, and including, but not limited to, any and all claims, causes of action, rights or entitlements under any federal, state, local or other statute, law, rule and/or regulation, any consumer protection, consumer fraud, unfair business practices or deceptive trade practices laws, any legal or equitable theories, any claims or causes of action in tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi-contract, unjust enrichment, express warranty, implied warranty, and/or any injuries, losses, damages or remedies of any kind, in law or in equity, under common law, statute, rule or regulation, including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, restitution, or any other legal or equitable relief.   Released claims also include any claim for attorneys' fees, expenses, costs, and catalyst fees under any state's law or under federal law.

> Provided, however this Release specifically excludes claims for death, personal injury, or damage to property other than the Class Pistols themselves.

24

Without limiting the foregoing, the release specifically extends to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement, and the release contained herein, becomes effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

    N.    <u>Stay/Bar Of Proceedings</u>. All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted final approval, the Parties in this Action agree not to pursue any claims or defenses otherwise available to them, and no Person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a Settlement Class

Member, or acting on a representative basis or in any other capacity, will commence, prosecute, intervene in, or participate in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties. However, this Stay/Bar of Proceedings shall not apply to claims for death, personal injury, or damage to property other than the Class Pistols themselves. The proposed order submitted on a motion for Preliminary Approval will contain an injunction enjoining Settlement Class Members from commencing, prosecuting, intervening in, or participating as a plaintiff or class member in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims. The Settlement is conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

O.    No Admissions.    The Taurus Companies expressly disclaim and deny any wrongdoing or liability whatsoever. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Taurus Companies of any liability or wrongdoing by the Taurus Companies or any of their affiliates, agents, representatives, vendors, or any other Person or entity acting on their behalf, and shall not be construed or deemed to be evidence of an admission or concession that any Person suffered compensable harm or is entitled to any relief. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Taurus Companies; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Taurus Companies in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; or

(iii) is or may be deemed a waiver of the Taurus Companies' right to challenge class certification if this Settlement for any reason does not become final.

P. <u>Notices</u>.  Unless otherwise indicated in this Agreement, all notices to counsel provided for in this Agreement shall be sent by e-mail, with a hard copy sent by overnight mail to:

<u>As to Plaintiff and the Settlement Class:</u>

David L. Selby, II
Bailey & Glasser LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
dselby@baileyglasser.com

<u>As to the Taurus Companies:</u>

John P. Marino
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
jmarino@sgrlaw.com

## IV.   **GENERAL PROVISIONS**

A.  <u>Settlement Conditioned Upon Approval</u>.  The Taurus Companies and Plaintiff shall each have the right to terminate the Settlement by providing written notice of their election to do so to the other within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in the form attached in any respect; (b) the Court's refusal to approve this Settlement or any part of it; (c) the Court's declining to enter the Final Approval Order in the form attached in any respect; (d) any appellate Court in this Action entering an order which invalidates or disapproves the Settlement, in whole or in part, or which alters any term of this Agreement without the Party's written consent; or if (e) the Effective Date does not occur.

B.  <u>Evidentiary Preclusion</u>.  The Parties agree that, to the fullest extent permitted by law, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used

27

as an admission of, or evidence of, any fault or omission of any Released Party or the appropriateness of class certification in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. In addition, neither the fact of, nor any documents relating to, the Taurus Companies' withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence in the Action or any other proceeding for any purpose whatsoever. However, the Released Parties may file the Settlement Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

C. Effect of Nonapproval. In the event that this Agreement is not approved by the Court in substantially its present form, any objection to the Settlement is sustained by the Court, or the Settlement does not become final for any reason, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties or the Settlement Class Members, and shall not be used in this Action or in any other action or proceeding for any purpose, and any order or judgment entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*. In such event, this Agreement and Settlement and all negotiations, proceedings, documents prepared and statements made in connection with this Agreement and Settlement shall be without prejudice to any Party or Settlement Class Member and shall not be admissible or offered into evidence in any action or proceeding, and shall not be deemed, asserted or construed to be an admission or confession by any Party or any other Person or entity of any fact, matter or proposition of law, and shall not be used or asserted in any other manner or for any purpose, and all Parties and Settlement Class

Members shall stand in the same position as if this Agreement and Settlement had not been negotiated, made or submitted to the Court.

      D.     <u>No Opinion Regarding Tax Consequences</u>. The Parties and their counsel express no opinion concerning the tax consequences of this Settlement to individual Settlement Class Members and make no representations, warranties or other assurances regarding such tax consequences.  No opinion, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to such tax consequences by virtue of this Agreement or by effectuating this Settlement, and the Parties and their counsel shall not be held liable for any such tax consequences that may occur.  The Website Notice will direct Settlement Class Members to consult their own tax advisors regarding any tax consequences of the Settlement, including any payments or benefits provided hereunder, and any tax reporting obligations they may have with respect thereto.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

      E.     <u>Support from the Parties</u>. After a full investigation, discovery and arms-length negotiations, the Parties and their counsel have independently determined that this Settlement is in the best interest of the Settlement Class; shall support motions for Preliminary Approval and Final Approval; and will not encourage any Persons or entity from opting out or objecting.

      F.     <u>No Other Rights Affected</u>.  Nothing contained in this Agreement or in any proceedings concerning the Settlement or this Action shall in any way affect the rights of the Taurus Companies to seek coverage or recovery from any Person or entity for the losses and/or costs or expenses the Taurus Companies have incurred in connection with or arising from the

29

Action except that the Taurus Companies waive any rights to seek recovery from Plaintiff, Class Counsel, and Settlement Class Members for such losses and/or costs or expenses. All such rights and remedies are specifically retained and preserved to the Taurus Companies.

G.     No Other Expense.  Except as expressly provided in this Agreement, the Taurus Companies shall bear no other expenses, costs, damages or fees alleged or incurred by Plaintiff or any Settlement Class Member, or any of their attorneys, experts, advisors, agents or representatives in connection with this Action.

H.     Time Periods.  The time periods and dates described in this Agreement with respect to the giving of Class Notice and hearings will be subject to Court approval and modification by the Court with the consent of the parties.

I.     No Construction Against Drafter.  This Settlement Agreement will be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

J.     Entire Agreement.  This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest and their respective counsel, and approved by the Court.

K.     Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without reference to internal choice of law principles.

L.     Authority.  Plaintiff and the Taurus Companies represent and warrant that the Persons signing this Agreement on their behalf have full power and authority to bind every

30

Person, partnership, corporation, or entity included within the definitions of Plaintiff and the Taurus Companies to all terms of this Agreement. Any Person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

M. <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Release contained in this Agreement, received independent legal advice with respect to the advisability of entering this Agreement and the Release, and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

N. <u>Agreement Binding on Successors in Interest</u>. This Agreement is binding upon, and shall inure to the benefit of, each of the Parties and their respective agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter of this Agreement through any of the Parties, including any Settlement Class Member.

O. <u>Execution in Counterparts</u>. The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures exchanged by facsimile or electronic transmission shall be deemed original signatures.

P. <u>Miscellaneous Provisions</u>.

1. Each exhibit to this Agreement is incorporated by reference and made a part of this Agreement.

2.      The provisions of this Agreement may be waived only in a writing executed by the waiving Party.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver by that Party or by any other Party of any other prior or subsequent breach of this Agreement.

3.      Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

4.      This Agreement has been carefully read by each of the Parties, or the responsible officers thereof, and its contents are known and understood by each of the Parties. This Agreement is signed freely by each Party executing it.

5.      No Party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

6.      The Court shall retain exclusive and continuing jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, of any orders or the Final Approval Order entered by the Court, and/or of the conduct or policies and procedures described in this Agreement.   The Parties, including the Settlement Class Members, submit to the continuing jurisdiction of the Court for these purposes.

**[SIGNATURE PAGES TO FOLLOW]**

IN WITNESS WHEREOF, intending to be legally bound, the Parties have caused this Agreement to be executed as of May 15, 2015:


By: _____
     Chris P. Carter, Plaintiff


TAURUS INTERNATIONAL MANUFACTURING, INC.

By: _____
Its: _____


TAURUS HOLDINGS, INC.

By: _____
Its: _____


FORJAS TAURUS, S.A.

By: _____
Its: _____

IN WITNESS WHEREOF, intending to be legally bound, the Parties have caused this

Agreement to be executed as of _____, 2015:

By: _____   5/15/15
Chris P. Carter, Plaintiff

TAURUS INTERNATIONAL MANUFACTURING, INC.

By: _____
Its: _President / CEO_____

TAURUS HOLDINGS, INC.

By: _____
Its: _President / CEO_____

FORJAS TAURUS, S.A.

By: _____
Its: _____

33

IN WITNESS WHEREOF, intending to be legally bound, the Parties have caused this

Agreement to be executed as of _____, 2015:


By: _____
    Chris P. Carter, Plaintiff


TAURUS INTERNATIONAL MANUFACTURING, INC.

By: _____
Its: _____


TAURUS HOLDINGS, INC.

By: _____
Its: _____


FORJAS TAURUS, S.A.

