UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-24583-CV-SEITZ

CHRIS P. CARTER,

Individually and on behalf of all
Others similarly situated,

        Plaintiff,

vs.

FORJAS TAURUS S.A,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.

        Defendants.
_____/

## ORDER IDENTIFYING ISSUES FOR PRELIMINARY APPROVAL HEARING

THIS MATTER is before the Court *sua sponte*. As the parties are already aware, the Court finds that the Joint Motion and Supporting Memorandum for Preliminary Approval of Class Action Settlement [DE 123] does not provide facts sufficient to evaluate the fairness and adequacy of the proposed settlement or the propriety of class certification. Counsel should anticipate that the Court will require counsel to supplement the written record following the hearing. To assist counsel in preparing for the hearing on **June 23, 2015 at 10:00 a.m.** and ensure that the Court has the required evidence in the record, it is

ORDERED THAT

At the hearing, the parties shall be prepared to discuss the following issues in **addition** to the two threshold issues raised in the Order setting the preliminary approval hearing [DE 124]:

I. **Fairness, Reasonableness, and Adequacy of the Proposed Settlement**:

(1) How do the parties know approximately one million class pistols were sold? From what date to what date?

(2) What method did the parties use to assess the monetary value of each class member's claim? What is the value of each gun? What is the expected recovery? What are the facts supporting these answers?

(3) What is the possible range of recovery? What facts allow the conclusion that the proposed settlement is within that range?

(4) What are the strengths, weaknesses, and risks of each side's position that impact on the likelihood of recovery?

(5) What is the nature of the alleged defects? Design or manufacturing defects?

(6) How many complaints have there been?

(7) Who were the experts who tested the guns? What kinds of tests? What were the results?

(8) How is the "Warranty Enhancement" different from or an improvement over the warranty gun owners already have? What does it mean that the safety defects will be "addressed"? Will the guns just be inspected or can they be fixed? How many times can class members submit the guns under this warranty for inspection? Will they lose their chance to get a cash payment for the guns if they avail themselves of this option?

(9) What does the safety training consist of and how will the parties ensure all class members receive it? How does the Court put a value on the safety training?

(10)  How long is the claims period?

(11)  What is the evidence to support each factor enumerated in paragraph 10 of the proposed Preliminary Approval Order [DE 123, p. 75]?

(12)  How was the notice prepared? Shouldn't the notice alert class members to the fact that they will be subject to deposition if they object? Will the ability to depose objectors be contingent upon Court approval?

(13)  How and why was this claims administrator chosen? Which alternatives were considered and why were they not chosen?

(14)  How did Plaintiff, a citizen of Iowa, become the class representative of a case filed in Florida? What was his "active" participation in this case? What facts justify the $15,000 incentive fee?

(15)  The proposed class definition excludes state, local, or federal governments and agencies. Does that mean Plaintiff, a police officer, is excluded?

(16)  What did class counsel's 5,000 hours of work entail? How was the amount of "up to $9 million" in attorneys' fees determined?

## II.  Class Certification

(1) Can the class members be certified as one class or will subclasses be required?

(2) Are individualized choice-of-law analyses necessary to determine what law applies to each member of this nationwide class?

(3) Are there material differences in state laws on any claims that would preclude certification?

(4) Given that Plaintiff is an Iowa resident, how is his FDUPTA claim typical?

(5) Which claims, if any, are appropriate for certification under Rule 23(b)(3)? What are the facts that support that predominance is met on each specific claim?

(6) What is the evidence that Defendants knew about and failed to disclose the alleged defects?

(7) What are the implied warranties? Given that class members must be owners, not purchasers, of the listed gun models, is privity an individualized issue? Is Plaintiff typical?

(8) Were the same express warranties distributed to all class members? Did all express warranties require written notice to Taurus? Is notice an individualized issue?

(9) Is reliance an element of any of these claims under any state's laws? Does it raise individualized issues as to those claims?

(10) How can the products liability claim be certified when plaintiffs are only seeking economic losses?

DONE AND ORDERED in Miami, Florida, this 16th day of June, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable William C. Turnoff
All Counsel of Record