# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### Case No. 1:13-CV-24583-PAS

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

      *Plaintiff,*                               CLASS ACTION

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

      *Defendants.*

_____/

## ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY APPROVING CLASS SETTLEMENT AND GRANTING SETTLEMENT CLASS CERTIFICATION, AND SETTING FINAL APPROVAL HEARING

      THIS MATTER is before the Court on Plaintiff, Chris P. Carter ("Plaintiff"), for himself and the Settlement Class Members (as defined below), and Defendants, Forjas Taurus, S.A., Taurus International Manufacturing, Inc. and Taurus Holdings, Inc.'s[1] (collectively the "Parties") Joint Motion and Supporting Memorandum for Preliminary Approval of Class Action Settlement (the "Motion") [DE 123] and Proposed Class Notice [DE 132].

      Following receipt of the Motion, the Court directed detailed questions regarding the proposed settlement to the Parties [DE 124, 125]. The Court then further held a hearing on the Motion on June 23, 2015 [*see* DE 131 (Transcript)]. Counsel and the Claims Administrator were

---

[1] Defendants, Forjas Taurus, S.A., Taurus International Manufacturing, Inc. and Taurus Holdings, Inc. are collectively referred to in this Order as "the Taurus Companies."

present, addressed the Court's questions, and otherwise provided extensive factual support for the Motion.

After careful consideration of the Motion and the record, including the Settlement Agreement and Release and its exhibits (the "Settlement Agreement") submitted with the Motion and the matters addressed at the June 23, 2015 hearing, the Motion is **GRANTED** as follows:

## Background

In 2013, Plaintiff was a deputy with the Scott County, Iowa Sherriff's Department.  His service weapon was a personally-owned Taurus-branded PT140 Millennium PRO pistol.[2] Plaintiff alleges that on July 29, 2013, while serving on a narcotics detail, he was forced to pursue a fleeing suspect on foot.  During the pursuit, Plaintiff alleges that his Taurus pistol fell from his holster and dropped to the ground.[3]  Plaintiff alleges that the pistol discharged on impact, firing a single round that struck a nearby vehicle.  Following this incident, Plaintiff contacted Todd Wheeles, who is one of the attorneys representing him in this case.

Plaintiff filed his initial complaint on December 20, 2013. After several months of discovery, Plaintiff filed his First Amended Complaint on September 22, 2014.  Plaintiff asserts statutory, tort, and warranty-based claims arising from alleged safety defects in the Class Pistols.[4]

Plaintiff alleges that the Class Pistols contain two defects (collectively "Safety Defects") attributable to the fact that the Class Pistols all lack a "trigger blade safety."  [DE 131 (Tr. at

---

[2] A PT140 Millennium PRO is a model of the PT140 Millennium Taurus-branded pistol.

[3] Plaintiff was authorized by his department to carry his personally-owned pistol.

[4] Capitalized terms not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement.

12:19-13:21).] The first is a "drop-fire defect" that Plaintiff alleges may cause the pistols to fire when dropped from a normal height. Plaintiff contends that the drop-fire defect is a common design defect. The second alleged defect is a "false safety defect" that Plaintiff alleges may allow a pistol to unintentionally fire even when the manual safety lever is in the "on" or "safe" position and the trigger moves rearward.

The Taurus Companies acknowledge that the Class Pistols do not have trigger blade safeties, but they deny that this results in the alleged common defects, and otherwise deny Plaintiffs' allegations and claims. As of early 2013, the Class Pistols are no longer manufactured and distributed in the United States. [DE 131 (Tr. 13:13-18).]

In addition to Plaintiff's alleged unintended discharge incident, Plaintiff alleges that others have also experienced unintended discharges. Plaintiff further asserts that there have been individual suits regarding these incidents as alleged in the Amended Complaint.

The Parties have aggressively litigated this case and conducted extensive document production and other discovery. Plaintiff's counsel has further deposed three corporate representatives concerning numerous designated topics. Defendants' counsel has also deposed Plaintiff. In addition, both before and after the case was filed, both sides conducted extensive expert testing. While this testing remains subject to the work product privilege, the extent of it was described to the Court during the June 23, 2015 hearing. [DE 131 (Tr. at 14:23-19:3).] Plaintiff's experts conducted approximately 500 hours of testing across all Class Pistol models.

