UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

COURT FILE NO.: 1:13-cv-24583-PAS

FILED by ___ D.C.
DEC 09 2015
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

CHRIS P. CARTER, on behalf of himself
and all others similarly situated,

    Plaintiffs,

FORJAS TAURUS S.A., et al.

    Defendants.

CLASS MEMBER
TROY KENNETH SCHEFFLER'S
OPPOSITION AND OBJECTION
TO PROPOSED SETTLEMENT

---

Comes now class member Troy Kenneth Scheffler's opposition to the proposed class settlement.

I am a member of this class having past purchased a Taurus PT111 Pro (TZL69089).

I will make this succinct. The only people that benefit from this settlement are the class rep and the Plaintiff's attorney's making a windfall in alleged fees; and to a certain extent the defendants in capitulating to a poorly defined settlement in the exclusive interests of merely saving in legal costs at the expense of the class members.

In review of the proposed settlement:

1. Class members supposedly can return their allegedly dangerous firearm to Taurus for *up to* at best half of what it is worth; taking an end loss.

2. Class members can keep their allegedly dangerous firearm and receive a lifetime warranty while Taurus continues to deny that the firearms are defective wherefore class members can anticipate they will refuse service to repair the alleged defect they deny exists.

3. Incredible Safety Training on how to "safely" use an allegedly <u>defective</u> firearm that inadvertently discharges...

There is no "zealousness" that the class rep nor their attorneys are presenting as required under class certification rules [(FRCP 23(a)(4)]. This is akin to countless other class settlements where the class reps get paid and the attorneys make their windfalls in bloated fees whilst the members get some paltry free credit monitoring or other nonsense.

Furthermore, many members in this present class, such as myself, never received notice.  I just happened to run across the action by happenstance, and then, only because I am intimately involved with legal matters.

Personally, I would object to this having been class certified from the get go with the nature of the suit.  Being that we live in a nation with a 2nd Amendment, most folks don't have to register their firearms.  Because of this fact, regardless of the Plaintiff's claims, it would be virtually impossible for a plaintiff to adequately notice potential class members; as I for one was never noticed. [FCRP 23(c)]

In summary, nothing in this settlement offers the class members anything substantial nor relevant to remedies related to the Plaintiff's claims or alleged damages and those members defined in the class.

The class members lose with the option to return their pistols. Furthermore, if indeed, as alleged, there is a defect, why on earth should the loss fall upon the class consumers?

The Court would be expecting class "plaintiffs" to settle on a loss. This is unheard of that in a reasonable settlement, or settlement period, that a plaintiff would settle a case "in their favor" by taking an overall loss. Plaintiffs don't settle cases for losses, this "settlement" is a contradiction for the class members.

With regard to the other option, once again the class members lose. The Defendant vehemently denies anything is wrong with their pistols. Lifetime warranty or otherwise, why would they repair a defect that they claim doesn't exist in the proposed settlement?

All that happens in this settlement is that the Court would issue an order supporting their claim that there is nothing wrong which would in effect preclude anyone from making a warranty claim with regard to the danger proposed in the Plaintiff's complaint.

The end game is that class members are stuck with a firearm that, according to the complaint, could seriously injure or kill non-volitionally at any moment.

More importantly, are the class members supposed to consider their firearms dangerous to themselves, friends, families, and the general public or not?  The Plaintiff says yes and the Defendant says no.  The Court is silent on this most important matter by issuing an order subsequent to the terms in the proposed settlement.

The parties have not presented a proposed settlement that passes muster at any level; I highly doubt with the nature of the case and the diametrically opposed argued material facts (i.e. are the guns defective and dangerous or not?) that this case could be justly resolved in a class settlement or within Rule 23 requirements and not without a trial or <u>at very least the Defendant stipulating that the guns are indeed defective and dangerous</u> and offering a reasonable or even relevant remedy such as a standard recall and repair or full financial reimbursement.

*This proposed settlement also introduces even more questions with regard to if potential litigants are precluded if the alleged defect causes harm or death in the future.* [FRCP 23(b)(3)(A)]

If liability for a defect is skirted by a class settlement, can a party ever file suit for a subsequent injury caused by the alleged and settled upon defect?

I hope this court can realize the gravity of this case and its particulars, let alone respect the sanctity and integrity of the 2nd amendment. If this settlement is approved and these guns are indeed dangerous, the blood will not be on my hands...

This settlement is rife with opportunity for certain members of the public to further unjustly demonize the 2nd if indeed the firearms are defective and ultimately cause harm. Frankly, I find this proposed class settlement unconstitutional.

I have also included with this objection a motion for leave to appear telephonically at the Final Approval hearing before the Honorable Patricia A. Seitz at 10am on 01/20/2016 as I intend to appear if granted and will appear personally if insisted by the Court.

This would be my first and only objection filed with regard to a class action ever and within a 5 year period prior to this objection.

**Wherefore,**

I pray the court at very least deny the proposed settlement and strongly consider vacating the class certification and continue this case for trial on individual claims for public policy considerations.

I believe I, not this action's paid class representative, speak better for the members of the defined class, the interests of justice and, for God's sake, public safety if this is the best they could come up with and are ever so comfortable selling class members out to.

Troy K. Scheffler
*Class Member-Pro Se*
965 104th Ave NW
Coon Rapids, MN 55433
763-225-7702

STATE OF MINNESOTA     )
                       )SS.
COUNTY OF ANOKA        )

Subscribed and affirmed before me this 12/04/2015

Notary Public

KRISTINA MARIE DENUCCIO
Notary Public
Minnesota
My Commission Expires January 31, 2020

{ 6 }

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

COURT FILE NO.: 1:13-cv-24583-PAS

CHRIS P. CARTER, on behalf of himself
and all others similarly situated,

      Plaintiffs,

FORJAS TAURUS S.A., et al.

      Defendants.

**AFFIDAVIT OF SERVICE BY MAIL**

I hereby certify that on 12/04/2015, I caused the following documents:

CLASS MEMBER TROY KENNETH SCHEFFLER'S OPPOSITION TO PROPOSED SETTLEMENT; CLASS MEMBER TROY KENNETH SCHEFFLER'S NOTICE OF INTENT TO APPEAR AND MOTION FOR LEAVE TO APPEAR TELEPHONICALLY; PROPOSED ORDER

To be mailed by first class mail, postage paid, to the following:

Plaintiffs by their attorney,
David L. Selby, II
Baily & Glasser, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244

Defendants by their attorney,
John P. Marino
Smith, Gambrell & Russell, LLP
50 N. Laura St., Suite 2600
Jacksonville, FL 32202

Claims Administrator
Chris P. Carter v. Forjas Taurus, S.A.
c/o Heffler Claims Group

{ 1 }

PO Box 230
Philadelphia, PA 19120-0230

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Brandon Bohn
4705 175th Ave
Foley, MN 56329
320-224-0487


STATE OF MINNESOTA    )
                     )SS.
COUNTY OF ANOKA       )

Subscribed and affirmed before me this 12/04/2015


Notary Public

KRISTINA MARIE DENUCCIO
Notary Public
Minnesota
My Commission Expires January 31, 2020



Troy Scheffler
965 104th Ave. N.W.
Coon Rapids, MN 55433-4976

U.S. District Court
Clerk-Civil
Federal Justice Building
400 North Miami Avenue
Miami, FL 33128

USMS INSP
By _____