UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:13-cv-24583-PAS

CHRIS P. CARTER,
Individually and on behalf of
all others similarly situated,

    Plaintiff,

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

    Defendants.

_____/

CLASS ACTION

## OBJECTION TO THE CLASS ACTION SETTLEMENT ON BEHALF OF OBJECTOR TERRY PENNIGTON

Attestation of Terry Pennington:

I, Terry Pennington, hereby declare my name is Terry Pennington and my telephone number is (402) 260-1660 and my address is 107 West Cleveland, Guthrie, Oklahoma 73044. Between September 1, 2007 and December 31, 2007, I purchased a Class Pistol with serial number NAV23433. Therefore, I am a Settlement Class Member. Neither my attorney nor I intend on attending the Final Approval Hearing and my attorney is a civil litigation attorney with knowledge of class actions. I have had no other attorney representing me in this matter. Neither my attorney nor I intend to call any witnesses at the Final Approval Hearing. My attorney has objected to two cases: Lady J. Suarez, et al. v. Anheuser-Busch Companies in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Case No. 13-033620, and Francisco

Rene Marty, et al. v. Anheuser-Busch Companies in the Unites States District Court for the Southern District of Florida, Case No. 13-cv-23656-JJO. I am in an objector in Pollard v. Remington Arms Company in the United States District Court for the Western District of Missouri, Case No. 13-00086-CV-W-ODS. I have read the Class Notice and find the settlement unfair as follows.

UNFAIR SETTLMENT – EXPANDED CLAIMS RELEASED BY CLASS

The Settlement is unfair and should be denied because it expands the claims released by the Class. The release should be limited only to the claims certified for class treatment. As written, the Release is vague and overbroad and is unfair to the Claimants, absent Class Members, and potentially future Class Pistol owners. First, the Release includes all claims whether "known or unknown." The specific statutory or common law claims to be released should be spelled out. For example, because the Released Claims include anything "relating to the Settlement Class Member's purchase and/or ownership of the Class Pistols," it could potentially include billing disputes, and other service issues unrelated to the Class Action, but related to the purchase and/or ownership of the Class Pistols. Class counsel must justify the release as to each claim released, the probability of winning, and its estimated value if fully successful; otherwise, the Class cannot evaluate the fairness of the Release. Second, the Release specifically includes claims "arising in the future." A release that holds a defendant harmless for wrongs it will commit in the future is dangerous to class members and to the public. Future-conduct releases pose severe informational problems for class members and for courts. At its core, the Release takes away Class Member rights without even knowing what's at stake. As a result, Class Counsel cannot in good faith fairly and adequately represent the interest of both the current Class Members and potential future class members because it does not know whether or not the interests of

each group are opposed to each other. Third, the Release restricts courts across the country will create an administrative nightmare. Any time a Taurus pistol owner raises a claim relating to the purchase or ownership of a class pistol, Taurus will raise the future-conduct release and force the court to evaluate whether or not the Release applies. A release for future claims is patently unfair to the Class and the Settlement should be rejected on this basis alone.

Finally, it is unclear whether or not the Release applies to individuals that purchase or own a Class Pistol after July 30, 2015. If the Release does not apply to future owners/purchasers, then it should specifically provide that those individuals are not bound to the Release. If the Release does apply to future owners/purchasers, then the Court should deny the settlement as unfair to those absent individuals that have no way of knowing that their rights are before the Court.

## UNFAIR SETTLEMENT – NO ACCESS TO CLAIM FORM

The Settlement is unreasonable, and the Class cannot evaluate settlement fairness, because it does not have access to the Claim Form and does not know the claims period duration or deadline. The record contains a draft claim form only. That draft claim form is not available on the settlement website. Similarly, there is no final Claims Period. While the Claims Period may start after Final Approval, how much time will Class Members have to submit Claim Forms? The Settlement Agreement provides that the claims period "can continue for 120 days," but it could be more or significantly less time without notice to the Class. The Settlement should clearly outline the Claims Period and deadline so that Class Members can obtain relief.

## UNFAIR SETTLEMENT – EXTENDED WARRANTY PROGRAM

The settlement is unfair to some Class Members that participate in the Extended Warranty program. The Settlement forecloses a significant number of Class Members

from obtaining the same caliber and pistol type as submitted for replacement. The PT-145, a .45 ACP caliber pistol, was discontinued in 2013. Neither the Settlement nor the Notice offers any information as to what Taurus will do with Class Pistols, or how it will compensate Class Members, if there is no replacement available for the Class Member's pistol model. If a Class Member submits his or her PT145 under the Enhanced Warranty, and the pistol is unrepairable, what will Taurus do? That information should be included in the Notice. It would be unfair for Defendant to merely provide a different pistol or caliber type than the original Class Pistol.

