# EXHIBIT C

Plaintiff's Motion for Attorneys' Fees, Costs and Service Award
and Integrated Memorandum of Law in Support

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CHRIS P. CARTER, Individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FORJAS TAURUS S.A., TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,<br><br>    *Defendants*. | Case No. 1:13-cv-24583-PAS<br><br>**CLASS ACTION** |

**DECLARATION OF DAVID L. SELBY, II IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARD**

I, David L. Selby, II, pursuant to 28 U.S.C. §1746, do hereby declare as follows:

This declaration is based upon my personal knowledge and I am submitting this declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs and Service Award, to show, as required by Rule 23 of the Federal Rules of Civil Procedure, "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of applicable law; and the resources that counsel will commit to representing the class[.]"

*Work Performed and Resources Committed*

1. John W. Barrett, Todd Wheeles and I are preliminarily designated as Class Counsel. Mr. Wheeles is a partner at Morris, Haynes, Wheeles, Knowles & Nelson in Birmingham, Alabama. Other firms and attorneys serving as counsel for Plaintiff include Eric B. Snyder and Patricia M. Kipnis of Bailey Glasser, Ira H. Leesfeld, Thomas B. Scolora, and Carol

1

Lynn Finklehoff with Leesfeld Scolora, P.A. and Angelo Marino, Jr., P.A. Collectively, Plaintiff's Counsel has approximately 150 years of experience prosecuting class actions, product liability, and complex litigation matters.

2. To date, Class Counsel and their staff have performed several thousand hours of work and incurred over $400,000 in expenses to identify, investigate, prosecute, and settle the claims in this action. The difficulty and complexity of this case has been exacerbated by the fact Defendant Forjas Taurus is a Brazilian entity and Plaintiff has had to deal with the numerous issues and defenses raised by Forjas Taurus.

3. We prepared 16 Notices of Deposition, deposed 3 separate Taurus 30(b)(6) representatives, and defended Plaintiff's deposition. We prepared and issued fifteen separate detailed FOIA requests and Rule 45 Subpoenas to laboratories and government agencies. We prepared approximately 358 separate requests for production of documents that were specifically tailored to this litigation and these defendants.

4. We devoted significant time and expense working with three different qualified engineering and firearms experts in Florida, Massachusetts, and Oklahoma, and paid them to date nearly $130,000 for their work. The experts expended close to 500 hours testing and analyzing Taurus pistols. To facilitate their work, we purchased dozens of Taurus exemplar class pistols for testing, developed testing protocols, designed and constructed testing equipment specifically for this case, and tested and analyzed the pistols.

5. The Taurus defendants produced approximately 24,000 pages of documents which we have reviewed and utilized in our investigation and preparation for depositions, dispositive motions, and mediation.

6. We have spent considerable time and expenses in the travel and extensive preparation necessary for the successful mediation process. We conducted six in-person mediation sessions in Miami, Birmingham, Atlanta, Ft. Lauderdale, and Washington D.C., and engaged in many hours of additional telephone negotiations totally more than 90 hours of mediation. The parties have paid $53,452.10 in fees to the mediator. As part of the mediation process and in an effort to assist with the complicated issues involving a Brazilian entity (Defendant Forjas Taurus, S.A.) we hired and utilized a Portuguese-speaking lawyer and a Chartered Accountant with experience in international corporate restructurings and commercial business transactions.

7. Our work in this case involved numerous complex legal issues. We dealt with substantial friction from a foreign defendant who resisted service and participation in discovery. We researched and briefed our opposition to a motion to dismiss that challenged nine legal theories in multiple jurisdictions. And with respect to class certification, we faced substantial challenges on nearly every Rule 23 requirement, in addition to formidable choice of law issues, including, the ability to collect any contested judgment against Forjas Taurus, S.A.

8. In order to accommodate Defendants' financial position and to best serve the interests of the Class in finalizing the settlement, Class Counsel agreed that the attorneys' fees will be paid out over a three year period, with one third of the amount paid on the first anniversary of the Effective Date[1] of the settlement; one third paid on the second anniversary of the Effective Date; and one third paid on the third anniversary of the Effective Date.

---

[1] Effective Date is the fifth business day after the Final Approval Order has become final, non-appealable judgment approving the Settlement and no longer subject to review, rehearing, appeal, petition for allowance of appeal, petition for certiorari, or other review of any kind. (Exhibit A, Settlement Agreement and Release, ECF No. 123 at 24.)

9. In the months after the parties successfully mediated the case, Class Counsel prepared the Motion for Preliminary Approval of Class Action Settlement as well as the [Proposed] Final Order and Judgment, prepared for and attended the Preliminary Approval hearing. In response to the Court's questions about the settlement Class Counsel subsequently prepared a modified proposed Order, which this Court entered July 30, 2015. (ECF No. 133).

