UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

    Defendants.
_____/

**Case No. 1:13-cv-24583-PAS**

Class Action

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO OBJECTOR GLAVIANO'S MOTION FOR PROTECTIVE ORDER

Defendants, Forjas Taurus S.A., Taurus International Manufacturing, Inc., and Taurus Holdings, Inc. (collectively, "Taurus"), submit this Memorandum in Opposition to the Motion for Protective Order filed by Objector, Steven Glaviano (Dkt. 180) (the "Motion").

### SUMMARY

On April 20, 2016, Objector Steven Glaviano ("Glaviano") filed the Motion seeking a "Protective Order appropriate under the circumstances." *See* Motion, at 3. Glaviano fails to state with any particularity the protective measures he would deem appropriate under the alleged circumstances described in the Motion.

Glaviano seeks a "protective order" from this Court. But there are no outstanding discovery issues between Glaviano and any party. There is therefore no basis for a protective order. And Glaviano's unsupported Motion similarly provides no basis for any other relief from the Court.

The Motion is based upon nothing more than innuendo and conjecture. Glaviano provides no factual or legal basis to support the apparent assumptions asserted in the Motion. His general request for a "Protective Order appropriate under the circumstances" should be denied.

## ARGUMENT

Although Glaviano does not rely on any authority for the relief he seeks in the Motion, Rule 26 of the Federal Rules of Civil Procedure establishes that:

> A party or any person *from whom discovery* is sought may move for a protective order in the court where the action is pending—*or as an alternative on matters relating to a deposition*, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Fed. R. Civ. P. 26(c)(1) (emphasis added). Yet, the Motion makes no reference to any discovery at all. And there is no discovery being sought from Glaviano at this time.

There is no basis for a protective order that Glaviano seeks in this case pursuant to Rule 26. *See Bleecher v. Nightingale Nurses, LLC*, No. 07-80178, 2010 WL 3834645, at *12 (S.D. Fla. Sept. 8, 2010) (denying a motion for protective order and holding that "Fed. R. Civ. P. 26(c)(1) provides for protective orders during discovery, but this case is closed and discovery is not being conducted."); *El-Ad Residences at Miramar Condominium Ass'n, Inc. v. Mt. Hawley Ins. Co.*, 716 F.Supp.2d 1257, 1261 (S.D. Fla. 2010) (noting that a procedural flaw with a motion for protective order was "that discovery is closed and, in any event, no discovery is pending involving [Movant].").[1]

---

[1] To the extent that Glaviano seeks entry of an injunction, Taurus opposes entry of such relief. Taurus further states that a movant seeking injunctive relief bears the burden of establishing the factors demonstrating entitlement to an injunction. *See Bleecher*, 2010 WL

2

Glaviano provides no factual or legal basis to support the contentions and assumptions set forth in the Motion. The Motion does not state the protective measures that Glaviano would deem appropriate under the alleged circumstances with any particularity. Glaviano instead relies on innuendoes and conjecture.

Moreover, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).[2] The Motion fails to include this required certification. Nor did Glaviano make any effort to confer with counsel for Taurus before filing his Motion.

---

3834645, at *12. Glaviano has not established any of the factors to show that he is entitled to an injunction.

[2] Rule 7.1 of the Local Rules of the Southern District of Florida further required Glaviano to confer "with all parties or non-parties who may be affected by the relief sought in the [Motion] in a good faith effort to resolve by agreement the issues raised in the ]Motion." As set forth above, Glaviano made no attempt to confer with Taurus regarding the relief sought in the Motion. Glaviano therefore failed to comply with Rule 7.1 and the Motion can be denied on that basis alone. Defendant's failure to confer with opposing counsel is by itself grounds to deny the motion. *Muzaffarr v. Ross Dress for Less, Inc.*, 941 F.Supp.2d 1373, 1376 (S.D. Fla. 2013) (citing B*oard of Trustees of the International Longshoremen's Association v. Eller Maritime Services, LLC*, 2009 WL 3584264 (S.D. Fla. Oct. 28, 2009) (holding that a party's failure to confer with opposing counsel before moving for a protective order "is by itself grounds to deny the motion."); *Sierra Equity Group v. White Oak Equity Partners, LLC*, 672 F.Supp.2d 1369, 1370 (S.D. Fla. 2009) (holding that"[i]f a party fails to confer pursuant to LR 7.1A3, the Court may deny the motion and impose appropriate sanctions, including reasonable attorney's fees."); *see also Williams v. Ocean Title Co.*, No. 07–80252, 2007 WL 1805792, at *1, 2007 U.S. Dist. LEXIS 48175, at *3 (S.D. Fla. 2007)(same); *Williams Island Synagogue, Inc. v. City of Aventura*, 329 F. Supp. 2d 1319, 1327–1328 (S.D. Fla. 2004)(same).

## **CONCLUSION**

The Motion sets forth no basis for a protective order or any other relief from the Court. Glaviano has failed to show that he is entitled to a protective order or any other relief. Accordingly, the Motion should therefore be denied.

Respectfully submitted,

*/s/ John P. Marino*
John P. Marino (FBN: 814539)
Kristen W. Bracken (FBN: 092136)
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Tel.:   (904) 598-6100
Fax:   (904) 598-6300
Email:  jmarino@sgrlaw.com

Timothy A. Bumann (*Admitted Pro Hac Vice*)
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Tel.:   (404) 815-3500
Fax:   (404) 815-3900
Email:   tbumann@sgrlaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify on May 3, 2016, a copy of the foregoing was served by United States mail on the following:

Stephen D. Field, Esq.
Stephen D. Field, P.A.
102 E. 49th Street
Hialeah, FL  33013
Tel.:  (305) 698-3421
Fax:  (305) 698-1930
Email:  steve@field-law.com
Attorney for Objector Pennington

Richard Louis Jordan
2056 Walnut Creek Drive
Flint, Michigan  48532

Steven A. Glaviano
609 W. William David Pkwy
Suite 102
Metairie, Louisiana  70005

Troy Kenneth Scheffler
965 104th Ave. NW
Coon Rapids, Minnesota  55433

I further certify that the foregoing has been filed with the Clerk using the Court's CM/ECF system, which will provide electronic notification to counsel of record.

                                                 */s/ John P. Marino*
                                               Attorney