UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

    Plaintiff,                                          **Case No. 1:13-cv-24583-PAS**

v.                                                             Class Action

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

    Defendants.
_____/

**JOINT RESPONSE TO ADDITIONAL
OBJECTION SUBMISSIONS TO CLASS SETTLEMENT**

Plaintiff, Chris P. Carter ("Carter"), and Defendants, Forjas Taurus S.A., Taurus International Manufacturing, Inc., and Taurus Holdings, Inc. (collectively, "Taurus"), submit this response to the additional submissions from Objectors Steven Glaviano ("Glaviano") [DE 182], Troy Kenneth Scheffler ("Scheffler") [DE 185], and Richard Jordan ("Jordan") [DE 186], and to the submission of Objector Michael Reamy [DE 184].

**INTRODUCTION**

The Court preliminary approved the proposed class settlement in this case on July 30, 2015. *See* Order Granting Joint Motion for Preliminary Approval of Class Action Settlement, Preliminarily Approving Class Settlement and Granting Settlement Class Certification, and Setting Final Approval Hearing [DE 133]. Class notice was then given as approved and directed by the Court. The Court then held a fairness hearing on January 20, 2016 (the "January Fairness Hearing").

Following the January Fairness Hearing, the Court approved supplemental notice to the proposed settlement class and revised release language. *See* Order Approving Supplemental Notice and Revised Release Language [DE 175].[1] Given that supplemental notice would be published, the Court also extended the opt out and objection deadline. *See* Order Granting the Parties' Joint Motion and Amending the Opt Out and Objection Deadline [DE 178].

Objectors Glaviano, Scheffler and Jordan filed objections prior to the January Fairness Hearing. [DE 136, 137 and 142]. Glaviano and Scheffler appeared at the January Fairness Hearing and were given the opportunity to address the Court regarding their objections. The Court considered their objections and presentations, and overruled Glaviano and Scheffler's objections. *See* Transcript of January 20, 2016 Fairness Hearing (the "January Hearing Transcript"), 68:21-22.[2]

The additional submissions by Glaviano, Scheffler and Jordan largely assert their same objections to the proposed settlement. These objections restate the same matters the Court has already heard and considered in their previous objections. Jordan did not exercise his right to opt out of the proposed settlement class. Yet, Jordan still appears to want to negotiate his own relief. And Glaviano and Scheffler continue to criticize the parties, the parties' counsel and the Court. But they similarly continue to fail to even mention, much less analyze, Eleventh Circuit law that requires a court reviewing a proposed class action settlement to evaluate its fairness in view of

---

[1] As set forth in the Declaration of Jeanne Finegan dated July 6, 2016, the supplemental notice has been published in the format approved and directed by the Court.

[2] The Court indicated during the January Fairness Hearing that the additional objections asserted by those individuals who did not appear at the January Fairness Hearing would be addressed in the Court's final order. *Id*. at 69:2- 5. This would include Jordan's objection. The only other previous objection was filed by Terry Pennington [DE 141]. Neither Mr. Pennington nor his counsel appeared at the January Fairness Hearing. Mr. Pennington has made no further submission.

the likelihood of success at trial, the range of possible recovery, the expense and duration of litigation, and other reasonableness considerations. *See Bennett v. Behring Corp.*, 737 F.2d 982, 985 (11th Cir. 1984) (listing the six factors).

Instead, the additional submissions (like their pervious filings) continue to be based on inaccurate, unsupported, and misleading statements and assumptions. Put simply, they are "more of the same."

The only new Objector is Reamy. Mr. Reamy (like the other objectors in this case) appears to argue that some models of pistols should not be included, suggests that notice was not adequate, and wants different relief. But also like the others, he does nothing to support his arguments or show why the proposed settlement is unfair or inadequate.

## ARGUMENT

The great majority of the additional submissions by Glaviano, Scheffler and Jordan address matters raised in their previous objections. Carter and Taurus addressed these matters in their Joint Response in Opposition to Objections to Class Settlement filed on January 6, 2016 [DE 149] (the "Previous Joint Opposition"). Rather than readdress these same issues, Carter and Taurus incorporate their Previous Joint Opposition as part of this response to the additional submissions.

A.   **Glaviano's Additional Submission.**

The only new objection in Glaviano's additional submission appears to be that the release was not revised as directed by the Court. A simple review of the record contradicts Glaviano's assertions on this issue.

The release was revised, and the new release language was published, as directed by the Court. The Court's Order Approving Supplemental Notice and Revised Release Language [DE

3

175] approved the revised release language. And the release language was clearly revised. [*See* DE 174-3].

Moreover, the supplemental publication approved by the Court advised class members that "if you do not opt out, you release Taurus from liability for the alleged design or manufacturing defects that may result in an unintended discharge." [*See* DE 174-1]. The release further unequivocally states that "this Release specifically excludes claims for death, personal injury, or damage to property other than the Class Pistols themselves." [*See* DE 174-3].

The settlement website contains the revised release language. Finally, the Court's final approval order will specifically define the scope of the release. Glaviano's claim that the release was not revised as directed by the Court is simply incorrect.

