# EXHIBIT  3

Plaintiff's Additional Submissions in Support of Motion
for Final Approval of Class Action Settlement

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

CHRIS P. CARTER,

Individually and on behalf of all
others similarly situated,

*Plaintiffs*,

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

*Defendants.*

Case No. 1:13-cv-24583-PAS

**CLASS ACTION**

## DECLARATION OF RODNEY A. MAX

I, RODNEY A. MAX, declare as follows:

1.      My name is Rodney A. Max.  I am over the age of 18 and I am competent to give testimony.   The statements contained in this declaration are based upon my own personal knowledge and are true and correct.  I submit this Declaration in connection with Plaintiff's Additional Submissions in Support for Final Approval of Class Action Settlement.

### Background and Experience

2.      I graduated in 1975 *cum laude* from the Cumberland School of Law.   Upon graduation, I became licensed to practice law in the state of Alabama (1975) and the state of Florida (1976).  I am currently a member of Upchurch, Watson, White & Max Mediation Group, Inc.

3.      Since 1992, my practice has focused exclusively on alternative dispute resolution, with an emphasis on mediation.

4.    I have national mediation experience and have mediated in 32 states and the District of Columbia. I have been selected to conduct mediations by leading plaintiffs' attorneys, defense counsel and in-house counsel for national and international manufacturers, distributors, transporters, insurers and service provider companies and I have been appointed by federal and state judges from coast to coast. I am on the United States District Court – Southern District of Florida Certified Mediator List.

5.    I have mediated cases involving consumer fraud, wrongful death, personal injury, breach of contract, bad faith, securities (NASD), antitrust, patent and trademark, Lanham Act, construction, property, environmental, fraud and suppression, banking, estate and trusts, stockholder disputes, partnership disputes and derivative claims. I have mediated numerous national and statewide class actions as well as numerous mass tort, contract and statutory warranty cases. I have convened parties for mediation before suits have been filed, as well as mediated cases on appeal.

6.    Over the course of my career, I have conducted well over 5,000 mediations involving over 10,000 cases.

7.    I am a past President of the American College of Civil Trial Mediators. Additionally, I am a member of the Alabama Center of Dispute Resolution, the Florida Academy of Professional Mediators and the Dispute Resolution Section of the American Bar Association.

8.    I have played a major role in establishing rules, standards and ethics for mediators. I initiated the Mediation Process and Practice Program at Cumberland School of Law as an adjunct professor from 1997-2002. Additionally, I have lectured at CLE seminars for attorneys or those who have sought training on mediation at the following courses:

- American College of Attorney Mediators - Multi Party Mediation, The Business of Mediation;
- American Bar Association Dispute Resolution Section – Multi Party

2

Mediation, Ethics of Mediation, The Business of Mediation;
- New Jersey Bar Association - The Practice of Mediation;
- Alabama Bar Association - Multi Party Mediation; Mediation Dissected;
- Florida Academy of Civil Trial Mediators- Opening Statements;
- University of Florida - Designing The Mediation; and
- The International Academy of Mediators- Ethics of Mediation.

9.      I have also published a number of articles.  The following abridged list is a sampling:  Mediation Comes of Age, published in The American Journal of Trial Advocacy, Volume 23, Issue 3 (Spring 2000); Multiparty Mediation, published in The American Journal of Trial Advocacy, Volume 23, Issue 2 (Fall 1999); Designing The Mediation, presented at professional seminars; The Ethical Civil Trial Mediator, The Letter, The Spirit and The Practice, presented at professional seminars; and Mediation: The Humanization of the Justice System, presented at professional seminars.

10.      A true and correct copy of my curriculum vitae is attached hereto as Exhibit A.

### Familiarity with the present litigation

11.      In July 2014, I was selected by the parties and appointed by the Court to mediate the above-entitled action and did so as an independent mediator for the specific purpose of mediating the case and to assist in reaching a global resolution, if possible.  In my capacity as mediator, I consider myself to be a neutral, representing neither plaintiff nor defendant. The mediation, followed by continued negotiations, ultimately resulted in the Settlement now before the Court for final approval.

12.      While the mediation process is confidential, the parties have authorized me to inform the Court of the procedural and substantive matters set forth below to be used in support of final approval of the Settlement.

13.      All of the Parties who were represented during the mediation process or who participated in the negotiations executed a Confidentiality Agreement indicating that the

mediation process was to be considered settlement negotiations for the purpose of all state and federal rules protecting disclosures made during such process from later discovery and/or used in evidence. Nothing in my Declaration divulges any privileged information. My statements and those of the parties during the mediation are subject to a confidentiality agreement and Federal Rule of Evidence 408, and I do not intend to waive that agreement or the protections of Rule 408. I make this Declaration based on personal knowledge and am competent to so testify.

