IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CHRIS P. CARTER,
Individually and on behalf of all
others similarly situated,

    *Plaintiffs*,

v.

FORJAS TAURUS S.A.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., and
TAURUS HOLDINGS, INC.,

    *Defendants*.

Case No. 1:13-cv-24583-PAS

**CLASS ACTION**

## PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

Meritless appeals filed by Objectors Scheffler [DE 199], Glaviano [DE 206], and Jordan [DE 208] may substantially delay the settlement approved by this Court on July 22, 2016. While those appeals are pending, hundreds of thousands of dangerously defective pistols will remain in homes and on the market, and class members will not receive compensation for their losses. Each of these Objectors should show cause why they should not be required to post appeal bonds under Federal Rule of Appellate Procedure 7 ("In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.") and Local Rule of Civil Procedure 62.1 ("A supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay. Upon its own motion or upon application of a party the Court may direct otherwise.").

The amount of appeal bonds may include (i) security for expected appellate fees and costs under FRAP 7, and (ii) the (at least partial) preservation of the status quo on behalf of the

1

955,791 non-objecting Settlement Class Members to account for the delay in distribution of the benefits to Settlement Class Members under FRAP 8.

This Court has previously recognized its authority to secure the rights of class members during the pendency of objectors' appeals by requiring objectors to post a supersedeas bond. *See Perez et al. v. Asurion Corporation*, ECF No. 184, No. 06-20734 (S.D. Fla. Sept. 4, 2007) (attached as Exhibit A). An appropriate bond in this case will include administrative costs, attorney's fees, and interest on the amount of the cash value of the settlement. *See Young v. New Process Steel, LP,* 419 F.3d 1201, 1204 (11th Cir. 2005) (including attorney's fees in appeal bond where underlying statute (like the FDUTPA) provided for fee-shifting); *Barnes v. Fleetboston Fin. Corp.,* No. 01-10395, 2006 WL 6916834, at *3 (D. Mass. Aug. 22, 2006) (taxing interest on class action settlement value during pendency of appeal).

Accordingly, considering the circumstances of this case, the Court should order Objectors Scheffler, Glaviano, and Jordan to show cause why such appeal bonds should not be required and grant any other relief the Court deems appropriate in its discretion.

|  |  |
|---|---|
| Dated:  August 22, 2016 | **Respectfully submitted** |
|  | /s/ *David L. Selby, II*<br>David L. Selby, II *(admitted pro hac vice)*<br>BAILEY & GLASSER, LLP<br>3000 Riverchase Galleria, Suite 905<br>Birmingham, Alabama 35244<br>Tel.:     (205) 988-9253<br>Email:  dselby@baileyglasser.com |
|  | John W. Barrett *(admitted pro hac vice)*<br>BAILEY & GLASSER, LLP<br>209 Capitol Street<br>Charleston, West Virginia  25301<br>Tel.:     (304) 345-6555<br>Email:  jbarrett@baileyglasser.com |

Marc R. Weintraub (FBN: 119976)
Bailey & Glasser, LLP
360 Central Avenue
St. Petersburg, Florida 33701
Tel.:    (727) 894-6745
Email:   mweintraub@baileyglasser.com

Todd Wheeles *(admitted pro hac vice)*
MORRIS, HAYNES, HORNSBY & WHEELES
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
Tel.:    (205) 324-4008
Email:   twheeles@mhhlaw.net

Angelo Marino, Jr. (FBN 151934)
ANGELO MARINO, JR., P.A.
645 S.E. 5th Terrace
Ft. Lauderdale, Florida  33301
Tel.:    (954) 765-0537
Email:   amjrpamail@aol.com

Carol Finklehoffe (FBN: 15903)
Thomas Scolaro (FBN: 178276)
Ira H. Leesfield (FBN: 140270)
LEESFIELD & PARTNERS, P.A.
2350 South Dixie Highway
Miami, Florida  33131
Tel.:    (305) 854-4900
Email:   finklehoffe@leesfield.com
         scolaro@leesfield.com
         leesfield@leesfield.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

     I hereby certify on August 22, 2016, I caused a true and correct copy of the foregoing to be served to the following parties via U.S. Mail, email, fax, and/or overnight courier:

Stephen D. Field, Esq.
STEPHEN D. FIELD, P.A.
102 E. 49th Street
Hialeah, FL  33013
Tel.:  (305) 698-3421
Fax:  (305) 698-1930
Email:  steve@field-law.com
*Attorney for Objectors*
*Pennington and Jordan*

Dean McAdams
8574 San Vicente Drive
Yucca Valley, CA  92284

Troy Kenneth Scheffler
965 104th Ave. NW
Coon Rapids, Minnesota  55433

Steven A. Glaviano
609 W. William David Pkwy
Suite 102
Metairie, Louisiana  70005

Michael Reamy
P.O. Box 957
Cuero, TX  77954

     I further certify that the foregoing has been filed with the Clerk using the Court's CM/ECF system, which will provide notification of and make available the same to all counsel of record.

                                     */s/ David L. Selby, II*
                                     David L. Selby, II