IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| CHRIS P. CARTER, Individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FORJAS TAURUS S.A., TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,<br><br>    *Defendants*. | Case No. 1:13-cv-24583-PAS<br><br>**CLASS ACTION** |

**JOINT MOTION AND SUPPORTING MEMORANDUM
FOR COURT APPROVAL OF MODIFIED
IMPLEMENTATION OF ATTORNEYS' FEE PAYMENT**

Pursuant to the Court's September 23, 2016 Order [DE 226], and the Court's continuing jurisdiction over the implementation of the settlement of this case [DE 197 at 31], the Parties file this Joint Motion for Approval of Modified Implementation of Attorney Fee Payment. The grounds and authority for this motion are set forth in the following memorandum. The memorandum is incorporated as part of this motion.

**SUPPORTING MEMORANDUM**

The Parties respectfully submit the following Memorandum in Support of their Motion for Approval of Modified Implementation of Attorneys' Fee Payment.

**Introduction**

The Court's July 22, 2016 Order Granting Plaintiff's Motion for Final Approval of Class Action Settlement, Granting Motion of Attorneys' Fees and Incentive Award, and Overruling Objections to Settlement ("Final Approval Order") granted final approval of the class action Settlement Agreement and Release, and retained jurisdiction over the supervision,

implementation, enforcement, and administration of the settlement. [DE 197 at 31.] The Parties have since agreed, subject to the Court's approval, to the implementation of a *reduced* one-time total payment of $8.3 million for the satisfaction of Defendants' attorney fee obligation. The funds would be held in trust until the Effective Date of the settlement as defined in the Settlement Agreement and Release [DE 123 at 5].

Consistent with the Court's role in overseeing implementation of the settlement, the Parties jointly seek the Court's approval of this modification. Approval will not abridge the rights of any class member, nor will it alter any relief to which class members are entitled. For these reasons, the Court should grant this motion.

## Procedural History and Background

The Settlement Agreement and Release obligates Defendants to pay Class Counsel up to $9 million for attorneys' fees and expenses, spread over three annual payments of $3 million beginning one year after the Effective Date of the settlement, secured by a letter of credit [DE 123 at 18-19]. Plaintiff filed a Motion for Final Approval [DE 147] and Supplement [DE 191], as well as a Motion for Attorneys' Fees, requesting $9 million in fees and costs [DE 148]. The Court entered its Final Approval Order granting Plaintiff's request for $9 million in attorneys' fees and costs [DE 197].

The Court's Final Approval Order specifically provides that "the Court shall retain continuing and exclusive jurisdiction over the Settlement for all purposes, including its supervision [and] implementation . . . concerning the Settlement Agreement." [DE 197 at 31 ¶10] Defendants and Class Counsel now desire to allow Defendants to satisfy their fee and expense obligation through a single, reduced $8.3 million payment.

**Reasons For Requested Revision**

The reasons for the requested modification were reviewed with the Court during the September 23, 2016 video conference hearing in this matter. As discussed, CBC Participacoes had business and regulatory opportunities to take advantage of in connection with the purchase of Forjas Taurus, S.A. It was therefore to Defendants' advantage to pay the attorneys' fees in one year instead of over a three year period.

Because time was of the essence to Defendants**,** they approached their counsel regarding a possible modification to the timing of the attorneys' fee payment. Defendants' counsel then approached Class Counsel concerning changing the payment schedule and Class Counsel agreed. The Parties further agreed to the reduction in amount to account for the present value in connection with receiving a one – time payment, rather than receiving three annual payments over time.

Moreover, as provided in the Settlement Agreement and Release, Defendants were required to provide Letters of Credit to secure the payment of the attorneys' fee obligation over time. This modification will also save the Defendants certain transactional costs in not having to provide Letters of Credit to secure payment over time.

**Conclusion**

This implementation of the attorneys' fee and expense payment does not affect the settlement of this case or the Court's Final Approval Order. Nor does it settle compromise or otherwise affect the rights or claims of class members.

Rather, it only approves the implementation of a discounted fee amount and different timing for Defendants' to satisfy their payment obligation. Moreover, Class Counsels' obligations and duties to the class remain unchanged. *See Valente v. Pepsico, Inc.*, 90 F.R.D. 170, 173 (D. Del. 1981) ("The law is clear beyond question that class counsel have a continuing

duty to class members to represent their interests vigorously in all phases of a class suit, including the administration of a settlement")(citing 2 H. Newberg, Class Actions § 2705 (1977)).

WHEREFORE, the Parties respectfully request that the Court enter an order allowing this modified implementation of Defendants' attorney fee payment.

Respectfully submitted on October 3, 2016.

*Counsel for Plaintiff*

/s/ *David L. Selby, II*
David L. Selby, II *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Tel.:   (205) 988-9253
Email:  dselby@baileyglasser.com

John W. Barrett *(admitted pro hac vice)*
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia  25301
Tel.:   (304) 345-6555
Email: jbarrett@baileyglasser.com

Marc R. Weintraub (FBN: 119976)
BAILEY & GLASSER, LLP
360 Central Avenue
St. Petersburg, Florida 33701
Tel.:   (727) 894-6745
Email:  mweintraub@baileyglasser.com

Todd Wheeles *(admitted pro hac vice)*
MORRIS, HAYNES, HORNSBY & WHEELES
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
Email: twheeles@mhhlaw.net

*Counsel for Defendants*

/s/ *John P. Marino*
John P. Marino (FBN: 814539)
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Tel.: (904) 598-6100
Fax: (904) 598-6300
Email: jmarino@sgrlaw.com

Kristen W. Bracken (FBN: 092136)
SMITH, GAMBRELL & RUSSELL, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Tel.: (904) 598-6100
Email: kbracken@sgrlaw.com

Timothy A. Bumann
(*Admitted Pro Hac Vice*)
SMITH, GAMBRELL & RUSSELL, LLP
120 Peachtree Street, NE
Promenade, Suite 3100
Atlanta, Georgia 30309
Tel.: (404) 815-3500
Email: tbumann@sgrlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify on October 3, 2016, I caused a true and correct copy of the foregoing to be served to the following parties via U.S. Mail, email, fax, overnight courier, and/or by filing with the Clerk using the Court's CM/ECF system:

| | |
|---|---|
| Stephen D. Field, Esq. | Troy Kenneth Scheffler |
| STEPHEN D. FIELD, P.A. | 965 104th Ave. NW |
| 102 E. 49th Street | Coon Rapids, Minnesota  55433 |
| Hialeah, Florida  33013 | Email: troyscheffler@gmail.com |
| Fax:  (305) 698-1930 | |
| Email:  steve@field-law.com | Steven A. Glaviano |
| *Attorney for Objector Jordan* | 609 W. William David Pkwy , Suite 102 |
| | Metairie, Louisiana  70005 |
| | Fax:  (504) 835-3024 |
| | Email: TrustGroup@aol.com |

I further certify that the foregoing has been filed with the Clerk using the Court's CM/ECF system, which will provide notification of and make available the same to all counsel of record.

> /s/ David L. Selby, II
> David L. Selby, II