By: _____
Its: _____

    Thiago Piovesan             Eduardo Ermida Moretti
Vice-Presidente Administrativo e Financeiro    Forjas Taurus S.A.
Diretor de Relações com Investidores        Vice-Presidente
Vice-President Administrative & Finance    Vendas e Marketing
Investor Relations Officer

33

**APPROVED AS TO FORM:**

BAILEY & GLASSER LLP

By: _David Selby, II_

David Selby, II, Class Counsel

MORRIS, HAYNES, WHEELES, KNOWLES & NELSON

By: _Todd Wheeles_

Todd Wheeles, Class Counsel

**APPROVED AS TO FORM:**

SMITH, GAMBRELL & RUSSELL, LLP

By: _John P. Marino_

John P. Marino, Counsel for the Taurus Companies

34

## EXHIBIT A

## CLAIM FORM

If you own a Taurus Class Pistol and wish to return it for a cash payment as part of the *Chris P. Carter v. Forjas Taurus S.A., Taurus International Manufacturing, Inc., and Taurus Holdings, Inc.* settlement, please fill out the following form completely and submit to:

Taurus Settlement Administrator
c/o Heffler Claims
P.O. Box XXXX
Philadelphia, PA 19102- XXXX

## To be eligible for a cash payment, this form must be postmarked by _____, 2016.*

(Please Print or Type)

| Settlement Class Member Name: | | | |
|---|---|---|---|
| | *First* | *M.I.* | *Last* |
| Address: | | | |
| | *Street* | *City* | *State*     *ZIP* |
| Phone Number: | | | |
| Email Address: | | | |

| Taurus Make: | Model: |
|---|---|
| Serial Number: | |

Additional Models. Please use the back of this form if you need more space.

| Taurus Make: | Taurus Make: |
|---|---|
| Model: | Model: |
| Serial Number: | Serial Number: |

\* You do not need to fill out and return this claim form to receive the Enhanced Lifetime Warranty (including free shipping) and Safety Training.  Those benefits are automatic and do not require any action by you.

**Please review the Safety Training Video before packaging your Class Pistol.**

**Please also review the Shipping Check List.   You must comply with all warnings and instructions to properly disarm, store, package and ship your Class Pistol.**

**If you are returning three or more Class Pistols, please provide your social security number or taxpayer identification number so that you may receive a 1099 tax form if required.**

☐ ☐ ☐  ☐ ☐  ☐ ☐ ☐ ☐

**I hereby further confirm and acknowledge that:**

- I have had an opportunity to read the Notice and view the Safety Training Video.

- I (or the above named Settlement Class Member on whose behalf I am authorized to act) owned the above listed Taurus make(s) and model(s) on  (Preliminary Approval Date).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Dated: _____     Signed: _____

**CLAIMS MUST BE POST MARKED NO LATER THAN _____, 2016**

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

     *Plaintiff,*

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

     *Defendants.*

_____/

**Case No. 1:13-CV-24583-PAS**

CLASS ACTION

## [PROPOSED] FINAL ORDER AND JUDGMENT

THIS MATTER comes before the Court upon the Parties' Joint Motion and Supporting

Memorandum for Approval of Class Action Settlement [DE ___] (the "Motion").  After careful

consideration of the Motion and the record, including the Settlement Agreement and Release and

its exhibits (the "Settlement Agreement") filed in this Action, it is **ORDERED, ADJUDGED**

**AND DECREED** as follows:

     1.     The Court has personal jurisdiction over the Parties and the Settlement Class

Members and has subject matter jurisdiction over this Action including, without limitation,

jurisdiction to approve the settlement, to grant final certification of the Settlement Class for

settlement purposes, to settle and release all claims as to the Taurus Companies[1] arising out of

---

[1] The "Taurus Companies" means collectively Defendants Forjas Taurus, S.A., Taurus
International Manufacturing, Inc. and Taurus Holdings, Inc.

the matters alleged in this Action or the Released Claims, and to dismiss this Action on the merits and with prejudice as to the Taurus Companies. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).[2]

2.      The Court finds and concludes that Notice Program was carried out and that notice was disseminated to the Settlement Class Members in accordance with the terms set forth in the Settlement Agreement and in compliance with the Court's Preliminary Approval Order (Dkt. _____).

### Final Approval of Settlement

3.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement, memoranda and arguments submitted on behalf of the Parties and the Settlement Class.  The Court has also considered evidence and supporting declarations submitted by the Parties.  The Court has also read and considered any written objections filed by Settlement Class Members.  The Court further held a hearing on _____, 2015, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the settlement.

4.      Based on the papers filed with the Court, the presentations made to the Court by the Parties and other interested persons at the hearing, and the remainder of the record in this Action, the Court now grants final approval to the settlement and finds that the settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class.  The complex legal and factual posture of this Action, and the fact that the Settlement Agreement is the result of

---

[2] Capitalized terms not otherwise defined in this Final Order and Judgment Order have the meanings assigned to them in the Settlement Agreement.

extensive and hard-fought arms' length negotiations presided over by a neutral mediator, further support this finding.

### Certification of the Settlement Class

5.      The Court certifies, for settlement purposes only, the following Settlement Class pursuant to Rules 23 of the Federal Rules of Civil Procedure:

> All Persons or entities of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who own one or more of the following Taurus-branded firearms on the date of preliminary approval: PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and PT-24/7.
>
> Excluded from the Settlement Class are all state, local or federal governments, bodies or agencies, the District Court Judge and Magistrate Judge to whom the lawsuit is assigned and any member of their staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

6.      Pursuant to Federal Rule of Civil Procedure 23 and for settlement purposes only, Plaintiff Chris P. Carter is designated as class representative for the Settlement Class.  For settlement purposes only, David Selby, II and John Barrett of Bailey & Glasser, LLP, and Todd Wheeles of Morris, Haynes, Wheeles, Knowles & Nelson are designated as Class Counsel.

7.      The Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the class representative are typical of the claims of the Settlement Class; (d) the class representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the Settlement Class Members predominate over the questions affecting only individual members; and (f) certification of the Settlement Class is superior to the other methods for the fair and efficient adjudication of this controversy.  The Court further finds that: (a) Settlement Class Members have a limited interest in individually prosecuting the claims at issue;

(b) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by Settlement Class Members; (c) it is desirable to concentrate the claims at issue in this forum; and (d) it is unlikely that there will be difficulties encountered in administering this this settlement. In making these findings, the Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this action. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

8.     The Court further finds and concludes that the notice given to the Settlement Class, in accordance with the Court's Preliminary Approval Order, fully satisfies Rule 23 of the Federal Rules of Civil Procedure, due process and all other applicable rules or law. The Court finds that it is the best notice practicable under the circumstances, and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated by the settlement and this Final Order and Judgment.

9.     The Court further finds and concludes that the notice provided to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

10.     The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Order and Judgment. Appendix A is a schedule of all such persons and entities excluded from the Settlement Class.

### Dismissal and Release

11.     The Court dismisses this Action as to the Taurus Companies on the merits and with prejudice as to Plaintiff and the Settlement Class Members, without costs to any party, except as expressly provided in this Final Order and Judgment.

12.     Upon the Effective Date,[3] the Court adjudges that the Release attached as Appendix B to this Final Order and Judgment shall be valid and binding against Plaintiff and all Settlement Class Members who have not been recognized as excluded from the Settlement Class in Appendix A of this Final Order and Judgment.

13.     The Court further adjudges that the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

14.     Plaintiff and all Settlement Class Members, and any person actually or purportedly acting directly or derivatively on behalf of Plaintiff or a Settlement Class Member, or acting in a representative basis or in any other capacity, are hereby permanently barred and enjoined from commencing, prosecuting, intervening in, or participating in any lawsuit, action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties. However, this permanent bar and injunction does not apply to claims for death, personal injury, or damage to property other than the Class Pistols themselves.

This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and the Court's authority to effectuate the Settlement Agreement, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

15.     The Settlement Agreement and any and all negotiations, documents, and discussions associated with the Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of

---

[3] "Effective Date" means the fifth business day after this Final Order and Judgment is no longer subject review, rehearing, appeal, petition for allowance of appeal, petition for certiorari, or other review of any kind.

common law or equity, or of any liability or wrongdoing by the Taurus Companies, or of the truth of any of the claims asserted by Plaintiff in this Action. Evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Court's Preliminary Approval Order, and/or this Final Order and Judgment.

16.    In the event that any provision of the settlement or this Final Order and Judgment is asserted by the Taurus Companies as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties and Settlement Class Members irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Settlement Agreement, this Final Order and Judgment and the Court's authority to effectuate the settlement, and are ordered in aid of Court's jurisdiction and to protect its judgments.

**Other Matters**

17.    The Court has considered any objections to the settlement. Any such objections are overruled and denied in all respects.

- 6 -

18.     The Court approves payment of attorneys' fees, costs and expenses to Class Counsel's in the amount of  $_____$.  This amount shall be paid as provided in the Settlement Agreement.  No interest will accrue on such amounts at any time.

19.     The Court approves an incentive fee payment of $_____ to Plaintiff Chris P. Carter.  This amount shall be paid as provided in the Settlement Agreement.  No interest will accrue on such amounts at any time.