A. **The Settlement Negotiations**.

While aggressively litigating this case and pursuing discovery, the Parties at the same time engaged in more than ninety hours of arms-length mediation and settlement negotiations. This included six separate formal in-person mediation sessions with mediator Rodney Max of Upchurch Watson White & Max. Mr. Max was a certified class action mediator in this District

3

through 2014.  These mediation sessions were held in Miami, Birmingham, Fort Lauderdale, Atlanta, and Washington, D.C.

During these mediations (and subject to the mediation privilege) Plaintiff shared his expert testing and opinions regarding the Safety Defects.  The Parties also addressed and debated class certification issues and the strengths and weaknesses of each side's claims and defenses.

The Parties' counsel further conducted extensive negotiations, both in person and telephonically, in addition to the several formal mediation sessions.  These extensive mediations and negotiations occurred over the course of several months.

**B.     The Proposed Settlement.**

The proposed settlement provides Settlement Class Members with three types of relief – an enhanced warranty, safety training, and cash payments.

***Enhanced Warranty.***   First, Settlement Class Members will receive an enhanced warranty covering their Class Pistols.  The Taurus Companies have agreed to modify the existing Warranty and Repair Policy for all Class Pistols to allow any owner (not just the current owner) to submit a warranty claim *at any time* (even outside the claims period, for the life of the pistol, regardless of whether the person submitting the warranty claim is the original owner) to have the Class Pistol inspected for the alleged Safety Defects and repaired, if possible. If there are defects that cannot be repaired, the Taurus Companies will offer to replace the Class Pistol with a similar new pistol.

Also, as part of the enhanced warranty settlement benefits, the Taurus Companies are waiving all their inspection fees and labor charges, including their minimum charge of approximately $35.00 normally associated with their existing Warranty and Repair Policy.

The Taurus Companies will also pay shipping costs, to and from their designated warranty facility; currently, the warranty covers only shipping from the warranty facility if

4

repairs are necessary. The Parties estimate that the shipping costs are between $65.00 and $85.00 each way.

*Safety Training.* Second, the Taurus Companies will produce and make available to Settlement Class Members special and particularized safety training addressing the alleged Safety Defects and the operation and handling of the Class Pistols. This safety training will address proper handling and carrying to avoid dropping a pistol; educate owners concerning the safety features and safety systems in the Class Pistols; and provide information and instructions on how to properly store, pack, and ship the Class Pistols for return to the Taurus Companies (should the Settlement Class Member elect to ship a Class Pistol for warranty repairs or payments as described below). The safety training will be readily available to all Settlement Class Members on-line through various means. A significant benefit of the safety training is to make Settlement Class Members aware of the specific alleged Safety Defects.

*Cash Payments.* Settlement Class Members may elect to send their Class Pistols back to the Taurus Companies in exchange for a cash payment based on the following schedule:

a)   if less than 10,000 Class Pistols are returned, the payment for each returned Class Pistol will be $200;

b)   if between 10,001 and 20,000 Class Pistols are returned, the payment for each returned Class Pistol will be $175;

c)   if between 20,001 and 200,000 Class Pistols are returned, the payment for each returned Class Pistol will be $150; and

d)   if more than 200,000 Class Pistols are returned, the payment for each returned Class Pistol will be less than $150 and will be equal to $30 Million divided by the number of Class Pistols returned.

This benefit will be paid on a weighted average so that all Class Pistols submitted will be paid the same value. The maximum liability for the cash payments benefit is capped at $30,000,000. The only amounts included in the calculation of the $30,000,000 cap are the cash payments made to Settlement Class Members, and the Parties estimate that the cap will be reached only if more than 25% of all Settlement Class Members elect to receive the cash

5

payment benefit. None of the other settlement benefits, Class Counsel's fees and expenses, or claims administration expenses are included in the $30,000,000 cap.

The Parties negotiated the cash payment structure and amounts based in large part by arriving at average retail values of Class Pistols established by industry-accepted publications, including S.P. Fjestad and *Blue Book of Gun Values* (36th ed. 2015).

**Release.** The release the Parties have negotiated is appropriately tailored to the claims raised in this case and excludes claims for death, personal injury, or damage to property other than the Class Pistols themselves.

<u>**Preliminary Approval of the Proposed Settlement**</u>

The procedure for review of a proposed class action settlement is a well-established three-step process: preliminary approval, notice, and final approval. Newberg on Class Actions § 13:10 (5th ed.). The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." *Id.* § 13:12; *Fresco v. Auto Data Direct, Inc.*, No. 03-61063, 2007 WL 2330895, *4 (S.D. Fla. May 14, 2007). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646, 2010 WL 2401149, *2 (S.D. Fla. June 15, 2010).