The Settlement is inadequate because it does not provide safeguards for the public. There 966,335 Class Pistols in the United States. Some of those pistols are in the homes of Americans and others are still for retail sale. While the Class Pistols are no longer made or distributed in the United States, the Class Pistols still expose owners and the public to potentially deadly harm. The Settlement did not result in a recall, only a re-purchase. The repurchase is not mandatory and Defendant denies any safety issues with the Class Pistols. If Class Members rely on Defendant's statements, they may not participate in the repurchase program or submit their Class Pistols under the Extended Warranty, which subjects those individuals and the public to potentially deadly harm.

The training videos have little to no value because Defendant has not admitted to any defect with the Class Pistols. How many training DVDs were sent to Class Members? What was the average view time for each of the "training" videos? YouTube provides average view duration time for all YouTube videos; how many people viewed the training videos and did they completely watch each video?

## EXCESSIVE FEE AWARD

Class Counsel's fee request is unreasonable and unfair to the Class. The Court should deny Class Counsel's fee request and require Class Counsel to submit a revised request based on the number of claims made.

First, there is no fee motion for the class to review. Federal Rule 23(h) requires Class Counsel to make its fee motion available to the Class for review prior to the deadline for objecting to the Settlement. As of December 6, Class Counsel's fee motion is not available to the Class online. As a result, Class Counsel has denied the Class a full and fair opportunity to evaluate the reasonableness and fairness of Class Counsel's fee request.

Second, while Taurus has committed to a $30 million dollar cap, its monetary obligation under the settlement will likely be far less. In addition to the overall dollar cap, Class Counsel and Defendants agreed to a tiered-cap based on the number of Class Pistols re-purchased. If less than 10,000 pistols are returned, Defendant's obligated is limited to $2 million under the Settlement. Similarly, because Class Counsel and Defendant have decided to prohibit the submission of claims until after Final Approval, many Class Members will have no notice of when the Claims Period begins and when it will end. As a result, those Class Members may miss the claims deadline and will not have the opportunity to obtain cash relief. The combination of both factors will result in less claims made and paid.

Third, and in light of the above, Class Counsel's fee request unreasonably exceeds the 11th Circuit's benchmark of 25%. Class Counsel requests 30% of the $30 million cap. Class Counsel bases its fee request on the total amount theoretically available if every single Class Pistol was returned for re-purchase by Taurus. Class Counsel should not be permitted to claim a percentage of the entire $30 million cap

because the vast majority of those funds will revert back to Defendant. In essence the $30 million "common fund" is illusory because Defendant's final obligation will be far less.

Attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class. *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 770, 774, 775 (11th Cir. 1991)(describing 25% as the benchmark attorneys' fee award). Any request above that benchmark must be supported by Class Counsel. Class Counsel's fee request is contrary to at least two of the factors set forth by the 11th Circuit; custom and similarity (see *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-*1119 (5th Cir. 1974)).

If the Claims Rate does not exceed 10,000 pistols, then Class Counsel's request would equal 82%. Eighty-two percent is neither customary nor is it aligned with similar class settlements. No client would agree to a fee arrangement where he or she receives merely 18% of the total relief. Moreover, settlement fee award studies show fee award sizes decrease as the the size of common fund increases (see Theodore Eisenberg & Geoffrey P. Miller, Attorney Fees and Expenses in Class Action Settlements: 1993-2008, 7 J. Empirical Legal Studies 248 (2010)). For settlements between $22.8 million and $38.3 million, the study found the median attorney's fee percentage to be 24.9% and the mean to be 22.1%. Class Counsel's fee request is unsupported and unreasonable. The request is neither customary nor is it aligned with similar cases. The Court should deny Class Counsel's request and require Class Counsel to submit a revised fee request based on Defendant's actual obligation under the settlement. Neither Class Counsel nor the Court should consider relief outside of the repurchase relief. Class Counsel based its fee request on the $30 million repurchase cap and has not provided any information on the value of ancillary relief under the Settlement.

Moreover, the value of the Enhanced Warranty is diluted because it is not limited to Class Members.

## UNREASONABLE AND UNFAIR INCENTIVE AWARDS

The requested Incentive Award is unreasonable and unfair to the Class. First, Class Counsel and Defendants expanded the scope of the Class Action by including new and future claims in the Release. There is no evidence that Plaintiff Carter is an adequate plaintiff with standing to represent the add-on scope. Moreover, there is no evidence to suggest that Class Counsel performed its due diligence with respect to the expanded scope of the released claims. Even if the Court finds that Plaintiff Carter adequately represents the add-on claims, Class Counsel has not provided any support for the fact that the incentive award is at least 70 times greater than the average class member's relief.

/s/ Terry Pennington
Terry Pennington, Objector

STEPHEN D. FIELD, P.A.

Dated: December 14, 2015        By:   /s/ Stephen D. Field
STEPHEN D. FIELD, ESQ.
Florida Bar No. 554111
Email: steve@field-law.com
102 E 49th Street
Hialeah, FL 33013
Telephone: (305) 698-3421
Direct Line: (305) 798-1335
Facsimile: (305) 698-1930
*Attorney for Objector Terry Pennington*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on December 14, 2015 and served by the same means on all counsel of record.

By: /s/ Stephen D. Field