10. Per the settlement agreement, the reasonable attorneys' fees to be paid to class counsel is $9 million, payable in three $3 million installments over three years. To calculate the effect the installments will have on this amount, I consulted with our firm's CFO, Mr. J. Roger Shealy, and our firm's Principal Investments Analyst, Mr. Pratik Budhev. Mr. Shealy warrants that Bailey Glasser's current Cost of Capital is 2.787%. Using this rate in the standard formula for Net Present Value (NPV), Mr. Budhev calculates the NPV as $8,520,704.61.

11. In recent months, Class Counsel have spent a great deal of time working with unpaid or earned media representatives to achieve maximum exposure of the settlement and its terms. They have also reviewed and responded to class member inquiries about the Settlement, and have prepared a response to the four objections filed. Class Counsel have also been busy working with the claims administrators on the details of notice to the class, and working with Dr. Safir and Professor Silver to prepare the motions for approval of the settlement and for attorneys' fees.

*Experience and Knowledge of Applicable Law*

12. Mr. Barrett, Mr. Snyder, Ms. Kipnis, and I are attorneys at Bailey & Glasser, LLP. Bailey & Glasser, LLP is a national litigation firm with nearly 50 lawyers and a particular focus on complex business litigation and multi-party actions, including mass tort and class actions. Combined, we have over 55 years of experience serving as trial, class, and appellate

counsel in a variety of cases, representing both plaintiffs and defendants in areas including class actions, warranty litigation, personal injury, fraud, and deceptive trade practices.

13. I am licensed in good standing to practice law in the State of Alabama. I have been a member of the Alabama Bar since 1991 when I obtained my J.D. from Cumberland School of Law. During the past 22 years, I have served as trial, class and appellate counsel in a wide variety of cases, representing both plaintiffs and defendants in areas including personal injury, fraud, deceptive trade practices, warranty litigation, and class actions. I have personally appeared before the Eleventh Circuit on several cases involving consumer law issues. I am a member of Public Justice, Southern Trial Lawyers Association, Alabama Trial Lawyers Association, The National Trial Lawyers Association (NTLA), Alabama Bar Association, and the American Association of Justice (AAJ). I was recently selected by the NTLA as one of the Top 100 Trial Lawyers in Alabama. Lastly, I currently serve on the AAJ's Executive Committee for the Class Action Litigation Group.

14. Mr. Barrett has been a member in good standing with the West Virginia State Bar since receiving a J.D. from Boston University in 1996. He also is a member of the Massachusetts Bar. After clerking for two years for Chief Judge Charles H. Haden II of the U.S. District Court for the Southern District of West Virginia, Mr. Barrett has concentrated his practice in consumer law, class actions, and complex litigation. He has tried cases in state and federal courts in West Virginia, and argued cases before the Supreme Court of Appeals of West Virginia and the U.S. Court of Appeals for the Fourth Circuit. He is a member of Public Justice, the West Virginia and American Associations for Justice, the John A. Field Jr. Chapter of the American Inn of Courts, and the American Bar Association's Section of Litigation, Class Actions & Derivative Suits Committee.

15. Mr. Barrett and I are also members of the National Association of Consumer Advocates, which among other things maintains comprehensive standards and guidelines for litigating and settling consumer class actions in an effort to promote the ethical and proper use of the class action device. *See* 176 F.R.D. 375 (published in 1998, fully updated in 2006).

16. Mr. Snyder is a member in good standing with the West Virginia State Bar and received a J.D. from The University of Pittsburgh in 2002. Mr. Snyder maintains a nationwide complex litigation practice, focusing his practice on class actions and mass torts. He has been recognized by a national law publication, AmLaw Daily, as one of the top 75 plaintiffs' lawyers in the United States.

17. Mr. Snyder has particular experience in product liability and warranty litigation. He serves on the plaintiffs' lead counsel committee for the personal injury and wrongful death cases in the Toyota Sudden Unintended Acceleration MDL. He also had a significant role in the prosecution of the economic loss claims in that MDL, where firm founding partner Benjamin L. Bailey served on the plaintiffs' lead counsel committee for the economic loss claims. That case settled for $1.6 billion.

18. Mr. Barrett, Mr. Snyder, or I have served or are serving as counsel in the following class actions in which settlements have been reached:

- *Hornsby, et al. v. Macon County Greyhound Park, Inc.*, Case No. 3:10-CV-680 (M.D. Ala.) (class action settlement on behalf of all former employees alleging Defendant violated the COBRA Act);

- *Cummins v. H & R Block, Inc.*, Civil Action No. 03-C-134 (Cir. Ct. of Kanawha County, West Virginia) (consumer class action resulting in $62.5 million multistate settlement, including $32.5 million for West Virginia consumers);

- *Dunlap v. Wells Fargo Financial West Va.,* No. 04-C-101 (Cir. Ct. of Lincoln County, W. Va.) ($9 million cash/debt relief settlement for certified class of 184 West Virginia mortgage borrowers);

- *Desai v. ADT Security,* Civil Action No. 1:11-01925 (N.D. Ill.) ($15 million settlement of TCPA claims for nationwide class);

- *Anderson v. Provident Bank*, Civil Action No. 04-C-199 (Cir. Ct. of Mercer County, West Virginia) (predatory mortgage lending class action settled for $8.1 million on behalf of 140 class members);