Glaviano's additional submission also reiterates his previous arguments relating to Risk Settlements. Glaviano continues to argue that there is a "side deal" that should have been disclosed pursuant to Rule 23(e)(3). These arguments have been discussed, rejected and continue to lack any merit.

The consulting services provided by Risk Settlements were discussed at length during the January Fairness Hearing:

> THE COURT: Who is Risk Settlements?
>
> MR. MARINO: Your Honor, I can address that. Risk Settlements provides consulting services in connection with Class action settlements. Also at times assisting in insurance settlements. Risk Settlements, in this case, had been used by Taurus as a consulting expert. There has been no involvement with Plaintiffs in terms of any kind of agreement or anything of that nature with Risk Settlements. Risk Settlements did not knowing [sic] negotiate this deal. There is no side deal. They are simply a consulting expert.
>
> THE COURT: So you consulted with them?
>
> MR. MARINO: I have consulted with them, Your Honor.

4

      THE COURT: Mr. Selby?

      MR. SELBY: No, not at all.

*See* January Hearing Transcript, 54:6-20. There are no improper "side agreements" that Rule 23(e)(3) was designed to prevent.[3]

      Glaviano also appears to suggest that it is somehow improper for Taurus to obtain insurance to ensure that funds are available to satisfy claims submitted for the settlement payment option (cash relief). Glaviano fails to show how this could in any way be harmful to the settlement class or adversely affect the overall fairness of the proposed settlement. *See In re Warner Communications Secs. Litig.,* 798 F. 2d 35, 37 (2d Cir. 1986) (rejecting a challenge that most of the settlement funds came from a corporation or insurance carriers, rather than individual defendants, and noting that "[i]f the total compensation to class members is fair, reasonable, and adequate, the court is not required to supervise how the defendants apportion liability for that compensation among themselves."). This insurance *ensures* payment of the settlement payment option (cash relief) to the proposed settlement class. This is obviously not detrimental to the proposed class, and does not affect the determination of whether the proposed settlement is fair, reasonable and adequate.

---

[3] See *In re AT & T Corp.*, 455 F.3d 160, 175 (3d Cir. 2006) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 231 (3d Cir. 2001)) (noting that "[g]enerally, the purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements."); Advisory Committee Notes on Rule 23(e)(3) (noting that the amendment does not alter the basic disclosure requirements but "aims instead at related undertakings that, although seemingly separate, may have influenced the terms of the settlement by trading away possible advantages for the class in return for advantages for others."); *Rowe v. E.I. DuPont de Nemours and Co.*, 2011 WL 3837106, at *5 (D. N.J. 2011) (quoting Manual for Complex Litigation (Fourth) § 21.631, at 319 (4th ed. 2004) (holding "'[t]he spirit of Rule 23[ (e) (3) ] is to compel identification of any agreement or understanding that might have affected the interests of class members by altering what they may be receiving or foregoing. … Such example would include side agreements that 'reveal additional funds that might have been paid to the class that are instead paid to selected claimants or their attorneys.'").

Glaviano also appears to suggest that Plaintiff has overvalued the proposed settlement based upon the value of Federal Express shipment of class pistols. Jim Prutsman testified on behalf of the class administrator, Heffler Claims Group, and addressed these issues at length during the January Fairness Hearing:

> MR. PRUTSMAN: I spent several hours if not days consulting with FedEx. There is, obviously, some very sensitive issues with regard to the shipment of firearms back to Taurus. The FedEx policy is that if you're not an FFL, that those have to be sent via overnight air. You can not use ground service. You can not use two-day service. Given that, we are having to use that service to get those firearms back to Taurus. In terms of a special deal, there is no special deal in this instance. It's simply the price is the price because we are using the most expensive service available to get those firearms back to Taurus. We're actually incurring the cost and billing it back Taurus. All of those costs will be reported back to the Court as a function of ours.
>
> THE COURT: Mr. Prutsman, in your negotiations with FedEx, what rate?
>
> MR. PRUTSMAN: We are using the next day air service which is a requirement of FedEx.
>
> THE COURT: Okay. What does that run?
>
> MR. PRUTSMAN: The rate, I provided counsel a rate chart. It varies depending upon the delivery zone of where it's going to and from. All the firearms shipped back to Miami, Florida, which is the U.S. headquarters for Taurus, so the rates vary depending on where that firearm is being shipped from. If it's being shipped from the west coast, it's obviously, more expensive than say if it's coming from Georgia.

*See* January Hearing Transcript, 55:5- 55:19; 60:17- 61:3.

Glaviano's additional submission also attempts to readdress several other matters raised in his initial objection and rejected by the Court. These matters and the arguments rebutting Glaviano's assertions are addressed in the parties' Previous Joint Opposition.

      B.      **Scheffler's Additional Submission**

Scheffler's additional submission complains that the Court extended the deadlines to opt out or object in connection with the supplemental notice as discussed above. He states that "this

6

particular issue requires further analysis to show the Court's overzealousness to ignore class rights and join the cabal." *See* Scheffler's submission [DE 185 at 5]. But Scheffler fails to show how extending the deadlines were somehow improper or harmful to the proposed class. Extending the deadlines actually had the opposite effect, because proposed class members were provided with more (not less) opportunity to opt out or object.