14. I set forth my background as a mediator to provide context for the comments that follow and to demonstrate that my perspective on the settlement of this matter is rooted in my significant experience in the resolution of complex and class action litigation. As I described below, this class action presented complicated legal, factual and practical issues.

15. In preparing for the mediation, I asked that the parties provide me with a variety of information about the lawsuit. Additionally, I had pre-mediation discussions with all parties to learn more about the facts giving rise to the dispute, the procedural background of the lawsuit, and the positions of the parties. The purpose of these initial conferences was to organize the parties' efforts to fully resolve this matter.

16. A review of my records shows that, in total, I personally spent some 89 hours coordinating, preparing, pre-mediating and mediating the resolution of this case.

17. In total, the parties participated in six in-person mediation sessions before me in Miami, Birmingham, Atlanta, Ft. Lauderdale, and Washington, D.C. Participating counsel included M. Todd Wheeles of Morris, Haynes, Wheeles, Knowles, & Nelson, David L. Selby, II, John W. Barrett, Eric B. Snyder, Matthew J. Ford, Ryan M. Donovan and Brian A. Glasser of Bailey & Glasser, LLP (on behalf of the Class), and Timothy A. Bumann, John P. Marino, and Kristen W. Bracken of Smith, Gambrell & Russell, LLP (on behalf of the Defendants). Also present were TIMI CEO Anthony Acitelli, TIMI General Counsel Si Bloom, TIMI CFO David

Blenker, Forjas Taurus S.A. CFO, former TIMI Marketing Manager Robert Crescenzi, as well as Bailey & Glasser, LLP's chief financial analyst, Pratik Budhdev.  Also attending on behalf of Plaintiff was David Morales, a Harvard law graduate and Portuguese-speaking consultant with experience in dealing with Brazilian business and legal issues. The first mediation session started on October 3, 2014 and the parties reached a final settlement agreement on May 15, 2015.

18.     These lengthy negotiations were difficult for the parties and their counsel. The live sessions involved discussions with all counsel and representatives of those parties who were present, extended sessions with each side, bi-lateral discussions with counsel, and *ex parte* discussions with the parties concerning their various positions. The discussions allowed the parties to express their respective views of the strengths and weaknesses of the respective positions in the case.  I never witnessed or sensed any collusiveness whatsoever between the parties. To the contrary, at each point during these negotiations, the settlement process was conducted at arm's-length and, while professionally conducted, was quite adversarial

19.     It was apparent to me that Class Counsel and Defendants' Counsel had each performed a thorough examination of the facts underlying the action and, with the aid of experts, analyzed it to determine appropriate case valuations.

20.     Class Counsel and Defendants' Counsel were well informed on the current law and provided legal research and analysis of the relevant law. It was also apparent to me that considerable work was done by Class Counsel and Defendants' Counsel to prepare the case for mediation.

21.     In addition to the strongly disputed legal claims, defenses and damages issues, there were challenging and complicated financial issues due to the amount of damages being sought for the settlement.  The parties' early settlement demands and offers reflected vastly

different views about the merits, damages, and available financial resources to resolve the concerns. Class Counsel and their financial analyst had to negotiate settlement terms based on Defendants' ability to monetize the settlement benefits. Additionally, there were other common sense and practical considerations that had to be factored in along with the wide range of legal and factual issues. There were strong positions taken by the Parties that would have taken years to litigate, with uncertain results, and extraordinary additional costs to all of the Parties.

22.     The settlement agreement between the Parties provided class relief that I believe reasonably reflected the Parties' factual, legal, and financial positions, and took into consideration the risks and costs of litigation. I recognize that this Court will make its own determination as to the "fairness" of the settlement, but based on my experience as a class action mediator, and my specific experience overseeing the negotiation process in this case, I believe that the total recovery proposed for the Class through the settlement is fair, reasonable, and adequate.

23.     The relief for class members was the focus of the vast majority of the settlement negotiations. The provisions of the settlement providing for payment of attorneys' fees and incentive payments to the Named Plaintiff were negotiated only after the parties had agreed on the substantive relief to class members. There were no discussions of attorneys' fees, costs, or incentive awards until the substantive terms of the settlement were negotiated and resolved.

24.     The settlement agreement provides for an incentive award to the Plaintiff not exceeding fifteen thousand dollars ($15,000) and attorneys' fees and costs of not more than nine million ($9,000,000) payable in one-third installments beginning one year after the effective date of final approval.

6

25.     After presiding over the mediation process in this case, I am convinced the parties' settlement is the product of vigorous and independent advocacy and arm's-length negotiation conducted in good faith.

26.     Throughout the mediation process, I developed a complete understanding of the full range of the dispute, the respective positions of the parties, and the relative strengths and weaknesses of those positions, as well as the risks, rewards, and costs of continued litigation and inevitable appeal.