20.     The Court finds that the Parties and their counsel have expressed no opinion concerning the tax consequences of this settlement to individual Settlement Class Members and have made no representations, warranties or other assurances regarding such tax consequences. No opinion, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to such tax consequences by virtue of the Settlement Agreement or by effectuating the settlement, and the Parties and their counsel shall not be held liable for any such tax consequences that may occur.  In addition, the Parties and their counsel shall have no liability for any acts or omissions of the Claims Administrator.

21.     No discovery with regard to the Settlement Agreement or the settlement and its administration shall be permitted by any Settlement Class Members or other persons, other than as may be directed by the Court.

22.     The Parties are authorized, without needing further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its exhibits that: (a) are consistent in all material respects with this  Final Order and Judgment; and (b) do not limit the rights of the Settlement Class Members.

23.     Neither this Final Order and Judgment, nor the Settlement Agreement (nor any other document referred to in either, nor any action taken to negotiate, effectuate and implement

the Settlement Agreement) is, may be construed as, or may be used as an admission or concession by or against any Party or any of the Released Parties as to the validity of any claim or any actual or potential fault or liability. Additionally, neither the Settlement Agreement nor any negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against any Party or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed and used in any action, arbitration or other proceeding against or by the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

24.     The terms of the Settlement Agreement and this Final Order and Judgment shall be forever binding on the Plaintiff and all other Settlement Class Members, as well as their respective heirs, representatives, executors and administrators, successors and assigns, and those terms shall have res judicata and full preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons or entities, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release set forth in Appendix B to this Final Order and Judgment.

25.     Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration,

implementation, effectuation and enforcement of the settlement and Settlement Agreement approved by this Final Order and Judgment.

26.     Finding that there is no just reason for delay, the Court orders that this Final Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter this Final Order and Judgment on the docket forthwith.

**DONE, ORDERED and ADJUDGED** in Miami, Florida, this ___ day of _____, 2015.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  Counsel of Record

# APPENDIX A – EXCLUSION LIST

## APPENDIX B – RELEASE

Upon the Effective Date, Plaintiff and the Settlement Class Members hereby provide the following release:

The Releasing Parties fully release and forever discharge the Released Parties from any and all claims, demands, rights, damages, obligations, suits, debts, liens, contracts, agreements, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing now or arising in the future, whether known or unknown, both at law and in equity which were or could have been brought against the Taurus Companies based upon, arising from, or related in any way related to the design and manufacturing of the Class Pistols or any component parts thereof, whether arising under statute, rule, regulation, common law or equity, and including, but not limited to, any and all claims, causes of action, rights or entitlements under any federal, state, local or other statute, law, rule and/or regulation, any consumer protection, consumer fraud, unfair business practices or deceptive trade practices laws, any legal or equitable theories, any claims or causes of action in tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi-contract, unjust enrichment, express warranty, implied warranty, and/or any injuries, losses, damages or remedies of any kind, in law or in equity, under common law, statute, rule or regulation, including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, restitution, or any other legal or equitable relief. Released claims also include any claim for attorneys' fees, expenses, costs, and catalyst fees under any state's law or under federal law.

Provided, however this Release specifically excludes claims for death, personal injury, or damage to property other than the Class Pistols themselves.

Without limiting the foregoing, the release specifically extends to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement, and the release contained herein, becomes effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with

B-1

respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

"Releasing Parties" means Plaintiff and each and every Settlement Class Member who has not been recognized by the Court as excluded from the Settlement Class, on behalf of themselves and each of their respective heirs, trustees, executors, administrators, representatives, fiduciaries, principals, beneficiaries, assigns, agents, attorneys, partners, successors and predecessors-in-interest and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

"Released Parties" means (a) Defendants; (b) the Taurus Companies; (c) the Taurus Companies' past, present, and future direct and indirect owners, investors, parents, subsidiaries, suppliers, vendors, wholesalers, distributors, and other corporate affiliates; (d) the Taurus Companies' successors and predecessors and their past, present, and future direct and indirect owners, investors, parents, subsidiaries, suppliers, vendors, wholesalers, distributors, and other corporate affiliates; (e) all suppliers, distributors, wholesalers, re-sellers, vendors, retailers, advertisers, manufacturers, and suppliers of the Class Pistols, and all others in the marketing and distribution chains of the Class Pistols; and (f) for each of the foregoing Persons and the Taurus Companies, each of their past, present, or future officers, directors, shareholders, owners, investors, employees, contractors, consultants, insurers, insurance brokers, lawyers, accountants, advisors, representatives, agents, independent contractors, spokespersons, endorsers, testimonials, principals, partners, affiliates, members, administrators, legatees, executors, heirs, estates, predecessors, successors, insurers, insurance agencies and assigns.

## EXHIBIT C

## If You Own a Taurus Pistol
## A Settlement Has Been Proposed in a Class Action Lawsuit that Alleges Safety Defects

### The Settlement Provides an Enhanced Warranty, Safety Training, and a Cash Payment for Returned Pistols

*The United States District Court for the Southern District of Florida authorized this notice.*

### WHAT'S THIS ABOUT?

A settlement has been proposed in a class action lawsuit about alleged defects in certain Taurus-branded pistols. The class action lawsuit asserts that these alleged safety defects may cause Class Pistols (defined below) to unintentionally fire with the safety in the "on" or "safe" position when the trigger is pulled, and Class Pistols may unintentionally fire when dropped or bumped. The Taurus Companies[1] stand by the Class Pistols and deny all allegations of wrongdoing and liability.

### WHO'S INCLUDED?

You may be a Settlement Class Member  and have rights under this settlement if you are a resident or entity of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, or Guam and owned one or more of the following Taurus-branded firearms on  [date of preliminary approval]: PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and PT-24/7 (the "Class Pistols"). The settlement does not include Taurus G2 model pistols.

### WHAT DOES THE SETTLEMENT PROVIDE?

Settlement Class Members may elect to return their Class Pistol to the Taurus Companies (with shipping prepaid) and receive a payment of up to $200 per Class Pistol, depending on the total number of Class Pistols returned, not to exceed $30 million in the aggregate. You will not know the exact payment amount until after the deadline to return Class Pistols has passed and the exact number of returned Class Pistols is known.  If you return your Class Pistol for a payment, it will not be returned to you even if the payment amount is less than you want. The Taurus Companies also agree to provide a free lifetime enhanced warranty at no cost (including shipping) for Class Pistols that are not returned for payment. The Taurus Companies will further make safety training available to all Settlement Class Members.  The Taurus Companies will also pay for costs of notice and administration, a class representative incentive award of up to $15,000, and Class Counsels' attorneys' fees and costs in an amount of up to $9 million, payable over 3 years.

### HOW DO YOU ASK FOR A PAYMENT?

To ask for a payment, you must submit a claim form and return your Class Pistol at the Taurus Companies' expense. Visit the settlement website (www._____.com) to get a claim form. You can only submit a claim form *after* the settlement is finally approved and any appeals are concluded. You may register online now through the website to get information about when you can submit a claim form. You may also check the settlement website to determine when you can submit a claim.  While we cannot know exactly when this date will be, if the Court approves the settlement at the Final Approval Hearing on _____ and there are no appeals, the claims period will begin to run on ___, and will end on ___.

### WHAT ARE YOUR OTHER OPTIONS?

If you don't want to be legally bound by the settlement, you must exclude yourself by **Month 00, 2015**, or you won't be able to sue, or continue to sue, the Taurus Companies about the legal claims in this case. If you exclude yourself, you can't get money from this settlement. You may object to this settlement by sending an objection by **Month 00, 2015**. The detailed notice on the website below explains how to exclude yourself or object. If you do nothing, you will still receive the lifetime enhanced warranty and safety training but will not receive a payment, and you will still be bound by the terms of the settlement.

Before any money is paid, the Court will hold a hearing on **Month 00, 2015**, to consider whether to approve the settlement.  The Court will also consider a request by Class Counsel for payment of attorneys' fees and costs for investigating the facts, litigating the case, and negotiating the settlement and a request by the Class Representative for an incentive award. The motion(s) for attorneys' fees and costs and an incentive award will be posted on the website after they are filed. Objections and opt-outs will be public record and the Parties, the Court and others may review them, even if they contain the identity of Settlement Class Members.

**This is only a Summary. For more detailed information,** call toll-free 1-(xxx) xxx-xxxx, or visit www._____.com, or write to _____, c/o Heffler Claims Group, P.O. Box _____, Philadelphia, PA 19102-8430.

---

[1] The "Taurus Companies" are collectively Forjas Taurus, S.A., Taurus Holdings, Inc. and Taurus International Manufacturing, Inc.  The Taurus Companies are the Defendants in the class action lawsuit.

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

     *Plaintiff,*

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

     *Defendants.*

_____/

**Case No. 1:13-CV-24583-PAS**

CLASS ACTION

## [PROPOSED] PRELIMINARY APPROVAL ORDER

THIS CAUSE comes before the Court upon Plaintiff, Chris P. Carter ("Plaintiff"), for himself and the Settlement Class Members (as defined below), and Defendants, Forjas Taurus, S.A., Taurus International Manufacturing, Inc. and Taurus Holdings, Inc.'s[1] (collectively the "Parties") Joint Motion and Supporting Memorandum for Preliminary Approval of Class Action Settlement (the "Motion"). After careful consideration of the Motion and the record, including the Settlement Agreement and Release and its exhibits (the "Settlement Agreement") submitted with the Motion, it is **ORDERED** that the Motion is **GRANTED** as follows:

---

[1] Defendants, Forjas Taurus, S.A., Taurus International Manufacturing, Inc. and Taurus Holdings, Inc. are collectively referred to in this Order as "the Taurus Companies."