Settlement negotiations that involve arms-length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See* Newberg on Class Actions § 13:45 (5th ed.); Manual for Complex Litig. § 30.42 (3d ed.). Further, there is a strong judicial and public policy favoring the voluntary conciliation and settlement of complex class action litigation. *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits."); *Warren v. City of Tampa*, 693

F. Supp. 1051, 1054 (M.D. Fla. 1988), *aff'd*, 893 F.2d 347 (11th Cir. 1989); *Access Now, Inc. v. Claire's Stores, Inc.*, No. 00-14017, 2002 WL 1162422, at *4 (S.D. Fla. May 7, 2002). This is because class action settlements ensure class members a benefit as opposed to the "mere possibility of recovery at some indefinite time in the future." *In re Domestic Air Transp.*, 148 F.R.D. 297, 306 (N.D. Ga. 1993). Accordingly, while district courts have discretion in deciding whether to approve a proposed settlement, deference should be given to the consensual decision of the parties so that class members can have an opportunity to determine how they wish to participate. *See Warren*, 693 F. Supp. at 1060 (affording "great weight to the recommendations of counsel for the parties, given their considerable experience in this type of litigation").

Based upon this standard and the above background and facts, the Court makes the following findings, and it is **ORDERED** as follows:

1.      For purposes of settlement only, the Court has jurisdiction over the subject matter of this Action, and over the Parties and the Settlement Class.

2.      The Court preliminarily approves the proposed settlement and the Settlement Agreement. The Court finds that: (a) the proposed settlement resulted from extensive arms-length negotiations and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiff's claims; (b) the proposed settlement of this Action makes available valuable consideration and is within the range of possible approval; (c) both sides would face significant risks and expense in continuing to litigate; and (d) the proposed settlement is sufficiently fair, reasonable and adequate to warrant providing notice of this Action and the proposed settlement to the Settlement Class Members and holding a full hearing on the proposed settlement.

### Preliminary Certification the Settlement Class

3.      "It is well-settled in the Eleventh Circuit that prior to the certification of a class, and before undertaking any of the analysis under Rule 23, the district court must determine that

at least one named class representative has Article III standing to raise each class claim." *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 679 (S.D. Fla. 2004) (citing *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000); *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987)).  As discussed above, Plaintiff is the current owner of a Class Pistol, and all Class Pistols allegedly suffer from the same Safety Defects relating to lack of a trigger blade safety.  The Court therefore preliminarily finds that Plaintiff has standing to assert the claims at issue for purposes of the settlement of this Action.

4.      For purposes of settlement of this Action, and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class:

> All Persons or entities of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who own one or more of the following Taurus-branded firearms on the date of preliminary approval: PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and PT-24/7.

> Excluded from the Settlement Class are all state, local or federal governments, bodies or agencies, the District Court Judge and Magistrate Judge to whom the lawsuit is assigned and any member of their staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

5.      For purposes of settlement only (and without an adjudication of the merits or a determination of whether a class should be certified if the settlement is not approved or otherwise does not become final), the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been preliminarily satisfied:

(a) **Numerosity.**  The Parties have confirmed that 966,335 Class Pistols were sold to distributors for retail sale in the United States from approximately 1997 through early 2013.[5] The Settlement Class therefore appears to be so numerous that joinder of all members is impracticable.  *See* Fed. R. Civ. P. 23(a)(1); 28 U.S.C. § 1332 (jurisdictional provisions of the

---

[5] As discussed above, Class Pistols are no longer manufactured and distributed in the United States.

Class Action Fairness Act requiring that a proposed class have not less than 100 members); *see also Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983) (holding that "[a]lthough mere allegations of numerosity are insufficient to meet this prerequisite, a plaintiff need not show the precise number of members in the class."); *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) (finding that Rule 23(a) requires that joinder be impracticable, not impossible).

(b) **Commonality.**  There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the proposed settlement should be approved.  *See* Fed. R. Civ. P. 23(a)(2); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 2556 (2011) (holding that to meet the commonality requirement, the plaintiff must demonstrate that the proposed class members "have suffered the same injury" and that the claims of all class members "depend upon a common contention," and "even a single common question will do" (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982))).