- *Mey v. Herbalife International, Inc*., Civil Action No. 01-C-263 (Cir. Ct. of Ohio County, West Virginia) ($7 million nationwide class action settlement alleging violations of the TCPA);

- *Hardwick v. Rent-A-Center, Inc*., Civil Action No. 3:06-CV-901 (S.D. W. Va.) (class action settlement worth more than $5 million; alleging violations of state Consumer Goods Rental Protection Act);

- *Dillon v. Chase Manhattan Mortgage,* Civil Action No. 03-C-164 (Cir. Ct. of Brooke County, W. Va.) ($3.3 million settlement for West Virginia borrowers alleging illegal loan-servicing claims)'

- *Shonk v. SG Sales Co.*, Case No. 07-C-1800 (Cir. Ct. of Kanawha County, West Virginia) ($2.45 million nationwide settlement of TCPA class action);

- *Muhammad v. National City Mortgage Co.*, Case No. 2:07-CV-0423 (S.D. W. Va.) ($700,000 mortgage loan servicing settlement alleging violations of the West Virginia Consumer Credit and Protection Act);

- *Dijkstra v. Carenbauer*, Case No. 5:11-CV-152 (N.D. W. Va.) ($690,000 settlement of loan servicing class action against Wilshire Credit; court-appointed class counsel for litigation class of West Virginia plaintiffs against Lending Tree);

- *Brailsford v. Jackson Hewitt, Inc.*, Case No. 06-00700 (N.D. Cal.) ($672,000 settlement on behalf of class of California class);

- *Weekes-Walker, et al. v. Macon County Greyhound Park, Inc.*, Case No. 3:10-CV-895 (M.D. Ala.) (class action on behalf of all former employees alleging Defendant violated the WARN Act);

- *Casto v. City National Bank,* Civil Action No. 10-C-1089 (Cir. Ct. of Kanawha County, West Virginia) (settlement of overdraft fee class action brought under West Virginia consumer protection statute; settlement valued at $5.5 million);

- *Triplett v. NationStar Mortgage*, Civil Action No. 3:11cv238 (S.D. W. Va.) ($1.5 million loan servicing class action settlement for West Virginia class under state consumer protection statute);

7

- *Muhammad v. National City Mortgage Co.*, Civil Action No. 207-0423 (S.D. W. Va.) ($700,000 mortgage loan servicing settlement alleging violations of the West Virginia Consumer Credit and Protection Act);

- *Brailsford v. Jackson Hewitt, Inc.*, Case No. 06-CV-700 (N.D. Cal.) ($672,000 settlement on behalf of class of California class); and

- *Hackworth v. Telespectrum, Inc.*, Case No. 3:04-1271 (S.D. W. Va.) (WARN Act class action settled for $185,000).

19. In addition to these cases, other Bailey & Glasser lawyers have successfully prosecuted dozens of complex cases and class actions alleging product liability, qui tam, antitrust, insurance, consumer finance, and fiduciary duty/retirement plan claims.

20. M. Todd Wheeles also is co-lead counsel in this case. He is currently a partner at Morris, Haynes, Hornsby, Wheeles & Knowles in Birmingham, Alabama. Mr. Wheeles has been a member in good standing of the Alabama State Bar since 2002, and has 13 years of experience as plaintiff's counsel in numerous product liability and other personal injury actions. Mr. Wheeles was recognized by the National Trial Lawyers' Association in 2012 as a "Top 40 Under 40" in the State of Alabama. Mr. Wheeles has served as Plaintiff's Lead Counsel in multiple product liability actions across the United States. Mr. Wheeles has been actively litigating "drop-fire" cases against Taurus for the past 8 years, including the following actions:

- *Maroney v. Taurus Int'l Mfg., Inc.*, Case No. 07-CV-073 (Cir. Ct. of Etowah County, Alabama) (obtaining a $1.25 million verdict in favor of the plaintiff in an unintended discharge case);

- *Price v. Taurus Int'l Mfg., Inc.*, Case No. CV-2010-0337 (Cir. Ct. of Bernalillo County, New Mexico) (obtaining a favorable settlement in an unintended discharge case);

- *Appleby v. Taurus Int'l Mfg, Inc.* (obtaining a favorable settlement in an unintended discharge case in Stafford, Virginia);

- *Paulson v. Taurus Int'l Mfg, Inc.* (obtaining a favorable settlement in an unintended discharge case in Minneapolis, Minnesota);

8

- *Friend v. Taurus Int'l Mfg., Inc.* (currently representing police officer in Richmond, Kentucky for a personal injury claim resulting from the unintended discharge of a firearm);

- *Simms v. Taurus Int'l Mfg., Inc.* (currently representing family in Gaylesville, Alabama for personal injury and wrongful death claims resulting from the unintended discharge of a firearm); and

- *Turner v. The Winchester Co.* (currently representing client in Heflin, Alabama for personal injury claim resulting from the unintended discharge of a firearm).

21. I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted, this 6th day of January, 2016.

_____
David L. Selby, II