Scheffler also complains that "this proposed settlement also introduces even more questions with regard to if potential litigants are precluded if the alleged defect causes harm or death in the future." *Id*. at pg. 13. Scheffler ignores the terms of the proposed settlement. The proposed settlement in this case does not cover personal injury or death claims. The release unequivocally states that "this Release specifically excludes claims for death, personal injury, or damage to property other than the Class Pistols themselves." [*See* DE 174-3].

Scheffler's additional submission similarly also attempts to readdress several other matters raised in his initial objection and rejected by the Court. These matters are addressed in the parties' Previous Joint Opposition.

### C. Jordan's Additional Submission

Jordan's additional letter to the Court complains about a replacement pistol he received outside the context of the class settlement. Mr. Jordan's objection is, in essence, a complaint about the handling of a claim submitted to Taurus under the existing warranty. And like his previous submission, it indicates that he would like to be treated separately and negotiate his own (presumably additional) relief. Jordan could have opted out and pursued his own relief, but he chose not to do so. Nor does he do anything to show that the proposed settlement is unfair or inadequate.

### D. Reamy's Objection

Reamy is the only objector who has not submitted a previous objection. His objections appear to be that notice "has relied only on social media" and could be more detailed, he does not believe that all included pistols are defective, and he believes that there should be better relief. Reamy further informs the Court that he does not intend to participate in the settlement benefits. Rather, he intends to keep his pistols.

Reamy is wrong about the notice. Notice was far broader than just social media. As the Court is aware, notice included extensive publication in printed media as well as website publications and banner ads.

Reamy's remaining objections are simply that better or different relief should be available. But like the other objectors, he does nothing to show why the relief available is inadequate. Rather, he simply thinks that it could be better. This is insufficient for the same reasons discussed in the parties' Previous Joint Opposition.

## CONCLUSION

The proposed class settlement in this case is more than fair, reasonable and adequate. The previous objections and additional submissions lack any factual or legal merit for the reasons discussed above and in the parties' Previous Joint Opposition. The parties therefore jointly request that all objections be further overruled, that the class settlement be finally approved, and such further relief as the Court deems proper.

Respectfully submitted,

Counsel for Plaintiff

*/s/ David L. Selby, II*
David L. Selby, II (*Admitted Pro Hac Vice*)
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Tel.:   (205) 988-9253
Fax:    (205) 733-4896
Email: dselby@baileyglasser.com

John W. Barrett (*Admitted Pro Hac Vice*)
Eric B. Snyder (*Admitted Pro Hac Vice*)
Patricia M. Kipnis (*Admitted Pro Hac Vice*)
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia  25301
Tel.:   (304) 345-6555
Fax:    (304) 342-1110
Email: jbarrett@baileyglasser.com

Todd Wheeles (*Admitted Pro Hac Vice*)
MORRIS, HAYNES, HORNSBY & WHEELES
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
Tel.:   (205) 324-4008
Fax:    (205) 324-0803
Email: twheeles@mhhlaw.net

Angelo Marino, Jr. (FBN: 151934)
ANGELO MARINO, JR., P.A.
645 S.E. 5th Terrace
Ft. Lauderdale, Florida  33301
Tel.:   (954) 765-0537
Email: amjrpamail@aol.com

Counsel for Defendants

*/s/ John P. Marino*
John P. Marino (FBN: 814539)
Kristen W. Bracken (FBN: 092136)
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Tel.:   (904) 598-6100
Fax:    (904) 598-6300
Email:  jmarino@sgrlaw.com
        kbracken@sgrlaw.com

Timothy A. Bumann (*Admitted Pro Hac Vice*)
John Weeks (*Admitted Pro Hac Vice*)
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Tel.:   (404) 815-3500
Fax:    (404) 815-3900
Email:  tbumann@sgrlaw.com
        jweeks@sgrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify on July 7, 2016, a copy of the foregoing was served by United States mail on the following:

| | |
|---|---|
| Stephen D. Field, Esq.<br>Stephen D. Field, P.A.<br>102 E. 49th Street<br>Hialeah, FL  33013<br>Tel.:  (305) 698-3421<br>Fax:  (305) 698-1930<br>Email:  steve@field-law.com<br>Attorney for Objector Pennington | Richard Louis Jordan<br>2056 Walnut Creek Drive<br>Flint, Michigan  48532<br><br>Steven A. Glaviano<br>609 W. William David Pkwy<br>Suite 102<br>Metairie, Louisiana  70005 |
| Troy Kenneth Scheffler<br>965 104th Ave. NW<br>Coon Rapids, Minnesota  55433 | Michael Reamy<br>PO Box 957<br>Cuero, Texas  77954 |

I further certify that the foregoing has been filed with the Clerk using the Court's CM/ECF system, which will provide electronic notifications to counsel of record.

                                              */s/ John P. Marino*
                                              Attorney