27.     Based on my knowledge of the issues in dispute, my review of the substantial factual and legal materials presented before and during the mediation, the rigor of the negotiations, the relative strengths and weaknesses of the parties' positions, and the benefits achieved by the Settlement, I believe that the terms of the settlement represent a well-reasoned and sound resolution of highly uncertain litigation and that the result is fair, adequate, reasonable and in the best interests of the Class.

28.     It is my opinion that Class Counsel performed substantial work and effort in preparing their case for mediation and in presenting their claims in such a way to produce a valuable settlement for the Class. Based upon my experience as a mediator, it is my opinion that a request by, and award to, Class Counsel for an attorneys' fees and costs as stated above, would be more than reasonable and appropriate given the complexity of this matter and the significant relief obtained by Class Counsel.  It is also my opinion that a fee award in that range is in line with the amounts approved by federal courts as being fair and reasonable in contingent fee class action litigation such as this.

29.     Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June ~~xx~~ **28**, 2016.

RODNEY A. MAX
Partner/Mediator
Upchurch Watson White and Max Mediation
Group, Inc.

8

**Rodney A. Max Declaration**

# Exhibit A

 

# Rodney A. Max
## *Principal*

Upchurch Watson White & Max Mediation Group

**R**odney A. Max has led more than 4,000 mediations arising from more than 10,000 cases involving class and mass actions, catastrophic injury, death and property loss resulting from alleged negligence, products liability, fraud, breach of contract, wrongful death, property loss and insurance coverage issues. He has practiced law since 1975 and remains licensed in Florida and Alabama. As a litigator, he represented plaintiffs and defendants in complex commercial disputes seeking breach of contract, fraud, commercial products liability, lender liability, mass and class actions and other statutory remedies.

**A**s a full-time mediator since 1992, he has been a pioneer in the field, having created the mediation rules of the state of Alabama. His mediations in 34 states, plus Washington, D.C. and Puerto Rico, have built his national reputation in a very broad range of cases.

**H**e has mediated significant federal and state class and mass actions in numerous areas involving consumer products, services and statutory remedies.  The claims have involved products, services, and/or consumer rights (e.g., privacy). The mass- and class-action cases concerned insurance, pharmaceuticals, transportation, and environmental, computer, cell phone, and other technological issues (TCPA, FCRA, DPTA).

**H**e is a noted speaker on mediation and alternative dispute resolution topics for national and state bar associations and sections – on both sides of the trial aisle – as well as neutral organizations throughout the country.

**M**r. Max's writing has been published in numerous professional journals, and the articles are now hosted by the firm website.

## Professional Education and Qualifications
- B.A. (Political Science) University of Florida ~ 1970
- J.D. Cumberland School of Law (cum laude) ~ 1975
- Member: Cumberland Law Review
- Member: Curia Honoris

*Florida Supreme Court Certified Circuit Civil Mediator ⋅ Alabama State Court Mediator Roster ⋅ Neutral Panelist, U.S. District Courts of Alabama ⋅ Distinguished Panel of Neutrals, CPR Institute for Dispute Resolution ⋅ Mediation Panelist, National Association of Securities Dealers Regulation, Inc.*

## Memberships, Professional and Civic Associations
- Distinguished Fellow and Past-President ~ American College of Civil Trial Mediators
- Super Lawyers, 2008-2014 ~ Florida and Alabama ~ As selected by legal colleagues
- Member ~ Alabama Academy of Mediators
- Member ~ Florida Academy of Mediators
- NCCJ Brotherhood Award for Outstanding Community Service ~ 1998
- "I Have A Dream" Award for Leadership in Civil Rights
- United States Civil Rights Commission ~ Alabama State Advisory Committee ~ 1985-2000
- B'Nai Brith Chapter President, Birmingham, 1976-81
- Numerous elected and appointed positions in local, state and national bar associations.

---

## Case Manager Information

For the most current information and to coordinate or schedule, contact Rod Max's case manager:

**Heather Lariscy**
**Email:** hlariscy@uww-adr.com
**Toll-Free:** 800-264-2622
**Phone:** 305-290-4358

## Contact Information
**Office Locations:**
⬥South Florida, Southeast, US
**Toll Free:** 800-264-2622
**Email:** rmax@uww-adr.com

## Areas of Practice
- Antitrust
- Class Action
- Complex Commercial Litigation
- Construction Litigation
- Consumer Disputes
- Employment
- Environmental / Land Use
- Health Law
- International Law
- Insurance Disputes
- Professional Malpractice
- Professional Negligence
- Probate Litigation
- Securities
- Tort / Products Liability
- Trademark / Copyright
- Wrongful Death

## Class/Mass Action Cases of Note
- Total Body Supplement
- Fleet
- NAPA Fire Pot
- Total Parenteral Nutrition
- TPN Litigation