**Preliminary Approval of the Proposed Settlement**

1.    For purposes of settlement only, the Court has jurisdiction over the subject matter of this Action, and over the Parties and the Settlement Class.[2]

2.    The Court preliminarily approves the proposed settlement and the Settlement Agreement.  The Court finds that: (a) the proposed settlement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiff's claims; (b) the proposed settlement of this Action makes available valuable consideration; and (c) the proposed settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant providing  notice of this Action and the proposed settlement to the Settlement Class Members and holding a full hearing on the proposed settlement.

**Preliminary Certification the Settlement Class**

3.    For purposes of settlement of this Action only, and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class:

> All Persons or entities of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who own one or more of the following Taurus-branded firearms on the date of preliminary approval: PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and PT-24/7.

> Excluded from the Settlement Class are all state, local or federal governments, bodies or agencies, the District Court Judge and Magistrate Judge to whom the lawsuit is assigned and any member of their staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

---

[2] Capitalized terms not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement.

4.     The Court further finds that for purposes of settlement only (and only for such purposes, and without an adjudication of the merits or a determination of whether a class should be certified if the settlement is not approved or otherwise does not become final), that the prerequisites for a class action under Federal Rule of Civil Procedure 23 have been preliminarily satisfied in that: (a) the Settlement Class appears to be so numerous that joinder of all members is impracticable; (b) there appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the proposed settlement should be approved; (c) Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement; (d) Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement; (e) for purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members; and (f) for purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.  In making these findings, the Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-620 (1997).

5.     The Court further finds, for purposes of settlement only, that:   (a) Settlement Class Members likely have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with the Parties' representations that they are unaware of any other pending litigation regarding the claims at issue by members of the Settlement Class; (c) it is desirable to concentrate the claims in this forum; and (d) it is unlikely that there will be difficulties encountered in administering the proposed settlement.

6.      Pursuant to Federal Rule of Civil Procedure 23 and for settlement purposes only, Plaintiff Chris P. Carter is preliminarily designated as class representative for the Settlement Class.  For settlement purposes only, David Selby, II and John Barrett of Bailey & Glasser, LLP, and Todd Wheeles of Morris, Haynes, Wheeles, Knowles & Nelson are preliminarily designated as Class Counsel.

7.      Pending determination of whether the proposed settlement should be finally approved, the Parties shall not pursue any claims or defenses otherwise available to them, and no person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of Plaintiff or a Settlement Class Member, or acting in a representative basis or in any other capacity, shall commence, prosecute, intervene in, or participate in any lawsuit, action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties.  However, this Stay/Bar of Proceedings shall not apply to claims for death, personal injury, or damage to property other than the Class Pistols themselves.

Pending final determination of whether the proposed settlement should be finally approved, all Settlement Class Members are hereby preliminarily enjoined from directly, on a representative basis or in any other capacity commencing, prosecuting, intervening in, or participating as a plaintiff or class member in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties.

8.      The Court recognizes that, pursuant to the Settlement Agreement, the Taurus Companies retain the right to dispute that a class may be properly certified in this Action, or that a class is reasonably ascertainable, should the proposed settlement not be finally approved.  The foregoing determinations regarding class certification are for purposes of settlement only.

4

Accordingly, preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor are the Taurus Companies precluded from challenging class certification in further proceedings in this Action or in any other Action or proceeding if the proposed settlement is not finalized or finally approved. If the proposed settlement is not finally approved for any reason the certification of the Settlement Class shall be void and vacated, and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any Party to either request or oppose class certification.

### Notice and Administration

9.     The Court hereby approves the Parties' retention of Heffler Claims Group ("Heffler") to perform the duties of the Claims Administrator as set forth in the Settlement Agreement, including providing Notice to Settlement Class Members, to perform such other functions and duties as set forth in the Settlement Agreement, and to provide such other administration services as are reasonably necessary to facilitate the proposed settlement.

10.     Having considered, among other factors, (a) the means and methods available to reach potential Settlement Class Members, (b) the cost and effectiveness of giving notice by various methods, (c) the resources of the Parties, (c) the stake of each Settlement Class Member, and (d) the possibility that certain Settlement Class Members might desire to exclude themselves from the Settlement Class or appear individually, the Court finds that notice given in the form and manner provided in the Settlement Agreement is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Settlement Class Members: (i) of the pendency and nature of this Action, (ii) of the definition of the Settlement Class preliminarily certified; (iii) of the class claims, issues, and defenses and the terms of the proposed settlement; (iv) of the right to appear and object to the proposed settlement; (v) of the right to exclude themselves from the Settlement Class; (vi) of the time and manner for requesting exclusion from

the Settlement Class; and (vii) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class.   The Court further finds that the proposed notice methods, texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and all other applicable rules or law.

11.     The Court hereby approves the form, content and requirements of the Publication Notice and Website Notice attached as exhibits to the Settlement Agreement.  The Court further approves the notice regime set forth in the Settlement Agreement.  The Claims Administrator shall begin publication of the Publication Notice, and the Website Notice and Safety Training shall be available on the Settlement Website by the first business day seventy five (75) days following entry of this Order.  The Parties shall, prior to the Final Approval Hearing, file proof of notice with the Court.

12.     To return their Class Pistol and receive a monetary payment under the Settlement Agreement Settlement Class Members must complete and timely submit a Claim Form pursuant to the instructions provided.   The Court hereby approves the form and content the Claim Form attached as an exhibit to the Settlement Agreement.

13.     All costs of providing notice to the Settlement Class, processing Claim Forms, making settlement payments and other wise administering the settlement shall be paid by the Taurus Companies as provided in the Settlement Agreement.

**Exclusion / "Opt Outs"**

14.     Settlement Class Members shall be bound by all determinations and orders pertaining to the proposed settlement, including the release of all claims to the extent set forth in

the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and valid manner, as provided below. Settlement Class Members who do not timely and validly request exclusion shall be bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Released Parties relating to the Released Claims as set forth in the Settlement Agreement.

15.     A Settlement Class Member wishing to make a request for exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than the Opt-Out and Objection Deadline, to the Claims Administrator at the address specified in the Notice.  Exclusion requests must: (i) be signed by the Settlement Class Member for whom exclusion is requested; (ii) include the full name, address, serial number of their Class Pistol(s) and telephone number of the Settlement Class Member requesting exclusion; (iii) include substantially the following statement: "I request to be excluded from the settlement in the *Carter v. Forjas Taurus* action;" and (iv) list the make, model and year of all Class Pistol(s) owned by Settlement Class Member. No request for exclusion will be valid unless all of the information described above is included.

16.     No Settlement Class Member, or any Person acting on behalf of or in concert with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class and no Person shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs.

17.     Any Settlement Class Member who timely and properly submits a Request for Exclusion as set forth above shall not (a) be bound by any orders or judgments entered in connection with the settlement; (b) be entitled to any relief under the settlement; (c) gain any

rights by virtue of the settlement; (d) be entitled to object to any aspect of the proposed settlement; or (e) seek to intervene.

18.     The Claims Administrator shall promptly provide counsel for the Parties with copies of any requests for exclusion.  Plaintiff shall file a list of all of who have opted out with the Court no later than seven (7) calendar days prior to the Final Approval Hearing.

### Objections

19.     Any Settlement Class Member who has not opted out in accordance with the terms of this Order may object to the proposed settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the request for an incentive award to Plaintiff, by filing a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline.  Any Settlement Class Member who does not provide a written objection in the manner described below shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement, or any award of any attorneys' fees and/or incentive award.

20.     Settlement Class Members must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (i) Class Counsel – David L. Selby, II, Bailey & Glasser, LLP, 3000 Riverchase Galleria, Suite 905, Birmingham, Alabama 32544; and (ii) the Taurus Companies' Counsel – John P. Marino, Smith, Gambrell & Russell, LLP, 50 North Laura Street, Suite 2600, Jacksonville, Florida 32202. The objection must: (a) include the name, address, telephone number, and, if available, the email address of the Settlement Class Member objecting, and if represented by counsel, of his/her/its counsel; (b) state all objections specifically and in writing; (c) state whether he/she intends to appear at the

8

Final Approval Hearing, either with or without counsel; (d) include statement of his/her membership in the Settlement Class, including all information required by the Claim Form; and (d) include a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

21.     Only those specific objections, grounds and documents that comply with the requirements in this paragraph may be presented to the Court.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing, and any counsel that intends to appear on behalf on any Settlement Class Member, must file with the Court and serve on all Parties (as set forth above) a Notice of Intent to Appear.

22.     Any Settlement Class Member who does not make his/her/its objection to the Settlement in compliance with the requirements set forth in this Order shall be deemed to have waived any such objection by appeal, collateral attack or otherwise.