Plaintiff alleges several common questions as set forth in the Amended Complaint [DE 73], including whether the Class Pistols' common design is defective and whether Defendants knew about but failed to disclose the Safety Defects.  Given the claims at issue and the information provided to the Court in support of the proposed settlement, the Court preliminary finds that the commonality requirement is met for settlement purposes.

(c) **Typicality.**  Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement.  *See* Fed. R. Civ. P. 23(a)(3); *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003) (internal quotation marks omitted) (finding that typicality "measures whether a significant nexus exists between the claims of the named representative and those of the class at large"); *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985) (noting "a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual

differences") (disapproved on other grounds by *Green v. Mansour*, 474 U.S. 64 (1985)); *see also Pop's Pancakes, Inc. v. NuCO₂, Inc.*, 251 F.R.D. 677, 683 (S.D. Fla. 2008) (holding the typicality requirement is satisfied where, in proving his own case, "the representative plaintiff [also] establishes the elements needed to prove the class members' case" (citing *Brooks v. S. Bell Tel. & Tel. Co.*, 133 F.R.D. 54, 58 (S.D. Fla. 1990))).

As an owner of a Class Pistol, Plaintiff is a member of the Settlement Class, and his claims and legal theories are typical of the claims of the Settlement Class as a whole for settlement purposes. Although the Class Pistols include nine different models, Plaintiff claims that all of them share the same alleged two Safety Defects. Accordingly, the Court preliminarily finds that the typicality requirement is met for settlement purposes.

(d) **Adequacy.** Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement. *See* Fed. R. Civ. P. 23(a)(4); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726-28 (11th Cir. 1987) (holding that to meet this requirement, the proposed class representative must not have any interests antagonistic to those of the other members of the class, and he or she must be represented by competent counsel); *Burrows v. Purchasing Power, LLC*, No. 1:12-CV-22800, 2013 WL 10167232, at *3 (S.D. Fla. Oct. 7, 2013) (finding that "what constitutes adequacy is a question of fact that depends upon the circumstances of each case and is entrusted to the discretion of the trial court" (citing *Kirkpatrick*, 827 F.2d at 727)).

Moreover, adequacy of representation under Rule 23(a)(4) "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (quotation omitted). Plaintiff's interests do not conflict with the interests of the class as a whole. By actively

participating in the investigation and prosecution of this case, Plaintiff has demonstrated his desire and ability to protect the Settlement Class Members' interests.

Just as Plaintiff is committed to prosecuting this case, so too are his lawyers. The Court has reviewed the declarations from Plaintiff's counsel addressing the factors the Court "must consider" in determining the appointment of class counsel. These factors include "[1] the work counsel has done in identifying or investigating potential claims in the action; [2] counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; [3] counsel's knowledge of applicable law; and [4] the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g).  As set forth in the declaration, Plaintiff's counsel are experienced class action litigators, have extensive products-liability experience, and have settled and tried unintended discharge cases against the Taurus Companies. [DE 123, pp. 97-104 (Ex. B).]   For these reasons, the Court is satisfied that the class is adequately represented by both the named Plaintiff and his counsel.

(e) **Predominance.**   For purposes of determining whether the Settlement is fair, reasonable and adequate, the question is whether common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members. *See* Fed. R. Civ. P. 23(b)(3); *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000) (noting that common questions of law or fact predominate over individual questions when the issues in the class action are subject to generalized proof that applies to the case as a whole); *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997) (holding that predominance probes whether the proposed class is sufficiently cohesive to warrant adjudication by representation); *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1357 (11th Cir. 2009) (in deciding whether common issues predominate under Rule 23(b)(3), the focus is generally on whether there are common liability issues that may be resolved on a class-wide basis).  Rule

23(b)(3) "does *not* require a plaintiff seeking class certification to prove that each elemen[t] of [her] claim [is] susceptible to classwide proof." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1196 (2013) (alterations in original) (internal quotations omitted). Nor does it require plaintiff to show each class member states a valid claim. *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 305 (3d Cir. 2011).

Here, each of Plaintiff's claims center on Defendants' alleged common course of conduct – that Defendants knew about but failed to disclose the alleged defects, owed various duties to consumers, and breached common warranties – and that the Class Pistols are subject to the Safety Defects due to a common design. This conduct allegedly resulted in common injury: loss in value of the Class Pistols. Certification is appropriate under these circumstances. *See id.* at 298-300. Given the nature of the claims at issue and the information provided to the Court in support of the proposed settlement, the Court preliminarily finds that the predominance requirement is met for settlement purposes.