23.     Any Settlement Class Member who submits a timely written objection shall consent to deposition by Class Counsel prior to the Final Approval Hearing.

**Final Approval Hearing**

24.     The Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on _____, 2015 at _____ am/pm for the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

9

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released under the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees and costs of Class Counsel;

(e)     to consider the application for an incentive award to the Class Representative; and

(f)     to consider and rule upon such other matters as the Court may deem appropriate.

25.     Submissions in support of final approval of the proposed settlement and the Settlement Agreement, the incentive award to Plaintiff and Class Counsel's application for an award of attorneys' fees, costs and expenses shall be filed with the Court no later than seven (7) calendar days before the Final Approval Hearing.   The Final Approval Hearing may be postponed, adjourned, or continued by Court order without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

26.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the proposed settlement.

**Further Matters**

27.     All discovery and other pretrial proceedings between Plaintiff and the Taurus Companies in this Action are stayed and suspended until further order of the Court, except reasonable confirmatory discovery and such actions as may be necessary to implement the Settlement Agreement and comply with this Order.

28.     No discovery with regard to the Settlement Agreement or the proposed settlement and its administration shall be permitted by any Settlement Class Member or any other person, other than as may be directed by the Court.

29.     In the event the settlement is materially modified by the Court or is not approved by the Court, the Settlement Agreement is terminated pursuant to its terms for any reason, or for any other reason the Effective Date does not occur, then (i) the Settlement Agreement shall be null and void, including any provisions relating to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to the Parties, and shall not be used in this action or in any other action or proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to the Parties,  shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in this Action or any other action or proceeding, provided, however, the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any Party may elect to move the Court to implement the provisions of this paragraph, and the non-moving Party and that Party's counsel shall not oppose any such motion.

30.     The Parties are authorized, without needing further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its exhibits that: (a) are consistent in all material respects with this Preliminary Order and Judgment; and (b) do not limit the rights of the Settlement Class Members.

31.     The Court retains jurisdiction to consider all further matters arising out of or connected with the proposed Settlement.

**DONE AND ORDERED** in Miami, Florida, this ___ day of _____, 2015.


_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE


cc:     Counsel of Record

## EXHIBIT E

### If You Own a Taurus Pistol

### A Settlement Has Been Proposed in a Class Action Lawsuit that Alleges Safety Defects

### The Settlement Provides an Enhanced Warranty, Safety Training, and a Cash Payment for Returned Pistols

*A court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been proposed in a class action lawsuit about alleged safety defects in the following Taurus-branded firearms:  PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and/or PT-24/7.  The settlement does not include Taurus G2 model pistols.

Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Receive no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants[1] or anyone else about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Receive Enhanced Lifetime Warranty and Safety Training at no cost. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

- Any questions?  Read on and visit www._____.

| WHAT THIS NOTICE CONTAINS |
|---|

Basic Information..................................................................................................................... 3
    1. Why did I get this notice package? ...................................................................................... 3
    2. What is this lawsuit about? .................................................................................................. 3
    3. What is a class action? ........................................................................................................ 3

---

[1] The Defendants in the lawsuit are Forjas Taurus, S.A., Taurus Holdings, Inc. and Taurus International Manufacturing, Inc. These Defendants are also referred to collectively in this notice as "the Taurus Companies."

4. Why is there a settlement? ................................................................................. 3

Who is in the Settlement? ..................................................................................... 3

5. How do I know if I am part of the settlement? ................................................ 3

The Settlement Benefits – What You Get .............................................................. 4

6. What does the settlement provide? .................................................................. 4

How You Get Benefits – Submitting a Clam Form ................................................. 4

7. Will I know how much I will get when I send my Class Pistol back? ................. 4

8. How will I send my Class Pistol back? ............................................................ 4

9. How can I get a payment or other benefits? .................................................... 5

10. When will I receive benefits? ........................................................................ 5

11. Will I have to pay taxes on the limited cash payment? ................................... 5

12. What am I giving up if I stay in the Settlement Class? ................................... 5

Excluding Yourself From The Settlement ............................................................. 5

13. How do I exclude myself from the settlement? ............................................. 5

14. If I do not exclude myself, can I sue the Defendants or anyone else for the same thing later? ..... 6

15. If I exclude myself, can I get benefits from this settlement? ......................... 6

The Lawyers Representing You ............................................................................ 6

16. Do I have a lawyer in this case? .................................................................... 6

17. How will the lawyers be paid? ...................................................................... 6

Objecting To The Settlement ............................................................................... 6

18. How do I tell the Court that I do not like the settlement? ............................. 6

19. What is the difference between objecting and excluding? ............................. 7

The Court's Final Approval Hearing ..................................................................... 8

20. When and where will the Court decide whether to approve the settlement? ... 8

21. Do I have to come to the hearing? ................................................................ 8

22. May I speak at the hearing? .......................................................................... 8

If You Do Nothing .............................................................................................. 9

23. What happens if I do nothing at all? ............................................................. 9

Getting More Information .................................................................................... 9

24. Are there more details about the settlement? ............................................... 9

25. How do I get more information? ................................................................... 9

26. Will my identity as a Class Member be kept confidential? ............................. 9

## BASIC INFORMATION

| 1. | Why is this notice being provided? |
|---|---|

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

A class action is a lawsuit in which one or more individuals sue an individual(s), company or other entity on behalf of all other people who are in a similar position. Collectively, these people are referred to as a "Class" or "Class Members." In a class action, the court resolves certain legal issues, legal claims and defenses for all Class Members in one lawsuit, except for those who ask to be excluded from the Class. (See below for more information about excluding yourself from the Class.)

| 2. | What is this lawsuit about? |
|---|---|

This lawsuit is about alleged safety defects in the following Taurus-branded firearms:   PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and/or PT-24/7 ("the Class Pistols"). The lawsuit asserts that these alleged safety defects may cause some Class Pistols to unintentionally fire with the safety in the "on" or "safe" position when the trigger is pulled and some Class Pistols may unintentionally fire when dropped or bumped.   The Taurus Companies stand by the Class Pistols and vigorously deny all allegations of wrongdoing and liability.   The lawsuit does not involve Taurus G2 model pistols.

| 3. | What is a class action? |
|---|---|

In a class action, one or more people, called class representatives (in this case, Chris P. Carter) sue on behalf of people who have similar claims.   One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.   A judge in the United States District Court for the Southern District of Florida, Miami Division, is overseeing this class action.

| 4. | Why is there a settlement? |
|---|---|

The Court did not decide in favor of Plaintiff or Defendants.   Instead, both sides agreed to a settlement. That way, they avoid the time and expense of going to trial.   The Class Representative and his attorneys think the settlement is best for everyone.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Court previously decided that everyone who fits the following description is a Settlement Class Member:

All Persons or entities of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who owned one or more of the following Taurus-branded firearms on _____: PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and PT-24/7.   Excluded from the Settlement Class are all state, local or federal governments, bodies or agencies, the District Court Judge and Magistrate Judge to whom the lawsuit is assigned and any member of their staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the settlement provide? |
|---|---|

If approved, the proposed settlement will provide the following: the Taurus Companies will pay the costs of notice and administration; will pay a class representative incentive payment of up to $15,000; will make safety training available to all Settlement Class Members; will pay a cash payment to Settlement Class Members who timely submit a valid claim form and return their Class Pistol to the Taurus Companies; and will provide enhanced lifetime warranty benefits.  More specifically:

- A Court-appointed administrator will receive compensation to implement a class notice program and to assist in the processing of claims submitted by Settlement Class members.
- The Taurus Companies will make special and particularized safety and related training available to all Settlement Class Members.
- Settlement Class Members may elect to return their Class Pistol to the Taurus Companies and receive a payment of up to $200 per Class Pistol.  The minimum payment if every Class Pistol were returned would be $31.  The actual amount that you will receive will depend on the total number of Class Pistols returned.  The amount of the cash payments will be based on the following schedule:

    a) if less than 10,000 Class Pistols are returned, the payment for each returned Class Pistol shall be $200;

    b) if 10,001 to 20,000 Class Pistols are returned, the payment for each returned Class Pistol shall be $175;

    c) if 20,001 to 200,000 Class Pistols are returned, the  payment for each returned Class Pistol shall be $150; and

    d) if more than 200,000 Class Pistols are returned, the payment for each returned Class Pistol shall be less than $150 and shall be equal to a $30 Million aggregate cap divided by the number of Class Pistols returned.

- You will not know the payment amount until after the deadline to return Class Pistols has passed and the exact number of Class Pistols returned for payment is known.  If you return your Class Pistol for a payment, it will not be returned to you even if the payment amount is less than you want.
- The Taurus Companies agree to modify its existing warranty for all Class Pistols to allow any owner to submit a warranty claim (at any time) to have the Class Pistol inspected by the Taurus Companies at no cost to address the alleged safety defects.  The Taurus Companies will pay all costs associated with this enhanced warranty, including but not limited to the cost of shipping to and from the Taurus Companies.