(f) **Superiority.** For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members. *See* Fed. R. Civ. P. 23(b)(3)(A)-(D); *Amchem*, 521 U.S at 617; *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (a class action is the superior method of proceeding when it allows the plaintiffs to pool claims that would be uneconomical to litigate individually); *Haynes v. Logan Furniture*, 503 F.2d 1161, 1164-65 (7th Cir. 1974) (in determining the best available method for resolving a dispute, the Court may consider the "improbability that large numbers of class members would possess the initiative to litigate individually"); *Henry v. Cash Today, Inc.*, 199 F.R.D. 566, 573 (S.D. Tex. 2000) (noting the superiority requirement was satisfied when many Settlement Class Members may be unaware of

their alleged claims or may not understand their alleged legal rights, and are thus unlikely to initiate individual litigation).

Superiority focuses on "the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1183-84 (11th Cir. 2010). Here, the advantages of certification for settlement are many and clear. Individual actions are simply not realistic, given the relatively small recovery at issue and the high cost of expert testimony necessary to succeed on the merits. *See Amchem*, 521 U.S. at 617 ("[S]mall recoveries do not provide the incentive for any individual to bring solo action." (internal quotation marks omitted)). Along the same lines, individual actions are not likely because, absent this class settlement, most consumers may not be aware of the alleged Safety Defects with their Class Pistols. Accordingly, the Court preliminarily finds that the superiority requirement is met for settlement purposes.

6.      In making these findings, the Court notes that, because this action is proposed for settlement, the Court need not consider trial manageability issues that might be presented in this case. As the Supreme Court held in *Amchem*, when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." 521 U.S. at 620. *See also Sullivan*, 667 F.3d at 302-03 (holding that the concern for manageability, a central tenet in the certification of a litigation class, is removed from the equation when certification concerns a settlement class); *Smith*, 2010 WL 2401149, at *3 (citing *Amchem*, 521 U.S. at 620); *David v. Am. Suzuki Motor Corp.*, No. 08-CV-22278, 2010 WL 1628362, at *3 (S.D. Fla. Apr. 15, 2010) (in the context of proposed settlement classes, district courts may properly consider that there will be no trial). Even though a settlement class must meet the requirements of Rule 23, the

"settlement is a factor in the calculus," and therefore the certification inquiry is not the same in the settlement context as when certification is for the purposes of trial. *See Amchem*, 521 U.S. at 619-22. Thus, while choice-of-law analyses may have presented manageability problems in resolving claims in contested class and litigation proceedings, it is not a factor in the nationwide settlement context that the Parties propose. *Sullivan*, 667 F.3d at 297 ("[C]oncerns regarding variations in state law largely dissipate when a court is considering the certification of a settlement class.").

7.      The Court recognizes that this proposed class settlement provides a means for granting valuable relief to the proposed Settlement Class Members. Perhaps more importantly, it will further make owners aware of the alleged Safety Defects, provide valuable safety training, and give Settlement Class Members the opportunity to return and remove their Class Pistols from circulation.

8.      The Court further finds, for purposes of settlement only, that:  (a) Settlement Class Members likely have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with the Parties' representations that they are unaware of any other pending litigation regarding the claims at issue by members of the Settlement Class; (c) it is desirable to concentrate the claims in this forum; and (d) based on the statements and experience of the Claims Administrator's representatives at the June 23, 2015 hearing, the Court believes it is unlikely that there will be difficulties encountered in administering the proposed settlement.

9.      Pursuant to Federal Rule of Civil Procedure 23 and for settlement purposes only, Plaintiff Chris P. Carter is preliminarily designated as class representative for the Settlement Class. For settlement purposes only, David Selby, II and John Barrett of Bailey & Glasser, LLP, and Todd Wheeles of Morris, Haynes, Wheeles, Knowles & Nelson are preliminarily designated as Class Counsel.

10.     Pending determination of whether the proposed settlement should be finally approved, the Parties shall not pursue any claims or defenses otherwise available to them, and no person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of Plaintiff or a Settlement Class Member, or acting in a representative basis or in any other capacity, shall commence, prosecute, intervene in, or participate in any lawsuit, action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties.  However, this Stay/Bar of Proceedings shall not apply to claims for death, personal injury, or damage to property other than to the Class Pistols themselves.

Pending determination of whether the proposed settlement should be finally approved, all Settlement Class Members are hereby preliminarily enjoined from directly, on a representative basis or in any other capacity, commencing, prosecuting, intervening in, or participating as a plaintiff or class member in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties.