## HOW YOU GET BENEFITS – SUBMITTING A CLAIM FORM

| 7. | How will I send my Class Pistol back? |
|---|---|

On the settlement website, there is a safety video to be viewed prior to packing and shipping your Class Pistol. This video has important safety information. We will also provide you with a Shipping Checklist to

be completed before securing the box for shipment. With a valid claim for the cash payment, you will receive a prepaid shipping label. Failing to properly disarm your Class Pistol and ship it in accordance with federal law could result in injury, harm, or damage and subject you to penalties. You must follow all instructions.

## 8.      How can I get a payment?

To ask for a payment, you must submit a claim form and return your Class Pistol at the Taurus Companies' expense. Visit the settlement website (www._____.com) to get a claim form. You can only submit a claim form *after* the settlement is finally approved and any appeals are concluded. You may register online now through the website to get information about when you can submit a claim form. You may also check the settlement website to determine when you can submit a claim. While we cannot know exactly when this date will be, if the Court approves the settlement at the Final Approval Hearing on _____ and there are no appeals, the claims period will begin to run on ____, and will end on ____.

To send your Class Pistol back to the Taurus Companies, you will receive a preprinted label and Shipping Checklist. You will then receive a cash payment, based upon the total number of Class Pistols returned, as set forth above.

## 9.      When will I receive the benefits?

The Court will hold a hearing on _____, to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take up to a year or more. The settlement website will keep you informed of the progress of the settlement. Please be patient. The safety training will be available immediately on the website below.

## 10.      Will I have to pay taxes on the cash payment?

The parties cannot provide tax advice and encourage you to seek tax advice from your accountant or advisor. Depending upon the amount of your payment, pursuant to IRS regulations, you and/or the government may receive a 1099 reflecting the payment for your Class Pistol.

## 11.      What am I giving up if I stay in the Settlement Class?

Unless you exclude yourself, you will remain a Settlement Class Member. This means that you cannot sue, continue to sue, or be part of any other lawsuit against the Taurus Companies (refer to question no. 13 below) or anyone else about the claims and legal issues in this case. If you stay in the Settlement Class, all of the Court's orders will apply to you and legally bind you.

The lawsuit and settlement does not cover or release any claims for personal injuries or property damage (other than damage to the Class Pistols themselves). If you have claims for personal injuries or property damage (other than damage to the Class Pistols themselves) now or in the future, this settlement does not prohibit you from suing the Defendants to recover for those damages.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 12. | How do I exclude myself from the settlement? |
|---|---|

If you want to keep the right to sue or continue to sue the Defendants or anyone else, on your own, about the legal issues in this case, then you must take steps to get out.  This is called excluding yourself – or is sometimes referred to as opting out of the Settlement Class.  Defendants may withdraw from and terminate the settlement if a certain number of putative Settlement Class Members exclude themselves.

To exclude yourself from the settlement, you must submit a letter by mail saying that you want to be excluded from the Settlement Class in *Chris P. Carter v. Forjas Taurus S.A., Taurus International Manufacturing, Inc., and Taurus Holdings, Inc.*, Case No. 1:13-cv-24583, U.S.D.C., S.D. Florida.  You must include your name, address, telephone number, serial number of your Class Pistol(s), and signature. You must mail your exclusion request so that it is postmarked no later than _____, to:

Chris P. Carter v. Forjas Taurus S.A.

c/o_____

_____

_____

You cannot exclude yourself by phone or by e-mail.  If you mail an exclusion request by the deadline, you will not get any settlement benefits and you cannot object to the settlement.  You will not be legally bound by anything that happens in the lawsuit. You may be able to sue (or continue to sue) the Defendants in the future. The Administrator will file a list containing your name with the Court so that you will not be bound by the Settlement.

| 13. | If I do not exclude myself, can I sue the Defendants or anyone else for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up the right to sue the Defendants or anyone else for the claims resolved by this settlement.

You must exclude yourself from the Settlement Class to participate in any litigation against the Defendants or anyone else regarding the claims resolved by this settlement.  Remember, the exclusion deadline is_____.

| 14. | If I exclude myself, can I get benefits from this settlement? |
|---|---|

No.  If you exclude yourself, do not send in your Class Pistol or a Claim Form to ask for any benefits. But, you may sue, continue to sue, or be part of a different lawsuit.

## THE LAWYERS REPRESENTING YOU

| 15. | Do I have a lawyer in this case? |
|---|---|

The lawyers and law firms of Bailey & Glasser LLP and Morris, Haynes, Wheeles, Knowles & Nelson represent you and the other Settlement Class Members.  Together, these lawyers are called  Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 16. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court for an award of attorneys' fees, costs, and expenses of up to $9,000,000, payable by the Taurus Companies over 3 yearly installments starting one year after the Settlement is final.  The Court may award less than this amount.  If approved, these funds will be paid *in addition* to the relief available to Settlement Class Members.  In other words, no benefits to Settlement Class Members will be reduced by payment of attorneys' fees and expenses.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 17. | How do I tell the Court that I do not like the settlement? |
|---|---|

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  (If you object, you can still participate in the settlement – and receive money if it is approved – notwithstanding your objection.)

To object, you must send a letter saying that you object to the *Chris P. Carter v. Forjas Taurus S.A., Taurus International Manufacturing, Inc., and Taurus Holdings, Inc.* settlement.  The objection must include the following: (i) the name of the lawsuit; (ii) the objecting Settlement Class Member's full name, address, telephone number, serial number of the Class Pistol(s) and signature (an attorney's signature is not sufficient); (iii) a statement that the objector is a Settlement Class Member and an explanation of the basis upon which the objector claims to be a Settlement Class Member; (iv) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (v) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (vi) a statement confirming whether the objector or any counsel representing the objector intends to personally appear and/or testify at the Final Approval Hearing; (vii) a list of any persons who may be called to testify at the approval hearing in support of the objection (viii) the number of times in which the objector, objector's counsel (if any), or objector's counsel's law firm (if any) has objected to a class action settlement within the three years preceding the date that the objector files the objection and the caption of each case in which such an objection was made; and (ix) a statement disclosing any consideration that the objector, objector's counsel (if any), or objector's counsel's law firm (if any) has received in connection with the resolution or dismissal of an objection to a class action settlement within three years preceding the date that the objector files the objection.   Mail the objection to the Claims Administrator, Settlement Class Counsel, and the Taurus Companies' Counsel at the following addresses so that it is postmarked no later than _____:

| | | |
|---|---|---|
| Chris P. Carter v. Forjas Taurus, S.A. c/o Heffler | David L. Selby, II John W. Barrett BAILEY & GLASSER, LLP 3000 Riverchase Galleria, Suite 905 Birmingham, AL 35244 | John P. Marino SMITH GAMBRELL & RUSSELL, LLP 50 North Laura Street Suite 2600 Jacksonville, FL 32202 |

| 18. | What is the difference between objecting and excluding? |
|---|---|

By objecting, you will be filing a pleading with the Court outlining that you do not like the settlement. Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. All pleadings and identities of parties are public records and cannot be filed in secret. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you object, you still can submit a Claim Form.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

| 19. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a Final Approval Hearing at _____ a.m. on _____, 2015, at _____. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Settlement Class Counsel and the Class Representative. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 20. | Do I have to come to the hearing? |
|---|---|

No. Settlement Class Counsel will answer any questions from the Court regarding the settlement. However, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 21. | May I speak at the hearing? |
|---|---|

You may ask the Court for permission for you or your lawyer to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Chris P. Carter v. Forjas Taurus S.A., Taurus International Manufacturing, Inc., and Taurus Holdings, Inc.*" Be sure to include your name, address, telephone number, and your signature. If your lawyer intends to speak at the Final Approval Hearing, your letter must also include the name, address, and telephone number of your lawyer. Your Notice of Intent to Appear must be mailed to the Claims Administrator, Settlement Class Counsel, and the Taurus Companies' counsel at the above addresses and postmarked no later than _____.

You cannot speak at the Final Approval Hearing if you exclude yourself.

## IF YOU DO NOTHING

| 22. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money, but will receive the enhanced lifetime warranty and safety training. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 23. | Are there more details about the settlement? |
|---|---|

This notice summarizes the proposed settlement. More details are in the Class Settlement Agreement. You can get a copy of the Class Settlement Agreement online or by writing to the Claims Administrator at:

Chris P. Carter v. Forjas Taurus, S.A., et al.

c/o Heffler

_____

_____

| 24. | How do I get more information? |
|---|---|

You can visit the settlement website at www._____.com where you will find answers to common questions about the settlement, a Claim Form, plus other information. You may also contact Settlement Class Counsel at BAILEY & GLASSER, LLP, 3000 Riverchase Galleria, Suite 905, Birmingham, AL 35244.

| 25. | Will my identity as a Class Member be kept confidential? |
|---|---|

Certain matters involving class action settlements are public record. Objections and opt-outs will be public record and the Parties, the Court and others may review them. Additionally, the Court may review claim submissions. These records are also subject to subpoena by law enforcement, government agencies and/or other entities.


_____ __, 2015    The Honorable Patricia A. Seitz, United States District Court Judge

## EXHIBIT F

### I.   NOTICE PROGRAM

**1.**    The Notice Program described and detailed below has been designed to reach the class members through a comprehensive and robust paid media program, which incorporates traditional and new media outlets, along with the creation of a Settlement website where class members can obtain information about the proposed Settlement, find important Court documents including the Settlement class notice.  A toll-free information line will be established where class members can obtain basic information about the Settlement, or seek other assistance.