11.     The Court recognizes that, pursuant to the Settlement Agreement, the Taurus Companies retain the right to dispute that a class may be properly certified in this Action, or that a class is reasonably ascertainable, should the proposed settlement not be finally approved.  The foregoing determinations regarding class certification are for purposes of settlement only.  Accordingly, preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor are the Taurus Companies precluded from challenging class certification in further proceedings in this Action or in any other action or proceeding if the proposed settlement is not finalized or finally approved.  If the proposed settlement is not finally approved for any reason, the certification of the Settlement Class shall be

void and vacated, and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any Party to either request or oppose class certification.

### Claims Administration and Notice

12.     The Court was introduced to and had discussions with Jeanne Finegan and James Prutsman of the Heffler Claims Group ("Heffler") during the June 23, 2015 hearing.  The Court recognizes that Ms. Finegan is an experienced and nationally-recognized expert concerning notice in class actions, and that Heffler is experienced in administering large and complex class action settlements.

For these and other reasons addressed during the June 23, 2015 hearing, the Court hereby approves the Parties' retention of Heffler to perform the duties of the Claims Administrator as set forth in the Settlement Agreement, including providing Notice to Settlement Class Members, to perform such other functions and duties as set forth in the Settlement Agreement, and to provide such other administration services as are reasonably necessary to facilitate the proposed settlement.

13.     Having considered, among other factors, (a) the means and methods available to reach potential Settlement Class Members, (b) the cost and effectiveness of giving notice by various methods, (c) the resources of the Parties, (c) the stake of each Settlement Class Member, and (d) the possibility that certain Settlement Class Members might desire to exclude themselves from the Settlement Class or appear individually, the Court finds that notice given in the form and manner provided in the Settlement Agreement is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Settlement Class Members: (i) of the pendency and nature of this Action, (ii) of the definition of the Settlement Class preliminarily certified; (iii) of the class claims, issues, and defenses and the terms of the proposed settlement; (iv) of the right to appear and object to the proposed settlement; (v) of the right to exclude

themselves from the Settlement Class; (vi) of the time and manner for requesting exclusion from the Settlement Class; and (vii) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class.   The Court further finds that the proposed notice methods, texts and methodology are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and all other applicable rules or law.

14.     **Subject to the changes in paragraph 27 below**, the Court hereby approves the form, content and requirements of the Publication Notice and Website Notice attached as exhibits A and B to the Parties' Notice of Filing Proposed Class Notices [DE 132].   The Court further approves the notice regime set forth in the Settlement Agreement.   The Claims Administrator shall begin publication of the Publication Notice, and the Website Notice and Safety Training shall be available on the Settlement Website by no later than **October 13, 2015**. The Parties shall, prior to the Final Approval Hearing, file proof of notice with the Court.

15.     To return their Class Pistol and receive a monetary payment under one of the benefits of the Settlement Agreement, Settlement Class Members must complete and timely submit a Claim Form pursuant to the instructions provided.   The Court hereby approves the form and content of the Claim Form attached as Exhibit A to the Settlement Agreement [DE 123, pp. 56-57].

16.     All costs of providing notice to the Settlement Class, processing Claim Forms, making settlement payments, and otherwise administering the settlement shall be paid by the Taurus Companies as provided in the Settlement Agreement.   The Court further notes that these

costs will be paid separate and apart from the benefits made available to Settlement Class Members under the proposed settlement, and not from a "common fund."

## Exclusion / "Opt Outs"

17.     Settlement Class Members shall be bound by all determinations and orders pertaining to the proposed settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and valid manner, as provided below. Settlement Class Members who do not timely and validly request exclusion shall be bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Released Parties relating to the Released Claims as set forth in the Settlement Agreement.

18.     A Settlement Class Member wishing to make a request for exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than the Opt-Out and Objection Deadline of **December 14, 2015**, to the Claims Administrator at the address specified in the Notice.  Exclusion requests must: (i) be signed by the Settlement Class Member for whom exclusion is requested; (ii) include the full name, address, serial number of their Class Pistol(s) and telephone number of the Settlement Class Member requesting exclusion; and (iii) include substantially the following statement: "I request to be excluded from the settlement in the _Carter v. Forjas Taurus_ action."  No request for exclusion will be valid unless all of the information described above is included.