**2.**    The Notice Program in this case is consistent with (and, indeed, compares favorably to) similar Court-approved notice programs in other actions, and is well designed to give the best notice practicable under the circumstances. Further it is consistent with Federal Judicial Center Guidelines ("FJC") for adequate notice, and importantly, is reasonably calculated to reach an estimated 80 percent of the target audience, that is, the affected members of the Settlement Class (the "Class Members"), with an average frequency of 3 times.

**3.**    Specifically, the proposed Notice Program includes the following components:

- Publication of a short-form notice ("Summary Notice") in five nationally circulated consumer magazines and two gun enthusiast magazines. Distribution of *National Geographic*, *People* and *Sports Illustrated* includes circulation in the U.S. territories: U.S. Virgin Islands, Puerto Rico, and Guam.

- Publication of a the Summary Notice in local daily newspapers circulated in the U.S. Virgin Islands, Puerto Rico, and Guam;

- Online banner advertising specifically targeted to reach class members;

- Press release; U.S. and relevant territories

- Social Media through Facebook;

- Search term advertising on Google Adwords;

- An informational website on which the notices and other important Court documents are posted; and

- A toll-free information line where class members can call; 24/7 for more information about the Settlement, including but not limited to requesting copies of the claim form.

## II.   PUBLICATION MAGAZINE

1.   The magazines below were selected based on the highest coverage and index against the target audience characteristics. Additionally titles were selected based on their previous inclusion in Taurus advertising campaigns.



National Rifle Association's *American Rifleman* is the monthly flagship magazine of the NRA, with an estimated circulation of 2,094,346. The summary notice will be published once as a half-page, black and white ad.



*Athlon Sports* is the nation's premier weekly sports newspaper insert appearing in over 500 local newspapers across the United States. Athlon Sports has a circulation of 9,250,968. The Summary notice will appear once as a 2/5-page black and white ad.

**FIELD & STREAM**
THE SOUL *of the* AMERICAN OUTDOORS

*Field & Stream* – is a widely distributed monthly magazine with an estimated circulation of 1,263,157. The summary notice will be published once as a half-page black and white ad.

**GUNS & AMMO**

*Gun's & Ammo* – Guns & Ammo is the preeminent gun enthusiast magazine. Editorial covers the complete spectrum of firearms, accessories and related products and it reaches more enthusiast-consumers than any other content provider with a circulation of 420,645. The summary notice will be published once as a half-page black and white ad. Guns & Ammo includes circulation in the U.S. Territories.

**NATIONAL GEOGRAPHIC**

*National Geographic* is a nationally distributed monthly magazine with an estimated circulation of over 4,000,000. National Geographic also has distribution in the U.S. Virgin Islands, Puerto Rico and Guam. The summary notice will be published once as a half-page, black and white ad.

**People**

*People Magazine* is a widely distributed weekly title with an estimated circulation of 3,400,000. People Magazine is the number one women's magazine in the United States. Importantly, it also has distribution in the U.S. Virgin Islands, Puerto Rico and Guam. The summary notice will be published as a half-page, black and white ad.

**Sports Illustrated**

*Sports Illustrated* reports on the world of sports through in-depth articles, photography and stories. Sports Illustrated also has distribution in the U.S. Virgin Islands, Puerto Rico and Guam. The summary notice will be published as a half-page, black and white ad. *Sports Illustrated's* circulation is over 3,000,000.

### III.    NEWSPAPER U.S. TERRITORIES

1.    Importantly, the notice program intends to publish the Summary Notice once in each of the largest general circulation newspapers in the U.S. Territories, including the U.S. Virgin Islands, Puerto Rico and Guam, which include the following:

- **The Guam Pacific Daily News**, which has a circulation of over 20,000. The summary notice will be published once in English.

- **The Puerto Rico El Vocero**, which has a circulation of over 229,600. The summary notice will be published once in Spanish.

- **The San Juan Daily News**, which has a circulation of 50,000. The summary notice will be published once in English.

- **The U.S. Virgin Islands Daily News**, which has a circulation of over 13,400. The Summary notice will be published once in English.

## IV.   INTERNET

**1.**     Banner ads will target class members in this matter, across a variety of web properties selected for their effectiveness and relevance reaching this target audience. Importantly, banner ads will be served in the relevant U.S. Territories.   Example web properties include among others:   *AOL, Yahoo! MSN, Sports Illustrated.com, OutdoorChannel.com, FoxNews.com, Cars.com, Wired.com, WeatherChannel.com, Shape.com, RunnersWorld.com and Gamespot.com.*

**2.**     The banner ads will provide information for visitors to self-identify themselves as potential Class Members, where they may "click" on the banner and then link directly to the official website for more information and where they may register online to be notified when the claims period begins to run, file a claim, or seek additional information including frequently asked questions and important court deadlines and documents.

**3.**     To further increase visibility for those who may be seeking information about the Taurus hand guns at issue, the parties will work with HF Media and Heffler to establish key search terms for the notice program on Google AdWords, where Links appear on the search result pages of keyword/phrase search.

## V.   SOCIAL MEDIA



Facebook banner ads in the form of news feed ads and display ads to be served both online on mobile/cellular devices.

## VI.   MEDIA OUTREACH

**1.**     A multimedia news release ("MNR") will be issued over PR Newswire's US1 full-national newswire and it will be distributed to news outlets in Guam, the U.S. Virgin Islands and Puerto Rico.  The MNR is a blend of a traditional press release with multi-media elements such as affected product photos, related court documents, up to five hyperlinks and social media

tools into a dynamic HTML platform.  The MNR features a prominent call to action button to drive engagement to the official website or claim form.

2.      Importantly to increase press coverage across gun enthusiasts a press release issued directly to the *NRA* and *NRA Women's Outlook*.  The resulting news mentions across traditional and social media will be monitored and reported to this Court at the conclusion of the notice program.

## VII.   OFFICIAL SETTLEMENT WEBSITE

1.      An official website will be established on the internet and optimized for mobile visitors so that information loads on their mobile device quickly. The website will serve as a landing page for the banner advertising, where Class Members may continue to obtain further information about the class action, their rights, and related information, including the Settlement Agreement, Court Orders, and Plaintiff's Motion for Approval of Fees, Expenses, and Incentive Awards. The website address will be prominently displayed in the publication notice and is accessible 24-hours a day, 7-days a week.

## VIII.  TOLL FREE TELEPHONE HELPLINE

1.      A toll free telephone helpline will be established and maintained by Heffler. It will be available 24-hours a day, where callers may obtain information about the class action settlement.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

     *Plaintiffs,*

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

     *Defendants.*

Case No. 1:13-cv-24583-PAS

**CLASS ACTION**

### DECLARATION OF DAVID L. SELBY, II IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL

I, David L. Selby, II, pursuant to 28 U.S.C. §1746, do hereby declare as follows:

This declaration is based upon my personal knowledge and I am submitting this declaration in support of the Parties' Joint Motion for Preliminary Approval, to show, as required by Rule 23 of the Federal Rules of Civil Procedure, "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of applicable law; and the resources that counsel will commit to representing the class[.]"

*Work Performed and Resources Committed*

1.    John W. Barrett, Eric B. Snyder, and I are currently serving as co-lead counsel for the Plaintiff in the above-captioned action. M. Todd Wheeles also is co-lead counsel in this case. Mr. Wheeles is a partner at Morris, Haynes, Hornsby, Wheeles & Knowles in Birmingham, Alabama. Other firms and attorneys serving as counsel for Plaintiff include Ira H. Leesfield, Thomas B. Scolora, and Carol Lynn Finklehoffe with Leesfield Scolora, P.A. and Angelo

1

Marino, Jr., P.A.  Collectively, Plaintiff's Counsel has approximately 150 years of experience prosecuting class actions, product liability, and complex litigation matters.

2.      To date, Plaintiff's counsel and their staff have performed over 5,000 hours of work and incurred over $250,000 in expenses to identify, investigate, prosecute, and settle the claims in this action. The difficulty and complexity of this case has been exacerbated by the fact Defendant Forjas Taurus is a Brazilian entity and Plaintiff has had to deal with the numerous issues and defenses raised by Forjas Taurus.

3.      We deposed 3 separate Taurus 30(b)(6) representatives, and defended Plaintiff's deposition.   We prepared and issued fifteen separate detailed FOIA requests and Rule 45 Subpoenas to laboratories and government agencies. We prepared approximately 358 separate requests for production of documents that were specifically tailored to this litigation and these defendants.

4.      We devoted significant time and expense working with three different qualified engineering and firearms experts in Florida, Massachusetts, and Oklahoma, and paid them to date nearly $130,000 for their work. The experts expended close to 500 hours testing and analyzing Taurus pistols. To facilitate their work, we purchased dozens of Taurus exemplar class pistols for testing, developed testing protocols, designed and constructed testing equipment specifically for this case..

5.      The Taurus defendants produced approximately 24,000 pages of documents which we have reviewed and utilized in our investigation and preparation for depositions, dispositive motions, and mediation.