19.     No Settlement Class Member, or any Person acting on behalf of or in concert with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class and no Person shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs.

20.    Any Settlement Class Member who timely and properly submits a Request for Exclusion as set forth above shall not (a) be bound by any orders or judgments entered in connection with the settlement; (b) be entitled to any relief under the settlement; (c) gain any rights by virtue of the settlement; (d) be entitled to object to any aspect of the proposed settlement; or (e) seek to intervene.

21.    The Claims Administrator shall promptly provide counsel for the Parties with copies of any requests for exclusion.  Plaintiff shall file a list of all of who have opted out with the Court no later than **January 13, 2016**.

### Objections

22.    Any Settlement Class Member who has not opted out in accordance with the terms of this Order may object to the proposed settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the request for an incentive award to Plaintiff, by filing a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline of **December 14, 2015**. Any Settlement Class Member who does not provide a written objection in the manner described below shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement, or any award of any attorneys' fees and/or incentive award.

23.    Settlement Class Members must make any objection in writing and file it with the Court by **December 14, 2015**.  The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (i) Class Counsel – David L. Selby, II, Bailey & Glasser, LLP, 3000 Riverchase Galleria, Suite 905, Birmingham, Alabama 32544; and (ii) the Taurus Companies' Counsel – John P. Marino, Smith, Gambrell & Russell, LLP, 50 North Laura Street, Suite 2600, Jacksonville, Florida 32202. The objection must: (a) include the

name, address, telephone number, and, if available, the email address of the Settlement Class Member objecting, and if represented by counsel, of his/her/its counsel; (b) state all objections specifically and in writing; (c) state whether he/she intends to appear at the Final Approval Hearing, either with or without counsel and provide a list of people who will be called to testify, if any; (d) include a statement of his/her membership in the Settlement Class, including all information required by the Claim Form; and (d) include a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years and any compensation received for such objections.  If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

24.     Only those specific objections, grounds and documents that comply with the requirements in paragraph 23 may be presented to the Court.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing, and any counsel that intends to appear on behalf on any Settlement Class Member, must file with the Court and serve on all Parties (as set forth above) a Notice of Intent to Appear.

25.     Any Settlement Class Member who submits a timely written objection shall consent to deposition by Class Counsel and/or Defendants' Counsel prior to the Final Approval Hearing.

26.     Any Settlement Class Member who does not make his/her/its objection to the Settlement in compliance with the requirements set forth in this Order shall be deemed to have waived any such objection by appeal, collateral attack or otherwise.

27.     By **August 3, 2015**, the parties are **ORDERED** to **amend and refile** the Website Notice prior to publication to inform potential objectors that: (1) they must also **file** any written objections with the Court by the Objection Deadline and (2) if the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials filed in connection with the objection to this Settlement.

## Final Approval Hearing

28.     The Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on **January 20, 2016 at 10 a.m.** for the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released under the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees and costs of Class Counsel;

(e)     to consider the application for an incentive award to the Class Representative; and

(f)     to consider and rule upon such other matters as the Court may deem appropriate.

29.     Submissions in support of final approval of the proposed settlement and the Settlement Agreement shall be filed with the Court no later than **January 6, 2016**.  The Final Approval Hearing may be postponed, adjourned, or continued by Court order without further notice to the Settlement Class.  At or following the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

30.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the proposed settlement.

## Further Matters

31.     All discovery and other pretrial proceedings between Plaintiff and the Taurus Companies in this Action are **STAYED** until further order of the Court, except reasonable confirmatory discovery and such actions as may be necessary to implement the Settlement Agreement and comply with this Order.

32.     No discovery with regard to the Settlement Agreement or the proposed settlement and its administration shall be permitted by any Settlement Class Member or any other person, other than as the Court may direct.

33.     In the event the Court materially modifies or does not approve the settlement, or the Settlement Agreement is terminated pursuant to its terms for any reason, or for any other reason the Effective Date does not occur, then (i) the Settlement Agreement shall be null and void, including any provisions relating to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to the Parties, and shall not be used in this action or in any other action or proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to the Parties,

shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in this Action or any other action or proceeding, provided, however, the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any Party may elect to move the Court to implement the provisions of this paragraph, and the non-moving Party and that Party's counsel shall not oppose any such motion.

34.     The Parties are authorized, without needing further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its exhibits that: (a) are consistent in all material respects with this Preliminary Order and Judgment; and (b) do not limit the rights of the Settlement Class Members.