6.      We have spent considerable time and expenses in the travel and extensive preparation necessary for the successful mediation process. We conducted six in-person

mediation sessions in Miami, Atlanta, and Washington D.C., and  additional telephone negotiations totally more than 90 hours of mediation  As part of the mediation process and in an effort to assist with the complicated issues involving a Brazilian entity (Defendant Forjas Taurus, S.A.) we hired and utilized a Portuguese-speaking lawyer and a Chartered Accountant with experience in international corporate restructurings and commercial business transactions.  We have paid $ to the mediator.

7.     Our work in this case involved numerous complex legal issues. We dealt with substantial friction from a foreign defendant that resisted service and participation in discovery. We researched and briefed our opposition to a motion to dismiss that challenged nine legal theories in multiple jurisdictions..

*Experience and Knowledge of Applicable Law*

8.     Mr. Barrett, Mr. Snyder, and I are attorneys at Bailey & Glasser, LLP. Bailey & Glasser, LLP is a national litigation firm with nearly 50 lawyers and a particular focus on complex business litigation and multi-party actions, including mass tort and class actions. Combined, Mr. Barrett, Mr. Snyder, and I have over 55 years of experience serving as trial, class, and appellate counsel in a variety of cases, representing both plaintiffs and defendants in areas including class actions, warranty litigation, personal injury, fraud, and deceptive trade practices.

9.     I am licensed in good standing to practice law in the State of Alabama.  I have been a member of the Alabama Bar since 1991 when I obtained my J.D. from Cumberland School of Law.  During the past 22 years, I have served as trial, class and appellate counsel in a wide variety of cases, representing both plaintiffs and defendants in areas including personal injury, fraud, deceptive trade practices, warranty litigation, and class actions. I have personally

3

appeared before the Eleventh Circuit on several cases involving consumer law issues.  I am a member of Public Justice, Southern Trial Lawyers Association, Alabama Trial Lawyers Association, The National Trial Lawyers Association (NTLA), Alabama Bar Association, and the American Association of Justice (AAJ).  I was recently selected by the NTLA as one of the Top 100 Trial Lawyers in Alabama. Lastly, I currently serve on the AAJ's Executive Committee for the Class Action Litigation Group.

10.    Mr. Barrett has been a member in good standing with the West Virginia State Bar since receiving a J.D. from Boston University in 1996. He also is a member of the Massachusetts Bar.  After clerking for two years for Chief Judge Charles H. Haden II of the U.S. District Court for the Southern District of West Virginia, Mr. Barrett has concentrated his practice in consumer law, class actions, and complex litigation. He has tried cases in state and federal courts in West Virginia, and argued cases before the Supreme Court of Appeals of West Virginia and the U.S. Court of Appeals for the Fourth Circuit.  He is a member of Public Justice, the West Virginia and American Associations for Justice, the John A. Field Jr. Chapter of the American Inn of Courts, and the American Bar Association's Section of Litigation, Class Actions & Derivative Suits Committee.  Mr. Barrett is also a member of the National Association of Consumer Advocates, which among other things maintains comprehensive standards and guidelines for litigating and settling consumer class actions in an effort to promote the ethical and proper use of the class action device. *See* 176 F.R.D. 375 (published in 1998, fully updated in 2006).

11.    Mr. Snyder is a member in good standing with the West Virginia State Bar and received a J.D. from The University of Pittsburgh in 2002.  Mr. Snyder maintains a nationwide complex litigation practice, focusing his practice on class actions and mass torts. He has been

4

recognized by a national law publication, AmLaw Daily, as one of the top 75 plaintiffs' lawyers in the United States.

      12.    Mr. Snyder has particular experience in product liability and warranty litigation. He serves on the plaintiffs' lead counsel committee for the personal injury and wrongful death cases in the Toyota Sudden Unintended Acceleration MDL. He also had a significant role in the prosecution of the economic loss claims in that MDL, where firm founding partner Benjamin L. Bailey served on the plaintiffs' lead counsel committee for the economic loss claims. That case settled for $1.6 billion.

      13.    Mr. Barrett, Mr. Snyder, or I have served or are serving as counsel in the following class actions in which settlements have been reached:

- *Hornsby, et al. v. Macon County Greyhound Park, Inc.*, Case No. 3:10-CV-680 (M.D. Ala.) (class action settlement on behalf of all former employees alleging Defendant violated the COBRA Act);

- *Cummins v. H & R Block, Inc.*, Civil Action No. 03-C-134 (Cir. Ct. of Kanawha County, West Virginia) (consumer class action resulting in $62.5 million multistate settlement, including $32.5 million for West Virginia consumers);

- *In Re Monitronics, International, Inc., Telephone Consumer Protection Act Litigation,* MDL-2493 (N.D. W. Va.) (Mr. Barrett is plaintiff's co-lead counsel);

- *Dunlap v. Wells Fargo Financial West Va.,* No. 04-C-101 (Cir. Ct. of Lincoln County, W. Va.) ($9 million cash/debt relief settlement for certified class of 184 West Virginia mortgage borrowers);

- *Desai v. ADT Security,* Civil Action No. 1:11-01925 (N.D. Ill.) ($15 million settlement of TCPA claims for nationwide class);

- *Anderson v. Provident Bank*, Civil Action No. 04-C-199 (Cir. Ct. of Mercer County, West Virginia) (predatory mortgage lending class action settled for $8.1 million on behalf of 140 class members);

- *Mey v. Herbalife International, Inc.*, Civil Action No. 01-C-263 (Cir. Ct. of Ohio County, West Virginia) ($7 million nationwide class action settlement alleging violations of the TCPA);

- *Hardwick v. Rent-A-Center, Inc.*, Civil Action No. 3:06-CV-901 (S.D. W. Va.) (class action settlement worth more than $5 million; alleging violations of state Consumer Goods Rental Protection Act);

- *Dillon v. Chase Manhattan Mortgage,* Civil Action No. 03-C-164 (Cir. Ct. of Brooke County, W. Va.) ($3.3 million settlement for West Virginia borrowers alleging illegal loan-servicing claims)'

- *Shonk v. SG Sales Co.*, Case No. 07-C-1800 (Cir. Ct. of Kanawha County, West Virginia) ($2.45 million nationwide settlement of TCPA class action);

- *Muhammad v. National City Mortgage Co.*, Case No. 2:07-CV-0423 (S.D. W. Va.) ($700,000 mortgage loan servicing settlement alleging violations of the West Virginia Consumer Credit and Protection Act);

- *Dijkstra v. Carenbauer*, Case No. 5:11-CV-152 (N.D. W. Va.) ($690,000 settlement of loan servicing class action against Wilshire Credit; court-appointed class counsel for litigation class of West Virginia plaintiffs against Lending Tree);

- *Brailsford v. Jackson Hewitt, Inc.*, Case No. 06-00700 (N.D. Cal.) ($672,000 settlement on behalf of class of California class);

- *Weekes-Walker, et al. v. Macon County Greyhound Park, Inc.*, Case No. 3:10-CV-895 (M.D. Ala.) (class action on behalf of all former employees alleging Defendant violated the WARN Act);

- *Casto v. City National Bank,* Civil Action No. 10-C-1089 (Cir. Ct. of Kanawha County, West Virginia) (settlement of overdraft fee class action brought under West Virginia consumer protection statute; settlement valued at $5.5 million);

- *Triplett v. NationStar Mortgage*, Civil Action No. 3:11cv238 (S.D. W. Va.) ($1.5 million loan servicing class action settlement for West Virginia class under state consumer protection statute);

- *Muhammad v. National City Mortgage Co.*, Civil Action No. 207-0423 (S.D. W. Va.) ($700,000 mortgage loan servicing settlement alleging violations of the West Virginia Consumer Credit and Protection Act);

- *Brailsford v. Jackson Hewitt, Inc.*, Case No. 06-CV-700 (N.D. Cal.) ($672,000 settlement on behalf of class of California class); and

- *Hackworth v. Telespectrum, Inc.*, Case No. 3:04-1271 (S.D. W. Va.) (WARN Act class action settled for $185,000).

14.     In addition to these cases, other Bailey & Glasser lawyers have successfully prosecuted dozens of complex cases and class actions alleging product liability, qui tam, antitrust, insurance, consumer finance, and fiduciary duty/retirement plan claims.

15.     M. Todd Wheeles also is co-lead counsel in this case. He is currently a partner at Morris, Haynes, Hornsby, Wheeles & Knowles in Birmingham, Alabama. Mr. Wheeles has been a member in good standing of the Alabama State Bar since 2002, and has 13 years of experience as plaintiff's counsel in numerous product liability and other personal injury actions. Mr. Wheeles was recognized by the National Trial Lawyers' Association in 2012 as a "Top 40 Under 40" in the State of Alabama. Mr. Wheeles has served as Plaintiff's Lead Counsel in multiple product liability actions across the United States, including numerous actions involving firearm manufacturers.

16.     Mr. Wheeles and his staff have already performed 980 hours of work in this action and will continue to commit all necessary resources to represent the class.

17.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted, this 15th day of May, 2015.


                                        /s/ David L. Selby, II
                                        David L. Selby, II

7