35.     The Court retains jurisdiction to consider all further matters arising out of or connected with the proposed settlement.   Therefore, to summarize the foregoing findings and Orders, it is

ORDERED THAT

1)     The Parties' Joint Motion and Supporting Memorandum for Preliminary Approval of Class Action Settlement [DE 123] is **GRANTED**.

2)     The Court preliminarily finds that the proposed settlement and the Settlement Agreement are fair, reasonable, and adequate and that notice of the proposed settlement should be directed to potential class members.

3)    For purposes of settlement of this Action, and pursuant to Federal Rule of Civil

Procedure 23, the Court finds that the Rule 23(a) and (b)(3) requirements have preliminarily

been satisfied, and **CERTIFIES** the following Settlement Class:

> All Persons or entities of the United States, Commonwealth of Puerto Rico, U.S.
> Virgin Islands, and Guam who own one or more of the following Taurus-branded
> firearms on the date of preliminary approval: PT-111 Millennium; PT-132
> Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-
> 745 Millennium; PT-609; PT-640; and PT-24/7.

> Excluded from the Settlement Class are all state, local or federal governments,
> bodies or agencies, the District Court Judge and Magistrate Judge to whom the
> lawsuit is assigned and any member of their staffs and immediate families, as well
> as all persons who validly request exclusion from the Settlement Class.

4)    Pursuant to Federal Rule of Civil Procedure 23 and for settlement purposes only,

Plaintiff Chris P. Carter is preliminarily designated as class representative for the Settlement

Class.

5)    Having considered the factors in Rule 23(g) and for settlement purposes only,

David Selby, II and John Barrett of Bailey & Glasser, LLP, and Todd Wheeles of Morris,

Haynes, Wheeles, Knowles & Nelson are preliminarily designated as Class Counsel.

6)    The Court approves the parties' retention of the Heffler Claims Group as Claims

Administrator.

7)    By **August 3, 2015**, the parties must **amend and refile** the Website Notice prior

to publication to inform potential objectors of the following two requirements: (1) they must also

**file** any written objections with the Court by the Objection Deadline and (2) if the Settlement

Class Member or his/her counsel has not objected to any other class action settlement in any

court in the United States in the previous five (5) years, he/she shall affirmatively state so in the

written materials filed in connection with the objection to this Settlement.

8)    The Court hereby approves the form and content of the Claim Form attached as

Exhibit A to the Settlement Agreement [DE 123, pp. 56-57].

9)      The Claims Administrator shall begin publication of the Publication Notice, and the Website Notice and Safety Training shall be available on the Settlement Website by no later than **October 13, 2015**.

10)     The Parties shall by no later than **January 13, 2016**, file proof of notice with the Court.

11)     Settlement Class Members shall be bound by all determinations and orders pertaining to the Final Approval Order, including the release of all claims, unless such persons timely file valid written requests for exclusion by **December 14, 2015**.

12)     Settlement Class Members must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline of **December 14, 2015**.

13)     Any Settlement Class Member who does not make his/her/its objection to the Settlement in compliance with the requirements set forth in this Order shall be deemed to have waived any such objection by appeal, collateral attack or otherwise.

14)     Any Settlement Class Member who submits a timely written objection shall consent to deposition by Class Counsel and/or Defendants' Counsel prior to the Final Approval Hearing.

15)     The Final Approval Hearing pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on **January 20, 2016 at 10 a.m.** for the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;
(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;
(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released under the Settlement Agreement;
(d)     to consider the application for an award of attorneys' fees and costs of Class Counsel;
(e)     to consider the application for an incentive award to the Class Representative; and

25

(f)    to consider and rule upon such other matters as the Court may deem appropriate.

16)    Plaintiff shall file a list of all of who have opted out with the Court no later than **January 13, 2016**.

17)    Submissions in support of final approval of the proposed settlement and the Settlement Agreement, and any motions for attorneys' fees or an incentive award to Plaintiff, shall be filed with the Court no later than **January 6, 2016**.

18)    All discovery and other pretrial proceedings between Plaintiff and the Taurus Companies in this Action, including the Motion to Compel [DE 101] are **STAYED** until further order of the Court.

19)    Pending final approval, all Settlement Class Members are hereby preliminarily enjoined from directly, on a representative basis or in any other capacity, commencing, prosecuting, intervening in, or participating as a plaintiff or class member in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties.

**DONE AND ORDERED** in Miami, Florida, this ___*30*___ day of July, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record